**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| QUEST DIAGNOSTICS INVESTMENTS LLC,<br><br>      Plaintiff,<br><br>   v.<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS, ESOTERIX, INC., and ENDOCRINE SCIENCES, INC.,<br><br>      Defendants. | Civ. No. 1:18-cv-01436-MN<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' ANSWER TO COMPLAINT FOR
PATENT INFRINGEMENT AND COUNTERCLAIMS**

Defendants Laboratory Corporation of America Holdings ("LCAH"), Esoterix, Inc. ("Esoterix"), and Endocrine Sciences, Inc. ("Endocrine") (collectively, "Defendants" or "LabCorp") hereby answer Plaintiff Quest Diagnostics Investments LLC's ("Plaintiff" or "Quest") Complaint for Patent Infringement as follows:

**NATURE OF THE ACTION**

1.　　LabCorp admits that the Complaint purports to allege an action for infringement of U.S. Patent Nos. 8,409,862 ("the '862 patent"), 8,101,427 ("the '427 patent"), 7,972,867 ("the '867 patent"), and 7,972,868 ("the '868 patent"). Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 1 of the Complaint.

**THE PARTIES**

2.　　LabCorp admits only that, upon information and belief, Quest is a limited liability company organized under the laws of Delaware, having a principal place of business at 500

Plaza Drive, Secaucus, New Jersey 07094.  Except as expressly admitted herein, LabCorp denies any and all remaining allegations contained in Paragraph 2 of the Complaint.

3.      LabCorp admits that LCAH is a corporation organized under the laws of Delaware, and has a principal place of business at 358 South Main Street, Burlington, North Carolina 27215.

4.      LabCorp admits that Esoterix is a corporation organized under the laws of Delaware.  LabCorp also admits that Esoterix is a subsidiary of LCAH.  Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 4 of the Complaint.

5.      LabCorp admits that Endocrine is a corporation organized under the laws of Delaware.  LabCorp also admits that Endocrine is a subsidiary of LCAH.  Except as expressly admitted herein, LabCorp denies any and all remaining allegations contained in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.      LabCorp admits that this Court has subject matter jurisdiction over allegations related to any alleged infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 6.

7.      LabCorp admits that this Court has personal jurisdiction over Defendants as each Defendant is incorporated in Delaware.  Except as expressly admitted herein, LabCorp denies any and all remaining allegations contained in Paragraph 7 of the Complaint.

8.      For the purpose of Quest's Complaint in this action only, LabCorp admits that venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1400(b).  Except as expressly

admitted herein, LabCorp denies any and all remaining allegations contained in Paragraph 8 of the Complaint.

## BACKGROUND

9.      LabCorp admits only that Quest purports to quote and describe certain portions of the '862 patent.  Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 9.

10.      LabCorp admits only that Quest purports to quote and describe certain portions of the '862 patent.  Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 10.

## PATENTS-IN-SUIT

**U.S. PATENT NO. 8,409,862**

11.      LabCorp admits that, on its face, the '862 patent is entitled "Determination of Testosterone by Mass Spectrometry," and was issued on April 2, 2013.  LabCorp also admits that Exhibit A to the Complaint purports to be a copy of the '862 patent.  LabCorp lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 11 of the Complaint, and on that basis, denies them.

12.      LabCorp denies all allegations in Paragraph 12 of the Complaint.

13.      LabCorp admits only that Quest purports to quote and describe certain portions of the '862 patent.  Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 13.

14.      LabCorp admits only that Quest purports to describe certain portions of the '862 patent.  Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 14.

15.     LabCorp admits only that Quest purports to recite exemplary claim 1 of the '862 patent.  Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 15.

**U.S. PATENT NO. 8,101,427**

16.     LabCorp admits that, on its face, the '427 patent is entitled "Methods for Detecting Vitamin D Metabolites by Mass Spectrometry," and was issued on January 24, 2012. LabCorp also admits that Exhibit B to the Complaint purports to be a copy of the '427 patent. LabCorp lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 16 of the Complaint, and on that basis, denies them.

17.     LabCorp admits only that Quest purports to describe certain portions of the '427 patent.  Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 17.

18.     LabCorp admits only that Quest purports to describe certain portions of the '427 patent.  Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 18.

19.     LabCorp admits only that Quest purports to recite exemplary claim 1 of the '427 patent.  Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 19.

**U.S. PATENT NO. 7,972,867**

20.     LabCorp admits that, on its face, the '867 patent is entitled "Methods for Detecting Vitamin D Metabolites by Mass Spectrometry," and was issued on July 5, 2011. LabCorp also admits that Exhibit C to the Complaint purports to be a copy of the '867 patent.

LabCorp lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 20 of the Complaint, and on that basis, denies them.

21.    LabCorp admits only that Quest purports to describe certain portions of the '867 patent.  Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 21.

22.    LabCorp admits only that Quest purports to describe certain portions of the '867 patent.  Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 22.

23.    LabCorp admits only that Quest purports to recite exemplary claim 21 of the '867 patent.  Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 23.

**U.S. PATENT NO. 7,972,868**

24.    LabCorp admits that, on its face, the '868 patent is entitled "Methods for Detecting Dihydroxyvitamin D Metabolites by Mass Spectrometry," and was issued on July 5, 2011.  LabCorp also admits that Exhibit D to the Complaint purports to be a copy of the '868 patent.  LabCorp lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 24 of the Complaint, and on that basis, denies them.

25.    LabCorp admits only that Quest purports to describe certain portions of the '868 patent.  Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 25.

26.    LabCorp admits only that Quest purports to describe certain portions of the '868 patent.  Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 26.

27.     LabCorp admits only that Quest purports to recite exemplary claim 1 of the '868 patent.  Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 27.

28.     LabCorp admits only that Quest purports to recite exemplary claim 9 of the '868 patent.  Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 28.

## THE ACCUSED TESTOSTERONE TESTS

29.     LabCorp admits that Esoterix offers Esoterix Test Nos. 501475 and 500286 and that LCAH offers LabCorp Test Nos. 070001, 500726, and 500159 (collectively, "the Accused Testosterone Tests").   Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 29.

30.     LabCorp admits that LabCorp Test No. 070001 is titled "Testosterone, Total, Women, Children, and Hypogonadal Males, LC/MS-MS."  LabCorp also admits that LabCorp Test No. 070001 is performed at least at a facility in Burlington, North Carolina.  LabCorp further admits that Quest purports to quote and describe certain portions of the website, https://www.labcorp.com/test-menu/35531/testosterone-total-women-children-and-hypogonadal-males-lc-ms-ms, allegedly last visited September 5, 2018.  Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 30.

31.     LabCorp admits that LabCorp Test No. 500726 is titled "Testosterone, Free, Mass Spectrometry/Equilibrium Dialysis (Endocrine Sciences)."  LabCorp also admits that Test No. 500726 is performed at least at a facility in Calabasas, California.  LabCorp further admits that Quest purports to quote and describe certain portions of the website, https://www.labcorp.com/test-menu/35521/testosterone-free-mass-spectrometry-equilibrium-

dialysis-endocrine-sciences, allegedly last visited September 5, 2018.   Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 31.

32.    LabCorp admits that Esoterix Test No. 501745 is titled "Testosterone, Total and Free."   LabCorp further admits that Quest purports to quote and describe certain portions of the website,    https://www.esoterix.com/test-menu/testosterone-total-and-free/95a492a8-9ea4-4a8d-b50e-61b500ce11e2, allegedly last visited September 5, 2018.   Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 32.

33.    LabCorp admits that Esoterix Test No. 500286 is titled "Testosterone, Total, Serum, Mass Spectrometry."   LabCorp further admits that Quest purports to quote and describe certain portions of the website, https://www.esoterix.com/test-menu/testosterone-total-serum-mass-spectrometry/7b04771e-8ce9-4d38-a2f7-f89fa4d80735, allegedly last visited September 5, 2018.   Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 33.

34.    LabCorp admits only that the Accused Testosterone Tests can determine the amount of testosterone in a sample taken from a human.   Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 34.

35.    LabCorp admits only that the Accused Testosterone Tests use a liquid extraction method developed by LabCorp.   Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 35.

36.    LabCorp denies the allegations contained in Paragraph 36 of the Complaint.

37.    LabCorp admits only that the Accused Testosterone Tests use tandem mass spectrometry.   Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 37.

38.     LabCorp admits only that the Accused Testosterone Tests do not include a step of derivatizing testosterone.  Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 38.

39.     LabCorp admits only that the testosterone concentration that the Accused Testosterone Tests can measure may be as low as 2.5 ng/dL.  Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 39.

## THE ACCUSED VITAMIN D TESTS

40.     LabCorp admits that LCAH offers LabCorp Test No. 504115 and that Esoterix offers Esoterix Test Nos. 500337, 500338, 500342, and 803580 (collectively, "the Accused Vitamin D Tests"). Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 40.

41.     LabCorp admits that LabCorp Test No. 504115 is titled "25-Hydroxy Vitamin D $(D_2+D_3$ Fractionated), LC/MS-MS."  LabCorp also admits that LabCorp Test No. 504115 is performed at least at a facility in Calabasas, California.  LabCorp further admits that Quest purports to quote and describe certain portions of the website, https://www.labcorp.com/test-menu/29021/25-hydroxy-vitamin-d-dsub2-subdsub3-sub-fractionated-lc-ms-ms, allegedly last visited September 5, 2018.  Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 41.

42.     LabCorp admits that Esoterix Test No. 500337 is titled "Vitamin D, 25-Hydroxy, Fractionated, Mass Spectrometry."  LabCorp further admits that Quest purports to quote and describe certain portions of the website, https://www.esoterix.com/test-menu/vitamin-d-25-hydroxy-fractionated-mass-spectrometry/3f3592fb-c6e7-4dc0-96a6-ae8e62e6148e, allegedly last

visited September 5, 2018.  Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 42.

43.     LabCorp admits that Esoterix Test No. 500338 is titled "Vitamin D, 25-Hydroxy, Total, Mass Spectrometry."  LabCorp further admits that Quest purports to quote and describe certain portions of the website, https://www.esoterix.com/test-menu/vitamin-d-25-hydroxy-total-mass-spectrometry/3757c053-3415-44eb-a027-579c89a4daa5, allegedly last visited September 5, 2018.  Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 43.

44.     LabCorp admits that Esoterix Test No. 500342 is titled "Vitamin D, 1, 25-Hydroxy."  LabCorp further admits that Quest purports to quote and describe certain portions of the website, https://www.esoterix.com/test-menu/vitamin-d-1-25-dihydroxy/b2737daa-240e-4104-977e-5e258edf1f1a, allegedly last visited September 5, 2018.  Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 44.

45.     LabCorp admits that Esoterix Test No. 803580 is titled "3-Epi-Vitamin D, 25-Hydroxy."  LabCorp further admits that Quest purports to quote and describe certain portions of the website, https://www.esoterix.com/test-menu/3-epi-vitamin-d-25-hydroxy/b737db0a-54af-4cd5-8546-e42e34e88a95, allegedly last visited September 5, 2018.  Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 45.

**QUEST'S ATTEMPT TO LEARN THE METHODS UNDERLYING THE ACCUSED VITAMIN D TESTS**

46.     LabCorp lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint, and on that basis, denies them.

47.     LabCorp admits only that, before the Complaint was filed, Quest and LabCorp exchanged correspondence regarding certain patents identified by Quest and held meetings

where LabCorp conveyed to Quest its non-infringement and invalidity positions with regards to such patents.  Except as expressly admitted herein, LabCorp denies any and all remaining allegations in Paragraph 47.

## COUNT I: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,409,862

48.     LabCorp incorporates by reference the above paragraphs of this Answer.

49.     LabCorp denies all allegations in Paragraph 49 of the Complaint.

50.     LabCorp admits only that Quest identified the '862 patent in its letter to LabCorp dated June 15, 2017.  Except as expressly admitted, LabCorp denies any and all remaining allegations contained in Paragraph 50 of the Complaint.

51.     LabCorp denies all allegations in Paragraph 51 of the Complaint.

52.     LabCorp denies all allegations in Paragraph 52 of the Complaint.

53.     LabCorp denies all allegations in Paragraph 53 of the Complaint.

54.     LabCorp denies all allegations in Paragraph 54 of the Complaint.

## COUNT II: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,101,427

55.     LabCorp incorporates by reference the above paragraphs of this Answer.

56.     LabCorp denies all allegations in Paragraph 56 of the Complaint.

57.     LabCorp denies all allegations in Paragraph 57 of the Complaint.

58.     LabCorp denies all allegations in Paragraph 58 of the Complaint.

59.     LabCorp denies all allegations in Paragraph 59 of the Complaint.

60.     LabCorp denies all allegations in Paragraph 60 of the Complaint.

61.     LabCorp denies all allegations in Paragraph 61 of the Complaint.

62.     LabCorp admits only that Quest identified the '427 patent in its letter to LabCorp dated June 15, 2017.   Except as expressly admitted, LabCorp denies any and all remaining allegations contained in Paragraph 62 of the Complaint.

63.     LabCorp denies all allegations in Paragraph 63 of the Complaint.

64.     LabCorp denies all allegations in Paragraph 64 of the Complaint.

65.     LabCorp denies all allegations in Paragraph 65 of the Complaint.

66.     LabCorp denies all allegations in Paragraph 66 of the Complaint.

## COUNT III: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,972,867

67.     LabCorp incorporates by reference the above paragraphs of this Answer.

68.     LabCorp denies all allegations in Paragraph 68 of the Complaint.

69.     LabCorp denies all allegations in Paragraph 69 of the Complaint.

70.     LabCorp denies all allegations in Paragraph 70 of the Complaint.

71.     LabCorp denies all allegations in Paragraph 71 of the Complaint.

72.     LabCorp denies all allegations in Paragraph 72 of the Complaint.

73.     LabCorp denies all allegations in Paragraph 73 of the Complaint.

74.     LabCorp denies all allegations in Paragraph 74 of the Complaint.

75.     LabCorp admits only that Quest identified the '867 patent in its letter to LabCorp dated June 15, 2017.   Except as expressly admitted, LabCorp denies any and all remaining allegations contained in Paragraph 75 of the Complaint.

76.     LabCorp denies all allegations in Paragraph 76 of the Complaint.

77.     LabCorp denies all allegations in Paragraph 77 of the Complaint.

78.     LabCorp denies all allegations in Paragraph 78 of the Complaint.

79.     LabCorp denies all allegations in Paragraph 79 of the Complaint

## COUNT III: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,972,868

80.    LabCorp incorporates by reference the above paragraphs of this Answer.

81.    LabCorp denies all allegations in Paragraph 81 of the Complaint.

82.    LabCorp denies all allegations in Paragraph 82 of the Complaint.

83.    LabCorp denies all allegations in Paragraph 83 of the Complaint.

84.    LabCorp denies all allegations in Paragraph 84 of the Complaint.

85.    LabCorp denies all allegations in Paragraph 85 of the Complaint.

86.    LabCorp denies all allegations in Paragraph 86 of the Complaint.

87.    LabCorp denies all allegations in Paragraph 87 of the Complaint.

88.    LabCorp denies all allegations in Paragraph 88 of the Complaint.

89.    LabCorp denies all allegations in Paragraph 89 of the Complaint.

90.    LabCorp denies all allegations in Paragraph 90 of the Complaint.

91.    LabCorp denies all allegations in Paragraph 91 of the Complaint.

92.    LabCorp denies all allegations in Paragraph 92 of the Complaint.

## JURY DEMAND

93.    Quest's demand for a jury trial does not state any allegation against LabCorp to which a response is required.  To the extent that any allegations are included in the demand, LabCorp denies such allegations.

## PRAYER FOR RELIEF

A.    LabCorp denies that Quest is entitled to the relief requested in paragraph A.

B.    LabCorp denies that Quest is entitled to the relief requested in paragraph B.

C.    LabCorp denies that Quest is entitled to the relief requested in paragraph C.

D.    LabCorp denies that Quest is entitled to the relief requested in paragraph D.

E.      LabCorp denies that Quest is entitled to the relief requested in paragraph E.

F.      LabCorp denies that Quest is entitled to the relief requested in paragraph F.

## AFFIRMATIVE DEFENSES

In addition to the affirmative defenses described below, subject to its responses above, LabCorp respectfully reserves all right to allege affirmative defenses that become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State Claim)

94.      Quest's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Noninfringement)

95.      LabCorp is not infringing and has not infringed, either literally or under the doctrine of equivalents or in any other way, any valid enforceable claim of the '862, '427, '867, and '868 patents.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

96.      One or more asserted claims of the '862, '427, '867, and '868 patents are invalid for failing to meet the conditions for patentability in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH AFFIRMATIVE DEFENSE
### (Prosecution Estoppel)

97.      One or more asserted claims of the '862, '427, '867, and '868 patents are and were limited by amendment, the prior art, and/or by the statements made during their prosecution before the U.S. Patent and Trademark Office such that Quest is now estopped and/or otherwise

precluded from maintaining that such claims of the '862, '427, '867, and '868 patents are of sufficient scope to cover the accused products either literally or under the doctrine of equivalents.

### FIFTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

98.     Quest's claims against LabCorp regarding the '862, '427, '867, and/or '868 patents are barred, in whole or in part, by an equitable estoppel.

### SIXTH AFFIRMATIVE DEFENSE
### (Laches)

99.     Quest's claims against LabCorp regarding the '862, '427, '867, and/or '868 patents are barred, in whole or in part, by the doctrine of laches.

### COUNTERCLAIMS

### PARTIES

100.    LabCorp pleads the following counterclaims against Quest.

101.    LCAH is a corporation organized under the laws of Delaware, having its principal place of business at 358 South Main Street, Burlington, North Carolina 27215.

102.    Esoterix is a corporation organized under the laws of Delaware, with an office at 4509 Freidrich Lane Building 1, Suite 100, Austin, Texas 78744.

103.    Endocrine is a corporation organized under the laws of Delaware, with an office at 4301 Lost Hills Road, Calabasas Hills, California 91301.

104.    On information and belief and based on Quest's allegations, Quest is a corporation organized under the laws of Delaware, having a principal place of business at 500 Plaza Drive, Secaucus, New Jersey 07094.

**JURISDICTION AND VENUE**

105.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

106.    Quest is subject to personal jurisdiction in this judicial district because Quest availed itself of the jurisdiction of this Court.

107.    Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b).

**FIRST COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the '862 Patent)**

108.    LabCorp realleges and incorporates by reference the foregoing paragraphs.

109.    Quest alleges in the Complaint that Quest is the owner of all rights, title, and interest in the '862 patent.

110.    Quest has charged in the Complaint that at least claim 1 of the '862 patent has been infringed by LabCorp.

111.    LabCorp denies that LabCorp has been or is infringing, literally or under the doctrine of equivalents, any of the valid enforceable claims of the '862 patent or otherwise engaging in any wrongdoing with respect to such patent.  LabCorp further avers that it is not liable for damages, injunctive or other relief arising from such alleged infringement.

112.    There exists an actual and justifiable controversy between LabCorp and Quest as to whether LabCorp infringes any claim of the '862 patent.  This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

113.    LabCorp is entitled to a declaratory judgment that it does not infringe, and has not infringed, any claim of the '862 patent.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '427 Patent)

114.    LabCorp realleges and incorporates by reference the foregoing paragraphs.

115.    Quest alleges in the Complaint that Quest is the owner of all rights, title, and interest in the '427 patent.

116.    Quest has charged in the Complaint that at least claim 1 of the '427 patent has been infringed by LabCorp.

117.    LabCorp denies that LabCorp has been or is infringing, literally or under the doctrine of equivalents, any of the valid enforceable claims of the '427 patent or otherwise engaging in any wrongdoing with respect to such patent.  LabCorp further avers that it is not liable for damages, injunctive or other relief arising from such alleged infringement.

118.    There exists an actual and justifiable controversy between LabCorp and Quest as to whether LabCorp infringes any claim of the '427 patent.  This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

119.    LabCorp is entitled to a declaratory judgment that it does not infringe, and has not infringed, any claim of the '427 patent.

## THIRD COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '867 Patent)

120.    LabCorp realleges and incorporates by reference the foregoing paragraphs.

121.    Quest alleges in the Complaint that Quest is the owner of all rights, title, and interest in the '867 patent.

122.    Quest has charged in the Complaint that at least claim 21 of the '867 patent has been infringed by LabCorp.

123.     LabCorp denies that LabCorp has been or is infringing, literally or under the doctrine of equivalents, any of the valid enforceable claims of the '867 patent or otherwise engaging in any wrongdoing with respect to such patent.  LabCorp further avers that it is not liable for damages, injunctive or other relief arising from such alleged infringement.

124.     There exists an actual and justifiable controversy between LabCorp and Quest as to whether LabCorp infringes any claim of the '867 patent.  This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

125.     LabCorp is entitled to a declaratory judgment that it does not infringe, and has not infringed, any claim of the '867 patent.

## FOURTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '868 Patent)

126.     LabCorp realleges and incorporates by reference the foregoing paragraphs.

127.     Quest alleges in the Complaint that Quest is the owner of all rights, title, and interest in the '868 patent.

128.     Quest has charged in the Complaint that at least claim 1 and/or claim 9 of the '868 patent have been infringed by LabCorp.

129.     LabCorp denies that LabCorp has been or is infringing, literally or under the doctrine of equivalents, any of the valid enforceable claims of the '868 patent or otherwise engaging in any wrongdoing with respect to such patent.  LabCorp further avers that it is not liable for damages, injunctive or other relief arising from such alleged infringement.

130.     There exists an actual and justifiable controversy between LabCorp and Quest as to whether LabCorp infringes any claim of the '868 patent.  This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

131.     LabCorp is entitled to a declaratory judgment that it does not infringe, and has not infringed, any claim of the '868 patent.

### FIFTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '862 Patent)

132.     LabCorp realleges and incorporates by reference the foregoing paragraphs.

133.     Quest alleges in the Complaint that Quest is the owner of all rights, title, and interest in the '862 patent.

134.     Each and every claim of the '862 patent is invalid for failing to meet conditions for patentability in 35 U.S.C. §§ 101, 102, 103, and/or 112.

135.     There exists an actual and justifiable controversy between LabCorp and Quest as to whether one or more claims of the '862 patent is invalid.  This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

136.     LabCorp is entitled to a declaratory judgment that one or more claims of the '862 patent is invalid.

### SIXTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '427 Patent)

137.     LabCorp realleges and incorporates by reference the foregoing paragraphs.

138.     Quest alleges in the Complaint that Quest is the owner of all rights, title, and interest in the '427 Patent.

139.     Each and every claim of the '427 patent is invalid for failing to meet conditions for patentability in 35 U.S.C. §§ 101, 102, 103, and/or 112.

140.     There exists an actual and justifiable controversy between LabCorp and Quest as to whether one or more claims of the '427 patent is invalid.  This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

141.   LabCorp is entitled to a declaratory judgment that one or more claims of the '427 patent is invalid.

### SEVENTH COUNTERCLAIM
#### (Declaratory Judgment of Invalidity of the '867 Patent)

142.   LabCorp realleges and incorporates by reference the foregoing paragraphs.

143.   Quest alleges in the Complaint that Quest is the owner of all rights, title, and interest in the '867 patent.

144.   Each and every claim of the '867 patent is invalid for failing to meet conditions for patentability in 35 U.S.C. §§ 101, 102, 103, and/or 112.

145.   There exists an actual and justifiable controversy between LabCorp and Quest as to whether one or more claims of the '867 patent is invalid.  This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

146.   LabCorp is entitled to a declaratory judgment that one or more claims of the '867 patent is invalid.

### EIGHTH COUNTERCLAIM
#### (Declaratory Judgment of Invalidity of the '868 Patent)

147.   LabCorp realleges and incorporates by reference the foregoing paragraphs.

148.   Quest alleges in the Complaint that Quest is the owner of all rights, title, and interest in the '868 patent.

149.   Each and every claim of the '868 patent is invalid for failing to meet conditions for patentability in 35 U.S.C. §§ 101, 102, 103, and/or 112.

150.   There exists an actual and justifiable controversy between LabCorp and Quest as to whether one or more claims of the '868 patent is invalid.  This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

151.    LabCorp is entitled to a declaratory judgment that one or more claims of the '868 patent is invalid.

## JURY DEMAND

152.    LabCorp demands a trial by jury on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, LabCorp respectfully requests that the Court enter judgment as follows:

A.      A judgment in favor of LabCorp on all of its Counterclaims;

B.      Dismissal of all of Quest's claims in their entirety with prejudice;

C.      A declaration that LabCorp does not infringe, literally or by the doctrine of equivalents, any valid enforceable claims of the '862, '427, '867, and '868 patents;

D.      A declaration that each and every claim of the '862, '427, '867, and '868 patents is invalid;

E.      A judgment that this is an "exceptional case" and an award of LabCorp's reasonable attorneys' fees, expenses, and costs in this action under 35 U.S.C. § 285; and

F.      An award of any other relief as the Court may deem appropriate and just under the circumstances.

Respectfully submitted,

WILSON SONSINI GOODRICH
  & ROSATI, P.C.

*Of Counsel*:

Edward G. Poplawski*
Olivia M. Kim*
Erik Carlson*
WILSON SONSINI GOODRICH
  & ROSATI, P.C.
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
(323) 210-2900
epoplawski@wsgr.com
okim@wsgr.com
ecarlson@wsgr.com

Matias Ferrario*
KILPATRICK TOWNSEND
  & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
(336) 607-7300
mferrario@kilpatricktownsend.com

*Applications for admission *pro hac vice* to be submitted

Dated:  November 21, 2018

 /s/ Ian R. Liston
Ian R. Liston (#5507)
Johanna Peuscher-Funk (#6451)
222 Delaware Avenue, Suite 800
Wilmington, DE 19801
(302) 304-7600
iliston@wsgr.com
jpeuscherfunk@wsgr.com

*Counsel for Defendants Laboratory
Corporation of America Holdings, Esoterix,
Inc., and Endocrine Sciences, Inc.*

- 21 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 21st day of November 2018, I caused the foregoing

Defendants' Answer to Complaint for Patent Infringement and Counterclaims to be served, by

CM/ECF, upon the following counsel:

>Kenneth Laurence Dorsney
>Morris James LLP
>500 Delaware Avenue, Suite 1500
>P.O. Box 2306
>Wilmington, DE 19899-2306


>*/s/ Ian R. Liston*
>Ian R. Liston (#5507)

- 22 -