IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUEST DIAGNOSTICS INVESTMENTS LLC,<br><br>Plaintiff,<br><br>v.<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS, ESOTERIX, INC., and ENDOCRINE SCIENCES, INC.,<br><br>Defendants. | C.A. No. 1:18-cv-01436-MN<br><br>**JURY TRIAL DEMANDED** |

**QUEST DIAGNOSTICS INVESTMENTS LLC'S
ANSWER TO LABCORP'S ANSWER AND COUNTERCLAIMS**

Quest Diagnostics Investments LLC ("Quest" or "Plaintiff"), by its undersigned attorneys, for its Answer to Laboratory Corporation of American Holdings' ("LCAH"), Esoterix, Inc.'s ("Esoterix"), and Endocrine Sciences, Inc.'s ("Endocrine") (collectively, "LabCorp" or "Defendants'") Answer to the Complaint for Patent Infringement and Counterclaims (*see* D.I. 11) ("LabCorp's Answer"), alleges:

Paragraphs 1 through 93 of LabCorp's Answer respond to Paragraphs 1 through 93 of Quest's Complaint (D.I. 1) ("the Complaint") and therefore do not require a response. To the extent a response is required, Quest denies the allegations of Paragraphs 1 through 93, and Quest denies the allegations set forth in Defendants' First, Second, Third, Fourth, Fifth, and Sixth Affirmative Defenses (paragraphs 94-99 of LabCorp's Answer).

1

## ANSWER TO COUNTERCLAIMS

Quest responds to the numbered allegations of LabCorp's Counterclaims as follows. All allegations are denied unless admittedly expressly, including but not limited to any headings. This Answer follows the numbering provided in LabCorp's Counterclaims.

## PARTIES

100. LabCorp pleads the following counterclaims against Quest.

**Answer:** Quest admits that LabCorp purports to assert counterclaims against Quest.

101. LCAH is a corporation organized under the laws of Delaware, having its principal place of business at 358 South Main Street, Burlington, North Carolina 27215.

**Answer:** Quest admits the allegations of Paragraph 101.

102. Esoterix is a corporation organized under the laws of Delaware, with an office at 4509 Freidrich Lane Building 1, Suite 100, Austin, Texas 78744.

**Answer:** Quest admits that Esoterix is a corporation organized under the laws of Delaware. Quest is without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 102 and therefore denies them.

103. Endocrine is a corporation organized under the laws of Delaware, with an office at 4301 Lost Hills Road, Calabasas Hills, California 91301.

**Answer:** Quest admits that Endocrine is a corporation organized under the laws of Delaware. Quest is without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 103 and therefore denies them.

104. On information and belief and based on Quest's allegations, Quest is a corporation organized under the laws of Delaware, having a principal place of business at 500 Plaza Drive, Secaucus, New Jersey 07094.

**Answer:** Quest admits the allegations of Paragraph 104.

## JURISDICTION AND VENUE

105. This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**Answer:** Quest admits that this Court has subject matter jurisdiction over the controversy between Quest and LabCorp concerning LabCorp's infringement of U.S. Patent Nos. 8,409,862 (the "'862 patent"), 8,101,427 (the "'427 patent"), 7,972,867 (the "'867 patent"), and 7,972,868 (the "'868 patent"). Quest otherwise denies the allegations of Paragraph 105.

106. Quest is subject to personal jurisdiction in this judicial district because Quest availed itself of the jurisdiction of this Court.

**Answer:** Quest admits that it does not contest personal jurisdiction for the limited purpose of this lawsuit.

107. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b).

**Answer:** Quest admits that venue is proper in this judicial district for the limited purpose of this lawsuit.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '862 Patent)

108. LabCorp realleges and incorporates by reference the foregoing paragraphs.

**Answer:** Quest hereby incorporates by reference and realleges the averments in the foregoing Paragraphs.

109. Quest alleges in the Complaint that Quest is the owner of all rights, title, and interest in the '862 patent.

**Answer:** Quest admits the allegations of Paragraph 109.

110. Quest has charged in the Complaint that at least claim 1 of the '862 patent has been infringed by LabCorp.

**Answer:** Quest admits that it has alleged that Defendants "infringe and/or have infringed the '862 patent, including for example claim 1, either literally or under the doctrine of equivalents."

111. LabCorp denies that LabCorp has been or is infringing, literally or under the doctrine of equivalents, any of the valid enforceable claims of the '862 patent or otherwise engaging in any wrongdoing with respect to such patent. LabCorp further avers that it is not liable for damages, injunctive or other relief arising from such alleged infringement.

**Answer:** Quest denies the allegations of Paragraph 111.

112. There exists an actual and justifiable controversy between LabCorp and Quest as to whether LabCorp infringes any claim of the '862 patent. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**Answer:** Quest admits that an actual and justiciable controversy exists between Quest and LabCorp concerning LabCorp's infringement of the '862 patent. Quest otherwise denies the allegations of Paragraph 112.

113. LabCorp is entitled to a declaratory judgment that it does not infringe, and has not infringed, any claim of the '862 patent.

**Answer:** Quest denies the allegations of Paragraph 113.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '427 Patent)

114. LabCorp realleges and incorporates by reference the foregoing paragraphs.

**Answer:** Quest hereby incorporates by reference and realleges the averments in the foregoing Paragraphs.

115. Quest alleges in the Complaint that Quest is the owner of all rights, title, and interest in the '427 patent.

**Answer:** Quest admits the allegations of Paragraph 115.

116. Quest has charged in the Complaint that at least claim 1 of the '427 patent has been infringed by LabCorp.

**Answer:** Quest admits that it has alleged that Defendants "infringe and/or have infringed at least claim 1 of the '427 patent, either literally or under the doctrine of equivalents."

117. LabCorp denies that LabCorp has been or is infringing, literally or under the doctrine of equivalents, any of the valid enforceable claims of the '427 patent or otherwise engaging in any wrongdoing with respect to such patent. LabCorp further avers that it is not liable for damages, injunctive or other relief arising from such alleged infringement.

**Answer:** Quest denies the allegations of Paragraph 117.

118. There exists an actual and justifiable controversy between LabCorp and Quest as to whether LabCorp infringes any claim of the '427 patent. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**Answer:** Quest admits that an actual and justiciable controversy exists between Quest and LabCorp concerning LabCorp's infringement of the '427 patent. Quest otherwise denies the allegations of Paragraph 118.

119. LabCorp is entitled to a declaratory judgment that it does not infringe, and has not infringed, any claim of the '427 patent.

**Answer:** Quest denies the allegations of Paragraph 119.

## THIRD COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '867 Patent)

120. LabCorp realleges and incorporates by reference the foregoing paragraphs.

**Answer:** Quest hereby incorporates by reference and realleges the averments in the foregoing Paragraphs.

121. Quest alleges in the Complaint that Quest is the owner of all rights, title, and interest in the '867 patent.

**Answer:** Quest admits the allegations of Paragraph 121.

122. Quest has charged in the Complaint that at least claim 21 of the '867 patent has been infringed by LabCorp.

**Answer:** Quest admits that it has alleged that Defendants "infringe and/or have infringed at claim 21 of the '867 patent, either literally or under the doctrine of equivalents."

123. Quest denies that LabCorp has been or is infringing, literally or under the doctrine of equivalents, any of the valid enforceable claims of the '867 patent or otherwise engaging in any wrongdoing with respect to such patent. LabCorp further avers that it is not liable for damages, injunctive or other relief arising from such alleged infringement.

**Answer:** Quest denies the allegations of Paragraph 123.

124. There exists an actual and justifiable controversy between LabCorp and Quest as to whether LabCorp infringes any claim of the '867 patent. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**Answer:** Quest admits that an actual and justiciable controversy exists between Quest and LabCorp concerning LabCorp's infringement of the '867 patent. Quest otherwise denies the allegations of Paragraph 124.

125. LabCorp is entitled to a declaratory judgment that it does not infringe, and has not infringed, any claim of the '867 patent.

**Answer:** Quest denies the allegations of Paragraph 125.

## FOURTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '868 Patent)

126. LabCorp realleges and incorporates by reference the foregoing paragraphs.

**Answer:** Quest hereby incorporates by reference and realleges the averments in the foregoing Paragraphs.

127. Quest alleges in the Complaint that Quest is the owner of all rights, title, and interest in the '868 patent.

**Answer:** Quest admits the allegations of Paragraph 127.

128. Quest has charged in the Complaint that at least claim 1 and/or claim 9 of the '868 patent have been infringed by LabCorp.

**Answer:** Quest admits that it has alleged that Defendants "infringe and/or have infringed at least claims 1 and/or 9 of the '868 patent, either literally or under the doctrine of equivalents."

129. LabCorp denies that LabCorp has been or is infringement, literally or under the doctrine of equivalents, any of the valid enforceable claims of the '868 patent or otherwise engaging in any wrongdoing with respect to such patent. LabCorp further avers that it is not liable for damages, injunctive or other relief arising from such alleged infringement.

**Answer:** Quest denies the allegations of Paragraph 129.

130. There exists an actual or justifiable controversy between LabCorp and Quest as to whether LabCorp infringes any claim of the '868 patent. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**Answer:** Quest admits that an actual and justifiable controversy exists between Quest and LabCorp concerning LabCorp's infringement of the '868 patent. Quest otherwise denies the allegations of Paragraph 130.

131. LabCorp is entitled to a declaratory judgment that it does not infringe, and has not infringed, any claim of the '868 patent.

**Answer:** Quest denies the allegations of Paragraph 131.

### FIFTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '862 Patent)

132. LabCorp realleges and incorporates by reference the foregoing paragraphs.

**Answer:** Quest hereby incorporates by reference and realleges the averments in the foregoing Paragraphs.

133. Quest alleges in the Complaint that Quest is the owner of all rights, title, and interest in the '862 patent.

**Answer:** Quest admits the allegations of Paragraph 133.

134. Each and every claim of the '862 patent is invalid for failing to meet conditions for patentability in 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Answer:** Quest denies the allegations of Paragraph 134.

135. There exists an actual and justifiable controversy between LabCorp and Quest as to whether one or more claims of the '862 patent is invalid. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**Answer:** Quest admits that an actual and justiciable controversy exists between Quest and LabCorp concerning LabCorp's infringement of the '862 patent. Quest otherwise denies the allegations of Paragraph 135.

136. LabCorp is entitled to a declaratory judgment that one or more claims of the '862 patent is invalid.

**Answer:** Quest denies the allegations of Paragraph 136.

## SIXTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '427 Patent)

137. LabCorp realleges and incorporates by reference the foregoing paragraphs.

**Answer:** Quest hereby incorporates by reference and realleges the averments in the foregoing Paragraphs.

138. Quest alleges in the Complaint that Quest is the owner of all rights, title, and interest in the '427 patent.

**Answer:** Quest admits the allegations of Paragraph 138.

139. Each and every claim of the '427 patent is invalid for failing to meet conditions for patentability in 35 U.S.C. §§101, 102, 103, and/or 112.

**Answer:** Quest denies the allegations of Paragraph 139.

140. There exists an actual and justifiable controversy between LabCorp and Quest as to whether one or more claims of the '427 patent is invalid. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**Answer:** Quest admits that an actual and justiciable controversy exists between Quest and LabCorp concerning LabCorp's infringement of the '427 patent. Quest otherwise denies the allegations of Paragraph 140.

141. LabCorp is entitled to a declaratory judgment that one or more claims of the '427 patent is invalid.

**Answer:** Quest denies the allegations of Paragraph 141.

## SEVENTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '867 Patent)

142. LabCorp realleges and incorporates by reference the foregoing paragraphs.

**Answer:** Quest hereby incorporates by reference and realleges the averments in the foregoing Paragraphs.

143. Quest alleges in the Complaint that Quest is the owner of all rights, title, and interest in the '867 patent.

**Answer:** Quest admits the allegations of Paragraph 143.

144. Each and every claim of the '867 patent is invalid for failing to meet conditions for patentability in 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Answer:** Quest denies the allegations of Paragraph 144.

145. There exists an actual and justifiable controversy between LabCorp and Quest as to whether one or more claims of the '867 patent is invalid. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**Answer:** Quest admits that an actual and justiciable controversy exists between Quest and LabCorp concerning LabCorp's infringement of the '867 patent. Quest otherwise denies the allegations of Paragraph 145.

146. LabCorp is entitled to a declaratory judgment that one or more claims of the '867 patent is invalid.

**Answer:** Quest denies the allegations of Paragraph 146.

## EIGHTH COUNTERCLAIM
### (Declaratory Judgement of Invalidity of the '868 Patent)

147. LabCorp realleges and incorporates by reference the foregoing paragraphs.

**Answer:** Quest hereby incorporates by reference and realleges the averments in the foregoing Paragraphs.

148. Quest alleges in the Complaint that Quest is the owner of all rights, title, and interest in the '868 patent.

**Answer:** Quest admits the allegations of Paragraph 148.

149. Each and every claim of the '868 patent is invalid for failing to meet conditions for patentability in 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Answer:** Quest denies the allegations of Paragraph 149.

150. There exists an actual and justifiable controversy between LabCorp and Quest as to whether one or more claims of the '868 patent is invalid. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**Answer:** Quest admits that an actual and justiciable controversy exists between Quest and LabCorp concerning LabCorp's infringement of the '868 patent. Quest otherwise denies the allegations of Paragraph 150.

151. LabCorp is entitled to a declaratory judgment that one or more claims of the '868 patent is invalid.

**Answer:** Quest denies the allegations of Paragraph 151.

### JURY DEMAND

152. LabCorp demands a trial by jury on all issues so triable.

**Answer:** Quest admits that LabCorp is demanding a trial by jury on all issues so triable. Quest otherwise denies the allegations of Paragraph 152.

\* \* \*

Quest denies that Defendants' is entitled to the relief sought in items A through F on page 20 of LabCorp's Answer to Complaint for Patent Infringement and Counterclaims.

### AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIMS

1. Quest hereby realleges and incorporates by reference the allegations set forth in the Complaint in this action.

2. For at least the reasons provided in the Complaint, Defendants have and continue to infringe U.S. Patent No. 8,409,862.

3. U.S. Patent No. 8,409,862 is not invalid.

4. For at least the reasons provided in the Complaint, Defendants have and continue to infringe U.S. Patent No. 8,101,427.

5. U.S. Patent No. 8,101,427 is not invalid.

6. For at least the reasons provided in the Complaint, Defendants have and continue to infringe U.S. Patent No. 7,972,867.

7. U.S. Patent No. 7,972,867 is not invalid.

8. For at least the reasons provided in the Complaint, Defendants have and continue to infringe U.S. Patent No. 7,972,868.

9. U.S. Patent No. 7,972,868 is not invalid.

10. Defendants Counterclaims (First through Eighth) contain legal conclusions without factual support, and so fail to state a claim upon which relief can be granted. Quest is therefore entitled to judgment on the pleadings.

Dated: December 12, 2018

    */s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: 320.888.6800
kdorsney@morrisjames.com

*Attorneys for Plaintiff*
*Quest Diagnostics Investments LLC*

*Of Counsel*:

Adam R. Gahtan
Kevin X. McGann
Eric M. Majchrzak
Fenwick & West LLP
902 Broadway, Suite 14
New York, NY 10010
Telephone: 212.430.8500
Email:    agahtan@fenwick.com
           kmcgann@fenwick.com
           emajchrzak@fenwick.com

Melanie L. Mayer
Elizabeth B. Hagan
Fenwick & West LLP
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Email: mmayer@fenwick.com
ehagan@fenwick.com