IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUEST DIAGNOSTICS INVESTMENTS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:18-cv-01436-MN |
| | ) | |
| LABORATORY CORPORATION OF AMERICA HOLDINGS, ESOTERIX, INC., and ENDOCRINE SCIENCES, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **STIPULATED PROTECTIVE ORDER**

WHEREAS, this patent case involves a dispute relating to the detection of certain compounds, *e.g.*, vitamin-D and testosterone, via mass spectrometry;

WHEREAS, discovery in the above-entitled action might involve the disclosure of certain documents, things, and information in the possession, custody or control of a party or a non-party that constitute or contain trade secrets or other confidential research, development, manufacture, regulatory, financial, marketing or other competitive information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, as set forth with more specificity in Paragraphs 2.1 and 2.2, below; and

WHEREAS, the parties have in good faith conferred and have agreed upon the terms of a Protective Order, and for good cause shown;

THEREFORE, the parties stipulate, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, subject to the approval of the Court, to the following Protective Order:

**1.      Scope of Protection**

1.1     This Protective Order shall govern any record of information and other products of discovery, all information copied or derived therefrom, as well as copies, excerpts, summaries or compilations thereof, that has been designated pursuant to Paragraph 3 of this Protective Order and produced in this action, including, without limitation, all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery.

1.2     This Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or District of Delaware local rule or default standard, and any supplementary disclosures thereto.

1.3     This Protective Order shall apply to the parties and any nonparty from whom discovery may be sought and who desires the protection of this Protective Order.  The party or nonparty that produces any information is referred to herein as the "Producing Party" or "Producing Parties."   All parties receiving such information are referred to herein as the "Receiving Party" or "Receiving Parties."

**2.      Definitions**

2.1     As used herein, the terms "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL INFORMATION" mean any information produced in this litigation which contains, reflects, or otherwise discloses a party's confidential research, development, manufacturing, marketing, sales, regulatory approval, financial, personnel, medical, or commercial information, including, but not limited to, trade secrets or other research and

development information within the meaning of Federal Rule of Civil Procedure 26(c), as well as other information required to be kept confidential by law and information involving individual privacy interests.  This provision is intended to be invoked sparingly and should be used only for certain sensitive information which, if disclosed, could seriously harm the Producing Party's business, financial, or commercial interests.  Thus, this provision should not be construed as permitting any Party to designate entire categories of materials as "Highly Confidential" without making an individual assessment of sensitivity on a document-by-document basis.

2.2   As used herein, the terms "CONFIDENTIAL" and "CONFIDENTIAL INFORMATION" mean information produced in this litigation which is not designated as "HIGHLY CONFIDENTIAL," that is not publicly known, and which the Producing Party normally would not reveal to third parties or, if disclosed, would require such third parties to maintain its confidence.

2.3   As used herein, the term "Designated Information" means information designated as either "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL."

**3.   Designation**

Each party shall have the right to designate information as HIGHLY CONFIDENTIAL or CONFIDENTIAL, subject to this Protective Order.   Materials marked HIGHLY CONFIDENTIAL or CONFIDENTIAL, shall be revealed to or used only by limited categories of individuals, as provided for herein in Paragraph 6, and shall not be communicated in any manner, either directly or indirectly, to any person or entity not permitted disclosure pursuant to this Protective Order.  Copies, abstracts, and summaries of such material, information derived from such material, and notes or other records regarding the contents of such material, shall also

be deemed HIGHLY CONFIDENTIAL or CONFIDENTIAL, as the case may be, and the same terms regarding confidentiality of these materials shall apply as apply to the originals.

**4.      Marked Documents and Things**

4.1      Each page of a document and each thing that constitutes or contains HIGHLY CONFIDENTIAL INFORMATION shall be labeled or marked with the legend "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL INFORMATION," or a substantially similar marking, when the document or thing is produced to the Receiving Parties.

4.2      Each page of a document and each thing that constitutes or contains CONFIDENTIAL INFORMATION shall be labeled or marked with the legend "CONFIDENTIAL," "CONFIDENTIAL INFORMATION," or a substantially similar marking, when the document or thing is produced to the Receiving Parties.

4.3      Anything that cannot be so labeled or marked on its face shall be labeled or marked by placing the appropriate legend on a container or package in which it is produced or on a tag attached thereto.  Material produced without any such legend shall not be subject to the protections afforded such information under this Protective Order unless redesignated under Paragraph 17, otherwise agreed by the Parties, or ordered by the Court.

4.4      Materials shall be treated by the Receiving Parties in accordance with any confidentiality designation made at the time of their production.  Should a party opt to make materials available for inspection in response to a discovery request, such inspection shall be conducted only by those with access to HIGHLY CONFIDENTIAL INFORMATION under this Order.

4.5      Documents and things produced or made available for inspection may be subject to redaction, in good faith by the Producing Party, of information that is neither relevant to the

4

subject of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or is subject to the attorney-client privilege or to work-product immunity. Each such redaction, regardless of size, shall be clearly labeled. This paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information.

**5.      Limit on Use and Disclosure of Designated Information**

5.1      Each party and all persons bound by the terms of this Protective Order shall use any information or document designated HIGHLY CONFIDENTIAL or CONFIDENTIAL only in connection with the prosecution or defense of this action or any other United States litigation involving the same or similar products/services and the same Plaintiff and one or more of the same Defendants, except by consent of all parties or order of the Court. Such use includes, but is not limited to, offering evidence and testimony at trial and/or other hearings, preparing for and conducting discovery, preparing for trial, and supporting or opposing any motion in this action. Except as provided for in this Order, no party or other person shall disclose or release any information or document governed by this Protective Order to any person not authorized pursuant to this Protective Order to receive such information or document.

Material designated HIGHLY CONFIDENTIAL or CONFIDENTIAL, and all information derived therefrom, shall be used only by persons permitted access to such information under this Protective Order, shall not be disclosed by the Receiving Parties to any party or person not entitled under this Protective Order to have access to such material, and shall not be used by the Receiving Parties for any purpose other than in connection with this action or any other United States litigation involving the same or similar products/services and the same Plaintiff and one or more of the same Defendants, including, without limitation, for any research,

development, manufacture, patent prosecution, financial, commercial, marketing, regulatory, business, or other competitive purpose (except for settlement of the above-captioned case).

5.2     It is understood that outside or in-house counsel for a party may give advice and opinions to his or her client based on his or her evaluation of designated HIGHLY CONFIDENTIAL or CONFIDENTIAL INFORMATION received by the party, provided that such rendering of advice and opinions shall not reveal the content of such information except by prior written agreement with counsel for the Producing Party.

5.3     The attorneys of record for the parties and other persons receiving information governed by this Protective Order shall exercise reasonable care to ensure that the information and documents governed by this Protective Order are (a) used only for the purposes specified herein, and (b) disclosed only to authorized persons.

5.4     The parties agree to meet and confer in good faith prior to trial to establish procedures concerning the use of HIGHLY CONFIDENTIAL or CONFIDENTIAL INFORMATION at trial.  Nothing in this Protective Order shall preclude any party from moving the Court to seal the courtroom, trial exhibits, or the trial transcript in order to preserve the confidential nature of any HIGHLY CONFIDENTIAL or CONFIDENTIAL INFORMATION used at trial.

## 6.     Disclosure of Designated Information

6.1     Except as provided in Paragraphs 12, 13, and 19, documents or information designated HIGHLY CONFIDENTIAL INFORMATION, as described in this Protective Order, shall be disclosed by the recipient thereof, only to:

(a)     Outside attorneys of record for the parties, including, but not limited to, such attorneys' partners, associates, staff and contract attorneys, and their authorized secretarial,

6

paralegal, clerical and legal assistant staff whose duties and responsibilities require access to material designated HIGHLY CONFIDENTIAL;

(b)     One (1) in-house attorney for Plaintiff Quest Diagnostics Investments LLC or its affiliates, and his/her authorized legal support staff whose duties require access to material designated HIGHLY CONFIDENTIAL.  If the aforementioned individual ceases to have responsibilities relating to this litigation, Plaintiff may designate another in-house attorney to replace such person upon giving written notice of such change to the opposing party or parties. Prior to receiving any Protected Material, the designated person shall execute the Declaration and Confidentiality Undertaking (in the form attached as Exhibit A);

(c)     One (1) in-house attorney for Defendants Laboratory Corporation of America Holdings, Esoterix, Inc., Endocrine Sciences, Inc., or their affiliates, and his/her authorized legal support staff whose duties require access to material designated HIGHLY CONFIDENTIAL.  If the aforementioned individual ceases to have responsibilities relating to this litigation, Defendants may designate another in-house attorney to replace such person upon giving written notice of such change to the opposing party or parties.  Prior to receiving any Protected Material, the designated person shall execute the Declaration and Confidentiality Undertaking (in the form attached as Exhibit A);

(d)     The Court and Court personnel, as provided in Paragraph 14;

(e)     Outside consultants or experts and their staffs retained by the parties or their attorneys for purposes of this action, as to whom there is no objection pursuant to Paragraph 7, and who first agree to be bound by the terms of this Protective Order.  Prior to receiving any Protected Material, the outside consultant or expert shall execute the "Declaration and Confidentiality Undertaking" (in the form attached as Exhibit A);

(f)     Court reporters, videographers, and their respective staffs employed in connection with this action;

(g)     Non-parties specifically retained to assist outside counsel of record with tasks such as, copying and computer services necessary for document handling, and other litigation support personnel (*e.g.*, graphic designers and animators, jury consultants, database entry personnel); and

(h)     Any interpreter or translation service retained to assist outside counsel of record, and any typist or transcriber used thereby.

6.2     Except as provided in Paragraphs 12, 13, and 19, documents or information designated CONFIDENTIAL INFORMATION, as described in this Protective Order, shall be disclosed by the recipient thereof, only to:

(a)     Outside attorneys of record for the parties, including, but not limited to, such attorneys' partners, associates, staff and contract attorneys, and their authorized secretarial, paralegal, clerical and legal assistant staff whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION;

(b)     Three (3) in-house attorneys for Plaintiff Quest Diagnostics Investments LLC or its affiliates and their authorized legal support staff whose duties require access to material designated CONFIDENTIAL INFORMATION.   If one of the aforementioned individuals ceases to have responsibilities relating to this litigation, Plaintiff may designate another in-house attorney to replace such person upon giving written notice of such change to the opposing party or parties.   Prior to receiving any Protected Material, the designated persons shall execute the Declaration and Confidentiality Undertaking (in the form attached as Exhibit A);

(c)     Three (3) in-house attorneys for Defendants Laboratory Corporation of America Holdings, Esoterix, Inc., Endocrine Sciences, Inc., or their affiliates and their authorized legal support staff whose duties require access to material designated CONFIDENTIAL INFORMATION.  If one of the aforementioned individuals ceases to have responsibilities relating to this litigation, Defendants may designate another in-house attorney to replace such person upon giving written notice of such change to the opposing party or parties. Prior to receiving any Protected Material, the designated persons shall execute the Declaration and Confidentiality Undertaking (in the form attached as Exhibit A);

(d)     The Court and Court personnel, as provided in Paragraph 14;

(e)     Outside consultants or experts and their staffs retained by the parties or their attorneys for purposes of this action, who are not objected to pursuant to Paragraph 7, and who first agree to be bound by the terms of this Protective Order.  Prior to receiving any Protected Material, the outside consultant or expert shall execute the "Declaration and Confidentiality Undertaking" (in the form attached as Exhibit A);

(f)     Court reporters, videographers, and their respective staffs employed in connection with this action;

(g)     Non-parties specifically retained to assist outside counsel of record with copying and computer services necessary for document handling, and other litigation support personnel (*e.g.*, graphic designers and animators, jury consultants, database entry personnel); and

(h)     Any interpreter or translation service retained to assist outside counsel of record, and any typist or transcriber used thereby.

7.      **Identification of Experts and In-House Counsel and Limitations on Discovery from Experts**

7.1     If any party desires to disclose information designated HIGHLY CONFIDENTIAL or CONFIDENTIAL to any expert, consultant, or in-house counsel pursuant to Paragraphs 6.1(b), 6.1(c), 6.1(e), 6.2(b), 6.2(c) and/or 6.2(e) above, it must first identify each such expert, consultant, or in-house counsel in writing (which can be by email or facsimile) to the attorneys for the Producing Party.  The attorney for the Producing Party shall have seven (7) calendar days from receipt of such notice to object in writing to disclosure of such information to any of the experts, consultants, or in-house counsel so identified.  As to the identification of an expert or consultant, it shall include the full name and professional address and/or affiliation of the proposed expert or consultant, an up-to-date curriculum vitae, a list of any prior or current employments or consultancies for any party or other company in the clinical and/or medical testing industries within the last five (5) years (except those engagements that are protected from disclosure pursuant to Fed. R. Civ. P. 26), including a list of the cases in which the expert or consultant has testified at deposition, at a hearing, or at trial within the last five (5) years.  Any party that fails to object in writing within seven (7) calendar days of receiving such notice shall be deemed to have waived such objection and the parties shall be deemed to have agreed upon disclosure to the expert for purposes of Paragraphs 6.1(b), 6.1(c), 6.1(e), 6.2(b), 6.2(c) and/or 6.2(e).   No HIGHLY CONFIDENTIAL or CONFIDENTIAL INFORMATION may be disclosed to any proposed expert, consultant, or in-house counsel until the parties are deemed to have agreed upon disclosure to the expert, consultant, or in-house counsel for purposes of Paragraphs 6.1(b), 6.1(c), 6.1(e), 6.2(b), 6.2(c), and/or 6.2(e) pursuant to the provisions of Paragraphs 7.1 or 7.2.  Any objection pursuant to this provision shall be accompanied by a

10

statement of the factual and legal bases underlying such objection.  The objecting party's failure to provide the factual and legal bases underlying the objection during the requisite time (*i.e.,* within seven (7) calendar days of receiving notice of the anticipated disclosure to the expert) shall be deemed a waiver its objection.

7.2    The parties shall first attempt to resolve any objections by meeting and conferring.  If the objections cannot be resolved, the party opposing disclosure of the HIGHLY CONFIDENTIAL and/or CONFIDENTIAL INFORMATION to the expert, consultant, or in-house counsel may raise the issue with the Court in accordance with the Court's procedures for the resolution of discovery disputes.  If the issue is raised with the Court, the party opposing disclosure shall, following the meet and confer process, notify the disclosing party in writing of its intent to raise the issue with the Court.  The party opposing disclosure shall bear the burden of proof with respect to the propriety of its objection.  Any party that fails to raise such an issue with the Court within ten (10) business days of the meet and confer and subsequent written notification shall be deemed to have waived such objection and the parties shall be deemed to have agreed upon disclosure to the expert, consultant, or in-house counsel for purposes of Paragraphs 6.1(e) and/or 6.2(e).

**8.    Agreement of Confidentiality**

8.1    In no event shall any information designated HIGHLY CONFIDENTIAL or CONFIDENTIAL be disclosed to any person authorized pursuant to Paragraphs 6.1 (b, c, e) or 6.2 (b, c) until such person has executed a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto) acknowledging and agreeing to be bound by the terms of this Protective Order.  Counsel for the party seeking to disclose material designated under this Order

to any such person pursuant to this paragraph shall be responsible for retaining the executed originals of all such Confidentiality Undertakings.

8.2    Any Receiving Party who receives HIGHLY CONFIDENTIAL or CONFIDENTIAL INFORMATION in a hard copy format and who provides it to a vendor described in Paragraphs 6.1(e-h), who in turn encodes and loads the information into a computer, copies, or otherwise processes the information, shall instruct the vendor to return the hard copy to the Party after the vendor completes the work for the Party, or to destroy the hard copy and certify the destruction thereof in writing.

8.3    Any Receiving Party who receives HIGHLY CONFIDENTIAL or CONFIDENTIAL INFORMATION in an electronic format and provides it to a vendor, who in turn provides a party with on-going access to electronic copies of such HIGHLY CONFIDENTIAL or CONFIDENTIAL INFORMATION, shall instruct the vendor to provide limited and secure access to the information (such as information stored on a computer) and to guarantee to provide access (*e.g.,* through access codes or passwords) only to people who are entitled to access it under this Protective Order (including people retained or employed by the vendor entitled to such access).

## 9.    Related Documents

The restrictions contained herein to the use of information designated HIGHLY CONFIDENTIAL and CONFIDENTIAL INFORMATION shall apply to (a) portions of documents, copies, extracts, and complete or partial summaries prepared from or containing such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda or any other papers filed with the Court and exhibits thereto which contain or reflect

12

the content of any such documents, copies, extracts, or summaries; (d) deposition testimony designated in accordance with Paragraph 10; (e) testimony taken at a hearing or other proceeding that is designated in accordance with Paragraph 11; and/or (f) portions of reports or any other documents prepared by outside consultants, experts, or their staff.

**10.      Designation of Deposition Transcripts**

10.1     Deposition     transcripts,     or     portions     thereof,     containing     HIGHLY CONFIDENTIAL and/or CONFIDENTIAL INFORMATION may be designated as subject to this Protective Order either on the record during the deposition or by providing written notice within twenty-one (21) calendar days following receipt of the official transcripts of the deposition to the reporter and all counsel of record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating party.

10.2     All deposition transcripts not previously designated shall be deemed to be, and shall be treated as HIGHLY CONFIDENTIAL for a period of twenty-one (21) calendar days after receipt of the official transcript of the deposition, and the transcript shall not be disclosed during such time by a non-designating party to persons other than those persons qualified to receive such HIGHLY CONFIDENTIAL INFORMATION pursuant to this Protective Order.

10.3     The designating party shall have the right to exclude from portions of a deposition, before the taking of testimony which the designating party designates HIGHLY CONFIDENTIAL or CONFIDENTIAL and subject to this Protective Order, all persons other than those persons previously qualified to receive such information pursuant to this Protective Order.  If such individuals fail to comply with such a request, the requesting counsel for the Producing Party may seek relief from the Court pursuant to the Court's procedures for resolution

of discovery disputes, and pending resolution of that request, instruct or request the witness not to answer questions relating to, or to limit disclosure of, the HIGHLY CONFIDENTIAL or CONFIDENTIAL INFORMATION at issue.

**11.    Designation of Hearing Testimony or Argument**

With respect to testimony elicited during hearings and other proceedings (not including depositions), (1) whenever counsel for any party deems that any question or line of questioning calls for the disclosure of its clients own HIGHLY CONFIDENTIAL or CONFIDENTIAL INFORMATION, counsel may designate on the record prior to such disclosure that the disclosure is subject to confidentiality restrictions or (2) whenever counsel for any party deems that any question or line of questioning calls for the disclosure of another Producing Party's HIGHLY CONFIDENTIAL or CONFIDENTIAL INFORMATION, counsel shall first notify counsel for the Producing Party of the anticipated disclosure, if reasonably practicable, so as to permit counsel for the Producing Party to designate on the record prior to such disclosure that the disclosure is subject to confidentiality restrictions.   Whenever matter designated HIGHLY CONFIDENTIAL or CONFIDENTIAL INFORMATION is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled under this Order to receive information so designated.

**12.    Disclosure to Other Individuals**

Notwithstanding any other provision of this Protective Order, HIGHLY CONFIDENTIAL or CONFIDENTIAL INFORMATION may be disclosed as follows:

12.1    HIGHLY CONFIDENTIAL or CONFIDENTIAL INFORMATION may be disclosed to persons not identified in Paragraphs 6.1 or 6.2 when the Producing Party agrees to such disclosure in writing.

12.2    Any Receiving Party may move the Court (in accordance with the Court's procedures for resolution of discovery disputes) for an Order that a person not identified in Paragraph 6 be given access to information designated HIGHLY CONFIDENTIAL or CONFIDENTIAL. If the motion is granted, such person may have access to the HIGHLY CONFIDENTIAL or CONFIDENTIAL INFORMATION after signing the Confidentiality Undertaking set forth in Exhibit A.

12.3    Nothing in this Protective Order shall prohibit counsel or a party from disclosing a document containing information designated HIGHLY CONFIDENTIAL or CONFIDENTIAL at deposition, at trial, or at any other court hearing, to: (i) any person who appears from the face of the document to have drafted, prepared, executed, had knowledge of the substance of, or received the document; (ii) any person who has been identified, through discovery (including document production, written discovery, or deposition testimony) or otherwise as having authored or received the document or thing, or similar or related documents or things from the same general time period, or as to whom there is a reasonable basis for believing that the person authored or received the document or thing or related documents or things from the same general time period, even if the individual is not identified as an actual author or recipient on the face of the document or thing at issue; (iii) a currently employed officer, employee, or expert of the Producing Party; or (iv) a former employee of the Producing Party who was a current employee of the Producing Party, or its predecessor-in-interest, as of the date of the document or thing.

13.     **Confidentiality of Party's Own Documents**

Nothing herein shall affect the right of the designating party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the designating party the information becomes public knowledge.  Similarly, the Protective Order shall not preclude a party from showing its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person, which information has been filed under seal by the opposing party.

14.     **Designation of Documents under Seal**

Any information designated HIGHLY CONFIDENTIAL or CONFIDENTIAL, if filed with the Court, shall be filed under seal pursuant to the Local Rules of the Court, including Local Rule 5.1.3.

15.     **Other Protections**

15.1    No person shall use any HIGHLY CONFIDENTIAL or CONFIDENTIAL INFORMATION, or information derived therefrom, for purposes other than the prosecution or defense of this action or any other United States litigation involving the same or similar products/services and the same Plaintiff and one or more of the same Defendants, including without limitation, for purposes of preparing, filing, or prosecuting any patent application, continuation, or divisional patent application, reissue patent application, or request for reexamination.

15.2    Any party may mark any document or thing containing HIGHLY CONFIDENTIAL or CONFIDENTIAL INFORMATION as an exhibit to a deposition, hearing

or other proceeding, provided the witness at such proceeding is qualified under the terms of this Protective Order to have access to such designated material.

**16.    Challenge to Confidentiality**

16.1    This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate.  Nor shall any party be precluded from (a) claiming that any matter designated hereunder is not entitled to the protections of this Protective Order, (b) applying to the Court for an Order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order, or (c) applying for a further Order modifying this Protective Order in any respect.  No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

16.2    On any challenge to the designation of any information, the burden of proof shall lie with the Producing Party to establish that the information is, in fact, HIGHLY CONFIDENTIAL or CONFIDENTIAL INFORMATION.  If a party seeks declassification or removal of particular items from this designation on the ground that such designation is not necessary to protect the interests of the designating party, the following procedure shall apply:

(a)    The party seeking such declassification or removal shall give counsel of record for the other party written notice thereof, specifying the designated information as to which such removal is sought and the reasons for the request; and

(b)    If, after conferring, the parties cannot reach agreement concerning the matter within seven (7) business days after the delivery and receipt of the notice, then the party

requesting the declassification or removal of particular items may challenge the designation in accordance with the Court's procedures for resolution of discovery disputes.

**17.     Inadvertent Failure to Designate**

17.1   A Producing Party that inadvertently fails to designate as HIGHLY CONFIDENTIAL or CONFIDENTIAL an item pursuant to this Protective Order at the time of production may thereafter make a designation pursuant to this Protective Order by serving notice thereof in writing, accompanied by substitute copies of each item, appropriately designated as HIGHLY CONFIDENTIAL or CONFIDENTIAL.  Upon receipt of such notice and properly marked material, the Receiving Parties shall treat such information consistent with the redesignation.  All copies of the misdesignated documents shall be promptly destroyed or returned to the Producing Party, and any memoranda or work product derived therefrom shall thereafter be treated as containing HIGHLY CONFIDENTIAL or CONFIDENTIAL INFORMATION, as applicable.

17.2   Should any HIGHLY CONFIDENTIAL or CONFIDENTIAL INFORMATION be disclosed, through inadvertence, misdesignation, or otherwise, by the Receiving Party to any person or party not authorized under this Protective Order, then the Receiving Party shall (a) use its best efforts to obtain the return of any such material or information and to bind such person to the terms of this Protective Order; (b) within three (3) business days of the discovery of such disclosure, inform such person of all provisions of this Protective Order and request such person to sign the Declaration and Confidentiality Undertaking in the form attached hereto as Exhibit A; and (c) within five (5) business days of the discovery of such disclosure, inform the Producing Party of all pertinent facts relating to such disclosure, including the identity of such person and the information disclosed.

18.     **Inadvertent Production or Disclosure of Privileged Materials**

Pursuant to Federal Rule of Evidence 502, the inadvertent production or disclosure of any document or thing (including information) otherwise protected by the attorney-client privilege, work-product immunity, or other privilege or immunity shall not operate as a waiver of any such privilege or immunity if, after recognizing that privileged information has been produced or disclosed, the party who made the inadvertent production or disclosure sends to each Receiving Party a written request for return of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time after recognizing that the privileged information has been produced or disclosed.  Within five (5) business days of receiving such a request, the Receiving Party shall (1) return to the Producing Party all such documents and things identified by the Producing Party as being protected by the attorney-client privilege, work product immunity, or other privilege or immunity and as having been inadvertently produced, or confirm destruction of the same and (2) shall not utilize the information contained in such documents or things for any purpose, or disseminate or transmit such information, except as provided in subparagraph (a) below.  The receiving party shall also destroy all copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information; provided, however, that this Order shall not preclude the party returning such information from making a motion to compel production of the returned information.  The producing party shall retain copies of all returned documents or things for further disposition.

(a)     If the Receiving Party wishes to contest that any such document or thing is protected by the attorney-client privilege or by work-product immunity, the Receiving Party shall so notify the Producing Party in writing when the document or thing is returned to the Producing Party or the Receiving Party confirms destruction.  The Receiving Party may retain

19

one copy of the document(s) or thing(s) at issue for the purposes of filing a motion to contest the designation.  The copy retained by the Receiving Party must be sequestered, and may not be used for any purpose except to present the information to the Court for a determination of the claim of privilege.

(b)     Within five (5) business days after receiving such notification, the Producing Party shall provide to the Receiving Party for each such document or thing a description of the basis for the claim of privilege or immunity.

(c)     Within ten (10) business days after receiving such description, the Receiving Party may seek relief from the Court to compel production of such documents and things, the protection of which is still disputed, in accordance with the Court's procedures for resolution of discovery disputes.  If a motion to contest the designation is not filed within such ten (10)-day period, the one (1) copy, if any, retained by the Receiving Party as set forth in Paragraph 18(a) shall be immediately destroyed or returned to the Producing Party.  Likewise, if the Court rejects the Receiving Party's challenge to the privileged status of the inadvertent production, the one (1) copy, if any, retained by the Receiving Party as set forth in Paragraph 18(a) shall be immediately destroyed or returned to the Producing Party.

(d)     With respect to documents and things subsequently generated by a Receiving Party, which documents and things contain information derived from such inadvertently produced documents and things, if the Receiving Party does not notify the Producing Party that the Receiving Party disputes the claims of attorney-client privilege or work product immunity, or if the Court rejects any challenge by the Receiving Party to the privileged status of the inadvertent production, the Receiving Party shall either destroy the derivative documents and things or redact from them all such derivative privilege or work-product

20

information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

(e)     The procedures set forth in this Paragraph 18 for challenging the privileged status of an inadvertent production shall not result in any waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity.

**19.     Prior or Public Knowledge**

This Protective Order shall not apply to information that is or was available to the public prior to disclosure.   The restrictions contained in this Protective Order shall not apply to information that is or was available to the public other than by an act or omission of the party to whom such disclosure is made, or that is or was legitimately and independently acquired from a source not subject to this Protective Order.

**20.     Limitation of Protective Order**

This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work-product immunity, or to preclude either party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure or the Local Rules of the District of Delaware.

**21.     Other Proceedings**

21.1     By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated HIGHLY CONFIDENTIAL or CONFIDENTIAL pursuant to this order shall promptly notify that party of

the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

21.2    Any person or party subject to this order who may be subject to a subpoena, motion, or court order in another case to disclose information that is designated by another party as HIGHLY CONFIDENTIAL or CONFIDENTIAL in this case shall promptly notify counsel of record for the party that has produced the DESIGNATED MATERIAL of the subpoena, motion, or court order in sufficient time so that it may have an opportunity to appear and be heard on whether such information should be disclosed.  The party receiving or subject to the subpoena, motion, or court order must notify the person who caused the request to be served that some or all material it covers is subject to this Protective Order, and must forward a copy of this Protective Order to that person.

21.3    A Producing Party shall bear the burden of seeking protection in court of its own HIGHLY CONFIDENTIAL and/or CONFIDENTIAL INFORMATION, and nothing in this Protective Order should be construed as authorizing or encouraging a party receiving a subpoena, motion, or court order related to information it received in this litigation to disobey a lawful directive from another court.  Subject to the provisions herein, disclosure of such information in response to a properly issued subpoena, motion, or court order shall not constitute a violation of this Protective Order if: (a) the Producing Party was provided notice and sufficient time to seek an order limiting such disclosure but failed to seek or obtain such an order, or (b) refusal to make such disclosure would be in violation of a court order or otherwise would be unlawful.

## 22.    Non-Party Material

The terms of this Protective Order, as well as the terms of any protective order that may be entered into between a discovering party and third party for the production of information to

the discovering party, are applicable to HIGHLY CONFIDENTIAL and CONFIDENTIAL INFORMATION provided by a non-party. Information provided by a non-party in connection with this action and designated HIGHLY CONFIDENTIAL or CONFIDENTIAL pursuant to the terms of this Protective Order shall be protected by the remedies and relief provided by this Protective Order.

### 23.    Patent Prosecution

Any individual who receives HIGHLY CONFIDENTIAL INFORMATION describing a party's confidential research, development, or trade secret information of a technical nature, as distinguished from financial or other non-technical information, pursuant to Paragraphs 6.1(b), 6.1(c), or 6.1(e) shall not be, until two (2) years after the termination of this litigation (including any appeals) or unless authorized by the Court, (i) involved in prosecution of foreign or United States patent applications relating to the detection of vitamin-D and/or testosterone via mass spectrometry; (ii) involved in prosecution of post-grant proceedings (including *inter partes* proceedings, post-grant review, covered business method review, reissue, or *ex parte* reexamination) before the U.S. Patent and Trademark Office, or corresponding proceedings before any foreign patent authority relating to the detection of vitamin-D and/or testosterone via mass spectrometry; or (iii) engaged in the drafting or amending of patent claims to be submitted to, or before, the U.S. Patent and Trademark Office or a foreign patent office relating to the detection of vitamin-D and/or testosterone via mass spectrometry. Prosecution includes, for example, original prosecution, or involvement in or advising regarding drafting, editing, approving, or amending patent claims in post-issuance patent office proceedings. Notwithstanding the foregoing, this provision will not bar litigation counsel from involvement in

aspects of post-issuance proceedings other than involvement in or advising regarding drafting, editing, approving, or amending of patent claims.

### 24.     Final Termination of This Litigation

Within ninety (90) calendar days following final termination of this litigation, including all appeals therefrom, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return or destroy, and certify destruction of, all materials containing information designated HIGHLY CONFIDENTIAL or CONFIDENTIAL, including all copies, extracts and summaries thereof, to the party from whom the designated material was obtained, except that a party is not obligated to return or destroy copies of HIGHLY CONFIDENTIAL or CONFIDENTIAL INFORMATION that may be contained on electronic backup or archival media, which should be treated in accordance with standard retention policies.  Notwithstanding the foregoing, and subject to a continuing obligation to protect all such material pursuant to this order, outside counsel may retain any archive copies of any pleadings, filings, court papers and exhibits, correspondence, deposition and trial transcripts, deposition and trial exhibits, expert reports, written discovery responses, and attorney work product (regardless of whether such materials contain or reference HIGHLY CONFIDENTIAL or CONFIDENTIAL INFORMATION) for archival records.

### 25.     Waiver or Termination of Order

25.1    No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an Order of the Court for good cause shown.  The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further Order of this Court.

25.2    The termination of employment of any person with access to any HIGHLY CONFIDENTIAL or CONFIDENTIAL INFORMATION shall not relieve such person from the obligation of maintaining the confidentiality of such information.

**26.    No Waiver of Objection**

Nothing in this Protective Order shall prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or evidence subject to this Protective Order.

**27.    Applicability**

This Protective Order shall become binding on the parties upon its execution by the parties' undersigned counsel, notwithstanding the date the Protective Order is submitted to the Court or the Court enters this Protective Order.  All documents produced prior to the date the Court enters the Protective Order shall be treated by the parties as if this Protective Order had been entered by the Court prior to their production.

**28.    Modification of Order; Prior Agreements**

This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties and approval by the Court.  This Protective Order supersedes any agreements between the parties regarding the confidentiality of particular information entered into before the date of this Protective Order.

**29.    Paragraph Captions**

The title captions for each paragraph of this Protective Order are for convenience only and are not intended to affect or alter the text of the paragraphs or the substance of the Order.

10755015/1

30.    **Order Applicable Upon Filing with the Court**

Upon filing this Protective Order with the Court, the Parties agree to treat it as "So Ordered," subject to any future modifications by agreement of the Parties or by the Court.

JOINTLY SUBMITTED BY:

MORRIS JAMES LLP

/s/ Kenneth L. Dorsney
Kenneth L. Dorsney (#3726)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Tel: 320.888.6800
kdornsey@morrisjames.com

*Attorney for Plaintiff*
*Quest Diagnostics Investments LLC*

OF COUNSEL:

Adam R. Gahtan
Kevin X. McGann
Eric M. Majchrzak
FENWICK & WEST LLP
902 Broadway, Suite 14
New York, NY 10010
Tel: 212.430.8500
agahtan@fenwick.com
kmcgann@fenwick.com
emajchrzak@fenwick.com

Melanie L. Mayer
Elizabeth B. Hagan
FENWICK & WEST LLP
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Tel: 206.389.4510
mmayer@fenwick.com
ehagan@fenwick.com

WILSON SONSINI GOODRICH & ROSATI, P.C.

/s/ Ian R. Liston
Ian R. Liston (#5507)
Johanna Peuscher-Funk (#6451)
222 Delaware Avenue, DE 19801
Tel: 302.304.7600
iliston@wsgr.com
jpeuscherfunk@wsgr.com

*Attorneys for Defendants*
*Laboratory Corporation of America*
*Holdings, Esoterix, Inc., and*
*Endocrine Sciences, Inc.*

OF COUNSEL:

Edward G. Poplawski
Olivia M. Kim
Erik Carlson
WILSON SONSINI GOODRICH & ROSATI, P.C.
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
323.210.2900
epoplawski@wsgr.com
okim@wsgr.com
ecarlson@wsgr.com

Matias Ferrario
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101
336.607.7300
mferrario@kilpatricktownsend.com

SO ORDERED this ____ day of February 2019.

_____
United States District Court Judge

10755015/1

**EXHIBIT A**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| QUEST DIAGNOSTICS INVESTMENTS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:18-cv-01436-MN |
| | ) | |
| LABORATORY CORPORATION OF | ) | |
| AMERICA HOLDINGS, ESOTERIX, INC., and | ) | |
| ENDOCRINE SCIENCES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DECLARATION AND CONFIDENTIALITY UNDERTAKING

I certify that I have received and carefully read the Stipulated Protective Order in this action and that I fully understand the terms of the Order.  I recognize that I am bound by the terms of that Order, and I agree to comply with those terms.  I hereby consent to the personal jurisdiction of the United States District Court, District of Delaware, for any proceedings involving the enforcement of that Order.  I declare under penalty of perjury under the laws of the United States of America this Declaration and Confidentiality Undertaking is true and correct.

EXECUTED this _____ day of _____, _____

_____
Name

_____
Signature

_____
Present Employer or Other Business Affiliation