

222 Delaware Avenue, Suite 800
Wilmington, DE 19801-1600

PHONE 302.304.7600
FAX 866.974.7329

www.wsgr.com

May 6, 2019

**Via Efiling and Hand Delivery**

The Honorable Maryellen Noreika
J. Caleb Boggs Federal Building
844 North King Street, Unit 19, Room 4324
Wilmington, DE 19801

> Re:  *Quest Diagnostics Investments LLC v. Laboratory Corporation of America Holdings, et al.,* C.A. No. 18-1436-MN (D. Del.)

Dear Judge Noreika:

Defendants Laboratory Corporation of America Holdings; Esoterix, Inc.; and Endocrine Sciences, Inc. (collectively, "LabCorp") file this letter regarding Plaintiff's ("Quest's") request for leave to amend its Answer (D.I. 43). LabCorp does not oppose Quest's requested amendment and writes to: (1) indicate it would oppose a request to delay resolution of LabCorp's motion for judgment on the pleadings (D.I. 26) and would oppose a request for expedited discovery on assignor estoppel; as well as, (2) address Quest's improper argument regarding assignor estoppel.

**1.      Background**

Quest made a tactical decision to delay seeking leave to amend its answer until March 12, 2019, the week before the deadline for Quest to respond to LabCorp's motion for judgment on the pleadings (D.I. 26). Ex. A at 1 (March 14, 2019 email from E. Carlson sent at 11:53 AM). When Quest first informed LabCorp that Quest would seek such leave, the request was grouped with two other requests that revealed Quest's true intentions. Quest wanted to defer briefing on LabCorp's motion and take expedited discovery with respect to its assignor estoppel defense. Ex. A at 2 (March 12, 2019 email from K. McGann sent at 12:27 PM). LabCorp did not agree because of the undue delay and unfair prejudice these requests would cause.

Quest then argued that assignor estoppel applied to some of the asserted patents in Quest's responsive brief. D.I. 35 at 7. In LabCorp's reply in support of its motion for judgment on the pleadings, LabCorp explained why assignor estoppel does not apply to the threshold question of patent eligibility, i.e., whether the claimed subject matter falls within one of the judicially-created exceptions to patentable subject matter. D.I. 40 at 1–2. LabCorp also explained that Quest does not assert that assignor estoppel applies to all of the patents challenged by LabCorp's motion. D.I. 40 at 2.

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

May 6, 2019
Page 2

LabCorp's motion is fully briefed and ready for resolution. Thus, Quest's desire to defer briefing is moot. Quest has not pursued expedited discovery and LabCorp intends to oppose any such expedited discovery. When Quest filed its May 3, 2019 letter requesting only to amend its answer and apparently dropping the other requests, LabCorp contacted Quest in an attempt to resolve this dispute. LabCorp offered, and remains willing, to stipulate to Quest's amendment of the pleadings if Quest confirms it will not burden the Court and LabCorp with a request for expedited discovery or delayed resolution of LabCorp's motion. Ex. B at 1–2 (May 6, 2019 email from E. Carlson sent at 7:09 AM). Quest refused this offer. Ex. B at 1 (May 6, 2019 email from E. Majchrzak sent at 12:03 PM).

**2.   LabCorp Would Oppose Expedited Discovery or Delay in Resolution of Its Motion for Judgment on the Pleadings**

Quest does not request expedited discovery or a delay in the resolution of LabCorp's motion in its May 3, 2019 letter, and Quest should therefore be precluded from seeking such relief during the May 8, 2019 discovery teleconference. But given Quest's refusal to confirm it has dropped those requests, and in an abundance of caution, LabCorp states that it intends to oppose those requests if and when they are made. Quest had the opportunity to—and in fact did—argue assignor estoppel in its responsive brief to LabCorp's motion. And those assignor estoppel arguments do not even apply to all the patents challenged by LabCorp's motion. Thus, there is no need to delay resolution of LabCorp's motion or to engage in piece-meal expedited discovery.

**3.   Quest's Improper Assignor Estoppel Argument is Wrong**

In Section III.A of its letter, Quest has improperly argued the merits of assignor estoppel, essentially filing an unauthorized surreply on LabCorp's motion for judgment on the pleadings. LabCorp respectfully requests that the Court disregard this section of Quest's letter. If the Court is inclined to consider that section, LabCorp respectfully requests that the Court consider the following for completeness.

Quest's suggestion that *Diamond Scientific*'s discussion of "patentable invention" means assignor estoppel applies to patent eligibility is incorrect. D.I. 43 at 3 quoting *Diamond Scientific Co. v. Ambico, Inc.*, 848 F. 2d 1220, 1224 (Fed. Cir. 1988). The phrase "patentable invention" has been used to refer to other defenses to patent infringement such as obviousness, under section 103. *See, e.g.*, *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 11, 17, 30 (1966); *Calmar, Inc. v. Cook Chemical Co.*, 336 F. 2d 110, 114 (8th Cir. 1964).

Furthermore, patent eligibility under section 101 was not at issue in *Diamond Scientific*, instead the Federal Circuit affirmed a district court decision granting a motion to strike affirmative defenses under Sections 112 (specification), 102 (novelty), and 103 (obviousness)—

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

May 6, 2019
Page 3

but not section 101.  *Diamond Scientific*, 848 F. 2d at 1227; *Diamond Sci. Co. v. Ambico, Inc.*, 666 F. Supp. 163, 164 (S.D. Iowa 1987).  Thus, even if the Federal Circuit intended "patentable invention" to refer to patent eligibility, it would merely be dicta.

      The statement Quest quoted from *Diamond Scientific* is itself a quote from an 1894 First Circuit case, *Babcock v. Clarkson*, 63 F. 607 (1st Cir. 1894).  Around the time that *Babcock* was decided, "patentable invention" referred to the obviousness defense later codified in Section 103.  *Smith v. Goodyear Dental Vulcanite Co.*, 93 US 486, 492 (1877); *Reckendorfer v. Faber*, 92 US 347, 349 (1876).  In *Babcock*, just like in *Diamond Scientific*, the issue of patent eligibility was not before the court.  *Id.* at 609 (holding that assignor estoppel does not bar the use of prior art during claim construction and affirming construction of a patent "in the light of the art").  So even if the First Circuit had intended to refer to patent eligibility, that would be dicta too.

      The ITC case that Quest cites is similarly unhelpful to its position.  *In re Certain Network Devices, Related Software and Components Thereof (I)*, Inv. No. 337-TA-944, USITC Pub. 575521 at 137 (Feb. 2, 2016) (D.I. 43, Ex. E).  The ITC decision is not binding and the reasoning in that case is incorrect and not persuasive because:  (1) it relies on the same language from *Diamond Scientific* discussed above; and (2) also relies on cases suggesting assignor estoppel may apply to the *utility* requirement under Section 101—a defense wholly separate and different in character from the threshold question of patent eligibility.

      Sincerely,

      WILSON SONSINI GOODRICH & ROSATI
      Professional Corporation

      */s/ Ian R. Liston*
      Ian R. Liston

cc: all counsel of record