# EXHIBIT A

## Carlson, Erik

| | |
|---|---|
| **From:** | Carlson, Erik |
| **Sent:** | Thursday, March 14, 2019 11:53 AM |
| **To:** | Kevin McGann; Kim, Olivia; Eric Majchrzak; Liston, Ian; Peuscher-Funk, Johanna; Poplawski, Edward; mferrario@kilpatricktownsend.com; WSGR - LabCorp |
| **Cc:** | Dorsney, Kenneth L.; Quest_LabCorp_Team |
| **Subject:** | RE: Quest v. LabCorp, No. 18-cv-1436 (D. Del.) - Meet and Confer |

Counsel:

As we indicated on the meet and confer we were surprised by this request. Quest admitted on the meet and confer that it believed its purported assignor estoppel defense is "no secret." Yet Quest did not raise the defense in its answer to LabCorp's counterclaims and remained silent until the March 12, 2019 meet and confer—the week before Quest's response to LabCorp's motion for judgment on the pleading is due.

Quest obviously knew that Dr. Holmquist was listed as an inventor on some of the asserted patents when it filed the complaint in this case. At least as early as December 28 of last year, Quest knew that Dr. Holmquist was employed by LabCorp and knew his title as reflected in the letter from Mr. Majchrzak to Mr. Liston. Quest has known of Dr. Holmquist's role in the development and knowledge of the accused methods at least since Quest was served with LabCorp's Rule 26 initial disclosures on January 22, 2019. Yet Quest remained silent about this issue when LabCorp filed and served its motion for judgment on the pleadings on February 12, 2019. Quest remained silent about this issue when it requested an extension to respond to LabCorp's motion for judgment on the pleadings. Quest remained silent when LabCorp agreed to extend the deadline to respond to March 19, 2019. And Quest remained silent until the March 12 meet and confer—indeed Quest cryptically asked for a meet and confer about "an issue raised by LabCorp's discovery responses" without informing LabCorp what that issue was.

LabCorp does not consent to Quest's amendment at least because it's untimely and unduly prejudicial given the above. LabCorp likewise does not consent to further delays to the briefing schedule for its motion or for early discovery. LabCorp's motion is based on the pleadings, so there is no basis for Quest's request for early discovery.

Additionally, LabCorp disagrees that these issues fall under the Court's discovery dispute resolution procedures in paragraph 8(g). At least the request for an extension and the request for early discovery are issues that should not be presented to the Court using the procedures in paragraph 8(g).

Sincerely,
Erik J. Carlson



WSGR  Erik J. Carlson • Wilson Sonsini Goodrich & Rosati
633 West Fifth Street, Suite 1550 • Los Angeles, CA 90071 • 323.210.2940 • ecarlson@wsgr.com

**From:** Kevin McGann [mailto:kmcgann@fenwick.com]
**Sent:** Tuesday, March 12, 2019 12:27 PM
**To:** Carlson, Erik; Kim, Olivia; Eric Majchrzak; Liston, Ian; Peuscher-Funk, Johanna; Poplawski, Edward; mferrario@kilpatricktownsend.com; WSGR - LabCorp
**Cc:** Dorsney, Kenneth L.; Quest_LabCorp_Team
**Subject:** RE: Quest v. LabCorp, No. 18-cv-1436 (D. Del.) - Meet and Confer

Counsel,

As we raised on our call today, Quest intends to move to amend its pleading in response to Defendants' counterclaims to assert that assignor estoppel bars defendants from asserting any invalidity defenses against at least U.S. Patent Nos. 8,101,427, 7,972,867 and 7,972,868 (collectively the "Vitamin D Patents") based on Defendants' privity with inventor/assignor Brett Holmquist.  After the close of business on March 6, 2019 in response to Quest's interrogatories 2 and 7, Defendants referenced Mr. Holmquist's role in the development and knowledge of the accused methods.  Immediately, on March 7, 2019, we requested a meet and confer with defense counsel and accepted the first time you offered (today at 2 pm eastern).  As the case is still in its early stages and the deadline to move to amend is not until November 2019, Quest believes that such an amendment is timely and squarely within the permissive standards governing motions to amend.  We would hope that Defendants are able to consent to such an amendment to avoid unnecessarily burdening the Court.

We also raised two other items with you on our call today:  (a) deferring briefing and/or ruling on the motion for judgment on the pleadings and (b) limited, expedited discovery with respect to the assignor estoppel issue so that this issue may be briefed for the Court.  As assignor estoppel would negate many of the issues raised by Defendants' motion for judgment on the pleadings, we believe it is premature to ask the Court to address that motion until the issue of assignor estoppel can be addressed.  We suggest suspending or deferring briefing on such motion or at least advising the Court that it would be appropriate to defer ruling on such a motion until Quest is able to take discovery and bring the assignor estoppel issue before the Court.  To facilitate bringing the assignor estoppel issue to the Court, Quest is requesting limited, expedited discovery into such issues as Mr. Holmquist's role and responsibilities with the defendants, particularly with respect to the accused methods.

Finally, according to the scheduling order (paragraph 9), these issues fall under the Court's discovery dispute resolution procedures in paragraph 8(g).

Given that the deadline for opposition briefing on the motion for judgment on the pleadings is fast approaching, please get back to us as soon as possible on these issues

Regards,

Kevin

# KEVIN X. MCGANN

Partner | Fenwick & West LLP | 212-430-2745 | kmcgann@fenwick.com
Admitted to practice only in New York.

**From:** Carlson, Erik [mailto:ecarlson@wsgr.com]
**Sent:** Friday, March 08, 2019 2:49 PM
**To:** Kevin McGann <kmcgann@fenwick.com>; Kim, Olivia <okim@wsgr.com>; Eric Majchrzak <emajchrzak@fenwick.com>; Liston, Ian <iliston@wsgr.com>; Peuscher-Funk, Johanna <jpeuscherfunk@wsgr.com>; Poplawski, Edward <epoplawski@wsgr.com>; mferrario@kilpatricktownsend.com; WSGR - LabCorp <labcorp@wsgr.com>
**Cc:** Dorsney, Kenneth L. <KDorsney@morrisjames.com>; Quest_LabCorp_Team <Quest_LabCorp_Team@fenwick.com>
**Subject:** RE: Quest v. LabCorp, No. 18-cv-1436 (D. Del.)

Counsel,

We are available for a meet and confer on Tues, Wed, or Thurs next week at 11 am PDT on each day. Please let us know if you would like to schedule a meet and confer at one of those times.

Regards,



Erik J. Carlson • Wilson Sonsini Goodrich & Rosati
633 West Fifth Street, Suite 1550 • Los Angeles, CA 90071 • 323.210.2940 • ecarlson@wsgr.com

---

**From:** Kevin McGann [mailto:kmcgann@fenwick.com]
**Sent:** Thursday, March 7, 2019 11:23 AM
**To:** Kim, Olivia; Eric Majchrzak; Liston, Ian; Peuscher-Funk, Johanna; Poplawski, Edward; Carlson, Erik; mferrario@kilpatricktownsend.com; WSGR - LabCorp
**Cc:** Dorsney, Kenneth L.; Quest_LabCorp_Team
**Subject:** RE: Quest v. LabCorp, No. 18-cv-1436 (D. Del.)

Counsel,

We would like to have a meet and confer with respect to an issue raised by LabCorp's discovery responses.  We have availability tomorrow before 11:30 am and after 3 pm, all times eastern.  Please let us know if counsel for LabCorp can attend or propose alternative times.

Regards,

## KEVIN X. MCGANN

Partner | Fenwick & West LLP | 212-430-2745 | kmcgann@fenwick.com
Admitted to practice only in New York.

-------------------------------------------
NOTICE:
This email and all attachments are confidential, may be legally privileged, and are intended solely for the individual or entity to whom the email is addressed.  However, mistakes sometimes happen in addressing emails.  If you believe that you are not an intended recipient, please stop reading immediately.  Do not copy, forward, or rely on the contents in any way.  Notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and then delete or destroy any copy of this email and its attachments.  Sender reserves and asserts all rights to confidentiality, including all privileges that may apply.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient.  Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited.  If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.