IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUEST DIAGNOSTICS INVESTMENTS LLC,<br><br>Plaintiff,<br><br>v.<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS, ESOTERIX, INC., and ENDOCRINE SCIENCES, INC.,<br><br>Defendants. | C.A. No. 18-1436 (MN)<br><br><br><br>**PUBLIC - REDACTED VERSION** |

## LETTER TO THE HONORABLE MARYELLEN NOREIKA
## FROM KENNETH DORSNEY

*Of Counsel*:

Adam R. Gahtan
Kevin X. McGann
Eric M. Majchrzak
Fenwick & West LLP
902 Broadway, Suite 14
New York, NY 10010
Telephone: 212.430.8500
Email:       agahtan@fenwick.com
kmcgann@fenwick.com
emajchrzak@fenwick.com

Melanie L. Mayer
Elizabeth B. Hagan
Fenwick & West LLP
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Email:       mmayer@fenwick.com
ehagan@fenwick.com

Kenneth L. Dorsney (#3726)
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: 302.888.6800
kdorsney@morrisjames.com

*Attorney for Plaintiff*
*Quest Diagnostics Investments LLC*

Dated: May 5, 2019

10831912/1



Kenneth L. Dorsney
302.888.6855
kdorsney@morrisjames.com

May 3, 2019

**VIA EFILING and HAND DELIVERY**
The Honorable Maryellen Noreika
J. Caleb Boggs Federal Building
844 N. King Street, Unit 19
Wilmington, DE 19801-3555

> **RE:** *Quest Diagnostics Investments LLC v. Laboratory Corporation of America Holdings, et al.,* C.A.No. 18-1436-MN

Your Honor:

Plaintiff Quest requests leave to amend its Answer to Defendants' (collectively, "LabCorp") Answer and Counterclaims (D.I. 15) to add a defense of assignor estoppel.[1] The proposed amended pleading and a "blackline" comparison to the prior pleading are attached as Exhibits A and B, respectively. The requested amendment is warranted, not the result of undue delay or bad faith, and would not cause substantial prejudice to LabCorp.

**I.  Background**

On September 17, 2018, Quest sued LabCorp for infringement of four patents, including U.S. Patent Nos. 8,101,427, 7,972,867, and 7,972,868 (collectively, the "Vitamin D Patents"). (D.I. 1.) LabCorp answered and counterclaimed on November 21, 2018 (D.I. 11), and Quest answered the counterclaims on December 12, 2019 (D.I. 15). The deadline for parties to move to amend pleadings is November 8, 2019, over six months from now. (D.I. 18 at 2.)

Brett Holmquist is a former Quest employee and current LabCorp employee. A named inventor on the Vitamin D Patents, he assigned his rights in them to Quest. (*See* D.I. 1-1 at 16, 37, 57.) In its January 22, 2019 Initial Disclosures, LabCorp identified Holmquist as "Associate Vice President, Technical Director [of] Endocrine Sciences, a division of LabCorp," and as a person with knowledge of "[d]evelopment, operation, and design of LabCorp's accused tests." (*See* D.I. 20; Ex. C at 4.) Through Interrogatories, Quest promptly sought additional information about Holmquist's role in the development of the accused tests. (*See* Ex. D at 17.) On February 12, 2019, before serving its discovery responses, LabCorp moved for judgement on the pleadings, asserting patent ineligibility under 35 U.S.C. § 101. (D.I. 26, LabCorp's "Rule 12(c) Motion.")

In its March 6, 2019 Interrogatory responses, LabCorp identified Holmquist as one of only two people with knowledge of the development the accused tests (Ex. D at 8-9, 17), bolstering its earlier disclosure about Holmquist's role in this regard. The next day, Quest requested a meet and confer with LabCorp to discuss Quest's proposed pleading amendment,

---

[1]  Counsel met and conferred on March 12, 2019, but LabCorp would not consent to Quest's proposed amendment.

500 Delaware Avenue, Suite 1500 | Wilmington, DE 19801-1494  **T** 302.888.6800  **F** 302.571.1750
Mailing Address  P.O. Box 2306 | Wilmington, DE 19899-2306  www.morrisjames.com
10921219/1

The Honorable Maryellen Noreika
May 3, 2019
Page 2



accepting the first date and time that LabCorp offered.

## II. Legal Standard

Without the opposing party's consent, "a party may amend its pleading only with . . . the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Amendments should be allowed unless they would result in "undue or substantial prejudice," or the "denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652-53 (3d Cir. 1989) (citations omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (same).

## III. Argument

The Court should grant leave to amend because the proposed amendment is not futile, Quest did not unduly delay or act in bad faith, and LabCorp is not unduly prejudiced.

### A. Quest's Assignor Estoppel Defense Has Merit

Assignor estoppel would bar LabCorp from asserting invalidity defenses with respect to the Vitamin D Patents. An equitable doctrine, assignor estoppel prevents "a party who assigns a patent to another from later challenging the validity of the assigned patent" based on the "unfairness and injustice" that would result from "permitting a party to sell something and later to assert that what was sold is worthless." *Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 150 F.3d 1374, 1377 (Fed. Cir. 1998) (citations omitted). It applies against the assignor and those in privity with the assignor. *MAG Aerospace Indus., Inc. v. B/E Aerospace, Inc.*, 816 F.3d 1374, 1379-80 (Fed. Cir. 2016). Courts consider several factors in determining privity, including the assignor's leadership role at and ownership stake in the defendant company, and the assignor's role in the infringing activities. *See id.* at 1379 (citing *Shamrock Techs., Inc. v. Medical Sterilization, Inc.*, 903 F.2d 789, 793-94 (Fed. Cir. 1990)). The inventor-assignor's involvement in the infringing activity is a significant factor in determining privity. *MAG*, 816 F.3d at 1374 (citing *Intel Corp. v. U.S. Int'l Trade Comm'n*, 946 F.2d 821, 839 (Fed. Cir. 1991)).

In 2010, Holmquist left Quest and joined Endocrine Sciences, a division of LabCorp and a Defendant. At Endocrine Sciences, he served first as the Associate Scientific Director, and then as Technical Director and Assistant Vice President, a position he still holds. (Ex. D at 17; *see also* Ex. C at 4.) In addition to associating Holmquist with positions of apparently increasing leadership, LabCorp's disclosures and discovery responses show that Holmquist played a significant role in the development of the very LabCorp tests that Quest alleges infringe the Vitamin D Patents. (*See* Ex. C at 4 (Holmquist will provide information regarding "[d]evelopment, operation, and design of LabCorp's accused tests"); Ex. D at 9 (identifying Holmquist as a person with knowledge of identified tests). By availing itself of Holmquist's knowledge and assistance in developing and designing the accused tests, LabCorp is in privity with Holmquist, the inventor-assignor. *See, e.g.*, *MAG*, 816 F.3d at 1380 (affirming application of assignor estoppel where privity was largely based on inventor's leadership role and involvement in the accused activity). Assignor estoppel should therefore apply here against LabCorp. At the very least, the new information provides a sufficient basis for Quest to plead assignor estoppel and to seek the relevant discovery.

The Honorable Maryellen Noreika
May 3, 2019
Page 3



Contrary to LabCorp's assertion (*see* D.I. 40 at 1-2), assignor estoppel *does* bar Section 101 defenses. *Diamond Scientific Co. v. Ambico, Inc.*, 848 F. 2d 1220, 1224 (Fed. Cir. 1988) (assignor estoppel "historically has applied to invalidity challenges based on novelty, utility, **patentable invention**, anticipatory matter, and the state of the art.") (emphasis added, quotation omitted). Thus, drawing on Federal Circuit decisions, the ITC recently held Section 101 defenses *not* exempt from preclusion by assignor estoppel. *In re Certain Network Devices, Related Software and Components Thereof (I)*, Inv. No. 337-TA-944, USITC Pub. 575521 at 137 (Feb. 2, 2016) (Ex. E). Quest is aware of no authority to the contrary.[2]

### B. The Amendment is Timely Sought and Will Not Unduly Prejudice LabCorp

Quest diligently investigated the viability of an assignor estoppel defense from the moment LabCorp first disclosed Holmquist's involvement in developing LabCorp's accused Vitamin D tests. As the case is still in its early stages and the deadline to move to amend is not until November 8, 2019, the requested amendment is timely and easily within the permissive standards governing motions to amend. *See, e.g., Invensas Corp. v. Renesas Corp.*, No. 11-cv-448, 2013 WL 1776112, at *3 (D. Del. Apr. 24, 2013) (no undue delay when plaintiff sought to amend on last possible day, as filing within the deadline "strongly supports a conclusion that the amendment was not untimely" and "will not work to unfairly prejudice" the defendant).

To show undue prejudice, the nonmoving party "must do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *Bechtel*, 886 F.2d at 652. There can be no such prejudice here: LabCorp, not Quest, has always had the relevant "facts or evidence" about Holmquist. *See Roquette Freres v. SPI Pharma, Inc.*, 2009 WL 1444835, at *5 (D. Del. May 21, 2009) (motion to amend granted though non-moving party "would have to address a new issue and rework its case, thereby incurring additional costs," as relevant information "would primarily be within the control of [the non-moving party]"). And Quest acted immediately on the information that LabCorp has provided to date: any harm to LabCorp's case comes from the merits of Quest's position, not prejudicial timing.

Should the Court permit the amendment, this would provide an additional basis to deny LabCorp's Rule 12(c) Motion at least with respect to the Vitamin D patents.

### IV. Conclusion

For the foregoing reasons, Quest respectfully requests that the Court grant Quest leave to amend its Answer to LabCorp's Counterclaims to assert assignor estoppel.

---

[2] In an unpublished decision, one district court declined to apply assignor estoppel to a Section 101 defense, but only because the law governing the patentability of isolated DNA changed substantially post-assignment, tipping the equities, in combination with other factors also not present here, against application of estoppel. *C.f. Roche Molecular Sys. v. Cepheid*, No. 14-cv-03228-EDL, 2017 U.S. Dist. LEXIS 113280, at *26 (N.D. Cal. Jan. 17, 2017). There is no such change in the substantive law here, and, in any event, the court in *Roche* repeats the correct view that case law supports applying assignor estoppel to bar Section 101 defenses. *Id.* at *25.