# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUEST DIAGNOSTICS INVESTMENTS LLC,<br><br>Plaintiff,<br><br>v.<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS, ESOTERIX, INC., and ENDOCRINE SCIENCES, INC.,<br><br>Defendants. | C.A. No. 1:18-cv-01436-MN<br><br>**JURY TRIAL DEMANDED** |

**QUEST DIAGNOSTICS INVESTMENTS LLC'S AMENDED
ANSWER TO LABCORP'S ANSWER AND COUNTERCLAIMS**

Quest Diagnostics Investments LLC ("Quest" or "Plaintiff"), by its undersigned

attorneys, for its Amended Answer to Laboratory Corporation of American Holdings'

("LCAH"), Esoterix, Inc.'s ("Esoterix"), and Endocrine Sciences, Inc.'s ("Endocrine")

(collectively, "LabCorp" or "Defendants'") Answer to the Complaint for Patent Infringement

and Counterclaims (*see* D.I. 11) ("LabCorp's Answer"), alleges:

Paragraphs 1 through 93 of LabCorp's Answer respond to Paragraphs 1 through 93 of

Quest's Complaint (D.I. 1) ("the Complaint") and therefore do not require a response.  To the

extent a response is required, Quest denies the allegations of Paragraphs 1 through 93, and Quest

denies the allegations set forth in Defendants' First, Second, Third, Fourth, Fifth, and Sixth

Affirmative Defenses (paragraphs 94-99 of LabCorp's Answer).

## AMENDED ANSWER TO COUNTERCLAIMS

Quest responds to the numbered allegations of LabCorp's Counterclaims as follows.  All allegations are denied unless admittedly expressly, including but not limited to any headings. This Amended Answer follows the numbering provided in LabCorp's Counterclaims.

## PARTIES

100.    LabCorp pleads the following counterclaims against Quest.

**Answer:**  Quest admits that LabCorp purports to assert counterclaims against Quest.

101.    LCAH is a corporation organized under the laws of Delaware, having its principal place of business at 358 South Main Street, Burlington, North Carolina 27215.

**Answer:**  Quest admits the allegations of Paragraph 101.

102.    Esoterix is a corporation organized under the laws of Delaware, with an office at 4509 Freidrich Lane Building 1, Suite 100, Austin, Texas 78744.

**Answer:**  Quest admits that Esoterix is a corporation organized under the laws of Delaware.  Quest is without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 102 and therefore denies them.

103.    Endocrine is a corporation organized under the laws of Delaware, with an office at 4301 Lost Hills Road, Calabasas Hills, California 91301.

**Answer:**  Quest admits that Endocrine is a corporation organized under the laws of Delaware.  Quest is without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 103 and therefore denies them.

104.    On information and belief and based on Quest's allegations, Quest is a corporation organized under the laws of Delaware, having a principal place of business at 500 Plaza Drive, Secaucus, New Jersey 07094.

**Answer:** Quest admits the allegations of Paragraph 104.

## JURISDICTION AND VENUE

105.    This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**Answer:** Quest admits that this Court has subject matter jurisdiction over the controversy between Quest and LabCorp concerning LabCorp's infringement of U.S. Patent Nos. 8,409,862 (the "'862 patent"), 8,101,427 (the "'427 patent"), 7,972,867 (the "'867 patent"), and 7,972,868 (the "'868 patent").  Quest otherwise denies the allegations of Paragraph 105.

106.    Quest is subject to personal jurisdiction in this judicial district because Quest availed itself of the jurisdiction of this Court.

**Answer:** Quest admits that it does not contest personal jurisdiction for the limited purpose of this lawsuit.

107.    Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b).

**Answer:** Quest admits that venue is proper in this judicial district for the limited purpose of this lawsuit.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '862 Patent)

108.    LabCorp realleges and incorporates by reference the foregoing paragraphs.

**Answer:** Quest hereby incorporates by reference and realleges the averments in the foregoing Paragraphs.

109.    Quest alleges in the Complaint that Quest is the owner of all rights, title, and interest in the '862 patent.

**Answer:**  Quest admits the allegations of Paragraph 109.

110.    Quest has charged in the Complaint that at least claim 1 of the '862 patent has been infringed by LabCorp.

**Answer:**  Quest admits that it has alleged that Defendants "infringe and/or have infringed the '862 patent, including for example claim 1, either literally or under the doctrine of equivalents."

111.    LabCorp denies that LabCorp has been or is infringing, literally or under the doctrine of equivalents, any of the valid enforceable claims of the '862 patent or otherwise engaging in any wrongdoing with respect to such patent.  LabCorp further avers that it is not liable for damages, injunctive or other relief arising from such alleged infringement.

**Answer:**  Quest denies the allegations of Paragraph 111.

112.    There exists an actual and justifiable controversy between LabCorp and Quest as to whether LabCorp infringes any claim of the '862 patent.  This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**Answer:**  Quest admits that an actual and justiciable controversy exists between Quest and LabCorp concerning LabCorp's infringement of the '862 patent.  Quest otherwise denies the allegations of Paragraph 112.

113.    LabCorp is entitled to a declaratory judgment that it does not infringe, and has not infringed, any claim of the '862 patent.

**Answer:**  Quest denies the allegations of Paragraph 113.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '427 Patent)

114.    LabCorp realleges and incorporates by reference the foregoing paragraphs.

**Answer:**  Quest hereby incorporates by reference and realleges the averments in the foregoing Paragraphs.

115.    Quest alleges in the Complaint that Quest is the owner of all rights, title, and interest in the '427 patent.

**Answer:**  Quest admits the allegations of Paragraph 115.

116.    Quest has charged in the Complaint that at least claim 1 of the '427 patent has been infringed by LabCorp.

**Answer:**  Quest admits that it has alleged that Defendants "infringe and/or have infringed at least claim 1 of the '427 patent, either literally or under the doctrine of equivalents."

117.    LabCorp denies that LabCorp has been or is infringing, literally or under the doctrine of equivalents, any of the valid enforceable claims of the '427 patent or otherwise engaging in any wrongdoing with respect to such patent.  LabCorp further avers that it is not liable for damages, injunctive or other relief arising from such alleged infringement.

**Answer:**  Quest denies the allegations of Paragraph 117.

118.    There exists an actual and justifiable controversy between LabCorp and Quest as to whether LabCorp infringes any claim of the '427 patent.  This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**Answer:**  Quest admits that an actual and justiciable controversy exists between Quest and LabCorp concerning LabCorp's infringement of the '427 patent.  Quest otherwise denies the allegations of Paragraph 118.

119.    LabCorp is entitled to a declaratory judgment that it does not infringe, and has not infringed, any claim of the '427 patent.

**Answer:**  Quest denies the allegations of Paragraph 119.

### THIRD COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '867 Patent)

120.    LabCorp realleges and incorporates by reference the foregoing paragraphs.

**Answer:**  Quest hereby incorporates by reference and realleges the averments in the foregoing Paragraphs.

121.    Quest alleges in the Complaint that Quest is the owner of all rights, title, and interest in the '867 patent.

**Answer:**  Quest admits the allegations of Paragraph 121.

122.    Quest has charged in the Complaint that at least claim 21 of the '867 patent has been infringed by LabCorp.

**Answer:**  Quest admits that it has alleged that Defendants "infringe and/or have infringed at claim 21 of the '867 patent, either literally or under the doctrine of equivalents."

123.    LabCorp denies that LabCorp has been or is infringing, literally or under the doctrine of equivalents, any of the valid enforceable claims of the '867 patent or otherwise engaging in any wrongdoing with respect to such patent.  LabCorp further avers that it is not liable for damages, injunctive or other relief arising from such alleged infringement.

**Answer:**  Quest denies the allegations of Paragraph 123.

124.    There exists an actual and justifiable controversy between LabCorp and Quest as to whether LabCorp infringes any claim of the '867 patent.  This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**Answer:**  Quest admits that an actual and justiciable controversy exists between Quest and LabCorp concerning LabCorp's infringement of the '867 patent.  Quest otherwise denies the allegations of Paragraph 124.

125.    LabCorp is entitled to a declaratory judgment that it does not infringe, and has not infringed, any claim of the '867 patent.

**Answer:**  Quest denies the allegations of Paragraph 125.

## FOURTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '868 Patent)

126.    LabCorp realleges and incorporates by reference the foregoing paragraphs.

**Answer:**  Quest hereby incorporates by reference and realleges the averments in the foregoing Paragraphs.

127.    Quest alleges in the Complaint that Quest is the owner of all rights, title, and interest in the '868 patent.

**Answer:**  Quest admits the allegations of Paragraph 127.

128.    Quest has charged in the Complaint that at least claim 1 and/or claim 9 of the '868 patent have been infringed by LabCorp.

**Answer:**  Quest admits that it has alleged that Defendants "infringe and/or have infringed at least claims 1 and/or 9 of the '868 patent, either literally or under the doctrine of equivalents."

7

129.    LabCorp denies that LabCorp has been or is infringing, literally or under the doctrine of equivalents, any of the valid enforceable claims of the '868 patent or otherwise engaging in any wrongdoing with respect to such patent.  LabCorp further avers that it is not liable for damages, injunctive or other relief arising from such alleged infringement.

**Answer:**  Quest denies the allegations of Paragraph 129.

130.    There exists an actual or justifiable controversy between LabCorp and Quest as to whether LabCorp infringes any claim of the '868 patent.  This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**Answer:**  Quest admits that an actual and justifiable controversy exists between Quest and LabCorp concerning LabCorp's infringement of the '868 patent.  Quest otherwise denies the allegations of Paragraph 130.

131.    LabCorp is entitled to a declaratory judgment that it does not infringe, and has not infringed, any claim of the '868 patent.

**Answer:**  Quest denies the allegations of Paragraph 131.

### FIFTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '862 Patent)

132.    LabCorp realleges and incorporates by reference the foregoing paragraphs.

**Answer:**  Quest hereby incorporates by reference and realleges the averments in the foregoing Paragraphs.

133.    Quest alleges in the Complaint that Quest is the owner of all rights, title, and interest in the '862 patent.

**Answer:**  Quest admits the allegations of Paragraph 133.

134.    Each and every claim of the '862 patent is invalid for failing to meet conditions for patentability in 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Answer:**  Quest denies the allegations of Paragraph 134.

135.    There exists an actual and justifiable controversy between LabCorp and Quest as to whether one or more claims of the '862 patent is invalid.  This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**Answer:**  Quest admits that an actual and justiciable controversy exists between Quest and LabCorp concerning LabCorp's infringement of the '862 patent.  Quest otherwise denies the allegations of Paragraph 135.

136.    LabCorp is entitled to a declaratory judgment that one or more claims of the '862 patent is invalid.

**Answer:**  Quest denies the allegations of Paragraph 136.

## SIXTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '427 Patent)

137.    LabCorp realleges and incorporates by reference the foregoing paragraphs.

**Answer:**  Quest hereby incorporates by reference and realleges the averments in the foregoing Paragraphs.

138.    Quest alleges in the Complaint that Quest is the owner of all rights, title, and interest in the '427 patent.

**Answer:**  Quest admits the allegations of Paragraph 138.

139.    Each and every claim of the '427 patent is invalid for failing to meet conditions for patentability in 35 U.S.C. §§101, 102, 103, and/or 112.

**Answer:**  Quest denies the allegations of Paragraph 139.

140.    There exists an actual and justifiable controversy between LabCorp and Quest as to whether one or more claims of the '427 patent is invalid.  This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**Answer:**  Quest admits that an actual and justiciable controversy exists between Quest and LabCorp concerning LabCorp's infringement of the '427 patent.  Quest otherwise denies the allegations of Paragraph 140, including because assignor estoppel bars LabCorp from challenging the validity of the '427 patent.

141.    LabCorp is entitled to a declaratory judgment that one or more claims of the '427 patent is invalid.

**Answer:**  Quest denies the allegations of Paragraph 141, including because assignor estoppel bars LabCorp from challenging the validity of the '427 patent and therefore it is not entitled to a declaration that one or more claims of the '427 patent is invalid or any relief sought in this Counterclaim.

## SEVENTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '867 Patent)

142.    LabCorp realleges and incorporates by reference the foregoing paragraphs.

**Answer:**  Quest hereby incorporates by reference and realleges the averments in the foregoing Paragraphs.

143.    Quest alleges in the Complaint that Quest is the owner of all rights, title, and interest in the '867 patent.

**Answer:**  Quest admits the allegations of Paragraph 143.

144.    Each and every claim of the '867 patent is invalid for failing to meet conditions for patentability in 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Answer:**  Quest denies the allegations of Paragraph 144.

10

145.    There exists an actual and justifiable controversy between LabCorp and Quest as to whether one or more claims of the '867 patent is invalid.  This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**Answer:**  Quest admits that an actual and justiciable controversy exists between Quest and LabCorp concerning LabCorp's infringement of the '867 patent.  Quest otherwise denies the allegations of Paragraph 145, including because assignor estoppel bars LabCorp from challenging the validity of the '867 patent.

146.    LabCorp is entitled to a declaratory judgment that one or more claims of the '867 patent is invalid.

**Answer:**  Quest denies the allegations of Paragraph 146, including because assignor estoppel bars LabCorp from challenging the validity of the '867 patent and therefore it is not entitled to a declaration that one or more claims of the '867 patent is invalid or any relief sought in this Counterclaim.

### EIGHTH COUNTERCLAIM
### <u>(Declaratory Judgement of Invalidity of the '868 Patent)</u>

147.    LabCorp realleges and incorporates by reference the foregoing paragraphs.

**Answer:**  Quest hereby incorporates by reference and realleges the averments in the foregoing Paragraphs.

148.    Quest alleges in the Complaint that Quest is the owner of all rights, title, and interest in the '868 patent.

**Answer:**  Quest admits the allegations of Paragraph 148.

149.    Each and every claim of the '868 patent is invalid for failing to meet conditions for patentability in 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Answer:**  Quest denies the allegations of Paragraph 149.

11

150.    There exists an actual and justifiable controversy between LabCorp and Quest as to whether one or more claims of the '868 patent is invalid.  This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**Answer:**  Quest admits that an actual and justiciable controversy exists between Quest and LabCorp concerning LabCorp's infringement of the '868 patent.  Quest otherwise denies the allegations of Paragraph 150, including because assignor estoppel bars LabCorp from challenging the validity of the '868 patent.

151.    LabCorp is entitled to a declaratory judgment that one or more claims of the '868 patent is invalid.

**Answer:**  Quest denies the allegations of Paragraph 151, including because assignor estoppel bars LabCorp from challenging the validity of the '868 patent and therefore it is not entitled to a declaration that one or more claims of the '868 patent is invalid or any relief sought in this Counterclaim.

## JURY DEMAND

152.    LabCorp demands a trial by jury on all issues so triable.

**Answer:**  Quest admits that LabCorp is demanding a trial by jury on all issues so triable. Quest otherwise denies the allegations of Paragraph 152.

*       *       *

Quest denies that Defendants are entitled to the relief sought in items A through F on page 20 of LabCorp's Answer to Complaint for Patent Infringement and Counterclaims.

## DEFENSES AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIMS

1.    Quest hereby realleges and incorporates by reference the allegations set forth in the Complaint in this action.

2.      For at least the reasons provided in the Complaint, Defendants have and continue to infringe U.S. Patent No. 8,409,862.

3.      U.S. Patent No. 8,409,862 is not invalid.

4.      For at least the reasons provided in the Complaint, Defendants have and continue to infringe U.S. Patent No. 8,101,427.

5.      U.S. Patent No. 8,101,427 is not invalid.

6.      For at least the reasons provided in the Complaint, Defendants have and continue to infringe U.S. Patent No. 7,972,867.

7.      U.S. Patent No. 7,972,867 is not invalid.

8.      For at least the reasons provided in the Complaint, Defendants have and continue to infringe U.S. Patent No. 7,972,868.

9.      U.S. Patent No. 7,972,868 is not invalid.

10.     Defendants' Counterclaims (First through Eighth) contain legal conclusions without factual support, and so fail to state a claim upon which relief can be granted.  Quest is therefore entitled to judgment on the pleadings.

11.     Defendants' Counterclaims (Sixth through Eighth) are barred by the doctrine of assignor estoppel.  On information and belief, Defendants are in privity with Brett Holmquist, one of the named inventors of U.S. Patent Nos. 8,101,427; 7,972,867, and 7,972,868, who assigned his rights to the inventions claimed therein to Quest.  Assignor estoppel therefore bars Defendants from challenging the validity of the '427, '867, and '868 patents.

Dated:  May 3, 2019

Respectfully submitted,

Morris James LLP

By:  _/s/ Kenneth L. Dorsney_____
     Kenneth L. Dorsney (#3726)
     Morris James LLP
     500 Delaware Avenue, Suite 1500
     Wilmington, DE 19801
     Telephone: 320.888.6800
     kdorsney@morrisjames.com

     *Attorney for Plaintiff*
     *Quest Diagnostics Investments LLC*

*Of Counsel*:

Adam R. Gahtan
Kevin X. McGann
Eric M. Majchrzak
Fenwick & West LLP
902 Broadway, Suite 14
New York, NY 10010
Telephone: 212.430.8500
Email:     agahtan@fenwick.com
           kmcgann@fenwick.com
           emajchrzak@fenwick.com

Melanie L. Mayer
Elizabeth B. Hagan
Fenwick & West LLP
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Email:     mmayer@fenwick.com
           ehagan@fenwick.com

14

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| QUEST DIAGNOSTICS INVESTMENTS LLC, <br><br> Plaintiff, <br><br> v. <br><br> LABORATORY CORPORATION OF AMERICA HOLDINGS, ESOTERIX, INC., and ENDOCRINE SCIENCES, INC., <br><br> Defendants. | C.A. No. 1:18-cv-01436-MN <br><br> **JURY TRIAL DEMANDED** |

**QUEST DIAGNOSTICS INVESTMENTS LLC'S AMENDED
ANSWER TO LABCORP'S ANSWER AND COUNTERCLAIMS**

Quest Diagnostics Investments LLC ("Quest" or "Plaintiff"), by its undersigned attorneys,

for its Amended Answer to Laboratory Corporation of American Holdings' ("LCAH"), Esoterix,

Inc.'s ("Esoterix"), and Endocrine Sciences, Inc.'s ("Endocrine") (collectively, "LabCorp" or

"Defendants'") Answer to the Complaint for Patent Infringement and Counterclaims (*see* D.I. 11)

("LabCorp's Answer"), alleges:

Paragraphs 1 through 93 of LabCorp's Answer respond to Paragraphs 1 through 93 of

Quest's Complaint (D.I. 1) ("the Complaint") and therefore do not require a response. To the

extent a response is required, Quest denies the allegations of Paragraphs 1 through 93, and Quest

denies the allegations set forth in Defendants' First, Second, Third, Fourth, Fifth, and Sixth

Affirmative Defenses (paragraphs 94-99 of LabCorp's Answer).

## AMENDED ANSWER TO COUNTERCLAIMS

Quest responds to the numbered allegations of LabCorp's Counterclaims as follows. All allegations are denied unless admittedly expressly, including but not limited to any headings. This Amended Answer follows the numbering provided in LabCorp's Counterclaims.

## PARTIES

100.     LabCorp pleads the following counterclaims against Quest.

**Answer:** Quest admits that LabCorp purports to assert counterclaims against Quest.

101.     LCAH is a corporation organized under the laws of Delaware, having its principal place of business at 358 South Main Street, Burlington, North Carolina 27215.

**Answer:** Quest admits the allegations of Paragraph 101.

102.     Esoterix is a corporation organized under the laws of Delaware, with an office at 4509 Freidrich Lane Building 1, Suite 100, Austin, Texas 78744.

**Answer:** Quest admits that Esoterix is a corporation organized under the laws of Delaware. Quest is without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 102 and therefore denies them.

103.     Endocrine is a corporation organized under the laws of Delaware, with an office at 4301 Lost Hills Road, Calabasas Hills, California 91301.

**Answer:** Quest admits that Endocrine is a corporation organized under the laws of Delaware. Quest is without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 103 and therefore denies them.

104.     On information and belief and based on Quest's allegations, Quest is a corporation organized under the laws of Delaware, having a principal place of business at 500 Plaza Drive, Secaucus, New Jersey 07094.

**Answer:** Quest admits the allegations of Paragraph 104.

## JURISDICTION AND VENUE

105.     This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**Answer:**  Quest admits that this Court has subject matter jurisdiction over the controversy between Quest and LabCorp concerning LabCorp's infringement of U.S. Patent Nos. 8,409,862 (the "'862 patent"), 8,101,427 (the "'427 patent"), 7,972,867 (the "'867 patent"), and 7,972,868 (the "'868 patent"). Quest otherwise denies the allegations of Paragraph 105.

106.     Quest is subject to personal jurisdiction in this judicial district because Quest availed itself of the jurisdiction of this Court.

**Answer:** Quest admits that it does not contest personal jurisdiction for the limited purpose of this lawsuit.

107.     Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b).

**Answer:** Quest admits that venue is proper in this judicial district for the limited purpose of this lawsuit.

### FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '862 Patent)

108.     LabCorp realleges and incorporates by reference the foregoing paragraphs.

**Answer:** Quest hereby incorporates by reference and realleges the averments in the foregoing Paragraphs.

109.     Quest alleges in the Complaint that Quest is the owner of all rights, title, and interest in the '862 patent.

**Answer:** Quest admits the allegations of Paragraph 109.

110.     Quest has charged in the Complaint that at least claim 1 of the '862 patent has been infringed by LabCorp.

**Answer:** Quest admits that it has alleged that Defendants "infringe and/or have infringed the '862 patent, including for example claim 1, either literally or under the doctrine of equivalents."

111.     LabCorp denies that LabCorp has been or is infringing, literally or under the doctrine of equivalents, any of the valid enforceable claims of the '862 patent or otherwise engaging in any wrongdoing with respect to such patent. LabCorp further avers that it is not liable for damages, injunctive or other relief arising from such alleged infringement.

**Answer:** Quest denies the allegations of Paragraph 111.

112.     There exists an actual and justifiable controversy between LabCorp and Quest as to whether LabCorp infringes any claim of the '862 patent. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**Answer:** Quest admits that an actual and justiciable controversy exists between Quest and LabCorp concerning LabCorp's infringement of the '862 patent. Quest otherwise denies the allegations of Paragraph 112.

113.     LabCorp is entitled to a declaratory judgment that it does not infringe, and has not infringed, any claim of the '862 patent.

**Answer:** Quest denies the allegations of Paragraph 113.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '427 Patent)

114.    LabCorp realleges and incorporates by reference the foregoing paragraphs.

**Answer:** Quest hereby incorporates by reference and realleges the averments in the foregoing Paragraphs.

115.    Quest alleges in the Complaint that Quest is the owner of all rights, title, and interest in the '427 patent.

**Answer:** Quest admits the allegations of Paragraph 115.

116.    Quest has charged in the Complaint that at least claim 1 of the '427 patent has been infringed by LabCorp.

**Answer:** Quest admits that it has alleged that Defendants "infringe and/or have infringed at least claim 1 of the '427 patent, either literally or under the doctrine of equivalents."

117.    LabCorp denies that LabCorp has been or is infringing, literally or under the doctrine of equivalents, any of the valid enforceable claims of the '427 patent or otherwise engaging in any wrongdoing with respect to such patent. LabCorp further avers that it is not liable for damages, injunctive or other relief arising from such alleged infringement.

**Answer:** Quest denies the allegations of Paragraph 117.

118.    There exists an actual and justifiable controversy between LabCorp and Quest as to whether LabCorp infringes any claim of the '427 patent. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**Answer:** Quest admits that an actual and justiciable controversy exists between Quest and LabCorp concerning LabCorp's infringement of the '427 patent. Quest otherwise denies the allegations of Paragraph 118.

119.     LabCorp is entitled to a declaratory judgment that it does not infringe, and has not infringed, any claim of the '427 patent.

**Answer:**  Quest denies the allegations of Paragraph 119.

### THIRD COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '867 Patent)

120.     LabCorp realleges and incorporates by reference the foregoing paragraphs.

**Answer:** Quest hereby incorporates by reference and realleges the averments in the foregoing Paragraphs.

121.     Quest alleges in the Complaint that Quest is the owner of all rights, title, and interest in the '867 patent.

**Answer:** Quest admits the allegations of Paragraph 121.

122.     Quest has charged in the Complaint that at least claim 21 of the '867 patent has been infringed by LabCorp.

**Answer:** Quest admits that it has alleged that Defendants "infringe and/or have infringed at claim 21 of the '867 patent, either literally or under the doctrine of equivalents."

123.     ~~Quest~~LabCorp denies that LabCorp has been or is infringing, literally or under the doctrine of equivalents, any of the valid enforceable claims of the '867 patent or otherwise engaging in any wrongdoing with respect to such patent. LabCorp further avers that it is not liable for damages, injunctive or other relief arising from such alleged infringement.

**Answer:** Quest denies the allegations of Paragraph 123.

124.    There exists an actual and justifiable controversy between LabCorp and Quest as to whether LabCorp infringes any claim of the '867 patent. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**Answer:** Quest admits that an actual and justiciable controversy exists between Quest and LabCorp concerning LabCorp's infringement of the '867 patent. Quest otherwise denies the allegations of Paragraph 124.

125.    LabCorp is entitled to a declaratory judgment that it does not infringe, and has not infringed, any claim of the '867 patent.

**Answer:** Quest denies the allegations of Paragraph 125.

### FOURTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '868 Patent)

126.    LabCorp realleges and incorporates by reference the foregoing paragraphs.

**Answer:** Quest hereby incorporates by reference and realleges the averments in the foregoing Paragraphs.

127.    Quest alleges in the Complaint that Quest is the owner of all rights, title, and interest in the '868 patent.

**Answer:** Quest admits the allegations of Paragraph 127.

128.    Quest has charged in the Complaint that at least claim 1 and/or claim 9 of the '868 patent have been infringed by LabCorp.

**Answer:** Quest admits that it has alleged that Defendants "infringe and/or have infringed at least claims 1 and/or 9 of the '868 patent, either literally or under the doctrine of equivalents."

129.     LabCorp denies that LabCorp has been or is ~~infringement~~infringing, literally or under the doctrine of equivalents, any of the valid enforceable claims of the '868 patent or otherwise engaging in any wrongdoing with respect to such patent. LabCorp further avers that it is not liable for damages, injunctive or other relief arising from such alleged infringement.

**Answer:** Quest denies the allegations of Paragraph 129.

130.     There exists an actual or justifiable controversy between LabCorp and Quest as to whether LabCorp infringes any claim of the '868 patent. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**Answer:** Quest admits that an actual and justifiable controversy exists between Quest and LabCorp concerning LabCorp's infringement of the '868 patent. Quest otherwise denies the allegations of Paragraph 130.

131.     LabCorp is entitled to a declaratory judgment that it does not infringe, and has not infringed, any claim of the '868 patent.

**Answer:** Quest denies the allegations of Paragraph 131.

### FIFTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '862 Patent)

132.     LabCorp realleges and incorporates by reference the foregoing paragraphs.

**Answer:** Quest hereby incorporates by reference and realleges the averments in the foregoing Paragraphs.

133.     Quest alleges in the Complaint that Quest is the owner of all rights, title, and interest in the '862 patent.

**Answer:** Quest admits the allegations of Paragraph 133.

134.    Each and every claim of the '862 patent is invalid for failing to meet conditions for patentability in 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Answer:** Quest denies the allegations of Paragraph 134.

135.    There exists an actual and justifiable controversy between LabCorp and Quest as to whether one or more claims of the '862 patent is invalid. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**Answer:** Quest admits that an actual and justiciable controversy exists between Quest and LabCorp concerning LabCorp's infringement of the '862 patent. Quest otherwise denies the allegations of Paragraph 135.

136.    LabCorp is entitled to a declaratory judgment that one or more claims of the '862 patent is invalid.

**Answer:** Quest denies the allegations of Paragraph 136.

**SIXTH COUNTERCLAIM**
**<u>(Declaratory Judgment of Invalidity of the '427 Patent)</u>**

137.    LabCorp realleges and incorporates by reference the foregoing paragraphs.

**Answer:** Quest hereby incorporates by reference and realleges the averments in the foregoing Paragraphs.

138.    Quest alleges in the Complaint that Quest is the owner of all rights, title, and interest in the '427 patent.

**Answer:** Quest admits the allegations of Paragraph 138.

139.    Each and every claim of the '427 patent is invalid for failing to meet conditions for patentability in 35 U.S.C. §§101, 102, 103, and/or 112.

**Answer:** Quest denies the allegations of Paragraph 139.

140.    There exists an actual and justifiable controversy between LabCorp and Quest as to whether one or more claims of the '427 patent is invalid. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**Answer:** Quest admits that an actual and justiciable controversy exists between Quest and LabCorp concerning LabCorp's infringement of the '427 patent. Quest otherwise denies the allegations of Paragraph 140, including because assignor estoppel bars LabCorp from challenging the validity of the '427 patent.

141.    LabCorp is entitled to a declaratory judgment that one or more claims of the '427 patent is invalid.

**Answer:** Quest denies the allegations of Paragraph 141, including because assignor estoppel bars LabCorp from challenging the validity of the '427 patent and therefore it is not entitled to a declaration that one or more claims of the '427 patent is invalid or any relief sought in this Counterclaim.

## SEVENTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '867 Patent)

142.    LabCorp realleges and incorporates by reference the foregoing paragraphs.

**Answer:** Quest hereby incorporates by reference and realleges the averments in the foregoing Paragraphs.

143.    Quest alleges in the Complaint that Quest is the owner of all rights, title, and interest in the '867 patent.

**Answer:** Quest admits the allegations of Paragraph 143.

144.    Each and every claim of the '867 patent is invalid for failing to meet conditions for patentability in 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Answer:** Quest denies the allegations of Paragraph 144.

10

145.    There exists an actual and justifiable controversy between LabCorp and Quest as to whether one or more claims of the '867 patent is invalid. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**Answer:** Quest admits that an actual and justiciable controversy exists between Quest and LabCorp concerning LabCorp's infringement of the '867 patent. Quest otherwise denies the allegations of Paragraph 145, including because assignor estoppel bars LabCorp from challenging the validity of the '867 patent.

146.    LabCorp is entitled to a declaratory judgment that one or more claims of the '867 patent is invalid.

**Answer:** Quest denies the allegations of Paragraph 146, including because assignor estoppel bars LabCorp from challenging the validity of the '867 patent and therefore it is not entitled to a declaration that one or more claims of the '867 patent is invalid or any relief sought in this Counterclaim.

**EIGHTH COUNTERCLAIM**
**(Declaratory Judgement of Invalidity of the '868 Patent)**

147.    LabCorp realleges and incorporates by reference the foregoing paragraphs.

**Answer:** Quest hereby incorporates by reference and realleges the averments in the foregoing Paragraphs.

148.    Quest alleges in the Complaint that Quest is the owner of all rights, title, and interest in the '868 patent.

**Answer:** Quest admits the allegations of Paragraph 148.

149.    Each and every claim of the '868 patent is invalid for failing to meet conditions for patentability in 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Answer:** Quest denies the allegations of Paragraph 149.

11

150.    There exists an actual and justifiable controversy between LabCorp and Quest as to whether one or more claims of the '868 patent is invalid. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**Answer:** Quest admits that an actual and justiciable controversy exists between Quest and LabCorp concerning LabCorp's infringement of the '868 patent. Quest otherwise denies the allegations of Paragraph 150, including because assignor estoppel bars LabCorp from challenging the validity of the '868 patent.

151.    LabCorp is entitled to a declaratory judgment that one or more claims of the '868 patent is invalid.

**Answer:** Quest denies the allegations of Paragraph 151, including because assignor estoppel bars LabCorp from challenging the validity of the '868 patent and therefore it is not entitled to a declaration that one or more claims of the '868 patent is invalid or any relief sought in this Counterclaim.

## JURY DEMAND

152.    LabCorp demands a trial by jury on all issues so triable.

**Answer:** Quest admits that LabCorp is demanding a trial by jury on all issues so triable. Quest otherwise denies the allegations of Paragraph 152.

*        *        *

Quest denies that Defendants' is are entitled to the relief sought in items A through F on page 20 of LabCorp's Answer to Complaint for Patent Infringement and Counterclaims.

## DEFENSES AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIMS

1.    Quest hereby realleges and incorporates by reference the allegations set forth in the Complaint in this action.

2.    For at least the reasons provided in the Complaint, Defendants have and continue

to infringe U.S. Patent No. 8,409,862.

  3.  U.S. Patent No. 8,409,862 is not invalid.

  4.  For at least the reasons provided in the Complaint, Defendants have and continue to infringe U.S. Patent No. 8,101,427.

  5.  U.S. Patent No. 8,101,427 is not invalid.

  6.  For at least the reasons provided in the Complaint, Defendants have and continue to infringe U.S. Patent No. 7,972,867.

  7.  U.S. Patent No. 7,972,867 is not invalid.

  8.  For at least the reasons provided in the Complaint, Defendants have and continue to infringe U.S. Patent No. 7,972,868.

  9.  U.S. Patent No. 7,972,868 is not invalid.

  10.  Defendants' Counterclaims (First through Eighth) contain legal conclusions without factual support, and so fail to state a claim upon which relief can be granted. Quest is therefore entitled to judgment on the pleadings.

  ~~10.~~11. Defendants' Counterclaims (Sixth through Eighth) are barred by the doctrine of assignor estoppel.  On information and belief, Defendants are in privity with Brett Holmquist, one of the named inventors of U.S. Patent Nos. 8,101,427; 7,972,867, and 7,972,868, who assigned his rights to the inventions claimed therein to Quest.  Assignor estoppel therefore bars Defendants from challenging the validity of the '427, '867, and '868 patents.

 Dated: ~~December 12, 2018~~ May 3, 2019   Respectfully submitted,

            Morris James LLP


            By:  */s/ Kenneth L. Dorsney*
             Kenneth L. Dorsney (#3726)
             Morris James LLP

500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: 320.888.6800
kdorsney@morrisjames.com

*Attorney for Plaintiff*
*Quest Diagnostics Investments LLC*

*Of Counsel*:

Adam R. Gahtan
Kevin X. McGann
Eric M. Majchrzak
Fenwick & West LLP
902 Broadway, Suite 14
New York, NY 10010
Telephone: 212.430.8500
Email:      agahtan@fenwick.com
            kmcgann@fenwick.com
            emajchrzak@fenwick.com

Melanie L. Mayer
Elizabeth B. Hagan
Fenwick & West LLP
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Email:      mmayer@fenwick.com
            ehagan@fenwick.com

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUEST DIAGNOSTICS INVESTMENTS LLC, <br><br> Plaintiff, <br><br> v. <br><br> LABORATORY CORPORATION OF AMERICA HOLDINGS, ESOTERIX, INC., and ENDOCRINE SCIENCES, INC., <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 18-01436-MN <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANTS' INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)

In accordance with Federal Rule of Civil Procedure 26(a)(1) and this Court's Scheduling Order (D.I. 18), Defendants Laboratory Corporation of America Holdings ("LCAH"), Esoterix, Inc. ("Esoterix"), and Endocrine Sciences, Inc. ("Endocrine") (collectively, "Defendants" or "LabCorp") provide the following initial disclosures to Plaintiff Quest Diagnostics Investments LLC's ("Plaintiff" or "Quest"). These disclosures are made based on information that is available to LabCorp at this time and at this stage of the proceedings. Discovery has just begun, and LabCorp reserves all rights, including under Rule 26(e), to modify, amend, and/or supplement the disclosures made herein as additional evidence and information becomes available.

These disclosures by LabCorp are not intended to, and do not, constitute admissions as to relevance or admissibility of the information disclosed, and are made without any waiver of attorney-client privilege, work-product protection, or any other applicable protection or immunity. LabCorp submits these initial disclosures without waiver as to relevancy, materiality,

competency, and admissibility of evidence of these disclosures or the subject matter thereof and without waiver of the right to object on any basis permitted by law to any discovery involving or relating to these initial disclosures or the subject matter thereof.  LabCorp also reserves the right to seek a protective order related to these or future disclosures and reserves the right to rely on documents not described herein.

LabCorp further does not represent that it is identifying each and every document that may be relevant to this action, or each and every individual or organization that may possess information relevant to this action.  Rather, LabCorp's initial disclosures identify information LabCorp reasonably believes may be used to support its claims and defenses as of the date of these disclosures.

## I.    LIST OF INDIVIDUALS

In accordance with Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure and subject to the qualifications stated above, LabCorp identifies the following individuals as likely to have discoverable information that LabCorp may use in support of its claims and defenses (other than solely for impeachment) in this action.  LabCorp anticipates that other individuals may also have discoverable information and specifically reserves the right to identify additional witnesses as discovery proceeds.

In the following table, LabCorp provides the last known address and telephone number for each individual for which it has such information.  All persons whose names are underlined are current or former employees of, or consultants to, LabCorp.  All communications with those individuals should be made only through counsel for LabCorp in this action.

By indicating the general subject matter of information these individuals may possess, LabCorp is in no way limiting its right to call any of the individuals listed to testify concerning other subject(s).

| Name | Contact Information | General Subject Matter of Information |
|---|---|---|
| Anne Caston-Balderrama<br><br>Listed on face of '868 patent as an inventor | San Pedro, CA | Alleged conception, reduction to practice, diligence and inventorship of the Asserted Patents[1]; prosecution of the Asserted Patents; and prior art to the Asserted Patents |
| Darren A. Carns<br><br>Listed on face of '862 patent as an inventor | Rancho Santa Margarita, CA | Alleged conception, reduction to practice, diligence and inventorship of the Asserted Patents; prosecution of the Asserted Patents; and prior art to the Asserted Patents |
| Michael P. Caulfield<br><br>Listed on face of '862 patent as an inventor | San Clemente, CA | Alleged conception, reduction to practice, diligence and inventorship of the Asserted Patents; prosecution of the Asserted Patents; and prior art to the Asserted Patents |
| Nigel J. Clarke<br><br>Listed on face of '867, '868, and '427 patents as an inventor | Oceanside, CA | Alleged conception, reduction to practice, diligence and inventorship of the Asserted Patents; prosecution of the Asserted Patents; and prior art to the Asserted Patents |

---

[1] Quest alleges infringement of U.S. Patent Nos. 7,972,867 ("the '867 patent"), 7,972,868 ("the '868 patent"), 8,101,427 ("the '427 patent"), and 8,409,862 ("the '862 patent") (collectively, the "Asserted Patents").

| Name | Contact Information | General Subject Matter of Information |
|---|---|---|
| Foley & Lardner LLP<br><br>Listed as Firm on face of '867, '868,'427, '862 patents | Washington Harbour 3000 K Street, N.W. Suite 600 Washington, D.C. 20007-5109<br><br>(202) 672-5574<br><br>P.O. BOX 80278 SAN DIEGO, CA 92138-0278<br><br>150 EAST GILMAN STREET P.O. BOX 1497 MADISON, WI 53701-1497 | Alleged conception, reduction to practice, diligence and inventorship of the Asserted Patents; prosecution of the asserted patents; prior art to the Asserted Patents; ownership of the Asserted Patents |
| Russell Grant<br><br>Strategic Director and National Director of Mass Spectrometry, LabCorp | Counsel for LabCorp<br><br>Wilson Sonsini Goodrich & Rosati<br><br>633 W 5th Street Ste. 1550 Los Angeles, CA 90071<br><br>(323) 210-2900 | Development, operation, and design of LabCorp's accused tests |
| Brett Holmquist<br><br>Associate Vice President, Technical Director, Endocrine Sciences, a division of LabCorp | Counsel for LabCorp<br><br>Wilson Sonsini Goodrich & Rosati<br><br>633 W 5th Street Ste. 1550 Los Angeles, CA 90071<br><br>(323) 210-2900 | Alleged conception, reduction to practice, diligence and inventorship of the Asserted Patents; prosecution of the Asserted Patents; and prior art to the Asserted Patents<br><br>Development, operation, and design of LabCorp's accused tests |

| Name | Contact Information | General Subject Matter of Information |
|---|---|---|
| Anthony C. Kuhlman<br><br>Participated in the prosecution of the '867,'868, '427, and '862 patents | One LLP<br>12340 El Camino Real Suite 220<br>San Diego, CA 92130<br><br>(949) 432-9997 | Alleged conception, reduction to practice, diligence and inventorship of the Asserted Patents; prosecution of the Asserted Patents; prior art to the asserted patents; ownership of the Asserted Patents |
| Gloria Kwangja Lee<br><br>Listed on face of '867 and '427 patents as an inventor | Irvine, CA | Alleged conception, reduction to practice, diligence and inventorship of the Asserted Patents; prosecution of the Asserted Patents; and prior art to the asserted patents |
| Joseph P. Meara<br><br>Participated in the prosecution of the '862 patent | Foley & Lardner LLP<br>150 E. Gilman Street<br>Madison, WI 53703<br><br>(608) 257-5035 | Alleged conception, reduction to practice, diligence and inventorship of the Asserted Patents; prosecution of the Asserted Patents; prior art to the asserted patents; ownership of the Asserted Patents |
| Richard E. Reitz<br><br>Listed on face of '867, '868, '427, and '862 patents as an inventor | San Clemente, CA | Alleged conception, reduction to practice, diligence and inventorship of the Asserted Patents; prosecution of the Asserted Patents; and prior art to the Asserted Patents |
| Kristel Schorr<br><br>Listed as Correspondent for Asserted Patents in USPTO assignments database | FOLEY & LARDNER LLP<br><br>Washington Harbour 3000 K Street, N.W. Suite 600<br>Washington, D.C. 20007-5109<br><br>(202) 672-5574 | Alleged conception, reduction to practice, diligence and inventorship of the asserted patents; prosecution of the Asserted Patents; prior art to the asserted patents; ownership of the Asserted Patents |
| Richard J. Warburg<br><br>Participated in the prosecution of the '867 and '868 patents | 6501 Red Hook Plaza Suite 201<br>St. Thomas, VI 00802<br><br>(340) 779-6908 | Alleged conception, reduction to practice, diligence and inventorship of the Asserted Patents; prosecution of the Asserted Patents; prior art to the asserted patents; ownership of the Asserted Patents |

| Name | Contact Information | General Subject Matter of Information |
|------|--------------------|--------------------------------------|
| Barry S. Wilson<br><br>Participated in the prosecution of the '867,'868, '427, and '862 patents; Listed as Correspondent for asserted patents in USPTO assignments database | 6473 Del Paso Avenue<br>San Diego, CA 92120<br><br>(619) 701-0331 | Alleged conception, reduction to practice, diligence and inventorship of the Asserted Patents; prosecution of the Asserted Patents; prior art to the Asserted Patents; ownership of the Asserted Patents |
| Bruce Wu<br><br>Participated in the prosecution of the '862 patent | Illumina<br>5200 Illumina Way<br>San Diego, CA 92122<br><br>(858) 882-2303 | Alleged conception, reduction to practice, diligence and inventorship of the Asserted Patents; prosecution of the Asserted Patents; prior art to the Asserted Patents; ownership of the Asserted Patents |

LabCorp reserves the right to disclose additional individuals whom LabCorp may use to support its claims or defenses based on information learned during the course of this litigation. Other individuals not specifically known to LabCorp at this time may possess relevant information, particularly information related to non-infringement and/or invalidity of the Asserted Patents. Such individuals may include, but are not limited to: (a) authors and creators of prior art products, methods, tests, publications, and patents relevant to the subject matter of the asserted patents; (b) individuals having knowledge of any prior art use, sale, offer to sell, or invention relevant to the subject matter of the asserted patents; (c) individuals having knowledge of the level of ordinary skill in the art to which the alleged inventions pertain; (d) individuals having knowledge of any license to the Asserted Patents, any offer to license the asserted patents, or any refusal to license the asserted patents; (e) individuals having knowledge of the circumstances or manner in which the alleged inventions are disclosed in the asserted patents; and (f) individuals having knowledge of the ownership or rights in the asserted patents and/or the

subject matter of the asserted patents.  LabCorp reserves the right to identify additional witnesses who may have particular knowledge related to future contentions of Plaintiff.  LabCorp also reserves the right to supplement the list of persons with knowledge at any future time as additional persons having knowledge of relevant facts are discovered by LabCorp.

## II.   DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS

In accordance with Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure and subject to the qualifications stated above, LabCorp submits the following descriptions (by category and location) of documents, electronically stored information and tangible things that LabCorp has in its possession, custody, or control and may use to support its defenses and counterclaims.  LabCorp specifically reserves the right to identify additional categories and locations of documents under Rule 26(e) of the Federal Rules of Civil Procedure as discovery proceeds.

1.   Documents relating to the development, operation, and marketing of LabCorp's accused tests, at LabCorp, 358 South Main Street, Burlington, North Carolina 27215 and 4301 Lost Hills Road, Calabasas Hills, CA 94301.

2.   Documents relating to the sales and financial information of LabCorp's accused tests, at LabCorp, 358 South Main Street, Burlington, North Carolina 27215 and 4301 Lost Hills Road, Calabasas Hills, CA 94301.

## III.   COMPUTATION OF DAMAGES

In accordance with Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure and subject to the qualifications stated above, LabCorp states as follows. LabCorp seeks reimbursement of all costs and expenses, including reasonable attorneys' fees, incurred as a

result of this action.  Such costs and expenses continue to accrue, and therefore, a computation thereof cannot be performed at this time.

## IV.    RELEVANT INSURANCE AGREEMENTS

In accordance with Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure and subject to the qualifications stated above, LabCorp states as follows.  At present, LabCorp is not aware of any insurance agreement under which a person or entity may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy any judgment in this action.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI, P.C.

*Of Counsel*:

Edward G. Poplawski (*Pro Hac Vice*)
Olivia M. Kim (*Pro Hac Vice*)
Erik Carlson (*Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
(323) 210-2900
epoplawski@wsgr.com
okim@wsgr.com
ecarlson@wsgr.com

Matias Ferrario (*Pro Hac Vice*)
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
(336) 607-7300
mferrario@kilpatricktownsend.com

*/s/ Ian R. Liston*
Ian R. Liston (#5507)
Johanna Peuscher-Funk (#6451)
222 Delaware Avenue, Suite 800
Wilmington, DE 19801
(302) 304-7600
iliston@wsgr.com
jpeuscherfunk@wsgr.com

*Counsel for Defendants Laboratory Corporation of America Holdings; Esoterix, Inc.; and Endocrine Sciences, Inc.*

Dated: January 22, 2019

## CERTIFICATE OF SERVICE

I, Ian R. Liston, hereby certify that on January 22, 2019, I caused the foregoing

***Defendants' Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)*** to be served via electronic

mail upon the following counsel of record:

Kenneth L. Dorsney
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
kdorsney@morrisjames.com

*Counsel for Plaintiff*
*Quest Diagnostic Investments LLC*

Adam R. Gahtan
Kevin X. McGann
Eric M. Majchrzak
FENWICK & WEST LLP
1211 Avenue of the Americas, 32nd Floor
New York, NY 10036
agahtan@fenwick.com
kmcgann@fenwick.com
emajchrzak@fenwick.com

Melanie L. Mayer
Elizabeth B. Hagan
FENWICK & WEST LLP
1191 Second Avenue, 10th Floor
Seattle, WA 98101
mmayer@fenwick.com
ehagan@fenwick.com

*Counsel for Plaintiff*
*Quest Diagnostic Investments LLC*

*/s/ Ian R. Liston*
Ian R. Liston (#5507)

# EXHIBIT D

# EXHIBIT  REDACTED
# IN  ITS  ENTIRETY