*See Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 715 (Fed. Cir. 2014). The patent claims describe not only the desired functionality, but also a specific and non-generic arrangement of components within a particular type of device to carry out that functionality within the device, thereby improving the device. Such a specific, concrete improvement to "the functioning of" a network device does not "disproportionately t[ie] up the use of" the "'building block[s]' of human ingenuity." *See Alice Corp. Pty. Ltd. v. CLS Bank Int'l.*, 134 S. Ct. 2347, 2354-55, 2359 (2014) (quoting *Mayo*, 132 S. Ct. at 1294, 1303).

### 3.    Invalidity Over the Prior Art

#### a.    Anticipation – U.S. Patent Pub. 2002/0078382 to Sheikh

The record evidence shows that Sheikh does not anticipate any of the independent claims, and therefore does not anticipate any of the associated dependent claims, of the '597 patent, under any party's constructions. CX-1216C (Wicker RWS) at Q/A 80-87; Q/A 136-146, Q/A 151, Q/A 154. The system described Sheikh is distributed over multiple devices connected over a network, *i.e.*, a central server and one or more remote servers. *Id.*; *see* RX-3293 (Sheikh) at Abstract, 0032. As an initial matter, a server is not a communications device, and Sheikh only discloses remotely monitoring communications devices such as routers. CX-1216C (Wicker RWS) at Q/A 141-44; RX-3293 (Sheikh) at 0033-34. Second, the central server contains a "master transport" 110a that "provides for the polling of one or more agent transports, which are located throughout network 100a on the agent transport's associated host servers." CX-1216C (Wicker RWS) at Q/A 138-39; *see* RX-3293 (Sheikh) at 0032. In Sheikh, the master transport controls each remote agent by "pushing," or "sending," a software package to the agent that contains the necessary monitoring sensors. CX-1216C (Wicker RWS) at Q/A 138-39; RX-3293 (Sheikh) at 0044. Without a software package containing the necessary sensor configuration, the

140

agent is unable to perform any detecting. CX-1216C (Wicker RWS) at Q/A 138-39; RX-3293 (Sheikh) at 0043. This does not disclose the claimed architecture of the '597 patent, *i.e.*, a communications device comprising a logging module and a subsystem. CX-1216C (Wicker RWS) at Q/A 136-44. Instead, Sheikh discloses the same network-focused security vulnerability the invention of the '597 patent addressed. RX-3293 (Sheikh) at 0010.

Sheikh also does not anticipate claim 14 because it does not satisfy the limitation requiring "the subsystem is a communications interface"—the network between the server and the router, and the disclosed monitoring is interrogation of the device as a whole. CX-1216C (Wicker RWS) at Q/A 147.

Sheikh also does not anticipate claim 15 because it does not disclose the restricted access limitation. CX-1216C (Wicker RWS) at Q/A 148-149. First, Sheikh does not disclose the logging module containing restricted access. *Id.* Second, Sheikh describes at 0044 a system that provides sensor configuration information over the network. *See* RX-3293 (Sheikh) at 0044. Regardless of whether communications are encrypted or not, network-based security solutions allowed attackers to undermine the effectiveness of the solutions, and are examples of the problems with the prior art that the '597 patent sought to solve. CX-1216C (Wicker RWS) at Q/A 148-149.

Finally, Sheikh does not anticipate dependent claims 29, 63, 64, or 73 because it does not disclose the limitation of "broadcasting." CX-1216C (Wicker RWS) at Q/A 150. First, "communicating configuration changes to one or more master transports" is not broadcasting the change by a logging module. *Id.* As the specification teaches, "[t]he task of the master transport is to poll each agent transport in turn, receive the results, decrypt that information, evaluate it, store it on its central server and report the information upon request by a user." *Id.*; RX-3293

141

(Sheikh) at 0040. In this situation, the agent transport is directly sending data to the master transport in response to the poll. Second, "transmitting the changes as alerts through a variety of systems" does not disclose broadcasting the change by a logging module. CX-1216C (Wicker RWS) at Q/A 150. The "alerts" in Sheikh are not broadcast; they are sent directly to and received by the device specified by the administrator. *Id.*; RX-3293 (Sheikh) at 0093. Further, Sheikh explains that the "alerts" on which Arista relies for its argument are sent by the master transport. CX-1216C (Wicker RWS) at Q/A 150.

### b. Anticipation and Obviousness – U.S. Patent No. 7,316,016 to DiFalco

Arista has not shown that DiFalco anticipates or renders obvious any of the independent claims, and therefore any of the associated dependent claims, of the '597 patent under any party's constructions. CX-1216C (Wicker RWS) at Q/A 88, Q/A 160-66, Q/A 170, Q/A 173. DiFalco is a "distributed" and "scalable architecture" that can be managed from a console to periodically detect state changes of heterogeneous nodes across a network. *Id.*; RX-3292 (DiFalco) at col. 1, lns. 7-16. The distributed system of DiFalco includes clients (102), which represent devices that can include a "station service" (103) where "Rules" are processed and contain the criteria for monitoring state-changes and can "be applied to multiple locations or notes on a network." *Id.* If a client contains a station service, it is an active node and the rules can be processed locally. If the client does not contain a station service, it is then considered a passive node. *Id.*; RX-3292 (DiFalco) at col. 2, lns. 45-67; col. 3, lns. 1-20. Communications devices are limited to being passive nodes, *i.e.*, nodes acted on remotely. *Id.* This is not the claimed architecture of the '597 patent, *i.e.*, a communications device comprising a logging module and a subsystem. *Id.*

142

DiFalco also not anticipate claim 14 because it does not satisfy the limitation requiring "the subsystem is a communications interface." In particular, the station service monitoring would need to take place remotely, but DiFalco does not disclose or enable the ability to do this. CX-1216C (Wicker RWS) at Q/A 167.

Moreover, DiFalco also does not anticipate claim 15 because it does not disclose the restricted access limitation. CX-1216C (Wicker RWS) at Q/A 168. Arista's expert Dr. Hollingsworth has testified that the "security service" or "remedying response" taught in DiFalco provides this functionality, but the evidence shows otherwise. *See id.* With respect to the remedying response feature, DiFalco explains that a remedying response "may update the baseline that is used to detect state-changes or a [sic] restore an object to its baseline state," and restoring after a change is not restricting as required by the claim language. *See id.*; RX-3292 (DiFalco) at col. 6, lns. 45-47. Indeed, DiFalco teaches that "a remedying response may update the baseline that is used to detect state-changes or restore an object to its baseline state." *See id.*; RX-3292 (DiFalco) at col. 3, lns. 31-41.

DiFalco also does not anticipate claims 29, 63, 64, or 73 because it does not teach the limitation requiring "broadcast[ing]." CX-1216C (Wicker RWS) at Q/A 169. Specifically, nothing in DiFalco discloses configuring an SNMP trap to broadcast data. *Id.*

With respect to Arista's obviousness arguments, the evidence fails to establish that a person of ordinary skill in the art would know to configure an SNMP trap in the system of DiFalco to be sent to a broadcast address. CX-1216C (Wicker RWS) at Q/A 169. Moreover, the evidence also fails to establish that a person of ordinary skill in the art would be motivated to combine DiFalco with Sheikh to arrive at the inventions claimed in the '597 patent. *Id.* at Q/A 121-125. As Dr. Wicker testified, "DiFalco and Sheikh address different problems and the

143

disclosures in each are incompatible with one another." *Id.* at Q/A 123.  In particular, Dr.

Wicker testified:

> DiFalco explicitly excludes communication devices from the category of
> "active nodes" that detect state changes at 3:14-19.  Thus, even if Sheikh
> disclosed monitoring a mail subsystem and using that mail subsystem to
> broadcast change information, the system of Sheikh would not work in
> DiFalco. . . . DiFalco never suggests modifying its system by using a
> monitored mail subsystem to broadcast state changes or otherwise. In fact,
> DiFalco explicitly discourages such modifications. Thus, the combination
> proposed by Dr. Hollingsworth is impermissible hindsight.

*Id.* Q/A 124-125.

Therefore, it is determined that the DiFalco reference does not anticipate or render

obvious the asserted claims of the '597 patent.

### c.    Anticipation – WebLogic Guide

The evidence adduced at the hearing demonstrates that the WebLogic Guide does not

anticipate any of the asserted '597 patent claims under all claim constructions proposed by the

parties.  CX-1216C (Wicker RWS) at Q/A 106-109, Q/A 230-233, Q/A 237, Q/A 240.  The

WebLogic Guide describes application servers known as WebLogic servers used for developing

and deploying distributed enterprise applications.  *Id.*  As the WebLogic Guide explains at pages

1-2, the "basic administrative unit for WebLogic Servers is called a domain." *Id.*  "A domain is

a logically related group of WebLogic Server resources that are managed as a unit by a

WebLogic Server instance configured as the Administration Server."  The WebLogic Guide

provides an example domain configuration in Figure 1-1.  *Id.*  As illustrated at 1-4, the domain

consists of Machine A, an "Administration Server" that hosts one instance of WebLogic Server,

and Machines B and C, "Managed Servers" that each host two instances of WebLogic Server.

*Id.*  This is not the claimed architecture of the '597 patent (a communications device comprising

a logging module and a subsystem). *See id.* Further, relying on individual subsystems to monitor their own health status do not disclose the claimed "subsystem; and a logging module, coupled to said subsystem, and configured to detect a change to a configuration of said subsystem of said communications device." *See id.* Unlike the invention of the '597 patent, an attacker can comprise the subsystem of a server instance in the WebLogic Guide and use it to modify the self-health mechanism. *See id.*

In addition, WebLogic does not anticipate claim 14 because it does not satisfy the limitation of "the subsystem is a communications interface," inasmuch as a software messaging service is not the same as a communication interface of a communications device. CX-1216C (Wicker RWS) at Q/A 234.

WebLogic also does not anticipate claim 15 because it does not disclose the recited restricted access limitation. CX-1216C (Wicker RWS) at Q/A 235. Instead, WebLogic describes a security scheme that allows for configuration of groups, roles, policies, and permissions. *Id.*; RX-3296 (WebLogic Guide) at 8-8.

Moreover, WebLogic does not anticipate claims 29, 63, 64, or 73 because it does not satisfy the limitation that requires "broadcast[ing]." *See* CX-1216C (Wicker RWS) at Q/A 236.

### d.    Anticipation and Obviousness – IOS 11.2.1

The record evidence shows that IOS 11.2.1 does not anticipate or render obvious any of asserted claims of the '597 patent under all claim constructions proposed by the parties.[30] *See* CX-1279C (Wicker SRWS).

Arista identifies three functionalities in IOS 11.2.1, *i.e.*, the watchdog mechanism, the chassis daemon, and Syslog, as satisfying the logging module claim limitation, but the evidence

---

[30] Arista does not allege claims 15 or 64 are anticipated or rendered obvious by IOS 11.2.1.

145

shows otherwise. *See* CX-1279C (Wicker SRWS) at Q/A 19-32. Specifically, Syslog does not generate log messages or detect changes to any subsystem. CX-1279C (Wicker SRWS) at Q/A 26, Q/A 31; JX-0050C (Edsall Dep. Tr.) at 155, 156, 180. The "watchdog mechanism" also does not satisfy a logging module limitation, inasmuch as the "watchdog mechanism" operates as part of the process itself to determine whether a process has been executing too long, *i.e.*, the subsystem is required to perform its own detecting and logging. CX-1279C (Wicker SRWS) at Q/A 21. The "chassis daemon" mechanism also does not satisfy the a logging module limitation because it is the support code for the chassis interface that itself polls statistics related to the chassis interface. CX-1279C (Wicker SRWS) at Q/A 28-30. As with the "watchdog" mechanism, this is code for the chassis interface and does not constitute a logging module coupled to a subsystem. *Id.*

The record also fails to show that the IOS 11.2.1 satisfies the "broadcasting" claim limitation "broadcasting" recited in claims 29, 63, 64, or 73. CX-1279C (Wicker SWS) at Q/A 34.

With respect to Arista's obviousness arguments, the evidence fails to establish that a person of ordinary skill in the art would know to configure an SNMP trap to be sent to a broadcast address. *See* CX-1216C (Wicker RWS) at Q/A 34.

Therefore, it is determined that the IOS 11.2.1 does not anticipate or render obvious the asserted claims of the '597 patent.

### e. Secondary Considerations of Nonobviousness

The nonobviousness of the '597 patent is also demonstrated by evidence suggesting that [                                        ]. *See* CX-1216C (Wicker RWS) at Q/A 246-251. The evidence shows that Arista was aware of the invention of the '597 patent in particular because the named

146

inventor, David Cheriton, co-founded Arista. Arista has also praised the invention of the '597 patent and its unexpected results. CX-0335 ("Arista White Paper - EOS" 2015 version); CX-0273; CX-0268 ("Arista Whitepaper - EOS"); CX-0259 ("Arista Cloud Networking Portfolio").

## VII.    The '592 and '145 (Private VLAN) Patents

### A.    Claim Construction

#### 1.    Level of Ordinary Skill

Although the private parties and the Staff each proposed a different definition of a person having ordinary skill in the art with respect to the Private VLAN Patents, all agree that the differences between the competing proposals do not affect the analysis in this investigation. *See* Compl. Br. at 214; Resp. Br. at 300-01; Staff Br. at 83.

For example, Arista proposes that a person of ordinary skill in the field of art of the '592 and '145 patents would be a person with a Bachelor of Science or Bachelor of Art degree in computer science, computer engineering, electrical engineering, or a closely related field, along with 2-4 years of industry experience in computer networks and systems. RX-3136C (Moisand WS) at Q/A 18-21. Additional education in a relevant field, such as computer science, computer engineering, or electrical engineering, or industry experience may compensate for a deficit in one of the other aspects of the above. *Id.*

The Staff proposes that a person of ordinary skill in the art would be a person with a Bachelor of Science degree in computer science, computer engineering, electrical engineering, or a closely related field, along with 2 years of experience in the field of computer networks, systems, and network devices. Staff Br. at 83. Cisco "is willing to accept Staff's proposed definition for the Private VLAN patents." Compl. Br. at 214.

147

Inasmuch as the parties are in substantial agreement regarding the level of ordinary skill, it is determined that a person of ordinary skill in the art with respect to the '592 and '145 patents would be a person with a Bachelor of Science degree in computer science, computer engineering, electrical engineering, or a closely related field, along with two years of experience in the field of computer networks, systems, or network devices.

### 2. Disputed Claim Terms

#### a. "promiscuous port" ('592 patent claims 6, 7, 20, and 21; '145 patent claims 7 and 46)

| Complainant Cisco's Proposed Construction | Respondent Arista's Proposed Construction | Staff's Proposed Construction |
|---|---|---|
| port for exchanging packets with one or more isolated ports and community ports by use of VLANs | a physical port on a layer 2 switch or bridge that is connected to a layer 3 or layer 4 device of the OSI reference model external to the switch and that is connected to VLANs internal to the switch, including a primary VLAN and isolated VLAN and/or community VLAN. A promiscuous port transmits packets onto a primary VLAN and receives packets from an isolated VLAN and/or community VLAN. | a port that is connected to layer 3 or 4 devices and that exchanges packets with isolated ports and community ports by use of VLANs internal to the switch |

The claim term "promiscuous port" appears in claims 6, 7, 20, and 21 of the '592 patent, as well as in claims 7 and 46 of the '145 patent. As proposed by Cisco, the term is construed to mean "port for exchanging packets with one or more isolated ports and community ports by use of VLANs." This construction is consistent with the claim language and is supported by the specification.

In particular, the express language of the claims require that the promiscuous ports exchange packets with isolated or community ports using VLANs. Thus, for example, asserted

148

claim 6 of the '592 patent requires an "isolated port exchanging packets with said promiscuous port," while asserted claim 7 requires a "community of ports exchanging packets . . . with said promiscuous ports." JX-0005 ('592 patent). The specification also supports the adopted claim construction, disclosing that "[i]solated ports and community ports exchange packets with the promiscuous ports by use of the VLANs internal to the switch." JX-0005 ('592 patent) at col. 2, lns. 20-26; CX-0003C (Jeffay WS) at Q/A 62. This description is repeated several times throughout the specification. *See, e.g.*, JX-0005 ('592 patent) at col. 4, lns. 46-49 ("[A]ny packet received by a promiscuous port . . . may be received by any isolated port or community port."); col. 4, lns. 53-55 ("Isolated VLAN 240 carries packet traffic from isolated ports to the promiscuous ports."); col. 5., lns. 25-30 (packets are "transferred by community VLAN #2 350 . . . to all of the promiscuous ports"); Fig. 2; Fig. 3.

The claim construction proposed by Arista, however, adds limitations that conflict with the claim language and intrinsic evidence. For instance, Arista's construction requires that each "promiscuous port" be "connected to VLANs . . . including a primary VLAN and isolated VLAN and/or community VLAN." *See* RX-3136C (Moisand WS) at Q/A 103. The addition of this limitation conflicts with the express claim language. According to the claims, a promiscuous port need not be connected to all three types of VLANs: some claims specify that promiscuous ports receive packets over isolated VLANs only (*e.g.*, '592 patent claims 8, 12, 17, 20, and 23; '145 patent claims 11, 22, 33, 39, 40, and 41), other claims specify that promiscuous ports receive packets over require community VLANs only (*e.g.*, '592 patent, claims 18, 21, and 24; '145 patent claims 12, 23, 34, 42, 43, 44, and 46), and still other claims do not require isolated or community VLANs at all (*e.g.*, '145 patent claims 1, 3, 5, 13, 15, 24, 26, 35, and 45).

149

Arista proposes a further requirement that the VLANs used by the promiscuous port be "internal to the switch."[31] This additional limitation conflicts with the claim language. For example, asserted claims 6 and 7 of the '592 patent require "exchanging packets . . . through a path inside said switch," while asserted claims 20 and 21 do not have this requirement. Adding a requirement that a VLAN must be "internal to the switch" to the construction of "promiscuous port" would make the express language in claims 6 and 7 redundant while at the same time adding unclaimed limitations to claims 20 and 21. Adding an "internal to the switch" limitation would also exclude the "trunk port" embodiments used to extend the private VLANs from within an individual switch to cross over between two switches. CX-0003C (Jeffay WS) at Q/A 65; JX-0005 ('592 patent) at col. 3, lns. 4-6; Fig. 8.

Arista's proposed construction also defines "promiscuous port" as a port on a layer 2 switch, but this limitation conflicts with the claim language and is inconsistent with the specification. As an initial matter, some claims of the '592 patent are directed to a "switch," whereas some claims of the '145 patent are directed to a "router." Moreover, according to the specification, the claimed invention can be implemented on a router: "As an example, primary VLANs and secondary VLANs (that is Isolated or Community VLANS) are programmed in the router using Color Blocking Logic (CBL)." JX-0005 ('592 patent) at col. 7, lns. 25-27; *see id.* at col. 6, lns. 53-57; col. 7, lns. 13-16; CX-1220C (Jeffay RWS) at Q/A 40. Arista's proposed construction also renders redundant certain dependent claims, such as claim 10 of the '592 patent, that are specifically directed to "layer 2 switches."

Arista proposes a construction requiring that a promiscuous port be a "physical port," arguing that the patent "illustrates the ports as the connections on the switch itself." *See*

---

[31] This requirement is also proposed by the Staff in its construction.

RX-3136C (Moisand WS) at Q/A 103. Arista relies on the deposition testimony of named

inventor Thomas Edsall to support this facet of its proposed construction, but Mr. Edsall's

testimony describes one way in which a port could be isolated, and not the meaning of the term

"port" in the context of the claim language. *See* RX-3136C (Moisand WS) at Q/A 103;

CX-1220C (Jeffay RWS) at Q/A 42.

Arista's proposed construction also requires that a "promiscuous port" be connected to

layer 3 or layer 4 devices.[32] *See* RX-3136C (Moisand WS) at Q/A 103. Nevertheless, no such

requirement exists in the claims which are directed to a single device such as a "switch" ('592

patent) or a "router" ('145 patent), instead of to additional devices connected to the switch or

router. CX-1220C (Jeffay RWS) at Q/A 41. Requiring that a promiscuous port include a

connection to a separate device when the claim itself is directed to a single, standalone device is

illogical. *See id.*

Therefore, the term "promiscuous port" is construed to mean "port for exchanging

packets with one or more isolated ports and community ports by use of VLANs."

**b.** **"isolated port" ('592 patent claims 6 and 20; '145 patent claim 7)**

| Complainant Cisco's Proposed Construction | Respondent Arista's Proposed Construction | Staff's Proposed Construction |
|---|---|---|
| port for exchanging packets with one or more promiscuous ports by use of VLANs but that cannot transfer packets to another isolated port | a physical port on a layer 2 switch or bridge that is connected to user devices and is configured to exchange packets with the promiscuous ports by use of the VLANs internal to the switch, including a primary VLAN and isolated VLAN, where an isolated port cannot transfer packets to another isolated port | port that exchanges packets with the promiscuous ports by use of the VLANs internal to the switch but that cannot transfer packets to another isolated port |

---

[32] This requirement is also proposed by the Staff in its construction.

The claim term "isolated port" appears in asserted claims 6 and 20 of the '592 patent, as well as asserted claim 7 of the '145 patent. As proposed by Cisco, this term is construed to mean "port for exchanging packets with one or more promiscuous ports by use of VLANs but that cannot transfer packets to another isolated port," a construction that is consistent with the claim language and the specification.[33]

The language of the claims expressly requires that isolated ports exchange packets with promiscuous ports, but not other isolated ports. *See, e.g.*, JX-0005 ('592 patent) at claim 6 (requiring "said selected isolated port exchanging packets with said promiscuous port" and "not exchanging packets with another isolated port"). The specification also supports the adopted construction, stating that "[i]solated ports . . . exchange packets with the promiscuous ports by use of the VLANs internal to the switch . . . [but] an isolated port cannot transfer packets to another isolated port." JX-005 ('592 patent) at col. 2, lns. 20-22; *see* CX-0003C (Jeffay WS) at Q/A 62, Q/A 67; JX-0005 at col. 2, lns. 38-41 (an isolated VLAN "transfers the packets [from isolated ports] to the promiscuous ports . . . [but] does not deliver any packets to another isolated port"); col. 4, lns. 53-55 ("Isolated VLAN 240 carries packet traffic from isolated ports to the promiscuous ports . . . [and] is configured so that it cannot deliver any packets to an isolated port."); Fig. 2.

Arista's proposed construction add limitations to the functionality taught by the specification, requiring that the isolated port communicate with the primary and isolated VLANs

---

[33] The construction proposed by the Staff is similar to the adopted construction, although the Staff's construction adds the phrase "internal to the switch." As discussed above with respect to the claim term "promiscuous port," adoption of this additional phrase is not warranted by the intrinsic evidence.

152

referenced in the specification, the VLANs be "internal to the switch," the isolated port reside on a "layer 2" switch, the isolated port be a "physical" port, and the isolated port be connected to user devices. RX-3136C (Moisand WS) at Q/A 109-110. The additional limitations are not supported by the intrinsic evidence and are not adopted for reasons similar to those set forth in the discussion with respect to the clam term "promiscuous port." *See* CX-1220C (Jeffay RWS) at Q/A 39-43.

Therefore, the term "isolated port" is construed to mean "port for exchanging packets with one or more promiscuous ports by use of VLANs but that cannot transfer packets to another isolated port."

      c.     **"community port" ('592 patent claims 7 and 21; '145 patent claims 7 and 46)**

| Complainant Cisco's Proposed Construction | Respondent Arista's Proposed Construction | Staff's Proposed Construction |
|---|---|---|
| "port for exchanging packets with one or more promiscuous ports by use of VLANs and that can transfer packets to a designated number of other community ports | a physical port on a layer 2 switch or bridge that is connected to user devices and is configured to exchange packets with the promiscuous ports by use of the VLANs internal to the switch, including a primary VLAN and community VLAN, where a community port has a designated number of community ports to which it can transfer packets | a port that exchanges packets with the promiscuous ports by use of the VLANs internal to the switch and that can transfer packets to a designated number of other community ports |

The claim term "community port" appears in asserted claims 7 and 21 of the '592 patent, as well as in asserted claims 7 and 46 of the '145 patent. As proposed by Cisco, this claim term is construed to mean "port for exchanging packets with one or more promiscuous ports by use of

VLANs and that can transfer packets to a designated number of other community ports," a construction that is supported by the claim language and the specification.[34]

The language of the claims requires that community ports exchange packets with promiscuous ports and other designated community ports. *See*, *e.g.*, JX-0005 ('592 patent) at claim 7 (reciting "each of said community ports . . . exchanging packets through a path internal to said switch with said promiscuous port . . . [and] with all ports of said plurality of community ports"). The specification also supports the adopted construction, stating that "community ports exchange packets with the promiscuous ports by use of the VLANs internal to the switch . . . [and a community port] has a designated number of community ports to which it can transfer packets." JX-0005 ('592) at col. 2, lns. 20-26; *see* CX-0003C (Jeffay WS) at Q/A 72; JX-0005 at col. 2, lns. 49-52 ("The community VLAN transfers a packet . . . [from] a community port to all of the promiscuous ports, and . . . to the other community ports attached to that community VLAN."); col. 5, lns. 12-18 ("A packet transferred to the community VLAN from a community port is received by all of the community ports connected to the community VLAN, and also all of the promiscuous ports."); Fig. 3.

Arista's proposed construction add limitations to the functionality taught by the specification, requiring that the community port communicate with the primary and community VLANs referenced in the specification, the VLANs be "internal to the switch," the community port reside on a "layer 2" switch, the community port be a "physical" port, and the community port be connected to user devices. *See* RX-3136C (Moisand WS) at Q/A 115-116. The

---

[34] The construction proposed by the Staff is similar to the adopted construction, although the Staff's construction adds the phrase "internal to the switch." As discussed above with respect to the claim term "promiscuous port," adoption of this additional phrase is not warranted by the intrinsic evidence.

additional limitations are not supported by the intrinsic evidence and are not adopted for reasons similar to those set forth in the discussion with respect to the clam term "promiscuous port." *See* CX-1220C (Jeffay RWS) at Q/A 39-42, Q/A 44.

Therefore, the term "community port" is construed to mean "port for exchanging packets with one or more promiscuous ports by use of VLANs and that can transfer packets to a designated number of other community ports."

        d.    **"primary VLAN" ('592 patent claims 20 and 21; '145 patent claims 7 and 46)**

| Complainant Cisco's Proposed Construction | Respondent Arista's Proposed Construction | Staff's Proposed Construction |
|---|---|---|
| a VLAN that connects to all or a subset of promiscuous ports, to all or a subset of isolated ports, and to all or a subset of community ports. | a VLAN connecting to all promiscuous ports, to all isolated ports, and to all community ports. | a VLAN that connects to all promiscuous ports, to all isolated ports, and to all community ports. |
| The primary VLAN receives packets from outside of the switch arriving at any of the promiscuous ports, and transfers the packets to the isolated or community ports. However, an isolated or community port cannot receive traffic from the external LAN connected to it, and transfer the packets to the primary VLAN. The primary VLAN is a one way connection from promiscuous ports to isolated or community ports. | The primary VLAN receives packets from outside of the switch arriving at any of the promiscuous ports, and transfers the packets to the isolated or community ports. However, an isolated or community port cannot receive traffic from the external LAN connected to it, and transfer the packets to the primary VLAN. The primary VLAN is a one way connection from promiscuous ports to isolated or community ports. | The primary VLAN receives packets from outside of the switch arriving at any of the promiscuous ports, and transfers the packets to the isolated or community ports. However, an isolated or community port cannot receive traffic from the external LAN connected to it, and transfer the packets to the primary VLAN. The primary VLAN is a one way connection from promiscuous ports to isolated or community ports. |

The claim term "primary VLAN" is recited in asserted claims 20 and 21 of the '592 patent, as well as in asserted claims 7 and 46 of the '145 patent. As proposed by Cisco, this

claim term is construed to mean "a VLAN that connects to all or a subset of promiscuous ports, to all or a subset of isolated ports, and to all or a subset of community ports." Moreover, "[t]he primary VLAN receives packets from outside of the switch arriving at any of the promiscuous ports, and transfers the packets to the isolated or community ports. However, an isolated or community port cannot receive traffic from the external LAN connected to it, and transfer the packets to the primary VLAN. The primary VLAN is a one way connection from promiscuous ports to isolated or community ports." This construction is supported by the claim language and the specification.

Specifically, the claims themselves specify that a primary VLAN is not required to connect to all promiscuous, isolated, and community ports. Independent claim 20 of the '592 patent recites a switch in which "*all* promiscuous ports [are] also connected via a one way primary VLAN to said *all* isolated ports." JX-0005 ('592 patent) at claim 20 (emphasis added). By contrast, independent claim 7 of the '145 patent requires only that the primary VLAN connect to "one or more promiscuous ports." JX-0006 ('145 patent) at claim 7. Inasmuch as the claim term "primary VLAN" is construed the same for both patents, this demonstrates that a VLAN is required to connect to at least a subset of ports, and not necessarily all ports.

The specification also confirms that a primary VLAN may connect to all or only a subset of the ports:

> [I]n an alternative exemplary embodiments of the invention, a single primary VLAN may connect to only a subset of promiscuous ports. In such an alternative embodiment, there may be a plurality of primary VLANs, each with its associated promiscuous ports and associated isolated or community ports.

JX-0005 ('592) at col. 9, lns. 61-66.

The specification also provides:

156

> Alternatively, a single L2 switch, or a network or trunked L2 switches, may have its promiscuous ports divided into subsets. Each subset of the promiscuous ports is then associated with its subset of isolated ports and community ports, along with the necessary VLAN.

JX-0005 ('592) at col. 3, lns. 7-11.

The specification teaches that such an exemplary embodiment may be desirable because it "gives a system designer flexibility in arranging connections to L3/L4 devices through promiscuous ports, and to user equipment connected at isolated ports or community ports." JX-0005 ('592 patent) at col. 9, ln. 65 – col. 10, ln. 3. Thus, as Cisco's expert Dr. Jeffay explained, a person skilled in the art would understand that the claimed VLANs need not connect to all ports. CX-0003C (Jeffay WS) at Q/A 79; CX-1220C (Jeffay RWS) at Q/A 46.

By contrast, the construction proposed by the Arista and the Staff requires that the primary VLAN connect to "all promiscuous ports, to all isolated ports, and to all community ports." This construction is in conflict with the language of the claims. For example, claim 6 of the '592 patent requires only that the switch have promiscuous and isolated ports, and does not require that the switch have community ports. JX-0005 ('592 patent) at claim 6; *see* CX-1220C (Jeffay RWS) at Q/A 46. In addition, as discussed above, defining a primary VLAN as being connected to "all" ports would render redundant those claims which expressly recite that as a limitation. *See, e.g.*, JX-0005 ('592 patent) at claim 20.

Moreover, even though the summary of invention section of the patent states that "[t]he primary VLAN connects to all promiscuous ports, to all isolated ports and to all community ports," this statement, when read in context with the rest of the specification and the claims, does not mean that a primary VLAN must connect to all ports on a switch. *See* JX-0005 ('592 patent) at col. 2, lns. 27-36; CX-0003C (Jeffay WS) at Q/A 79. Rather, a person having ordinary skill in

157

the art would understand that statement to mean that the primary VLAN need only connect to all the ports in that primary VLAN. Any other interpretation would be inconsistent with the embodiments that explicitly allow a primary VLAN to connect to only a subset of promiscuous ports. CX-0003C (Jeffay WS) at Q/A 79; *see* JX-0005 ('592 patent) at col. 9, lns. 61-66.

Accordingly, the claim term "primary VLAN" is construed to mean "a VLAN that connects to all or a subset of promiscuous ports, to all or a subset of isolated ports, and to all or a subset of community ports," with the additional requirement that "[t]he primary VLAN receives packets from outside of the switch arriving at any of the promiscuous ports, and transfers the packets to the isolated or community ports. However, an isolated or community port cannot receive traffic from the external LAN connected to it, and transfer the packets to the primary VLAN. The primary VLAN is a one way connection from promiscuous ports to isolated or community ports."

e. "isolated VLAN" ('592 patent claim 20; '145 patent claim 7)

| Complainant Cisco's Proposed Construction | Respondent Arista's Proposed Construction | Staff's Proposed Construction |
|---|---|---|
| a VLAN connecting to all or a subset of promiscuous ports and connecting to all or a subset of isolated ports. | a VLAN connecting to all promiscuous ports and connecting to all isolated ports. | a VLAN connecting to all promiscuous ports and connecting to all isolated ports. |
| An isolated VLAN receives packets arriving from outside of the switch at an isolated port, and transfers the packets to the promiscuous ports. An isolated VLAN does not carry packets received by a promiscuous port from outside of the switch. Also, an isolated VLAN does not deliver any packets to another isolated port. The isolated VLAN is a one way connection from an isolated port to the promiscuous ports. | An isolated VLAN receives packets arriving from outside of the switch at an isolated port, and transfers the packets to the promiscuous ports. An isolated VLAN does not carry packets received by a promiscuous port from outside of the switch. Also, an isolated VLAN does not deliver any packets to another isolated port. The isolated VLAN is a one way connection from an isolated port to the promiscuous ports. | An isolated VLAN receives packets arriving from outside of the switch at an isolated port, and transfers the packets to the promiscuous ports. An isolated VLAN does not carry packets received by a promiscuous port from outside of the switch. Also, an isolated VLAN does not deliver any packets to another isolated port. The isolated VLAN is a one way connection from an isolated port to the promiscuous ports. |

The claim term "isolated VLAN" appears in asserted claim 20 of the '592 patent, as well as asserted claim 7 of the '145 patent. As proposed by Cisco, this term is construed to mean "a VLAN connecting to all or a subset of promiscuous ports and connecting to all or a subset of isolated ports." Moreover, "[a]n isolated VLAN receives packets arriving from outside of the switch at an isolated port, and transfers the packets to the promiscuous ports. An isolated VLAN does not carry packets received by a promiscuous port from outside of the switch. Also, an isolated VLAN does not deliver any packets to another isolated port. The isolated VLAN is a one way connection from an isolated port to the promiscuous ports." This construction is supported by the claim language and the specification.

159

As with the claim term "primary VLAN" discussed above, the dispute among the parties with respect to the claim term "isolated VLAN" is whether the isolated VLAN connects to "all or a subset" of promiscuous and isolated ports, or to "all" promiscuous and isolated ports. For the reasons set forth above with respect to "primary VLAN," the construction adopted for "isolated VLAN" is correct and reflects the various embodiments described in the specification.

f.   "community VLAN" ('592 patent claim 21; '145 patent claims 7 and 46)

| Complainant Cisco's Proposed Construction | Respondent Arista's Proposed Construction | Staff's Proposed Construction |
|---|---|---|
| VLAN connecting to a group of community ports, and also connecting to all or a subset of the promiscuous ports. | VLAN connecting to a group of community ports, and also connecting to all of the promiscuous ports. | VLAN connecting to a group of community ports, and also connecting to all of the promiscuous ports. |
| The group of community ports is referred to as a 'community' of community ports. | The community VLAN transfers a packet received from outside the switch at a community port to all of the promiscuous ports, and also transfers the packet to the other community ports attached to that community VLAN. A community VLAN cannot transfer packets received from outside of the switch at a promiscuous port. A community VLAN is a one way connection from a community of ports to the promiscuous ports, but allows a packet received by one community port to be transmitted out of the switch, through the other community ports connected to that community VLAN. | The group of community ports is referred to as a 'community' of community ports. |
| The community VLAN transfers a packet received from outside the switch at a community port to all of the promiscuous ports, and also transfers the packet to the other community ports attached to that community VLAN. A community VLAN cannot transfer packets received from outside of the switch at a promiscuous port. A community VLAN is a one way connection from a community of ports to the promiscuous ports, but allows a packet received by one community port to be transmitted out of the switch, through the other community ports connected to that community VLAN. | | The community VLAN transfers a packet received from outside the switch at a community port to all of the promiscuous ports, and also transfers the packet to the other community ports attached to that community VLAN. A community VLAN cannot transfer packets received from outside of the switch at a promiscuous port. A community VLAN is a one way connection from a community of ports to the promiscuous ports, but allows a packet received by one community port to be transmitted out of the switch, through the other community ports connected to that community VLAN |

The claim term "community VLAN" appears in asserted claim 21 of the '592 patent, as well as asserted claims 7 and 46 of the '145 patent. As proposed by Cisco, this term is construed to mean "VLAN connecting to a group of community ports, and also connecting to all or a subset of the promiscuous ports." Moreover, "[t]he group of community ports is referred to as a

161

'community' of community ports. The community VLAN transfers a packet received from outside the switch at a community port to all of the promiscuous ports, and also transfers the packet to the other community ports attached to that community VLAN. A community VLAN cannot transfer packets received from outside of the switch at a promiscuous port. A community VLAN is a one way connection from a community of ports to the promiscuous ports, but allows a packet received by one community port to be transmitted out of the switch, through the other community ports connected to that community VLAN." This construction is supported by the claim language and the specification.

As with the claim terms "primary VLAN" and "isolated VLAN" discussed above, the dispute among the parties with respect to the claim term "community VLAN" is whether the community VLAN connects to "all or a subset" of promiscuous ports, or to "all" promiscuous ports. For the reasons set forth above with respect to "primary VLAN," the construction adopted for "community VLAN" is correct and reflects the various embodiments described in the specification.

g.    "switch" ('592 patent claims 6, 7, 20, and 21)

| Complainant Cisco's Proposed Construction | Respondent Arista's Proposed Construction | Staff's Proposed Construction |
|---|---|---|
| Plain and ordinary meaning | a layer 2 (data link layer) device of the OSI reference model | No construction necessary. If construction is necessary, "a layer 2 (L2) switch" |

The claim term "switch" appears in asserted claims 6, 7, 20, and 21 of the '592 patent. Based on the record evidence, it is determined that this claim language is unambiguous to a person having ordinary skill in the art, and that construction is therefore unnecessary. *See, e.g.,*

162

*Summit 6, LLC v. Samsung Electronics Co., Ltd.*, 802 F.3d 1283, 1291 (Fed. Cir. 2015)
("Because the plain and ordinary meaning of the disputed claim language is clear, the district
court did not err by declining to construe the claim term."). This position is supported by both
Cisco and the Staff. In particular, Cisco's expert Dr. Jeffay testified that the term "switch" is
self-explanatory and has a plain and ordinary meaning in the field of computer networks.
CX-0003C (Jeffay WS) at Q/A 88.

By contrast, the construction proposed by Arista is inconsistent with the patent
specification, which discloses that the claimed invention can be implemented on both routers and
switches. JX-0005 ('592 patent) at col. 6, lns. 8-14; col. 6, lns. 53-57; col. 7, lns. 13-16; col. 7,
lns. 25-27; CX-1220C (Jeffay RWS) at Q/A 49; Jeffay Tr. 451-452. Dr. Jeffay testified that a
person having ordinary skill in the art would understand the specification's references to a
"switch" to mean that the device could have layer 3/4 capabilities and would not be limited
solely to layer 2 capabilities. CX-1220C (Jeffay RWS) at Q/A 49, Q/A 242; *see* Duda Tr. 776-
777.

h. **"VLAN" ('592 patent claims 20 and 21; '145 patent claims 5, 7, 45, and 46)**

| Complainant Cisco's Proposed Construction | Respondent Arista's Proposed Construction | Staff's Proposed Construction |
|---|---|---|
| virtual local area network | a virtual local area network at layer two of the OSI reference model whereby packets exchanged between members of a given VLAN are transferred at the data link layer (layer two) of the OSI reference model and packets exchanged between VLANs are routed at the network layer (layer three) of the OSI reference model | virtual local area network defined within the switch |

163

The claim term "VLAN" appears in asserted claims 20 and 21 of the '592 patent, as well as in asserted claims 5, 7, 45, and 46 of the '145 patent. As proposed by Cisco, this claim term is construed to mean "virtual local area network." This construction reflects the plain and ordinary mean of the term as understood by a person having ordinary skill in the art.[35]

As Cisco's expert Dr. Jeffay testified, the term "VLAN" should be construed to take its plain and ordinary meaning in the field of computer networks, which is "virtual local area network." CX-0003C (Jeffay WS) at Q/A 92; Jeffay Tr. 451, 516. This is supported by the specification where it states that a VLAN is a virtual local area network. JX-0005 ('592 patent) at col. 1, lns. 7-10 ("The invention relates to Virtual Local Area Networks (VLANs)."); CX-0003C (Jeffay WS) at Q/A 93.

Arista's proposed construction for the term "VLAN" adds additional limitations with respect to the operation of the VLAN that are not supported by the claim language or the specification. *See* CX-0003C (Jeffay WS) at Q/A 95.

Accordingly, the claim term "VLAN" is construed to mean "virtual local area network."

        i.     **"VLAN configured as a one way connection" ('592 patent claims 20 and 21)**

| Complainant Cisco's Proposed Construction | Respondent Arista's Proposed Construction | Staff's Proposed Construction |
|---|---|---|
| No construction necessary. If construction is necessary, "a VLAN configured as a one-way path" | a VLAN configured as a one way path inside the switch | No construction necessary. If construction is necessary, "a VLAN configured as a one-way path" |

---

[35] The construction proposed by the Staff is similar to the adopted construction, although the Staff's construction adds the phrase "within the switch." As discussed above with respect to the claim term "promiscuous port," adoption of this additional phrase is not warranted by the intrinsic evidence.

The claim term "VLAN configured as a one way connection" appears in asserted claims 20 and 21 of the '592 patent. Both Cisco and the Staff argue that no construction is needed for the claim term. If, however, it is determined that construction is necessary, Cisco and the Staff both propose that the term be construed to mean "a VLAN configured as a one-way path." *See* CX-0003C (Jeffay WS) at Q/A 96-97; Staff Br. at 92. Arista's proposed construction for this claim term adds a limitation that the "path" be "inside the switch," which is incorrect for the reasons discussed above in connection with the claim term "promiscuous port."

It is determined that the meaning of the claim term "VLAN configured as a one way connection" is unambiguous and does not require construction.

j.     **"said selected isolated port exchanging packets with said promiscuous port through a path inside said switch" ('592 patent claim 6)**

| Complainant Cisco's Proposed Construction | Respondent Arista's Proposed Construction | Staff's Proposed Construction |
|---|---|---|
| No construction necessary. See construction of "isolated port" and "promiscuous port." | Indefinite | No construction necessary. If construction necessary "the isolated port exchanges packets with the promiscuous port through a path inside the switch" |

The claim term "said selected isolated port exchanging packets with said promiscuous port through a path inside said switch" appears in asserted claim 6 of the '592 patent. Both Cisco and Staff agree that no construction of this term is required, and that it should have its plain and ordinary meaning. *See* CX-0003C (Jeffay WS) at Q/A 100; Staff Br. at 92. Arista argues that the term is indefinite. *See* RX-3136C (Moisand WS) at Q/A 407. Arista's invalidity

Appx888.176

argument is rejected, and is discussed in further detail below in the validity section addressing

Arista's argument that certain claim elements are indefinite because they are "circular."

It is therefore determined that the claim term "said selected isolated port exchanging

packets with said promiscuous port through a path inside said switch" is unambiguous and does

not require construction.

       **k.**    **"said isolated port not exchanging packets with another**
                 **isolated port" ('592 patent claim 6)**

| Complainant Cisco's Proposed Construction | Respondent Arista's Proposed Construction | Staff's Proposed Construction |
|---|---|---|
| No construction necessary. See construction of "isolated port." | Indefinite | No construction necessary. See construction of "isolated port." |

The claim term "said isolated port not exchanging packets with another isolated port"

appears in asserted claim 6 of the '592 patent.

Both Cisco and Staff agree that no construction of this term is required, and that it should

have its plain and ordinary meaning. *See* CX-0003C (Jeffay WS) at Q/A 103; Staff Br. at 93.

Arista argues that the term is indefinite. *See* RX-3136C (Moisand WS) at Q/A 409. Arista's

invalidity argument is rejected, and is discussed in further detail below in the validity section

addressing Arista's argument that certain claim elements are indefinite because they are

"circular."

It is therefore determined that the claim term "said isolated port not exchanging packets

with another isolated port" is unambiguous and does not require construction.

l.    **"each of said community ports of said plurality of community ports receiving packets from a selected external network and transmitting packets onto said selected external network, each port of said community of ports exchanging packets through a path internal to said switch with said promiscuous port, and said each port of said community of ports exchanging packets with all ports of said plurality of community ports through a path within said switch, and said each port of said community of ports not exchanging packets with any other port of said switch through a path within said switch" ('592 patent claim 7)**

| Complainant Cisco's Proposed Construction | Respondent Arista's Proposed Construction | Staff's Proposed Construction |
|---|---|---|
| No construction necessary. See construction of "community port" and "promiscuous port" | Indefinite | No construction necessary. See construction of "community port" and "promiscuous port" |

The claim term "each of said community ports of said plurality of community ports receiving packets from a selected external network and transmitting packets onto said selected external network, each port of said community of ports exchanging packets through a path internal to said switch with said promiscuous port, and said each port of said community of ports exchanging packets with all ports of said plurality of community ports through a path within said switch, and said each port of said community of ports not exchanging packets with any other port of said switch through a path within said switch" appears in asserted claim 7 of the '592 patent.

Both Cisco and Staff agree that no construction of this term is required, and that it should have its plain and ordinary meaning. *See* CX-0003C (Jeffay WS) at Q/A 106; Staff Br. at 93. Arista argues that the term is indefinite. *See* RX-3136C (Moisand WS) at Q/A 407. Arista's invalidity argument is rejected, and is discussed in further detail below in the validity section

167

addressing Arista's argument that certain claim elements are indefinite because they are "circular."

It is therefore determined that the claim term "each of said community ports of said plurality of community ports receiving packets from a selected external network and transmitting packets onto said selected external network, each port of said community of ports exchanging packets through a path internal to said switch with said promiscuous port, and said each port of said community of ports exchanging packets with all ports of said plurality of community ports through a path within said switch, and said each port of said community of ports not exchanging packets with any other port of said switch through a path within said switch" is unambiguous and does not require construction.

> m. **"said each port of said community of ports not exchanging packets with any other port of said switch through a path within said switch" ('592 patent claim 7)**

| Complainant Cisco's Proposed Construction | Respondent Arista's Proposed Construction | Staff's Proposed Construction |
|---|---|---|
| No construction necessary. See construction of "community port." | Indefinite | No construction necessary. If construction is necessary, "none of the community ports exchanges packets with any other port." See, also, construction of "community port." |

The claim term "said each port of said community of ports not exchanging packets with any other port of said switch through a path within said switch" appears in asserted claim 7 of the '592 patent.

Both Cisco and Staff agree that no construction of this term is required, and that it should have its plain and ordinary meaning. *See* CX-0003C (Jeffay WS) at Q/A 109; Staff Br. at 94. Arista argues that the term is indefinite. *See* RX-3136C (Moisand WS) at Q/A 409. Arista's invalidity argument is rejected, and is discussed in further detail below in the validity section addressing Arista's argument that certain claim elements are indefinite because they are "circular."

It is therefore determined that the claim term "said each port of said community of ports not exchanging packets with any other port of said switch through a path within said switch" is unambiguous and does not require construction.

n.     "router" ('145 patent claims 5, 7, 45, and 46)

| Complainant Cisco's Proposed Construction | Respondent Arista's Proposed Construction | Staff's Proposed Construction |
|---|---|---|
| Plain and ordinary meaning | a layer 3 (network layer) device of the OSI reference model | a layer 3 (network layer) device of the OSI reference model to which promiscuous ports are connected |

The claim term "router" appears in asserted claims 5, 7, 45, and 46 of the '145 patent. Based on the record evidence, it is determined that this claim language is unambiguous to a person having ordinary skill in the art, and that construction is therefore unnecessary. *See, e.g.,* *Summit 6*, 802 F.3d at 1291. In particular, Cisco's expert Dr. Jeffay testified that the term "router" is self-explanatory and has a plain and ordinary meaning in the field of computer networks. CX-0003C (Jeffay WS) at Q/A 117.

The construction proposed by Arista is inconsistent with the patent specification, which discloses that the claimed invention can be implemented on both routers and switches. JX-0005

169

('592 patent) at col. 6, lns. 8-14; col. 6, lns. 53-57; col. 7, lns. 13-16; col. 7, lns. 25-27; CX-1220C (Jeffay RWS) at Q/A 49; Jeffay Tr. 451-452. Accordingly, Dr. Jeffay testified that a person having ordinary skill in the art would understand the specification's references to a "switch" to mean that the device could have layer 3/4 capabilities and would not be limited solely to layer 2 capabilities. CX-1220C (Jeffay RWS) at Q/A 49, Q/A 242; *see* Duda Tr. 776-777.

Moreover, the construction proposed by Arista and the Staff limits the invention to a "layer 3 (network layer) device of the OSI reference model." Such a limitation belies the fact that a person of ordinary skill in the art would understand the term "router" to mean any device with routing capabilities, and not only a layer 3 device. *See* CX-0003C (Jeffay WS) at Q/A 119. Moreover, not every layer 3 device is a router, and Arista's proposed construction would capture devices which are not routers. *See id.*

o.    "first VLAN" ('145 patent claims 5 and 45)

| Complainant Cisco's Proposed Construction | Respondent Arista's Proposed Construction | Staff's Proposed Construction |
|---|---|---|
| No construction necessary. If construction is necessary, "a VLAN" | a primary VLAN | No construction necessary. If construction is necessary, "a VLAN" |

The claim term "first VLAN" appears in asserted claims 5 and 45 of the '145 patent. Both Cisco and the Staff agree that this term does not require construction and should take its plain and ordinary meaning. *See* Compl. Br. at 236-37; Staff Br. at 95. In particular, it is argued that nothing in the claims or the specification of the '145 patent suggests that use of the word "first" has any special meaning. *See* Compl. Br. at 236. Indeed, Cisco's expert Dr. Jeffay

170

testified that the term is self-explanatory and is fully defined in the remainder of the relevant claim as a VLAN for "receiving packets from the shared network and transferring them to a designated user port, the first VLAN rejecting packets from the user ports." CX-0003C (Jeffay WS) at Q/A 122. Although the "first VLAN" may be a primary VLAN, nothing in the claims or the specification limits it to only a primary VLAN. *Id.*

It is therefore determined that the claim term "first VLAN" is unambiguous, does not require construction, and is not limited to only "a primary VLAN."

p.    **"second VLAN" ('145 patent claims 5 and 45)**

| Complainant Cisco's Proposed Construction | Respondent Arista's Proposed Construction | Staff's Proposed Construction |
|---|---|---|
| No construction necessary. If construction is necessary, "a VLAN other than the first VLAN" | a VLAN including either an isolated VLAN or community VLAN | No construction necessary. If construction is necessary, "a VLAN other than the first VLAN" |

The claim term "second VLAN" appears in asserted claims 5 and 45 of the '145 patent. Both Cisco and the Staff agree that this term does not require construction and should take its plain and ordinary meaning. *See* Compl. Br. at 237-38; Staff Br. at 95. In particular, it is argued that nothing in the claims or the specification of the '145 patent suggests that use of the word "second" has any special meaning. *See* Compl. Br. at 237. Indeed, Cisco's expert Dr. Jeffay testified that the term is self-explanatory and is fully defined in the remainder of the relevant claim as a VLAN for ""receiving packets from the user ports and transferring them to the port connected to the shared network, the second VLAN preventing transfer of packets from one of the user ports to other user ports, and the second VLAN also rejecting packets from the shared network, in order to separate packet traffic of different users." CX-0003C (Jeffay WS) at Q/A

171

125. Although the "second VLAN" may be an isolated or a community VLAN, nothing in the claims or the specification limits it to such. *Id.*

It is therefore determined that the claim term "second VLAN" is unambiguous, does not require construction, and is not limited to only an isolated VLAN or a community VLAN.

### B.    Literal Infringement Analysis

As discussed in further detail on a claim-by-claim basis below, the record evidence establishes that Arista's products infringe all asserted claims of the Private VLAN Patents under the adopted claim constructions. In particular each Accused Private VLAN Product contains the elements of the claim inventions, including promiscuous ports and associated primary VLANs, isolated ports and associated isolated VLANs, and community ports and associated community VLANs. Cisco's expert Dr. Jeffay, who analyzed Arista's technical documents, source code, and witness testimony, and who performed his own independent testing, testified that the Accused Private VLAN Products infringe the asserted claims of the Private VLAN Patents. Testimony given by Arista's fact witness Gagan Arneja and Arista's expert witness Mr. Moisand also supports a finding of infringement.

Arista's noninfringement position centers on the argument that VLAN's are "virtual" and therefore cannot process packets as required by the asserted claims. *See* Resp. Br. at 314-28. Nevertheless, the record evidence demonstrates that the VLAN's in the Accused Private VLAN Products are more than a virtual construct and implement the claimed inventions. In particular, the evidence shows that Arista's products contain physical structures and software elements that satisfy the elements of the asserted claims.

1.    '592 Patent – Claim 6

    a.    **A switch, comprising:**

The record evidence shows that the Accused Private VLAN Products satisfy this claim limitation under the construction adopted above.  Specifically, the accused products are devices with switching capabilities.  They also satisfy this claim limitation under the other constructions proposed by the parties because they are layer 2 (data link layer) devices and layer 2 (L2) switches.  *See* CX-0003C (Jeffay WS) at Q/A 146; CX-0075 at 46; CX-0076 at 1.

    b.    **a promiscuous port for receiving incoming packets from an external network, and for transmitting outgoing packets to said external network;**

The Accused Private VLAN Products have a "[    ]" feature that satisfies this claim limitation under the claim constructions adopted above.[36]  In particular, the [    ] in the Arista products exchange packets with isolated and community ports by use of VLANs.  Moreover, the [    ] feature also satisfy this claim limitation under the claim constructions proposed by the other parties, inasmuch as Arista's [

    ],

including primary, isolated, and community VLANS, for transmission and receipt of packets.  *See* CX-0003C (Jeffay WS) at Q/A 190-201, Q/A 175-184, Q/A 276; CX-0031C at 3; CX-0034C at 1; CX-0036C at 179; CX-0044C at 1; CX-0045C at 50; CX-0048C at 94; CX-0047C at 81; CX-0948C at 7; CX-0026C at 137-39.  In addition, Arista's [    ] receive incoming packets from an external network, and transmit outgoing packets to said external network, as shown, for example, by Dr. Jeffay's test results.  *See, e.g.,* CX-0003C (Jeffay WS) at Q/A 175-184, Q/A 276.

---

[36] The [    ]."  *See, e.g.,* CX-0075 at 763.

In particular, Dr. Jeffay testified:

> The tests that I performed on Arista's 7150S-52-CL switch confirmed that Arista's private VLAN feature behaves as described by the '592 and '145 patents and as claimed by the asserted claims. Specifically, in Arista's private VLAN implementation, a [          ], which is the claimed promiscuous port, can communicate with isolated ports and community ports. Isolated ports cannot communicate with each other but can communicate with the promiscuous port, and community ports can communicate with each other and the promiscuous port but not with the isolated ports. The tests also show that the primary, isolated, and community VLANs all allow only one-way connections between promiscuous ports and isolated and community ports.

CX-0003C (Jeffay WS) at Q/A 178.

Dr. Jeffay further testified:

> The tests that I described show that an isolated port can send packets to promiscuous ports but not to community ports. It also shows that isolated VLAN is a one way connection from isolated ports to promiscuous ports, because when I used a VLAN tag that did not match the isolated VLAN tag the packets were rejected. . . . I tested all types of ports and all types of VLANs on the Arista switch and the tests shows that all VLANs are one-way connections and behave as described by the asserted claims of the '592 and '145 patents.

CX-0003C (Jeffay WS) at Q/A 180-181.

The testimony of Arista's witness Mr. Arneja confirms that this claim element is satisfied by Arista's [          ]:

[

].

JX-0019C (Arneja Dep. Tr.) 46; *see* Arneja Tr. 1123-1124.

  c. **and a plurality of isolated ports, a selected isolated port of said plurality of isolated ports connected to a selected private network, said selected isolated port receiving packets from said selected private network and transmitting packets onto said selected private network,**

  The Accused Private VLAN Products have an "isolated ports" feature that satisfies this claim limitation under the claim constructions adopted above.[37] The isolated ports in the accused products exchange packets with promiscuous ports by use of VLANS, but cannot transfer packets to other isolated ports. In addition, the accused products satisfy this claim limitation even under the claim constructions proposed by the other parties because the isolated ports are physical ports that can be connected to user devices and exchange packets with promiscuous ports using VLANs internal to the switch, including primary and isolated VLANs. *See* Arneja Tr. 1124-1125; Moisand Tr. 1187; CX-0003C (Jeffay WS) at Q/A 175-184; Q/A 202-206, Q/A 277; CX-0031C at 3; CX-0032C at 54; CX-0033C at 2-3; CX-0034C at 1; CX-0036C at 179; CX-0044C at 1; CX-0045C at 50; CX-0047C at 81; CX-0048C at 94; CX-0075 at 763; CX-0948C at 7; CX-0026C at 137-39; JX-0036C (Sweeney Dep. Tr.) 131; 133; JX-0028C (Kaza Dep. Tr.) 54; JX-0019C (Arneja Dep. Tr.) 58; JX-0033C (Sadana Dep. Tr.) 99-100, 100-101, 101, 105-106. Moreover, Arista's isolated ports can connect to a private network and receive and transfer packets to that private network as shown, for example, by Dr. Jeffay's test results. *See, e.g.,* CX-0003C (Jeffay WS) at Q/A 277.

  The testimony of Arista's witness Mr. Arneja confirms that this claim element is satisfied by Arista's isolated ports. For example, Mr. Arneja testified that [

                                       ]:

---

[37] The ports are sometimes referred to as "isolated VLAN ports." *See, e.g.,* CX-0075 at 763.

[

].

JX-0019C (Arneja Dep. Tr.) 58; *see* Arneja Tr. 1124-1125.

> **d.     said selected isolated port exchanging packets with said promiscuous port through a path inside said switch, and said isolated port not exchanging packets with another isolated port.**

The Accused Private VLAN Products have "isolated ports" and "isolated VLANs" that satisfy this claim limitation under the claim constructions adopted above.  As described above with respect to the "and a plurality of isolated ports, a selected isolated port of said plurality of isolated ports connected to a selected private network, said selected isolated port receiving packets from said selected private network and transmitting packets onto said selected private network" claim limitation, Arista's isolated ports also satisfy this claim limitation under the constructions proposed by the other parties.  Further, Arista's isolated ports exchange packets with promiscuous ports via an isolated VLAN, which is a path inside the switch, and cannot exchange packets with other isolated ports.  *See* Arneja Tr. 1136; Moisand Tr. 1187-1188; CX-0003C (Jeffay WS) at Q/A 170, Q/A 175-184, Q/A 231-236, Q/A 277; CX-0031C at 3, 5; CX-0032C at 55; CX-0033C at 2-3; CX-0034C at 2; CX-0036C at 179; CX-0044C at 1; CX-0045C at 50; CX-0047C at 81; CX-0048C at 91; CX-0075 at 763; CX-0948C at 7; CX-0026C at 137-9; JX-0028C (Kaza Dep. Tr.) 50;  JX-0036C (Sweeney Dep. Tr.) 131, 133,

176

377-378, 386-387; JX-0019C (Arneja Dep. Tr.) 53, 58, 83-84; CX-1200C at 48, 50, 52, 54; and

JX-0033C (Sadana Dep. Tr.) 97, 98.

Testimony adduced at the hearing demonstrates that the claim limitation is satisfied by

the accused products. Specifically, Arista's expert Mr. Moisand testified that, [



].'' Moisand Tr. 1182, 1187-1188. Arista's fact witness also testified that [



]:

[



].

JX-0019C (Arneja Dep. Tr.) 53; *see also* Arneja Tr. 1136-1138 ([

]).

This testimony is supported by documentary evidence in the form of Arista's EOS User

Manual, which states that "[i]solated VLAN ports carry unidirectional traffic from host ports to

primary VLAN ports," and that "[i]solated VLAN ports filter broadcast and multicast traffic

(Layer 2) from all other ports in the same isolated VLAN." CX-0075 at 763.

      2.      '592 Patent – Claim 7

      a.      **The switch of claim 6 further comprising:**

As discussed above, the Accused Private VLAN Products meet all the limitations of

claim 6 of the '592 patent.

> **b.** **a plurality of community ports, each of said community ports of said plurality of community ports receiving packets from a selected external network and transmitting packets onto said selected external network,**

The evidence adduced at the hearing shows that the Accused Private VLAN Products have "community ports" that meet this claim element under the claim constructions adopted above.[38] Specifically, Arista's community ports exchange packets with promiscuous ports by using VLANs and transfer packets to a designated number of other community ports. The accused products also satisfy this claim limitation under the claim construction proposed by the other parties because Arista's community ports are physical ports that can be connected to user devices and exchange packets with promiscuous ports using VLANs internal to the switch, including primary and community VLANs. *See* Arneja Tr. 1125-1126; Moisand Tr. 1189-1190, 1190; CX-0003C (Jeffay WS) at Q/A 212-216, Q/A 175-184; CX-0031C at 3, 5; CX-0032C at 55; CX-0033C at 2-3; CX-0034C at 2; CX-0036C at 179; CX-0044C at 1; CX-0045C at 50; CX-0047C at 81; CX-0048C at 94; CX-0075 at 763; CX-0948C at 7; CX-0026C at 137-9; JX-0036C (Sweeney Dep. Tr.) 52; CX-1208C at 376-377, 385-386; JX-0019C (Arneja Dep. Tr.) 54, 58. Moreover, Arista's community ports receive and transmit packets onto an external network as shown, for example, by Dr. Jeffay's test results. CX-0003C (Jeffay WS) at Q/A 175-184, Q/A 279.

Testimony adduced at the hearing demonstrates that Arista's community ports satisfy this claim limitation. For example, Mr. Moisand testified with respect to Arista's community VLAN functionality: "[

---

[38] The ports are sometimes referred to as "community VLAN ports." *See*, *e.g.*, CX-0075 at 763.

]." Moisand Tr. 1189, 1190.  In addition, Mr.

Arneja testified that [                                                          ]:

[

].

JX-0019C (Arneja Dep. Tr.) 58; *see* Arneja Tr. 1125-1126.

> **c.**    **each port of said community of ports exchanging packets through a path internal to said switch with said promiscuous port, and said each port of said community of ports exchanging packets with all ports of said plurality of community ports through a path within said switch, and said each port of said community of ports not exchanging packets with any other port of said switch through a path within said switch.**

The record evidence shows that the Accused Private VLAN Products have "community ports" and "community VLANs" that satisfy this claim limitation under the claim constructions adopted above.  As described with respect to claim limitation "a plurality of community ports, each of said community ports of said plurality of community ports receiving packets from a selected external network and transmitting packets onto said selected external network" above, Arista's community ports satisfy the claimed "community ports" limitation.  In addition, Arista's community ports satisfy this claim limitation under the constructions proposed by the other parties because they exchange packets with promiscuous ports and other designated community ports via a community VLAN, which is a path inside the switch, and do not exchange packets with any other ports (*e.g.*, an isolated port).  *See* Arneja Tr. 1138-1139; Moisand Tr. 1189-1190, 1183-1184; CX-0003C (Jeffay WS) at Q/A 169, Q/A 175-184, Q/A 240-245, Q/A 280; CX-0031C at 3, 5; CX-0032C at 55; CX-0033C at 2-3; CX-0034C at 2; CX-0036C at 179; CX-0044C at 1; CX-0045C at 50; CX-0048C at 94; CX-0047C at 81; CX-0048C at 7; CX-0075

179

at 763; CX-0948C at 7; CX-0026C at 137-39; JX-0036C (Sweeney Dep. Tr.) 52; CX-1208C at

376-377, 385-386; JX-0019C (Arneja Dep. Tr.) 54, 58; JX-0033C (Sadana Dep. Tr.) 97, 98.

Testimony adduced at the hearing demonstrates that the community ports and community

VLANs of the accused products satisfy this claim limitation. For example, Mr. Moisand testified

regarding Arista's community VLAN functionality: "[

].''

Moisand Tr. 1183-1184, 1190. Mr. Arneja also testified that [

]:

[

].

JX-0019C (Arneja Dep. Tr.) 54; *see* Arneja Tr. 1138-1139.

This testimony is supported by documentary evidence in the form of Arista's EOS User

Manual, which states that "[c]ommunity VLAN ports carry traffic from host ports to the primary

VLAN ports and to other host ports in the same community VLAN." CX-0075 at 763.

### 3.    '592 Patent – Claim 20

#### a.    A switch implementing virtual local area networks (VLANs) in a computer network, comprising:

For the reasons set forth above with respect to the limitation "A switch, comprising" from

claim 6, the record evidence shows that the Accused Private VLAN Products satisfy this claim

limitation under the adopted claim constructions, as well as the constructions proposed by the

other parties.

           **b.**      **a first isolated port assigned to a user to receive said user's packet from an external circuit connected to said first isolated port;**

For the reasons set forth above with respect to the limitation "and a plurality of isolated ports, a selected isolated port of said plurality of isolated ports connected to a selected private network, said selected isolated port receiving packets from said selected private network and transmitting packets onto said selected private network" from claim 6, the Accused Private VLAN Products satisfy this claim limitation under the adopted claim constructions, as well as the constructions proposed by the other parties. In addition, Arista's isolated ports receive packets from an external circuit in a computer connected to the isolated port as shown, for example, by Dr. Jeffay's test results. CX-0003C (Jeffay WS) at Q/A 175-184.

           **c.**      **and a selected promiscuous port to receive said packet through an isolated VLAN, said packet to be transferred to an external circuit connected to said promiscuous port,**

The record evidence demonstrates that the Accused Private VLAN Products have "[         ]" and "isolated VLANs" that satisfy this claim limitation under the claim constructions adopted above, as well as under the constructions proposed by the other parties. In particular, Arista's [        ] satisfy the limitations of the claimed "promiscuous port" element. Arista's isolated VLANs also meet the claimed "isolated VLAN" element because they are a VLAN that is a one-way connection from isolated ports to promiscuous ports that receives packets from isolated ports and transfers them to promiscuous ports, but that cannot carry packets received by a promiscuous port and cannot delivery packets to another isolated port. *See* Arneja Tr. 1136-1138; Moisand Tr. 1187-1188; CX-0003C (Jeffay WS) at Q/A 170, Q/A 175-184, Q/A 232-236; CX-0031C at 3, 5; CX-0032C at 55; CX-0033C at 2, 3; CX-0034C at 2; CX-0036C at 179; CX-0045C at 50; CX-0047C at 81; CX-0048C at 94; CX-0044C at 1;

CX-0075 at 763; CX-0948C at 7; CX-0026C at 137-39; JX-0036C (Sweeney Dep. Tr.) 131, 133, 377-378, 386-387; JX-0019C (Arneja Dep. Tr.) 53, 83-84, 58; CX-1200C at 48, 50, 52, 54; JX-0028C (Kaza Dep. Tr.) 50; JX-0033C (Sadana Dep. Tr.) 99-100, 100-101, 101, 105-106. In addition, Arista's [          ] receive packets through an isolated VLAN and transfer them to an external circuit as shown, for example, by Dr. Jeffay's test results. CX-0003C (Jeffay WS) at Q/A 175-183.

Testimony adduced at the hearing demonstrates that this claim element is met by Arista's [          ] and isolated VLANs. For example, Mr. Arneja testified that [


]:

[



].

JX-0019C (Arneja Dep. Tr.) 53; *see also* Arneja Tr. 1136-1137 ([


]).

This testimony is supported by documentary evidence in the form of Arista's EOS User Manual, which states that "[i]solated VLAN ports carry unidirectional traffic from host ports to primary VLAN ports," and that "[i]solated VLAN ports filter broadcast and multicast traffic (Layer 2) from all other ports in the same isolated VLAN." CX-0075 at 763.

> **d.** **said isolated VLAN configured as a one way connection from all isolated ports to all promiscuous ports and also configured to prevent any other isolated port from receiving said user's packets from said isolated VLAN,**

For the reasons set forth above with respect to the limitation "and a selected promiscuous port to receive said packet through an isolated VLAN, said packet to be transferred to an external

182

Case 1:18-cv-01486-UNA Document 47-33 Filed 05/10/19 Page 44 of 50 PageID #: 1350

circuit connected to said promiscuous port," the record evidence shows that the Accused Private

VLAN Products satisfy this claim limitation under the adopted claim constructions, as well as

the other constructions proposed by the parties. In addition, Arista's isolated VLANs are

configured as a one way connection from isolated ports to promiscuous ports and prevent other

isolated ports from receiving packets from the isolated VLAN as described above with respect to

the claim 6 element "said selected isolated port exchanging packets with said promiscuous port

through a path inside said switch, and said isolated port not exchanging packets with another

isolated port." This is further demonstrated, for example, by Dr. Jeffay's test results. CX-0003C

(Jeffay WS) at Q/A 175-184.

**e.     said all promiscuous ports also connected via a one way
primary VLAN to said all isolated ports.**

The record evidence shows that the Accused Private VLAN Products have "[

]" and primary "VLANs" satisfy this claim limitation under the adopted constructions, as

well as the constructions proposed by the other parties. As discussed with respect to the claim 6

limitation "a promiscuous port for receiving incoming packets from an external network, and for

transmitting outgoing packets to said external network," Arista's [              ] meet the

limitations of all constructions of the claimed "promiscuous ports" element. Arista's primary

VLANs also meet the claimed "primary VLAN" element under all constructions because they

are a VLAN that is a one way connection from promiscuous ports to isolated and community

ports which receive packets from promiscuous ports and transfer them to isolated and

community ports, but which cannot receive and transfer packets from isolated or community

ports. *See* CX-0003C (Jeffay WS) at Q/A 168, Q/A 175-184, Q/A 223-227, Q/A 283; Arneja Tr.

1132-1135; Moisand Tr. 1182-1183, 1185-1186; CX-0031C at 3, 5; CX-0032C at 55; CX-0033C

183

at 2, 3; CX-0034C at 2; CX-0036C at 179; CX-0045C at 50; CX-0047C at 81; CX-0048C at 94;

CX-0044C at 1; CX-0075 at 763; CX-0948C at 7; CX-0026C at 137-39.

Testimony adduced at the hearing shows that this claim limitation is satisfied by Arista's

[              ] and primary VLAN.   For example, Arista's technical expert Mr. Moisand testified

that, [

                    ]:

               [

                                                        ].

Moisand Tr. 1186.

Mr. Arneja also testified that [

                              ]:

          [

                              ].

JX-0019C (Arneja Dep. Tr.) 48; *see also* Arneja Tr. 1132-1135 ([

               ]).

This testimony is supported by documentary evidence in the form Arista's EOS User

Manual, which states that "[a] primary VLAN defines the entire broadcast domain," and that

"[p]rimary VLAN ports community with secondary VLAN ports and ports external to the private

VLAN." CX-0075 at 763.

184

4.    '592 Patent – Claim 21

      a.    **A switch implementing virtual local area networks (VLANs) in a computer network, comprising:**

For the reasons set forth above with respect to the limitation "A switch, comprising" from claim 6, the record evidence shows that the Accused Private VLAN Products satisfy this claim limitation under the adopted claim constructions, as well as the constructions proposed by the other parties.

      b.    **a plurality of community ports, including a first community port assigned to a user to receive said user's packet from an external circuit connected to said first community port;**

The Accused Private VLAN Products have "community ports" that satisfy this claim limitation under all claim for the reasons discussed above with respect to the claim 7 limitation "a plurality of community ports, each of said community ports of said plurality of community ports receiving packets from a selected external network and transmitting packets onto said selected external network." In addition, Arista's community ports receive packets from an external circuit connected to the community port as shown, for example, by Dr. Jeffay's test results. CX-0003C (Jeffay WS) at Q/A 175-184.

      c.    **and a plurality of promiscuous ports connected to external circuits**

For the reasons discussed above with respect to the claim 6 element "a promiscuous port for receiving incoming packets from an external network, and for transmitting outgoing packets to said external network," the record evidence shows that the Accused Private VLAN Products satisfy this claim limitation under all claim constructions.

185

        **d.**      **to receive said packet through a community VLAN, all other community ports connected to said community VLAN also receiving said packet, but not any other ports of said switch, said community VLAN configured as a one way connection from all community ports in said community VLAN to all promiscuous ports,**

The adduced evidence shows that the Accused Private VLAN Products have "community ports" and "community VLANs" that satisfy this claim limitation under all constructions. As discussed with respect to the claim 7 limitation "a plurality of community ports, each of said community ports of said plurality of community ports receiving packets from a selected external network and transmitting packets onto said selected external network," Arista's community ports satisfy the limitations of all constructions of the claimed "community ports" element. Arista's community VLANs also satisfy the claimed "community VLAN" limitation under all constructions because they are a VLANs that are one way connections from a community of ports to promiscuous ports that transfer packets from a community of ports to promiscuous ports and also to other community ports attached to the community VLAN, but that cannot transfer packets received by a promiscuous port. Arneja Tr. 1138-1139, 1139; Moisand Tr. 1189-1190; 1190, 1183-1184; CX-0003C (Jeffay WS) at Q/A 169, Q/A 175-184, Q/A 241-245; CX-0031C at 3, 5; CX-0032C at 55; CX-0033C at 2-3; CX-0034C at 2; CX-0036C at 179; CX-0044C at 1; CX-0045C at 50; CX-0048C at 94; CX-0047C at 81; CX-0048C at 7; CX-0075 at 763; CX-0948C at 7; CX-0026C at 137-39; JX-0019C (Arneja Dep. Tr.) 54, 58; JX-0028C (Kaza Dep. Tr.) 52; JX-0036C (Sweeney Dep. Tr.) 376-377, 385-386; JX-0033C (Sadana Dep. Tr.) 97, 98.

Testimony adduced at the hearing demonstrates that this claim limitation is satisfied by Arista's [       ] and primary VLAN. For example, Mr. Moisand testified that, [

186

]:

[

].

Moisand Tr. 1190.

Mr. Arneja also testified that [

]:

[

].

JX-0019C (Arneja Dep. Tr.) at 54; *see also* Arneja Tr. 1132-1134 (same), 1139 ([

]).

This testimony is supported by documentary evidence in the form of Arista's EOS User

Manual, which states that "[c]ommunity VLAN ports carry traffic from host ports to the primary

VLAN ports and to other host ports in the same community VLAN."  CX-0075 at 763.

> ### e.   said all promiscuous ports also connected via a one way primary VLAN to all community ports

As discussed above with respect to the claim 20 limitation "said all promiscuous ports

also connected via a one way primary VLAN to said all isolated ports," the evidence shows that

the Accused Private VLAN Products satisfy this limitation under all claim constructions.

187

5.     '145 Patent – Claim 5

a.     **A router, comprising:**

The record evidence demonstrates that the Accused Private VLAN Products meet the plain and ordinary meaning of "router" as adopted above because all of Arista's products are devices with routing capabilities.  The accused products also satisfy this limitation under the constructions proposed by Arista and the Staff because they are layer 3 (network layer) devices of the OSI reference model.  CX-0003C (Jeffay WS) at Q/A 146; CX-1220C (Jeffay RWS) at Q/A 17; CX-0076 at 1; CX-0075 at 45; *see* Duda Tr. 776.

b.     **a port connected to a shared network;**

The evidence shows that the "[                    ]" of the Accused Private VLAN Products satisfy this claim limitation under all claim constructions for the reasons discussed above with respect to the '592 patent claim 6 limitation "a promiscuous port for receiving incoming packets from an external network, and for transmitting outgoing packets to said external network."

c.     **a plurality of user ports;**

The evidence shows that the "isolated ports" of the Accused Private VLAN Products satisfy this claim limitation under all claim constructions for the reasons discussed above with respect to the '592 patent claim 6 limitation "and a plurality of isolated ports, a selected isolated port of said plurality of isolated ports connected to a selected private network, said selected isolated port receiving packets from said selected private network and transmitting packets onto said selected private network."

> d. **a first VLAN from the port connected to the shared network to the plurality of user ports, the first VLAN to receive packets from the shared network and transferring them to a designated user port, the first VLAN to reject packets from the user ports;**

The evidence shows that the "primary VLAN" of the Accused Private VLAN Products satisfy this claim limitation under all claim constructions for the reasons discussed above with respect to the '592 patent claim 20 limitation "said all promiscuous ports also connected via a one way primary VLAN to said all isolated ports."

> e. **a second VLAN from the plurality of user ports, the second VLAN to receive packets from the user ports and transferring them to the port connected to the shared network, the second VLAN to prevent transfer of packets from one of the user ports to other user ports, and the second VLAN also to reject packets from the shared network, in order to separate packet traffic of different users.**

The evidence shows that the "isolated VLAN" of the Accused Private VLAN Products satisfy this claim limitation under all claim constructions for the reasons discussed above with respect to the '592 patent claim 6 limitation "said selected isolated port exchanging packets with said promiscuous port through a path inside said switch, and said isolated port not exchanging packets with another isolated port."

6. **'145 Patent – Claim 7**

a. **A router, comprising:**

The record evidence demonstrates that the Accused Private VLAN Products meet the plain and ordinary meaning of "router" as adopted above because all of Arista's products are devices with routing capabilities. The accused products also satisfy this limitation under the constructions proposed by Arista and the Staff because they are layer 3 (network layer) devices