of the OSI reference model.  CX-0003C (Jeffay WS) at Q/A 146; CX-1220C (Jeffay RWS) at Q/A 17; CX-0076 at 1; CX-0075 at 45; *see* Duda Tr. 776.

### b.    one or more promiscuous ports;

The evidence shows that the "[                    ]" of the Accused Private VLAN Products satisfy this claim limitation under all claim constructions for the reasons discussed above with respect to the '592 patent claim 6 limitation "a promiscuous port for receiving incoming packets from an external network, and for transmitting outgoing packets to said external network."

### c.    one or more isolated ports;

The evidence shows that the "isolated ports" of the Accused Private VLAN Products satisfy this claim limitation under all claim constructions for the reasons discussed above with respect to the '592 patent claim 6 limitation "and a plurality of isolated ports, a selected isolated port of said plurality of isolated ports connected to a selected private network, said selected isolated port receiving packets from said selected private network and transmitting packets onto said selected private network."

### d.    one or more community ports;

The evidence shows that the "community ports" of the Accused Private VLAN Products satisfy this claim limitation under all claim constructions for the reasons discussed above with respect to the '592 patent claim 6 limitation "a plurality of community ports, each of said community ports of said plurality of community ports receiving packets from a selected external network and transmitting packets onto said selected external network."

190

    e.      **a primary VLAN, the primary VLAN to receive packets from outside of the router through the one or more promiscuous ports and to transfer the packets to a selected one of the one or more isolated ports and to transfer the packets to the one or more community ports, the primary VLAN to reject packets from the one or more isolated ports and to reject packets from the one or more community ports;**

The evidence shows that the "primary VLAN" of the Accused Private VLAN Products satisfy this claim limitation under all claim constructions for the reasons discussed above with respect to the '592 patent claim 20 limitation "said all promiscuous ports also connected via a one way primary VLAN to said all isolated ports." In addition, Arista's primary VLANs are configured to reject packets from the one or more isolated ports and community ports, as shown, for example, by Dr. Jeffay's test results. CX-0003C (Jeffay WS) at Q/A 175-184.

    f.      **an isolated VLAN, the isolated VLAN to receive packets from outside of the router through an isolated port of the one or more isolated ports and to transfer the packets to the one or more promiscuous ports, the isolated VLAN to prevent transfer of the packets from the isolated port to another isolated port of the one or more isolated ports, and the isolated VLAN to prevent transfer of the packets from the isolated port to the one or more community ports, and the isolated VLAN to reject packets from the one or more promiscuous ports;**

The evidence shows that the "isolated VLAN" of the Accused Private VLAN Products satisfy this claim limitation under all claim constructions for the reasons discussed above with respect to the '592 patent claim 6 limitation "said selected isolated port exchanging packets with said promiscuous port through a path inside said switch, and said isolated port not exchanging packets with another isolated port." In addition, Arista's isolated VLANs are configured to reject packets from the one or more promiscuous ports, as shown, for example, by Dr. Jeffay's test results. CX-0003C (Jeffay WS) at Q/A 175-184.

191

> g. and a community VLAN, the community VLAN to receive packets from outside of the router at a community port of the one or more community ports and to transfer the packets to the one or more promiscuous ports and to transfer the packets to any other community ports, the community VLAN to prevent transfer of packets to the one or more isolated ports, the community VLAN to reject packets from the one or more promiscuous ports.

The evidence shows that the "community VLAN" of the Accused Private VLAN Products satisfy this claim limitation under all claim constructions for the reasons discussed above with respect to the '592 patent claim 21 limitation "to receive said packet through a community VLAN, all other community ports connected to said community VLAN also receiving said packet, but not any other ports of said switch, said community VLAN configured as a one way connection from all community ports in said community VLAN to all promiscuous ports." In addition, Arista's community VLANs are configured to reject packets from the one or more promiscuous ports, as shown, for example, by Dr. Jeffay's test results. CX-0003C (Jeffay WS) at Q/A 175-184.

### 7. '145 Patent – Claim 45

> a. A computer readable medium containing executable program instructions for operating a router, the executable program instructions comprising program instructions configured to:

The record evidence shows that the Accused Private VLAN Products satisfy this claim limitation under all claim constructions for the reasons discussed above with respect to the '145 patent claim 5 limitation "A router, comprising." In addition, EOS is the operating system software on Arista's devices that controls the devices and provides an interface for configuration. CX-0003C (Jeffay WS) at Q/A 132-134; CX-0075 at 45.

192

     **b.**      **establish a first VLAN from a port connected to a shared network to a plurality of user ports, the first VLAN to receive packets from the shared network and to transfer them to one or more of the user ports, the first VLAN to reject any packets received from the user ports;**

The evidence shows that the "primary VLAN" of the Accused Private VLAN Products satisfy this claim limitation under all claim constructions for the reasons discussed above with respect to the '592 patent claim 20 limitation "said all promiscuous ports also connected via a one way primary VLAN to said all isolated ports." In addition, Arista's primary VLANs are configured to reject packets from the one or more isolated ports and community ports, as shown, for example, by Dr. Jeffay's test results. CX-0003C (Jeffay WS) at Q/A 175-184.

     **c.**      **establish a second VLAN from the plurality of user ports, the second VLAN to receive packets from the user ports and to transfer them to the port connected to the shared network, the second VLAN to prevent transfer of packets from one of the user ports to other user ports, and the second VLAN also to reject packets from the shared network, to thereby separate packet traffic of different users.**

The evidence shows that the "isolated VLAN" of the Accused Private VLAN Products satisfy this claim limitation under all claim constructions for the reasons discussed above with respect to the '592 patent claim 6 limitation "said selected isolated port exchanging packets with said promiscuous port through a path inside said switch, and said isolated port not exchanging packets with another isolated port." In addition, Arista's isolated VLANs are configured to reject packets from the shared network, as shown, for example, by Dr. Jeffay's test results. CX-0003C (Jeffay WS) at Q/A 175-184.

193

8. **'145 Patent – Claim 46**

   a. **A computer readable medium containing executable program instructions for operating a router, the executable program instructions comprising program instructions configured to:**

The record evidence shows that the Accused Private VLAN Products satisfy this claim limitation under all claim constructions for the reasons discussed above with respect to the '145 patent claim 5 limitation "A router, comprising." In addition, EOS is the operating system software on Arista's devices that controls the devices and provides an interface for configuration. CX-0003C (Jeffay WS) at Q/A 132-134; CX-0075 at 45.

   b. **establish a primary VLAN, the primary VLAN to receive packets from outside of the router through the one or more promiscuous ports and to transfer the packets to one or more community ports, the primary VLAN to reject packets received from the one or more community ports;**

The evidence shows that the "primary VLAN" and "community ports" of the Accused Private VLAN Products satisfy this claim limitation under all claim constructions for the reasons discussed above with respect to the '592 patent claim 20 limitation "said all promiscuous ports also connected via a one way primary VLAN to said all isolated ports" and the '592 patent claim 7 limitation "a plurality of community ports, each of said community ports of said plurality of community ports receiving packets from a selected external network and transmitting packets onto said selected external network," respectively. In addition, Arista's primary VLANs are configured to reject packets from the one or more isolated ports and community ports, as shown, for example, by Dr. Jeffay's test results. CX-0003C (Jeffay WS) at Q/A 175-184.

194

      c.     **and establish a community VLAN, the community VLAN to receive packets from outside the router on a community port of the one or more community ports and to transfer the packets to the one or more promiscuous ports and to transfer the packets to any other community ports of the one or more community ports, the community VLAN rejecting packets received from the one or more promiscuous ports.**

The evidence shows that the "community ports," "community VLANs," and "[

]" of the Accused Private VLAN Products satisfy this claim limitation under all claim

constructions for the reasons discussed above with respect to the '592 patent claim 7 limitation

"a plurality of community ports, each of said community ports of said plurality of community

ports receiving packets from a selected external network and transmitting packets onto said

selected external network," the '592 patent claim 7 limitation "each port of said community of

ports exchanging packets through a path internal to said switch with said promiscuous port, and

said each port of said community of ports exchanging packets with all ports of said plurality of

community ports through a path within said switch, and said each port of said community of

ports not exchanging packets with any other port of said switch through a path within said

switch," and the '592 patent claim 6 limitation "a promiscuous port for receiving incoming

packets from an external network, and for transmitting outgoing packets to said external

network," respectively.

In addition, Arista's community VLANs are configured to reject packets received from

the one or more promiscuous ports, as shown, for example, by Dr. Jeffay's test results. CX-

0003C (Jeffay WS) at Q/A 175-184.

      **9.    Arista's Non-Infringement Arguments**

Arista raises several arguments in support of its position that the accused products do not

infringe the asserted claims of the '592 and '145 patents. These arguments are addressed below.

a. **Arista's Argument That Virtual LANs Do Not Process Packets**

Arista introduces this non-infringement argument by first establishing that all asserted claims of the Private VLAN Patents require VLANs to process, receive, transmit, transfer, and reject packets. RX-3910C (Moisand RWS) at Q/A 34, Q/A 36, Q/A 90, Q/A 96; *see* Resp. Br. at 314. Arista then argues that, inasmuch as VLANs are abstract concepts that do not actually exist, and therefore cannot perform the claimed functions, there can be no infringement because Cisco has failed to identify the components that perform these functions. RX-3910C (Moisand RWS) at Q/A 10, Q/A 22; *see* Resp. Br. at 315-16. Arista's argument fails for the reasons set forth below.

As an initial matter, Arista's argument that VLANs are an "abstract concept" is directly contradicted by Arista's pre-litigation documents. In particular, Arista EOS User Manual specifically defines VLANs as "layer 2 structures" and refers to Arista's private VLANs as a "network structure." CX-0075 at 761, 762. This definition of VLANs as real, and not an abstract concept, is confirmed by the understanding of those skilled in the art. In particular, the 802.1Q-1998 standard itself defines a VLAN as "[a] subset of the active topology of a Bridged Local Area Network" where the "active topology" is "the set of communication paths formed by interconnecting the LANs and Bridges by the forwarding Ports." RX-0186 at 9, 30; CX-1220C (Jeffay RWS) at Q/A 19. Thus, as Dr. Jeffay testified, [

]." Jeffay Tr. 517; *see* CX-0031C at 5; JX-0019C (Arneja Dep. Tr.) 56, 77, 79; JX-0036C (Sweeney Dep. Tr.) 382-383.

Arista's argument that VLANs cannot process, receive, transmit, transfer, or reject packets is also contradicted by Arista's own documents and fact witness testimony. For example, Mr. Arneja testified that [                                        ]. JX-0019C

196

(Arneja Dep. Tr.) 48; Arneja Tr. 1130-1132.  Moreover, an Arista User Manual states that

"[

]."  CX-0075 at 763.  In addition, Arista's Private VLAN testing documents state that

[

].  CX-0031C at 4.  Arista's technical

documents and witness testimony are consistent with how those skilled in the art understand

VLANs.  CX-1220C (Jeffay RWS) at Q/A 228-234.

Testimony from Arista's witnesses also confirms that there are hardware and software

structures in the Accused Private VLAN Products that implement the claimed functionality.  In

particular, Mr. Moisand testified several times that [

].

Moisand Tr. 1192-1193.  Mr. Arneja also testified [

]:

[

].

Arneja Tr. 1153.

Appx888.208

As Dr. Jeffay testified, the hardware and software structures identified by Mr. Moisand and Mr. Arneja implement the claimed VLANs. CX-0003C (Jeffay WS) at Q/A 228-234, Q/A 365. Indeed, the patents themselves identify ASIC switching chips, and software data structures such as Color Blocking Logic and assignment tables, as the means by which the claimed VLANs are created. JX-0005 ('592 patent) at col. 2, lns. 63-67; col. 6, lns. 3-17. Thus, Arista explicitly admits that it uses the hardware and software structures disclosed in the Private VLAN Patents to implement the accused private VLAN functionality on its products. Jeffay Tr. 517.

### b. Arista's Argument That Its VLANs Are Not One-Way Connections

Arista also argues that there is no one-way connection between ports as required by the asserted claims because the path within its networking chips are the same regardless of the direction the packets are sent. RX-3910C (Moisand RWS) at Q/A 98-100; *see* Resp. Br. at 315-28. This argument discounts the evidence showing how traffic is handled when Private VLANs are configured, resulting in a one way connection between one type of port to another port using a specific VLAN. Thus, for example, [



]. CX-0003C (Jeffay WS) at Q/A 366, Q/A 176-184; CX-0075 at 763; JX-0019C (Arneja Dep. Tr.) 75, 81, 54; Arneja Tr. 1134-1135, 1135, 1136-1137, 1137-1138. [



]. JX-0019C (Arneja Dep. Tr.) 75, 81, 54; Arneja Tr. 1134-1135, 1135, 1136-1137, 1137-1138. These are thus one way connections, a fact reflected in an Arista User

Appx888.209

Manual that states, "[i]solated VLAN ports carry unidirectional traffic from host ports to primary VLAN ports."  CX-0075 at 763.

### c.    Arista's Argument That Its Isolated Ports Do Not Prevent the Exchange of Packets

With respect to claim 6 of the '592 patent, Arista argues that there is no infringement because its isolated ports can exchange packets through layer 3 forwarding.  RX-3910C (Moisand RWS) at Q/A 112; *see* Resp. Br. at 328-30.  Under Arista's theory there is no infringement because a packet can be exchanged from an isolated port to a promiscuous port, and then exit the device entirely using layer 3 forwarding to a different external device, where it would then be routed back to the original device and exchanged from the promiscuous port to another isolated port.  Testimony adduced at the hearing, however, demonstrates that the forwarding behavior of such a hypothetical external device has nothing to do with the invention of the Private VLAN patents.  Edsall Tr. 403-404.  Moreover, even in the hypothetical situation proposed by Arista, the isolated ports still do not exchange with packets each other.  Instead, the packets are exchanged to and from the promiscuous port using isolated and primary VLANs, respectively.  CX-0003C (Jeffay WS) at Q/A 367; JX-0019C (Arneja Dep. Tr.) 56, 54.

### d.    Arista's Argument That Cisco Merely Relies on a Naming Convention

Arista also argues that Cisco relies mainly on Arista's use of terms such as "promiscuous," "isolated," and "community" to prove infringement.  RX-3910C (Moisand RWS) at Q/A 11-13; *see* Resp. Br. at 330-31.  Nevertheless, as discussed above, Cisco's proof of infringement is based on analysis of Arista's technical documents, source code, and witness testimony, as well as tests performed by Dr. Jeffay confirming the presence of the accused

Appx888.210

functionality in the accused products.  Jeffay Tr. 505-506; CX-0003C (Jeffay WS) at Q/A 368.
This defense, therefore, cannot succeed.

### C.    Indirect Infringement

#### 1.    Direct Infringement of the Private VLAN Patents in the United States

The record evidence shows that Arista's customers use private VLAN on the Accused
Private VLAN Products in the United States, thereby infringing the private VLAN patents.
CX-0003C (Jeffay WS) at Q/A 403; CX-0599.  These customers include, for example, [

                                                    ].  CX-0003C (Jeffay WS) at
Q/A 404-407; CPX-0241C; CX-0051C; CPX-0239C; CPX-0235C.  The evidence shows that the
accused Private VLAN functionality is configured and used by Arista's customers to meet each
limitation of each of the asserted claims in the United States and, moreover, that [

                                                      ] Arista is aware
of its customers' use of Private VLAN.  *See, e.g.*, CX-0003C (Jeffay WS) at Q/A 408-414;
CX-0962C; CPX-200C; CPX-0201C; CPX-0202C; CPX-0203C; CPX-0204C; CPX-0205C;
CPX-0206C; CPX-0207C; CPX-0208C; CPX-0209C; CPX-0233C; CPX-0234C; CPX-0236C,
CPX-0237C, CPX-0238C, CPX-0242C; CPX-0240C; JX-0033C (Sadana Dep. Tr.) 55-57,
77-78, 99-106, 110-111.

Arista argues that there cannot be direct infringement of the '537 patent at the time of
importation because [                                        ].  *See,
e.g.*, RX-3909C (Hollingsworth WS) at Q/A 132-145.  Nevertheless, as discussed above in the
section addressing importation issues, the record evidence shows that [

                    ].  This alone is sufficient to establish direct infringement at the time of

200

importation. *See, e.g., Certain Absorbent Garments*, Inv. No. 337-TA-508, Order No. 16, 2004

WL 2251882, at *2 (Aug. 20, 2004). In addition, [

]. *See, e.g.*, CX-1349C (Benson WS) at Q/A 15,

Q/A 21-27; Benson Tr. 1438-1439, 1454, 1456, 1460-1461. It was established that [

]. *See* Benson Tr. 1448.

## 2. Induced Infringement of the Private VLAN Patents

Arista is liable for inducing third parties to infringe the '592 and '145 patents. Arista

knowingly induces infringement by encouraging, instructing, and enabling third parties to use the

Accused Products in a manner that infringes the asserted claims of the '592 and '145 patents.

*See, e.g.*, CX-0003C (Jeffay WS) Q/A 416-425. For example, Arista advertises private VLAN as

a supported feature on the Accused Private VLAN Products, and Arista's User Manual describes

in detail the private VLAN (private-vlan) commands, provides the command syntax and

parameters, and includes an example of how to use the commands to configure private VLAN.

CX-0075 (Arista User Manual EOS v. 4.14.3F at 768–69); CX-0076. Arista's witnesses testified

that its users can configure these private VLAN functionalities using the commands provided by

Arista. Moisand Tr. 1181-1184; *see* Jeffay Tr. 522.

Arista's sales and promotion of the switch hardware also induces infringement of the

'592 and '145 patents because the hardware is designed to run the EOS software, which contains

the infringing functionality. *See, e.g.*, Arneja Tr. 1153-1154; Duda Tr. 861; Metivier Tr. 1167,

1173; CX-0035C; JX-0026C (Duda Dep. Tr.) 204-207, 273-275; JX-0033C (Sadana Dep. Tr.)

110-111; CX-0003C (Jeffay WS) Q/A 388-402.

Appx888.212

### 3.  Contributory Infringement of the Private VLAN Patents

Arista is also liable for contributory infringement of the '592 and '145 patents.  The

components implicated in contributory infringement of the '592 and '145 patents are the

Accused Products with EOS, which is a material part of the invention with no substantial

noninfringing use.  Arista's contention that [

]  does not absolve Arista of its contributory infringement liability.  *See,*

*e.g.*, CX-0003C (Jeffay WS) Q/A 384-387.  Focusing on just the switch hardware as the

infringing component, all asserted claims of the private VLAN patents refer to and require

switch hardware, and thus switch hardware, [

], is a material part of the

invention described in the private VLAN patents.  Arista's technical expert, Mr. Moisand,

testified that all asserted claims of the '145 patent refer to "a router," and that all asserted claims

of the '592 patent refer to "a switch."  Moisand Tr. 1195.

The switch hardware has no substantial non-infringing uses because [

].  *See,*

*e.g.*, Arneja Tr. 1153-1154; CX-0003C (Jeffay WS) Q/A 388-402.  In addition to Arista's User

Manuals (*e.g.*, CX-0075), which discuss private VLAN in EOS, testimony from Arista executive

Mr. Sadana confirmed that [

].  JX-0033C (Sadana Dep. Tr.) 110-111.  Moreover, Cisco has

adduced [                                                                                            ].  *See,*

*e.g.*, Duda Tr. 861; Metivier Tr. 1167, 1173; CX-0035C; JX-0026C (Duda Dep. Tr.) 204-207,

273-275.  [

], also contribute to infringement because [

202

], and lack any actual substantial noninfringing use identified by Arista. *See, e.g.*, JX-0026C (Duda Dep. Tr.) 204-205; CX-0003C (Jeffay WS) Q/A 388-402.

### D.     Technical Prong of the Domestic Industry Requirement

As detailed below, the record evidence demonstrates that Cisco's Private VLAN DI Products practice the asserted claims of the '592 and '145 patents. Cisco's expert Dr. Jeffay testified that the technical prong of the domestic industry requirement has been satisfied based on analysis of Cisco's technical documentation and source code, as well as his own independent testing that verified the presence of the claimed functionality. CX-0003C (Jeffay WS) at Q/A 442-449, Q/A 498-499, Q/A 503-504, Q/A 513-516. Additionally, named inventor Mr. Edsall also testified as to the functionality of Cisco's Private VLAN DI Products. CX-0004C (Edsall WS) at Q/A 165-217.

### 1.     '592 Patent – Claim 6

#### a.     A switch, comprising:

The record evidence shows that the Cisco Private VLAN DI Products practice this claim limitation under all claim constructions. The Cisco products meet the plain and ordinary meaning of "switch" as adopted above because they are devices with switching capabilities. They also practice this limitation under the construction proposed by Arista and the Staff because they are layer 2 (data link layer) devices and layer 2 (L2) switches. CX-0003C (Jeffay WS) at Q/A 441-449, Q/A 498-499, Q/A 503-504, Q/A 513-516; CX-0062 at 1; CX-0067 at 1; CX-0068

Appx888.214

at xlv; CX-0069 at 3; CX-0070; CX-0071 at 5; CX-0072 at 17-1; CX-0073 at 1-1; CX-0078 at 1;

CX-0079 at 3; CX-0080 at 3; CX-0081 at 18-1; CX-0082 at 1-2.

> **b.**   **a promiscuous port for receiving incoming packets from an external network, and for transmitting outgoing packets to said external network;**

The evidence demonstrates that Cisco's Private VLAN DI Products have "promiscuous

ports" that practice this claim limitation under all constructions. Applying the construction

adopted above, this limitation is satisfied because Cisco's promiscuous ports exchange packets

with isolated and community ports by use of VLANs. The limitation is also satisfied under the

construction proposed by Arista and the Staff because Cisco's promiscuous ports are physical

ports that can be connected to layer 3 or 4 devices and connect to VLANs internal to the switch,

including primary, isolated, and community VLANs, for transmission and receipt of packets.

*See* CX-0003C (Jeffay WS) at Q/A 447, Q/A 454-493, Q/A 498-499, Q/A 503-504, Q/A

513-516; CX-0062; CX-0067; CX-0068 at 15-2; CX-0069 at 21; CX-0070; CX-0071 at 59;

CX-0072 at 24-3; CX-0073 at 20-2; CX-0078 at 25; CX-0079 at 27; CX-0080 at 43; CX-0081 at

44-4; CX-0082 at 16-2. In addition, Cisco's promiscuous ports are designed for receiving

incoming packets from an external network, and for transmitting outgoing packets to said

external network as shown, for example, by Dr. Jeffay's test results. CX-0003C (Jeffay WS) at

Q/A 483-489.

> **c.**   **and a plurality of isolated ports, a selected isolated port of said plurality of isolated ports connected to a selected private network, said selected isolated port receiving packets from said selected private network and transmitting packets onto said selected private network,**

Cisco adduced evidence to show that the "isolated ports" of Cisco's Private VLAN DI

Products practice this claim limitation under all proposed constructions. This limitation is

Appx888.215

satisfied under the claim constructions adopted above because Cisco's "isolated ports" exchange packets with promiscuous ports by use of VLANs, but cannot transfer packets to other isolated ports.  This limitation is also satisfied under the claim constructions proposed by Arista and the Staff because the isolated ports are physical ports that can be connected to user devices and exchange packets with promiscuous ports using VLANs internal to the switch, including primary and isolated VLANs.  *See* CX-0003C (Jeffay WS) at Q/A 448, Q/A 454-493, Q/A 498-499, Q/A 503-504, Q/A 513-516; CX-0062; CX-0067; CX-0068 at 15-2; CX-0069 at 21; CX-0070; CX-0071 at 59; CX-0072 at 24-3; CX-0073 at 20-2; CX-0078 at 25; CX-0079 at 27; CX-0080 at 43; CX-0081 at 44-4; CX-0082 at 16-2.  In addition, Cisco's "isolated ports" can connect to a private network and receive and transfer packets to that private network as shown, for example, by Dr. Jeffay's test results.  CX-0003C (Jeffay WS) at Q/A 483-489.

> **d.**     **said selected isolated port exchanging packets with said promiscuous port through a path inside said switch, and said isolated port not exchanging packets with another isolated port.**

The evidence shows that the "isolated ports" and "isolated VLANs" of Cisco's Private VLAN DI Products practice this claim limitation under all proposed constructions.  As described above with respect to the limitation "and a plurality of isolated ports, a selected isolated port of said plurality of isolated ports connected to a selected private network, said selected isolated port receiving packets from said selected private network and transmitting packets onto said selected private network," Cisco's isolated ports meet this limitation.  In addition, Cisco's isolated ports exchange packets with promiscuous ports via an isolated VLAN, which is a path inside the switch, and cannot exchange packets with other isolated ports.  *See* CX-0003C (Jeffay WS) at Q/A 441-449, Q/A 498-499, Q/A 503-504, Q/A 513-516; CX-0062; CX-0067; CX-0068 at 15-3;

Appx888.216

CX-0069 at 21; CX-0070; CX-0071 at 60; CX-0072 at 24-3; CX-0073 at 20-3; CX-0078 at 25; CX-0079 at 27; CX-0080 at 44; CX-0081 at 44-4; CX-0082 at 16-3.  For example, Cisco's Layer 2 Switching Configuration Guide for Cisco Nexus 3000 Switch Series states that "[a]n isolated port is a host port that belongs to an isolated secondary VLAN.  This port has complete isolation from other ports within the same PVLAN domain, except that it can communicate with associated promiscuous ports."  CX-0069 at 21; *see* CX-0003C (Jeffay WS) at Q/A 483-489.

### 2.    '592 Patent – Claim 7

#### a.    The switch of claim 6 further comprising:

As discussed above, the Cisco Private VLAN DI Products practice all limitations of claim 6 of the '592 patent.

#### b.    a plurality of community ports, each of said community ports of said plurality of community ports receiving packets from a selected external network and transmitting packets onto said selected external network,

The record evidence shows that the "community ports" of Cisco's Private VLAN DI Products practice this claim limitation under all proposed constructions.  This limitation is satisfied under the adopted claim construction because Cisco's community ports exchange packets with promiscuous ports by use of VLANs and transfer packets to a designated number of other community ports.  It is likewise satisfied under the construction proposed by Arista and the Staff because Cisco's community ports are physical ports that can be connected to user devices and exchange packets with promiscuous ports using VLANs internal to the switch, including primary and community VLANs.  *See* CX-0003C (Jeffay WS) at Q/A 449, Q/A 454-493, Q/A 498-499, Q/A 503-504, Q/A 513-516; CX-0062; CX-0067; CX-0068 at 15-2; CX-0069 at 21; CX-0070; CX-0071 at 59; CX-0072 at 24-3; CX-0073 at 20-2; CX-0078 at 25; CX-0079 at 27; CX-0080 at 43; CX-0081 at 44-4; CX-0082 at 16-2.  In addition, Cisco's community ports

206

receive and transmit packets onto an external network as shown, for example, by Dr. Jeffay's test results. CX-0003C (Jeffay WS) at Q/A 483-489.

> c. **each port of said community of ports exchanging packets through a path internal to said switch with said promiscuous port, and said each port of said community of ports exchanging packets with all ports of said plurality of community ports through a path within said switch, and said each port of said community of ports not exchanging packets with any other port of said switch through a path within said switch.**

Evidence adduced at the hearing demonstrates that the "community ports" and "community VLANs" of Cisco's Private VLAN DI Products practice this claim limitation under all constructions. As described above with respect to the "a plurality of community ports, each of said community ports of said plurality of community ports receiving packets from a selected external network and transmitting packets onto said selected external network" limitation, Cisco's "community ports" meet the limitations of all constructions of the claimed "community ports" element. In addition, Arista's community ports exchange packets with promiscuous ports and other designated community ports via a community VLAN, which is a path inside the switch, and do not exchange packets with any other ports (*e.g.*, an isolated port). CX-0003C (Jeffay WS) at Q/A 453, Q/A 454-493, Q/A 498-499, Q/A 503-504, Q/A 513-516; CX-0062; CX-0067; CX-0068 at 15-3; CX-0069 at 21; CX-0070; CX-0071 at 60; CX-0072 at 24-3; CX-0073 at 20-3; CX-0078 at 25; CX-0079 at 27; CX-0080 at 44; CX-0081 at 44-4; CX-0082 at 16-3. For example, Cisco's Layer 2 Switching Configuration Guide for Cisco Nexus 3000 Switch Series states:

> A community VLAN is a secondary VLAN that carries upstream traffic from the community ports to the promiscuous port and to other host ports in the same community . . . . The ports within one community can communicate, but these ports cannot communicate with ports in any other community or isolated VLAN in the private VLAN.

CX-0069 at 21.

This was also confirmed by Dr. Jeffay's test results. CX-0003C (Jeffay WS) at Q/A 483-489.

### 3.    '592 Patent – Claim 20

#### a.    A switch implementing virtual local area networks (VLANs) in a computer network, comprising:

For the reasons discussed above with respect to the "A switch, comprising" limitation of claim 6, the Cisco Private VLAN DI Products practice this claim limitations under all constructions.

#### b.    a first isolated port assigned to a user to receive said user's packet from an external circuit connected to said first isolated port;

As discussed in connection with the "and a plurality of isolated ports, a selected isolated port of said plurality of isolated ports connected to a selected private network, said selected isolated port receiving packets from said selected private network and transmitting packets onto said selected private network" limitation of claim 6, the evidence shows that the "isolated ports" of Cisco's Private VLAN DI Products meet this claim element under all proposed constructions. In addition, Cisco's isolated ports receive packets from an external circuit in a computer connected to the isolated port as shown, for example, by Dr. Jeffay's test results. CX-0003C (Jeffay WS) at Q/A 483-489.

#### c.    and a selected promiscuous port to receive said packet through an isolated VLAN, said packet to be transferred to an external circuit connected to said promiscuous port,

The evidence of record establishes that Cisco's Private VLAN DI Products have "promiscuous ports" and "isolated VLANs" that practice this claim limitation under all constructions. As described above with respect to the claim 6 limitation "a promiscuous port for

208

receiving incoming packets from an external network, and for transmitting outgoing packets to said external network," Cisco's promiscuous ports meet the limitations of all proposed constructions of the claimed "promiscuous port" element. Cisco's isolated VLAN also meets the claimed "isolated VLAN" element under all proposed constructions because it is a VLANs that is a one-way connection from isolated ports to promiscuous ports that receives packets from isolated ports and transfers them to promiscuous ports, but that cannot carry packets received by a promiscuous port and cannot delivery packets to another isolated port. *See* CX-0003C (Jeffay WS) at Q/A 441-449, Q/A 498-499, Q/A 503-504, Q/A 513-516; CX-0062; CX-0067; CX-0068 at 15-3; CX-0069 at 21; CX-0070; CX-0071 at 60; CX-0072 at 24-3; CX-0073 at 20-3; CX-0078 at 25; CX-0079 at 27; CX-0080 at 44; CX-0081 at 44-4; CX-0082 at 16-3. For example, Cisco's Layer 2 Switching Configuration Guide for Cisco Nexus 3000 Switch Series states:

> An isolated VLAN is a secondary VLAN that carries unidirectional traffic upstream from the hosts toward the promiscuous ports. You can configure only one isolated VLAN in a PVLAN domain. An isolated VLAN can have several isolated ports. The traffic from each isolated port also remains completely separate.

CX-0069 at 21.

In addition, Cisco's promiscuous ports receive packets through an isolated VLAN and transfer them to an external circuit as shown, for example, by Dr. Jeffay's test results. CX-0003C (Jeffay WS) at Q/A 483-489.

> **d.      said isolated VLAN configured as a one way connection from all isolated ports to all promiscuous ports and also configured to prevent any other isolated port from receiving said user's packets from said isolated VLAN,**

As discussed above with respect to the "and a selected promiscuous port to receive said packet through an isolated VLAN, said packet to be transferred to an external circuit connected

to said promiscuous port" limitation, Cisco's Private VLAN DI Products practice this claim

limitation under all proposed constructions.  In addition, Cisco's isolated VLANs are configured

as a one way connection from isolated ports to promiscuous ports and prevent other isolated

ports from receiving packets from the isolated VLAN as described above with respect to the

claim 6 limitation "said selected isolated port exchanging packets with said promiscuous port

through a path inside said switch, and said isolated port not exchanging packets with another

isolated port."  This is further demonstrated, for example, by Dr. Jeffay's test results.  CX-0003C

(Jeffay WS) at Q/A 483-489.

### e.   said all promiscuous ports also connected via a one way primary VLAN to said all isolated ports.

Cisco adduced evidence showing that Cisco's Private VLAN DI Products have

"promiscuous ports" and "primary VLANs" that practice this claim limitation under all proposed

constructions.  As described with respect to the claim 6 limitation "a promiscuous port for

receiving incoming packets from an external network, and for transmitting outgoing packets to

said external network" above, Cisco's promiscuous ports meet the limitations of all proposed

constructions of the claimed "promiscuous ports" element.  Cisco's primary VLANs also meet

the claimed "primary VLAN" element under all proposed constructions because they are a

VLAN that is a one way connection from promiscuous ports to isolated and community ports

which receive packets from promiscuous ports and transfer them to isolated and community

ports, but which cannot receive and transfer packets from isolated or community ports. *See*

CX-0003C (Jeffay WS) at Q/A 450-451, Q/A 454-493, Q/A 498-499, Q/A 503-504, Q/A

513-516; CX-0062; CX-0067; CX-0068 at 15-3; CX-0069 at 21; CX-0070; CX-0071 at 60;

CX-0072 at 24-3; CX-0073 at 20-3; CX-0078 at 25; CX-0079 at 27; CX-0080 at 44; CX-0081 at

210

44-4; CX-0082 at 16-3.  For example, Cisco's Layer 2 Switching Configuration Guide for Cisco

Nexus 3000 Switch Series states that "[t]he primary VLAN carries traffic from the promiscuous

ports to the host ports, both isolated and community, and to other promiscuous ports."  CX-0069

at 21.  The functionality of Cisco's primary VLANs is also confirmed by Dr. Jeffay's test results.

CX-0003C (Jeffay WS) at Q/A 483-489.

### 4.  '592 Patent – Claim 21

#### a.  A switch implementing virtual local area networks (VLANs) in a computer network, comprising:

For the reasons discussed above with respect to the "A switch, comprising" limitation of

claim 6, the Cisco Private VLAN DI Products practice this claim limitations under all

constructions.

#### b.  a plurality of community ports, including a first community port assigned to a user to receive said user's packet from an external circuit connected to said first community port;

The evidence shows that the "community ports" of Cisco's Private VLAN DI Products

practice this claim limitation under all proposed constructions for the reasons set forth above

with respect to the claim 7 limitation "a plurality of community ports, each of said community

ports of said plurality of community ports receiving packets from a selected external network and

transmitting packets onto said selected external network."  In addition, Cisco's community ports

receive packets from an external circuit connected to the community port as shown, for example,

by Dr. Jeffay's test results.  CX-0003C (Jeffay WS) at Q/A 483-489.

#### c.  and a plurality of promiscuous ports connected to external circuits

It has been shown that Cisco's Private VLAN DI Products meet this claim element under

all proposed constructions for the same reasons given above for the claim 6 limitation "a

211

promiscuous port for receiving incoming packets from an external network, and for transmitting

outgoing packets to said external network."

> **d.** **to receive said packet through a community VLAN, all other community ports connected to said community VLAN also receiving said packet, but not any other ports of said switch, said community VLAN configured as a one way connection from all community ports in said community VLAN to all promiscuous ports,**

The record evidence establishes that Cisco's Private VLAN DI Products have

"community ports" and "community VLANs" that practice this claim limitation under all

constructions. As described with respect to the claim 7 limitation "a plurality of community

ports, each of said community ports of said plurality of community ports receiving packets from

a selected external network and transmitting packets onto said selected external network" above,

Cisco's community ports practice the "community ports" limitation under all constructions.

Cisco's community VLANs further meet the claimed "community VLAN" limitation in this

claim element under all constructions because they are a VLAN that is a one way connection

from a community of ports to promiscuous ports which transfers packets from a community of

ports to promiscuous ports and also to other community ports attached to the community VLAN,

but which cannot transfer packets received by a promiscuous port. CX-0003C (Jeffay WS) at

Q/A 453, Q/A 454-493, Q/A 498-499, Q/A 503-504, Q/A 513-516; CX-0062; CX-0067;

CX-0068 at 15-3; CX-0069 at 21; CX-0070; CX-0071 at 60; CX-0072 at 24-3; CX-0073 at 20-3;

CX-0078 at 25; CX-0079 at 27; CX-0080 at 44; CX-0081 at 44-4; CX-0082 at 16-3. For

example, Cisco's Layer 2 Switching Configuration Guide for Cisco Nexus 3000 Switch Series

states:

> A community VLAN is a secondary VLAN that carries upstream traffic
> from the community ports to the promiscuous port and to other host ports

212

in the same community . . . . The ports within one community can communicate, but these ports cannot communicate with ports in any other community or isolated VLAN in the private VLAN.

CX-0069 at 21.

The functionality of Cisco's community VLANs was also confirmed by Dr. Jeffay's test results. CX-0003C (Jeffay WS) at Q/A 483-489.

### e.    said all promiscuous ports also connected via a one way primary VLAN to all community ports.

For the reasons discussed above with respect to the "said all promiscuous ports also connected via a one way primary VLAN to said all isolated ports" limitation of claim 20, the Cisco Private VLAN DI Products practice this claim limitations under all constructions.

### 5.    '145 Patent – Claim 5

### a.    A router, comprising:

The record evidence shows that the Cisco Private VLAN DI Products practice this claim limitation under all claim constructions. Cisco's Private VLAN DI Products meet the plain and ordinary meaning of "router" adopted above because all of Cisco's products are devices with routing capabilities. They also satisfy this limitation under the constructions proposed by Arista and the Staff because they are layer 3 (network layer) devices of the OSI reference model. CX-0003C (Jeffay WS) at Q/A 441-449, Q/A 498-499, Q/A 503-504, Q/A 513-516; CX-1220C (Jeffay RWS) at Q/A 17; CX-0062 at 1; CX-0078 at 50; CX-0079 at 52; CX-0071 at 17; CX-0080 at 23; CX-0068 at xlv; CX-0073 at 1-1; CX-0082 at 1-14; CX-0081 at 1-13; CX-0072 at 30-2, 30-4; *see* Duda Tr. 776.

### b.    a port connected to a shared network;

Cisco's Private VLAN DI Products have "promiscuous ports" that practice this claim limitation under all proposed constructions for the same reasons given for the '592 patent claim 6

213

limitation "a promiscuous port for receiving incoming packets from an external network, and for transmitting outgoing packets to said external network" discussed above.

        c.     **a plurality of user ports;**

Cisco's Private VLAN DI Products have "isolated ports" that practice this claim limitation under all proposed constructions for the same reasons given for the '592 patent claim 6 limitation "and a plurality of isolated ports, a selected isolated port of said plurality of isolated ports connected to a selected private network, said selected isolated port receiving packets from said selected private network and transmitting packets onto said selected private network" discussed above.

        d.     **a first VLAN from the port connected to the shared network to the plurality of user ports, the first VLAN to receive packets from the shared network and transferring them to a designated user port, the first VLAN to reject packets from the user ports;**

Cisco's Private VLAN DI Products have a "primary VLAN" that practices this claim limitation under all proposed constructions for the same reasons given for the '592 patent claim 20 limitation "said all promiscuous ports also connected via a one way primary VLAN to said all isolated ports" discussed above.

        e.     **a second VLAN from the plurality of user ports, the second VLAN to receive packets from the user ports and transferring them to the port connected to the shared network, the second VLAN to prevent transfer of packets from one of the user ports to other user ports, and the second VLAN also to reject packets from the shared network, in order to separate packet traffic of different users.**

Cisco's Private VLAN DI Products have an "isolated VLAN" that practices this claim limitation under all proposed constructions for the same reasons given for the '592 patent claim 6 limitation "said selected isolated port exchanging packets with said promiscuous port through a

214

path inside said switch, and said isolated port not exchanging packets with another isolated port" discussed above.

### 6. '145 Patent – Claim 7

#### a. A router, comprising:

The record evidence shows that the Cisco Private VLAN DI Products practice this claim limitation under all claim constructions. Cisco's Private VLAN DI Products meet the plain and ordinary meaning of "router" adopted above because all of Cisco's products are devices with routing capabilities. They also satisfy this limitation under the constructions proposed by Arista and the Staff because they are layer 3 (network layer) devices of the OSI reference model. CX-0003C (Jeffay WS) at Q/A 441-449, Q/A 498-499, Q/A 503-504, Q/A 513-516; CX-1220C (Jeffay RWS) at Q/A 17; CX-0062 at 1; CX-0078 at 50; CX-0079 at 52; CX-0071 at 17; CX-0080 at 23; CX-0068 at xlv; CX-0073 at 1-1; CX-0082 at 1-14; CX-0081 at 1-13; CX-0072 at 30-2, 30-4; *see* Duda Tr. 776.

#### b. one or more promiscuous ports;

Cisco's Private VLAN DI Products have "promiscuous ports" that practice this claim limitation under all proposed constructions for the same reasons given for the '592 patent claim 6 limitation "a promiscuous port for receiving incoming packets from an external network, and for transmitting outgoing packets to said external network" discussed above.

#### c. one or more isolated ports;

Cisco's Private VLAN DI Products have "isolated ports" that practice this claim limitation under all proposed constructions for the same reasons given for the '592 patent claim 6 limitation "said selected isolated port exchanging packets with said promiscuous port through a

path inside said switch, and said isolated port not exchanging packets with another isolated port" discussed above.

### d.    one or more community ports;

Cisco's Private VLAN DI Products have "community ports" that practice this claim limitation under all proposed constructions for the same reasons given for the '592 patent claim 7 limitation "a plurality of community ports, each of said community ports of said plurality of community ports receiving packets from a selected external network and transmitting packets onto said selected external network" discussed above.

### e.    a primary VLAN, the primary VLAN to receive packets from outside of the router through the one or more promiscuous ports and to transfer the packets to a selected one of the one or more isolated ports and to transfer the packets to the one or more community ports, the primary VLAN to reject packets from the one or more isolated ports and to reject packets from the one or more community ports;

Cisco's Private VLAN DI Products have a "primary VLAN" that practices this claim limitation under all proposed constructions for the same reasons given for the '592 patent claim 20 limitation "said all promiscuous ports also connected via a one way primary VLAN to said all isolated ports" discussed above.  In addition, Cisco's primary VLAN rejects packets from the one or more isolated ports and community ports as shown, for example, by Dr. Jeffay's test results.  CX-0003C (Jeffay WS) at Q/A 483-489.

216

   f.  **an isolated VLAN, the isolated VLAN to receive packets from outside of the router through an isolated port of the one or more isolated ports and to transfer the packets to the one or more promiscuous ports, the isolated VLAN to prevent transfer of the packets from the isolated port to another isolated port of the one or more isolated ports, and the isolated VLAN to prevent transfer of the packets from the isolated port to the one or more community ports, and the isolated VLAN to reject packets from the one or more promiscuous ports;**

Cisco's Private VLAN DI Products have an "isolated VLAN" that practices this claim limitation under all proposed constructions for the same reasons given for the '592 patent claim 20 limitation "said isolated VLAN configured as a one way connection from all isolated ports to all promiscuous ports and also configured to prevent any other isolated port from receiving said user's packets from said isolated VLAN" discussed above. In addition, Cisco's isolated VLAN rejects packets from the one or more promiscuous ports as shown, for example, by Dr. Jeffay's test results. CX-0003C (Jeffay WS) at Q/A 483-489.

   g.  **and a community VLAN, the community VLAN to receive packets from outside of the router at a community port of the one or more community ports and to transfer the packets to the one or more promiscuous ports and to transfer the packets to any other community ports, the community VLAN to prevent transfer of packets to the one or more isolated ports, the community VLAN to reject packets from the one or more promiscuous ports.**

Cisco's Private VLAN DI Products have a "community VLAN" that practices this claim limitation under all proposed constructions for the same reasons given for the '592 patent claim 21 limitation "to receive said packet through a community VLAN, all other community ports connected to said community VLAN also receiving said packet, but not any other ports of said switch, said community VLAN configured as a one way connection from all community ports in said community VLAN to all promiscuous ports" discussed above. In addition, Cisco's

217

community VLAN rejects packets from the one or more promiscuous ports as shown, for

example, by Dr. Jeffay's test results.  CX-0003C (Jeffay WS) at Q/A 483-489.

### 7.    '145 Patent – Claim 45

#### a.    A computer readable medium containing executable program instructions for operating a router, the executable program instructions comprising program instructions configured to:

The record evidence shows that the Cisco Private VLAN DI Products practice this claim

limitation under all claim constructions.  Cisco's Private VLAN DI Products meet the plain and

ordinary meaning of "router" adopted above because all of Cisco's products are devices with

routing capabilities.  They also satisfy this limitation under the constructions proposed by Arista

and the Staff because they are layer 3 (network layer) devices of the OSI reference model.

CX-0003C (Jeffay WS) at Q/A 441-449, Q/A 498-499, Q/A 503-504, Q/A 513-516; CX-1220C

(Jeffay RWS) at Q/A 17; CX-0062 at 1; CX-0078 at 50; CX-0079 at 52; CX-0071 at 17;

CX-0080 at 23; CX-0068 at xlv; CX-0073 at 1-1; CX-0082 at 1-14; CX-0081 at 1-13; CX-0072

at 30-2, 30-4; *see* Duda Tr. 776.

In addition, IOS and NX-OS comprise the operating system software on Cisco's devices

that control the devices and provide an interface for configuration.  CX-0003C (Jeffay WS) at

Q/A 442.

#### b.    establish a first VLAN from a port connected to a shared network to a plurality of user ports, the first VLAN to receive packets from the shared network and to transfer them to one or more of the user ports, the first VLAN to reject any packets received from the user ports;

Cisco's Private VLAN DI Products have a "primary VLAN" that practices this claim

limitation under all proposed constructions for the same reasons given for the '592 patent claim

20 limitation "said all promiscuous ports also connected via a one way primary VLAN to said all

isolated ports" discussed above. In addition, Cisco's primary VLAN rejects any packets received from the user ports as shown, for example, by Dr. Jeffay's test results. CX-0003C (Jeffay WS) at Q/A 483-489.

        c.        **establish a second VLAN from the plurality of user ports, the second VLAN to receive packets from the user ports and to transfer them to the port connected to the shared network, the second VLAN to prevent transfer of packets from one of the user ports to other user ports, and the second VLAN also to reject packets from the shared network, to thereby separate packet traffic of different users.**

Cisco's Private VLAN DI Products have an "isolated VLAN" that practices this claim limitation under all proposed constructions for the same reasons given for the '592 patent claim 6 limitation "said selected isolated port exchanging packets with said promiscuous port through a path inside said switch, and said isolated port not exchanging packets with another isolated port" discussed above. In addition, Cisco's isolated VLAN rejects packets from the shared network as shown, for example, by Dr. Jeffay's test results. CX-0003C (Jeffay WS) at Q/A 483-489.

        **8.**        **'145 Patent – Claim 46**

        a.        **A computer readable medium containing executable program instructions for operating a router, the executable program instructions comprising program instructions configured to:**

The record evidence shows that the Cisco Private VLAN DI Products practice this claim limitation under all claim constructions. Cisco's Private VLAN DI Products meet the plain and ordinary meaning of "router" adopted above because all of Cisco's products are devices with routing capabilities. They also satisfy this limitation under the constructions proposed by Arista and the Staff because they are layer 3 (network layer) devices of the OSI reference model. CX-0003C (Jeffay WS) at Q/A 441-449, Q/A 498-499, Q/A 503-504, Q/A 513-516; CX-1220C (Jeffay RWS) at Q/A 17; CX-0062 at 1; CX-0078 at 50; CX-0079 at 52; CX-0071 at 17;

219

CX-0080 at 23; CX-0068 at xlv; CX-0073 at 1-1; CX-0082 at 1-14; CX-0081 at 1-13; CX-0072 at 30-2, 30-4; *see* Duda Tr. 776.

In addition, IOS and NX-OS comprise the operating system software on Cisco's devices that control the devices and provide an interface for configuration. CX-0003C (Jeffay WS) at Q/A 442.

> **b.      establish a primary VLAN, the primary VLAN to receive packets from outside of the router through the one or more promiscuous ports and to transfer the packets to one or more community ports, the primary VLAN to reject packets received from the one or more community ports;**

The evidence demonstrates that the "community ports" and "primary VLAN" of Cisco's Private VLAN DI Products practice this claim limitation under all claim constructions for the reasons set forth above with respect to the '592 patent claim 7 limitation "a plurality of community ports, each of said community ports of said plurality of community ports receiving packets from a selected external network and transmitting packets onto said selected external network" and the '592 patent claim 20 limitation "said all promiscuous ports also connected via a one way primary VLAN to said all isolated ports," respectively.  In addition, Cisco's primary VLAN rejects packets received from the one or more community ports as shown, for example, by Dr. Jeffay's test results.  CX-0003C (Jeffay WS) at Q/A 483-489.

> **c.      and establish a community VLAN, the community VLAN to receive packets from outside the router on a community port of the one or more community ports and to transfer the packets to the one or more promiscuous ports and to transfer the packets to any other community ports of the one or more community ports, the community VLAN rejecting packets received from the one or more promiscuous ports.**

The evidence demonstrates that the "community ports" and "community VLAN" of Cisco's Private VLAN DI Products practice this claim limitation under all claim constructions

220

for the reasons set forth above with respect to the '592 patent claim 6 limitation "a promiscuous port for receiving incoming packets from an external network, and for transmitting outgoing packets to said external network," the '592 patent claim 7 limitation "a plurality of community ports, each of said community ports of said plurality of community ports receiving packets from a selected external network and transmitting packets onto said selected external network," and the '592 patent claim 7 limitation "each port of said community of ports exchanging packets through a path internal to said switch with said promiscuous port, and said each port of said community of ports exchanging packets with all ports of said plurality of community ports through a path within said switch, and said each port of said community of ports not exchanging packets with any other port of said switch through a path within said switch."

In addition, Cisco's community VLAN rejects packets received from the one or more promiscuous ports as shown, for example, by Dr. Jeffay's test results. CX-0003C (Jeffay WS) at Q/A 483-489.

### 9. Arista's Domestic Industry Arguments

Arista raises several arguments in support of its position that the Cisco products do not practice the claims of the '592 and '145 patents. These arguments are addressed below.

#### a. Arista's Argument That Virtual LANs Do Not Process Packets

Similar to its argument with respect to non-infringement, Arista argues that VLANs cannot process, receive, transmit, transfer and reject packets, as required by the claims. RX-3910C (Moisand RWS) at Q/A 151, Q/A 155, Q/A 160, Q/A 193 and Q/A 198; *see* Resp. Br. at 335-37. Arista's argument is rejected for the reasons discussed above with respect to Arista's non-infringement defenses. *See* CX-0003C (Jeffay WS) at Q/A 365.

221

The record evidence adduced at the hearing belies Arista's assertions. Specifically, the Catalyst 3750 Configuration Guide in which Arista relied on to implement Private VLANs describes the primary, isolated, and community VLANs as "carrying" traffic. CX-0497 at 16-3; *see* CX-0068 at 15-3; Arneja Tr. 1112-1113. Arista's expert also testified that Cisco's products implement the claimed private VLAN functionality in hardware and software. RX-3901C (Moisand RWS) Q/A 176, Q/A 179, Q/A 182, Q/A 185. Therefore, Arista's argument must fail.

**b.     Arista's Argument That Cisco's VLANs Are Not One-Way Connections**

Arista also argues that Cisco's Private VLAN DI Products do not practice the asserted claims because there is no one-way connection between ports, inasmuch as the path within the networking chips is the same regardless of the direction the packets are sent. RX-3910C (Moisand RWS) at Q/A 200-215. This argument fails for the reasons discussed above with respect to Arista's non-infringement defenses. *See* CX-0003C (Jeffay WS) at Q/A 176-184, Q/A 366, Q/A 454-493, Q/A 498-499, Q/A 503-504, Q/A 513-516. Indeed, the adduced evidence shows that Cisco's Private VLANs are understood to be one-way connections. *See, e.g.*, CX-0071 at 60 (describing an "isolated VLAN [as] a secondary VLAN that carries unidirectional traffic"); *see* CX-0068 at 15-3; CX-0069 at 21;  CX-0072 at 24-3; CX-0073 at 20-3; CX-0078 at 25; CX-0079 at 27; CX-0080 at 44; CX-0081 at 44-4; CX-0082 at 16-3.

**c.     Arista's Argument That Cisco's Isolated Ports Do Not Prevent the Exchange of Packets**

Arista argues that Cisco's Private VLAN DI Products do not practice the claimed invention because its isolated ports can exchange packets through layer 3 forwarding. RX-3910C (Moisand RWS) at Q/A217-220; *see* Resp. Br. at 377-78. For the same reasons

222

discussed above with respect to Arista's non-infringement arguments, Arista's argument fails in the context of the technical prong analysis. *See* CX-0003C (Jeffay WS) at Q/A 367.

### d.   Arista's Argument That Cisco Merely Relies on a Naming Convention

Arista argues that Cisco relies on a naming convention, using terms such as "promiscuous," "isolated," and "community" in order to establish the technical prong of the domestic industry requirement. RX-3910C (Moisand RWS) at Q/A 152-154; *see* Resp. Br. at 338. This argument fails because Cisco has adduced evidence show that its products do, in fact, practice the claims of the '592 and '145 patents. *See* CX-0003C (Jeffay WS) at Q/A 443-449, Q/A 498-499, Q/A 503-504, Q/A 513-516.

### e.   Arista's Argument That Cisco Has Not Analyzed Customer Implementation of Private VLANs

Arista also argues that Cisco has failed to show that its Private VLAN DI Products have been used by Cisco's customers to implement private VLANs. *See* Resp. Br. at 334-35. This argument misstates the requirements for proving satisfaction of the technical prong of the domestic industry requirement. In particular, establishing the technical prong does not require a showing of actual customer use. Instead, the standard is "articles protected by the patent," which can be shown through pre-sale activities such as investments in R&D and manufacturing equipment. 19 U.S.C § 1337(a)(2). Thus, all that is necessary is that "the patent claims cover the articles of manufacture that establish the domestic industry." *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1307 (Fed. Cir. 2010); *see also Certain Wireless Communication Devices, Portable Music, and Data Processing Devices, Computers and Components Thereof*, Inv. No. 337-TA-745, Initial Determination at 67-68, 72-74 (Apr. 24, 2012) (rejecting respondent's argument that evidence of actual use of DI product was required).

223

In any event, the record evidence does establish that customers implement Private

VLANs on Cisco products.  *See* Jeffay Tr. 501.  For instance, [

].  CX-0034C at Background; CX-0490 ([

]); CX-0595 ([

]).  Arista's internal

document ([            ]) also shows [

].  CPX-0206C at 1.

Additional documents demonstrate that [

].  CX-0959C at 3; CX-0962C at 6.

### E.     Validity

#### 1.      Anticipation – The 802.1Q Standard

Arista contends that the IEEE 802.1Q-1998 standard anticipates all asserted claims of the

Private VLAN Patents.  RX-3136C (Moisand WS) at Q/A 192, Q/A 263; *see* Resp. Br. at

339-50.  In particular, Arista's technical expert Mr. Moisand opines that Figures B-1, B-2, and

B-4, that appear in Annex B of the 802.1Q standard, in combination with the general VLAN

functionality provided by the 802.1Q standard, disclose the claimed ports and VLANs.  *Id.* at

Q/A 120-320.  This combination, however, does not anticipate the asserted claims of the Private

VLAN Patents.

The record evidence shows that the 802.1Q standard does not disclose Private VLAN

functionality.  Specifically, the evidence shows that the 802.1Q standard describes conventional

VLANs and does not address the specific problems solved by the Private VLAN Patents, *i.e.*,

224

isolation of users on the same LAN. The 802.1Q standard also does not describe a mechanism that can be used to implement the functionality claimed in the '592 and '145 patents. *See* CX-1220C (Jeffay RWS) at Q/A 57. None of the figures, diagrams, or other disclosures in the 802.1Q standard teaches the claim limitations of the Private VLAN Patents. As discussed in more detail below, the 802.1Q standard does not disclose a "promiscuous port," "isolated port," "community port," "primary VLAN," "isolated VLAN" or "community VLAN." CX-1220C (Jeffay RWS) Q/A 57.

### a. The IEEE 802.1Q-1998 Standard Does Not Disclose "Isolated Ports" and "Isolated VLANs"

Arista contends that ports 1 and 2 in Figure B-4 are examples of the claimed "isolated ports," with the "Red" VLAN created between ports 1 and 3, and the "Blue" VLAN created between ports 2 and 3. *See* Moisand Tr. 1206; RX-3136C (Moisand WS) at Q/A 223, Q/A 225. Figure B-4 does not disclose "isolated ports," however, because products that comply with the 802.1Q standard, such as the "Bridge" in Figure B-4,[39] must allow direct communication at layer 2 between ports within the same VLAN. In particular, because both ports 1 and 2 are listed under the "Member Set" associated with the "Purple" VLAN in Figure B-4, a packet tagged with the "Purple" VLAN that enters the bridge at port 1 is able to reach all ports that are members of the "Purple" VLAN, which includes port 2. This is illustrated below, and Dr. Jeffay testified at the hearing:

> Q     Now we've had some testimony today from yourself and Mr. Moisand yesterday about tagged and untagged packets. Can you explain

---

[39] As experts for both Cisco and Arista testified, the "Bridge" in Figure B-4 is an 802.1Q-compliant bridge. Moisand Tr. 1213; Jeffay Tr. 1375. As such, that the ports on such a bridge must have particular functionalities specified by the 802.1Q standard. CX-1220C (Jeffay RWS) at Q/A 91-92.

225

to the Court what would happen if a purple tagged packet came into port 1 on figure B-4 that was addressed to port 2?

A       Sure.  So remember, the VLANs here are colored.  So the purple VLAN has as its member sets the ports that packets can be delivered to as being port 1 and 2.  So if a packet comes in on port 1 with carrying a VLAN tag of purple addressed to a device that's connected to port 2, that packet will be delivered from port 1 to port 2.



Jeffay Tr. 1373-1374; CDX-0016C-015; *see* CX-1220C (Jeffay RWS) at Q/A 90.

The lack of isolation between ports 1 and 2 stems from the "Acceptable Frame Types" parameter of the 802.1Q standard.  In particular, Section 8.4.3 of the 802.1Q standard sets forth two parameters defining how all 802.1Q-compliant devices must handle packets entering at a port, which are (a) Admit Only VLAN-tagged frames or (b) Admit All Frames.  RX-0186 at 31; Jeffay Tr. 1374-1375.  As such, under either parameter, 802.1Q-compliant devices must be configured to accept tagged packets and cannot be configured to block tagged packets.[40]  Jeffay Tr. 1375; CX-1220C (Jeffay RWS) at Q/A 92-93.  Therefore, a "purple"-tagged packet must be

---

[40] As Dr. Jeffay testified, blocking tagged packets on an 802.1Q-compliant bridge was introduced only in the 2005 version of the IEEE 802.1Q standard, which is not prior art to the Private VLAN patents.  CX-1220C (Jeffay RWS) at Q/A 93.

accepted between ports 1 and 2 in Figure B-4, which means there is no isolation between these ports and thus no scenario in the 802.1Q standard in which the claimed "isolated ports" can be configured:

> Q      Is there any way to configure the bridge in figure B-4 of the 802.1Q standard to be compliant with the standard and yet not accept tagged packets?
>
> A      No, it's not possible.
>
> Q      So in view of that, in your opinion, is there any way to configure the bridge of figure B-4 to have isolated ports?
>
> A      No, there's no way.

Jeffay Tr. 1375.

Mr. Moisand also testified regarding an additional, hypothetical third client port, port 4, having the same "VID association and member set . . . used for port 1," that he suggested shows isolation between ports 1 and 4. RX-3136C (Moisand WS) at Q/A 212, Q/A 223. Inasmuch as Mr. Moisand relies on a modification to Figure B-4, Arista's anticipation argument is defeated. Moreover, even the addition of a hypothetical port 4 to Figure B-4 would not result in isolated ports for the reasons discussed above. CX-1220C (Jeffay RWS) at Q/A 96. Specifically, inasmuch as ports 1 and 4 will be part of the same "Member Set" and part of the Purple VLAN, they can exchange packets directly with each other, *i.e.*, there is no port isolation. *Id.*

Arista further contends that Figures B-1 and B-2 of the 802.1Q standard show examples in which "direct traffic between ports 1 and 2 is not possible at Layer 2." RX-3136C (Moisand WS) at Q/A 207, Q/A 208. Although this argument does not expressly state that either Figure B-1 or B-2 discloses any of the claimed elements of the Private VLAN Patents, it is implied that, inasmuch as ports 1 and 2 cannot communicate with each other at layer 2, they are examples of "isolated ports" with the corresponding VLANs being examples of "isolated VLANs." *Id.*

227

Yet, neither Figure B-1 nor B-2 discloses "isolated ports" because, in both diagrams,

ports 1 and 2 are ports in conventional VLANs which, as discussed above, must be capable of

accepting packets that can be transmitted to all ports in their respective VLAN. RX-0186 at 31;

Jeffay Tr. 1374-1375; CX-1220C (Jeffay RWS) at Q/A 75, Q/A 80, Q/A 92-93. Moreover,

under all parties' constructions, an "isolated VLAN" has to be a one way connection from

isolated ports to the promiscuous port or ports. Each VLAN in Figure B-1 and B-2, however, is

a conventional VLAN that must be capable of transmitting packets to all ports in the VLAN, in

all directions. CX-1220C (Jeffay RWS) at Q/A 75, Q/A 82. Thus, the VLANs shown in Figures

B-1 and B-2 are bi-directional and not a "one way" connection as required by the claims. *Id.*; *see*

CDX-0016C-012.

### b. The IEEE 802.1Q-1998 Standard Does Not Disclose "Community Ports" and "Community VLANs"

Arista argues that the 802.1Q standard discloses community ports and community

VLANs. *See* RX-3136C (Moisand WS) at Q/A 229-235. However, this argument is not

supported by specific disclosures within the 802.1Q standard, but instead relies on configurations

that are "built into the standard." *See* RX-3136C (Moisand WS) at Q/A 230. More specifically,

in order to demonstrate community ports and community VLANs, Arista's expert Mr. Moisand

modified Figure B-4 by adding two new ports, ports 5 and 6, which, along with port 3, would

establish a new VLAN that includes all ports associated with it (*i.e.*, ports 3, 5 and 6) as the

Member Set. RX-3136C (Moisand WS) at Q/A 212, Q/A 223, Q/A 231. According to Mr.

Moisand, when Figure B-4 is modified in this manner, ports 3, 5, and 6 would be considered

"community ports" and the VLAN connecting them a "community VLAN." *Id.* at Q/A 229-235.

This reliance on hypothetical modifications of Figure B-4 to disclose community ports and VLANs punctures Arista's anticipation argument. Moreover, the proposed modification of Figure B-4 does not disclose a "community VLAN," inasmuch as the new hypothetical VLAN is not a "one way" connection required by all proposed constructions, but a bi-directional VLAN as illustrated below:



CDX-0016C-022; CX-1220C (Jeffay RWS) at Q/A103.

In addition, the hypothetical modifications to Figure B-4 proposed by Mr. Moisand do not disclose "community ports" because Figure B-4 does not disclose isolated or promiscuous ports, and thus necessarily does not disclose community ports under any construction of the term.[41] CX-1220C (Jeffay RWS) at Q/A 101.

Arista also argues that Figure B-1 "expressly disclose[s]" the member set including all ports associated with the VLAN, thereby "resulting in community ports." *See* RX-3136C (Moisand WS) at Q/A 230, Q/A 207. The evidence shows, however, that no such disclosure exists in Figure B-1 or any other part of the 802.1Q standard. CX-1220C (Jeffay RWS) at Q/A

---

[41] Mr. Moisand's implicit suggestion of modifying Figure B-4 so that Ports 1, 2, and 3 are all part of the same member set fails for the same reasons as adding ports 5 and 6. *See* CX-3136C (Moisand WS) at Q/A 230.

229

57, Q/A 67, Q/A 72. Instead, Figure B-1 shows conventional VLANs without any isolation between ports within a VLAN. CX-1220C (Jeffay RWS) at Q/A 72. Moreover, Figure B-1 does not disclose a "community VLAN" because under all parties' constructions, the VLANs disclosed are bi-directional, and not "one way" connection as required. CX-1220C (Jeffay RWS) at Q/A 74.

### c.  The IEEE 802.1Q-1998 Standard Does Not Disclose "Promiscuous Ports" and "Primary VLANs"

Arista further argues that port 3 in Figure B-4 of the 802.1Q standard is an example of the claimed "promiscuous port," and that the corresponding "Purple" VLAN created between ports 1, 2, and 3 is an example of the claimed "primary VLAN." *See* RX-3136C (Moisand WS) at Q/A 216, Q/A 218. No other promiscuous ports or primary VLANs are identified by Arista. This analysis is faulty because Arista fails to identify any isolated or community ports that the promiscuous port is connected to, as is required by all constructions. CX-1220C (Jeffay RWS) at Q/A 86. In addition, Figure B-4 does not disclose a "primary VLAN" because, under all parties' constructions, a "primary VLAN" is a VLAN that connects to promiscuous, isolated, and community ports, and does not permit packets to be transferred to it from an isolated or community port. As discussed above, however, the 802.1Q-compliant bridge in Figure B-4 must permit ports 1 and 2 in Figure B-4 to exchange packets directly with each other using the "Purple" VLAN, which precludes that VLAN from being a primary VLAN. Jeffay Tr. 1373-1376; CX-1220C (Jeffay RWS) at Q/A 88.

### 2.  Obviousness

Arista proposes three combinations of alleged prior art references that it contends render obvious the asserted claims of the Private VLAN patents. *See* RX-3136C (Moisand WS) at Q/A

230

338-346. Arista, however, fails to provide any explanation of how the references would be combined together or why a person of ordinary skill in the art would be so motivated. Moreover, as Dr. Jeffay testified, the references are either from non-analogous fields or are not directed to the problem of achieving isolation between users within a VLAN. Further, the combination of these references together does not render obvious the inventions of the Private VLAN patents, because they do not disclose the claimed elements. *See* CX-1220C (Jeffay RWS) at Q/A 60, Q/A 220-225.

### a. The 802.1Q Standard in Combination With U.S. Patent No. 5,752,003

Arista argues that "[a] combination of the isolated ports within a VLAN disclosed in the '003 patent and the asymmetric VLAN configuration disclosed in 802.1Q, renders obvious" the asserted claims. *See* RX-3136C (Moisand WS) at Q/A 340. As Dr. Jeffay testified, however, the '003 patent does not disclose isolated ports and isolated VLANs but, to the contrary, explicitly describes that all ports in the same VNET are in the same broadcast domain and are able to communicate with each other without any isolation. CX-1220C (Jeffay RWS) at Q/A 222; RX-3158 ('003 patent) at col. 6, lns. 46-51. Likewise, the '003 patent fails to disclose any of the other claimed ports or VLANs. CX-1220C (Jeffay RWS) at Q/A 58, Q/A 60, Q/A 149, Q/A 150-181. Therefore, the combination of 802.1Q standard and the '003 patent would not render obvious the asserted claims. *Id.* at Q/A 222.

In addition, a person skilled in the art would not be motivated to combine these references together, inasmuch as the '003 patent is directed to ATM technology. This technology was not considered a viable solution for LAN and VLAN applications in the 2000 time-period due to its high costs, complexity, and fundamental differences from the

231

packet-switching technology described in the Private VLAN Patents.  CX-1220C (Jeffay RWS) at Q/A 221.

### b.    The 802.1Q Standard in Combination with the Haviland Publication

Arista argues that asserted claims are obvious over 802.1Q in view of the White Paper titled "Designing High-Performance Campus Intranets with Multilayer Switching" by Cisco's Geoff Haviland in 1998 ("Haviland").  *See* RX-3136C (Moisand WS) at Q/A 331-38, Q/A 341-43.  Haviland is directed to the design of campus intranets using multilayer switching.  *See* RX-3136C (Moisand WS) at Q333-335; RX-3156 (Haviland) at 4-6, Figs. 2-3.  Haviland teaches that Ethernet-attached hosts and servers associated with one VLAN can communicate with hosts and servers associated with that VLAN, but cannot directly communicate with hosts and servers associated with a different VLAN.  *See* RX-3136C (Moisand WS) at Q/A 336-337.  It is argued that "a combination of Haviland's port communities associated with a VLAN and the asymmetric VLAN configuration disclosed in 802.1Q, renders obvious" the asserted claims.  *See id.* at Q/A 343.

As Dr. Jeffay testified, however, the Haviland publication describes the use of conventional VLANs and does not disclose isolation between ports within a LAN.  CX-1220C (Jeffay RWS) at Q/A 224.  In addition, the Haviland publication does not disclose any other claimed ports or VLANs.  CX-1220C (Jeffay RWS) at Q/A 59, Q/A 60, Q/A 187-219.  Therefore, the combination of 802.1Q standard and the Haviland Publication would not render obvious the asserted claims of the '592 patent.  CX-1220C (Jeffay RWS) at Q/A 224.

In addition, a person skilled in the art would not be motivated to combine these references together, inasmuch as the Haviland Publication deals with ATM technology which, as

232

discussed above, was not considered a successful solution as LAN technology.  CX-1220C

(Jeffay RWS) at Q/A 223.  Moreover, the Haviland publication discloses conventional

networking technology using conventional VLANs, and therefore there would be no reason for a

person skilled in the art to consult the Haviland publication in addition to the 802.1Q standard

itself. *Id.*

**c.      The 802.1Q Standard in Combination With U.S. Patent No. 5,752,003 and the Haviland Publication**

Arista contends that the combination of 802.1Q standard with the '003 patent and the

Haviland Publication renders obvious the asserted claims.  For the reasons discussed above with

respect to the first two combinations, the record evidence establishes that the combination of all

three references together would not render the asserted claims obvious, and a person skilled in

the art would not be motivated to combine these references together. *See* CX-1220C (Jeffay

RWS) at Q/A 225.  In particular, the combination of all three references would not teach isolated

ports, isolated VLANs, or isolation between ports that are within the same VLAN, as required by

the '592 and '145 patents. *See id.* at Q/A 221-224.

**d.      Secondary Considerations of Non-Obviousness**

Even if the combinations identified by Arista did disclose each and every element of the

claimed inventions of the Private VLAN Patents, secondary considerations of non-obviousness

support the finding that the claimed inventions would not have been obvious to a person of

ordinary skill in the art.  Specifically, Cisco adduced evidence showing that the inventions set

forth in the Private VLAN Patents have proven commercially successful, addressed long felt but

unresolved needs, succeeded where others have failed, and have been praised by others.

CX-0003C (Jeffay WS) at Q/A 519-522; CX-0027 at 12; CX-0028 at 1; CX-0095C at 31-3.  In

233

addition, the record evidence shows that [

], thereby showing a long-felt need for the Private VLAN technology and the failure of

Arista to satisfy this demand without the patented Private VLAN technology. CX-0003C (Jeffay

WS) at Q/A 523-525, Q/A 410-412; CX-0959C at 3; CX-0056C at 1; *see* CPX-0201C at 1;

CPX-0202C at 1; CPX-0200C at 1; CPX-0203C at 1; CPX-0204C at 1; CPX-0205C at 1;

CPX-0206C at 1; CPX-0207C at 1; CPX-0208C at 1; CPX-0209C at 1.

### 3. Patentable Subject Matter

Arista argues that the asserted claims of the '592 and '145 patents are invalid as drawn to

unpatentable subject matter. Specifically, it is argued that the claims are "directed to the abstract

idea of VLANs, particularly exchanging or handling packets by use of VLANs." *See* RX-3136C

(Moisand WS) at Q/A 350, Q/A 361. As with Arista's related arguments with respect to

non-infringement and technical prong discussed above, the arguments here are equally flawed.

The Private VLAN Patents are not directed to an abstract idea, but rather to a specific

device, namely a switch or a router, configured in a specific way to have new types of ports and

new types of VLANs in order to isolate users' traffic. CX-1220C (Jeffay RWS) at Q/A 227.

The claims all recite a switch or router comprising a VLAN, which is a definite structure.

CX-1220C (Jeffay RWS) at Q/A 228. Indeed, even Arista's expert Mr. Moisand testified that

the asserted claims of the Private VLAN Patents refer to physical devices such as a switch or

router having ports. Moisand Tr. 1200-1201. These physical devices and structures are the

opposite of "an idea, having no particular concrete or tangible form." *Ultramercial, Inc. v. Hulu,*

*LLC*, 772 F.3d 709, 715 (Fed. Cir. 2014).

Far from being the types of claims that present issues under Section 101, the Private

VLAN Patents do not claim an algorithm or computerize an approach that was implemented

234

manually in the prior art, but rather claim a new, specific and useful device to solve a problem that existed in the networking field in the prior art. *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1257 (Fed. Cir. 2014) ("The claims stand apart because they do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet. Instead, the claimed solution is necessarily rooted in computer technology in order to overcome a problem specifically arising in the realm of computer networks."). Indeed, when determining whether a claim is directed to an abstract idea or a patent-eligible invention, the analysis is based on the claims "as a whole," rather than "dissect[ing] the claims" and ignoring those limitations that make the claims concrete. *Diamond v. Diehr*, 450 U.S. 175, 188 (1981); *see also Digitech Image Techs., LLC v. Elecs for Imaging Inc.*, 758 F.3d 1344, 1350 (Fed. Cir. 2014) (holding that "determining whether a claim recites an abstract idea" requires "examin[ing] the claims as a whole").

Further, in addition to claiming definite structures rather than an abstract concept, the Private VLAN Patents also cover an inventive concept. As the Supreme Court reaffirmed in *Alice*, "solv[ing] a technological problem in 'conventional industry practice,'" "improv[ing] an existing technological process," "improv[ing] the functioning of the computer itself," or "effect[ing] an improvement in any other technology or technical field" is sufficient to 'transform' a claimed abstract idea into a patent-eligible invention. *Alice*, 134 S. Ct. at 2358-59 (quoting *Diamond v. Diehr*, 450 U.S. 175, 178 (1981)). Here, the Private VLAN Patents solved the problem in the prior art of separating users' traffic on a LAN. The patents claim a mechanism for isolating user traffic on a computer network that is implemented by networking devices with specific configurations of new types of VLANs and new types of ports, one that can be implemented and stored in assignment tables, memory, switching chips, and other hardware

235

of software components. CX-1220C (Jeffay RWS) at Q/A 233-238. All the asserted claims, therefore, require special purpose devices, and not routine or conventional structures, such as switches and routers with specific defined structures that implement the new types of ports and new types of VLANs, and which transform the networking device into a special purpose machine that can enforce the private VLAN mechanism. CX-1220C (Jeffay RWS) at Q/A 238.

### 4. Arguments Relating to 35 U.S.C. § 112

Arista raises several arguments that the asserted claims of the '592 and '145 patents are invalid for failure to comport with the requirements of 35 U.S.C. § 112. As discussed below, Arista has failed to show that the asserted claims are invalid.

#### a. Indefiniteness – Circularity

Arista argues that all asserted claims of the Private VLAN Patents are "circular and indefinite." Specifically, it is argued that inasmuch as certain claim elements (such as the "primary," "isolated," and "community" VLANs) are defined by their relationship to other claim elements, they are "circular" and thus indefinite. *See* RX-3136C (Moisand WS) at Q/A 402-405. However, the fact that one claim element is defined in terms of its relationship to other claim elements does not make the claims circular, and it does not render them indefinite. A person skilled in the art would understand the meaning of the claim elements at issue, as well the claim elements' relationship with other elements. CX-1220C (Jeffay RWS) at Q/A 250-251. Accordingly, because "a person of ordinary skill in the art, with the aid of the specification, would understand what is claimed, the claim is not indefinite." *Biosig Instruments*, 783 F.3d 1374 at 1381.

It is further argued that the claims at issue are indefinite because "Cisco does not distinguish [] by which VLANs the ports connect to" and, using Figure 3 as an example, because

236

"it is arbitrary which port can be labeled the community port and which port can be labeled the promiscuous port." *See* RX-3136C (Moisand WS) at Q/A 405. This argument does not succeed. Although each of the ports in Figure 3 can be configured to be either a promiscuous or community port, a person having ordinary skill in the art would not mistaking the functionality of the ports, which can be ascertained by looking at their configuration. *See* CX-1220C (Jeffay RWS) at Q/A 252. Therefore, looking at Figure 3, a person having ordinary skill in the art would understand that only ports 320-324 could be promiscuous ports, inasmuch as these are the only ports configured for exchanging packets with isolated and community ports by use of VLANS. *Id.*

### b.    Mixed Apparatus and Method Steps

Arista argues that claims 6 and 7 of the '592 patent and claims 5 and 46 of the '145 patent are indefinite for reciting both an apparatus and a method of using that apparatus. *See* RX-3910C (Moisand WS) at Q/A407. Arista's argument is rejected for two reasons. First, Arista's position does not comport with case law in this area, and second, because it is permitted for patent claims to describe apparatus or system claims by their functions or capabilities.

Arista's reliance on *IPXL Holdings L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377 (Fed. Cir. 2005) and its progeny to support its argument is inapposite because the facts in this investigation are distinguishable from the facts in those cases. In particular, those cases based their decisions on claim elements explicitly calling for user action, a factual scenario not present here. For example, in *IPXL*, the challenged claim read:

> The system of claim 2 [including an input means] wherein the predicted transaction information comprises both a transaction type and transaction parameters associated with that transaction type, and the user uses the input means to either change the predicted transaction information or accept the displayed transaction type and transaction parameters.

237

*IPXL*, 430 F.3d at 1383-84 (quoting U.S. Patent No. 6,149,055) (alteration in original).

None of the Private VLAN claims that Arista challenges include reliance on user action.

*Rembrandt Data Techs., LP v. AOL, LLC*, 641 F.3d 1331, 1339-40 (Fed. Cir. 2011) is also cited in support of Arista's invalidity argument. Nevertheless, the claim element at issue in *Rembrandt* is different from the claim elements at issue here. In *Rembrandt*, the element at issue was a pure method step, disconnected from any structure at all, and unlike the claim elements here that specifically claim structures (*i.e.*, an isolated port) with particular capabilities. *Id.* at 1339. In contrast, the other elements of the claim at issue in *Rembrandt*, which were found by the Federal Circuit to properly recite apparatus elements, use active language to describe the capabilities of the claimed structures, a usage present in the claims at issue here. *Id.*

Moreover, it is settled law that apparatus or system claims may properly claim recited components by describing their function or capabilities, and that the use of such functional language does not render them indefinite. *See Halliburton Energy Servs. v. M–I LLC*, 514 F.3d 1244, 1255 (Fed. Cir. 2008); *Microprocessor Enhancement Corp. v. Texas Instruments Inc.*, 520 F.3d 1367, 1375 (Fed. Cir. 2008); *K–2 Corp. v. Salomon S.A.*, 191 F.3d 1356, 1363 (Fed. Cir. 1999). Each of the disputed claim terms at issue here recites an apparatus with particular capabilities which, in part, distinguish the claimed ports and VLANs from other types of ports and VLANs. For example, claims 6 and 7 each specifically claim a device, *i.e.*, a "switch," including various structures, such as ports, which have particular capabilities as set forth in the claims, and which do not require that a user actually perform any method step. CX-1220C (Jeffay RWS) at Q/A 254-256. As Dr. Jeffay testified regarding claim 7 of the '145 patent:

> Q        What does it mean to you to have a VLAN in a router?

238

> A        It means the router has been programmed to create that VLAN, to
> forward -- it's been programmed so that it will forward packets according
> to the rules that are configured for that VLAN.  It contains the VLAN, if
> you will.

Jeffay Tr. 522.

The same analysis applies to claims 5 and 46 of the '145 patent. CX-1220C (Jeffay

RWS) at Q257.  Thus, a person of ordinary skill in the art would understand that these claims do

not require that the device or a user actually perform any method steps.  CX-1220C (Jeffay

RWS) at Q/A 253-257.  The challenged claims are therefore not invalid for claiming mixed

method and apparatus claims.

### c.        Indefiniteness – Failure to Specify a Time Period

Arista argues that claims 6 and 7 of the '592 patent are invalid as indefinite for failing to

inform with reasonable certainty whether the claims cover "not exchanging packets" at all points

in time, or only at limited point in time.  *See* RX-3910C (Moisand WS) at Q/A409.  This

argument is without merit, because, as Dr. Jeffay testified, a person skilled in the art would

understand that the "not exchanging" requirements of claims 6 and 7 of the '592 patent refer to

the capability of isolated and community ports.  A time period does not need to be specified in

the claim language because that capability is a requirement for a port to be an isolated or

community port.  CX-1220C (Jeffay RWS) at Q/A 258.  Accordingly, a person skilled in the art

would understand the scope of the claimed invention with respect to that aspect of those ports

with reasonable certainty.  *Biosig*, 783 F.3d at 1381.

### d.        Written Description – "Router"

Arista argues that the claims of the '145 patent lack sufficient written description because

the specification fails to describe implementation of the invention on a router.  *See* RX-3136C

(Moisand WS) at Q/A 378-391.  This argument cannot succeed, inasmuch as the specification of

239