# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| QUEST DIAGNOSTICS INVESTMENTS LLC,<br><br>          Plaintiff,<br><br>    v.<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS, ESOTERIX, INC., and ENDOCRINE SCIENCES, INC.,<br><br>          Defendants. | C.A. No. 18-01436-MN<br><br>Public Version Filed August 8, 2019 |

## LETTER TO THE HONORABLE MARYELLEN NOREIKA
## FROM IAN R. LISTON

*Of Counsel*:

Edward G. Poplawski*
Olivia M. Kim*
Erik Carlson*
WILSON SONSINI GOODRICH & ROSATI, P.C.
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
(323) 210-2900
epoplawski@wsgr.com
okim@wsgr.com
ecarlson@wsgr.com

Matias Ferrario*
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
(336) 607-7300
mferrario@kilpatricktownsend.com

*Added *Pro Hac Vice*

Dated July 31, 2019

Ian R. Liston (#5507)
Johanna Peuscher-Funk (#6451)
WILSON SONSINI GOODRICH & ROSATI, P.C.
222 Delaware Avenue, Suite 800
Wilmington, DE 19801
(302) 304-7600
iliston@wsgr.com
jpeuscherfunk@wsgr.com

*Counsel for Defendants Laboratory Corporation of America Holdings; Esoterix, Inc.; and Endocrine Sciences, Inc.*



222 Delaware Avenue, Suite 800
Wilmington, DE 19801-1600
PHONE 302.304.7600
FAX 866.974.7329
www.wsgr.com

July 31, 2019

**Via Efiling and Hand Delivery**

The Honorable Maryellen Noreika
J. Caleb Boggs Federal Building
844 North King Street, Unit 19, Room 4324
Wilmington, DE 19801

> Re:  *Quest Diagnostics Investments LLC v. Laboratory Corporation of America Holdings, et al.,* **C.A. No. 18-1436-MN (D. Del.)**

Dear Judge Noreika:

Defendants Laboratory Corporation of America Holdings; Esoterix, Inc.; and Endocrine Sciences, Inc. (collectively, "LabCorp") respectfully oppose Plaintiff's ("Quest's") request.

**1.    Background**

The fact discovery cutoff and due dates for final infringement and invalidity contentions in this case are more than seven months away in April of 2020. D.I. 18, ¶¶ 7.e–f, 8.a. The deadline for substantial completion of document production is upcoming on August 23, 2019. D.I. 18, ¶ 8.b. LabCorp expects that each party will make a substantial document production in the coming weeks.

LabCorp has diligently worked to resolve the discovery issues that Quest has raised and will continue to so. Having abandoned almost all of the *more than forty* issues Quest initially raised in a letter several months ago (D.I. 54, Ex. B), Quest moves on four issues related to LabCorp's responses to contention interrogatories or interrogatories that relate to an application of law to fact. The party serving contention interrogatories, i.e. Quest, bears the burden of showing why early answers to such interrogatories are necessary. *See Novanta Corp. v. Iradion Laser, Inc.,* 2016 U.S. Dist. LEXIS 126042, at *22–23 (D. Del. Sep. 16, 2016). Because LabCorp has already agreed to provide the supplementation Quest requested in response to three of the interrogatories (Nos. 5, 7, and 11) and Quest has made no showing to carry its burden to force an early response to that last interrogatory (No. 10), Quest's request for the Court's intervention should be denied. The out-of-circuit district court case *Bal Seal Eng'g, Inc. v. Nelson Prods., Inc.* No. 8:13-cv-01880, D.I. 134 (C.D. Cal. Jan. 9, 2018) is not to the contrary. There, the court ordered supplementation of contention interrogatories when the action was "in the late stages of discovery"—the fact discovery cutoff was one month away (D.I. 54, Ex. I at 2–3). That is not the case here.

AUSTIN    BEIJING    BOSTON    BRUSSELS    HONG KONG    LOS ANGELES    NEW YORK    PALO ALTO
SAN DIEGO    SAN FRANCISCO    SEATTLE    SHANGHAI    WASHINGTON, DC    WILMINGTON, DE

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

July 31, 2019
Page 2

**2.   Quest's Request for Court Intervention Should be Denied**

  **A.   Interrogatory No. 5 (Noninfringement Contentions)**

This interrogatory asks for LabCorp's noninfringement contentions—a response to an issue on which Quest bears the burden of proof and on which Quest served initial contentions as required by the scheduling order. D.I. 18 ¶ 7.c. LabCorp has already agreed to provide a supplemental response so there is no need for the Court's intervention. LabCorp provides the information below to complete the record as to how this issue was resolved.

As Quest admits in footnote 1 of its brief, LabCorp proposed a resolution to this dispute that did not require the Court's intervention—the parties agree to exchange responsive contentions, i.e. LabCorp's noninfringement contentions and Quest's validity contentions. D.I. 54 at 2 n.1. Rather than cooperate, Quest went silent and only recently served its validity contentions. Quest even asked for—and LabCorp agreed to—an extension until July 19, 2019 for Quest to respond to LabCorp's interrogatories, including the validity contention interrogatory. Ex. A. But when asking for that extension, Quest remained silent as to LabCorp's proposal to exchange responsive contentions. Within a week of receiving Quest's validity contentions, LabCorp agreed to supplement its noninfringement contention response, and do so by August 9, 2019.

Quest's incorrect suggestion that LabCorp has made "similar representations before" does not support its position that some unidentified intervention is required. Quest cites to its incorrect summary of the May 22, 2019 meet and confer (D.I. 54, Ex. D at 2) and fails to mention all of LabCorp's efforts to resolve this issue, which are discussed above. *E.g.* D.I. 54, Ex. E at 2 and Ex. G at 8 (LabCorp's June 5 and July 26 letters regarding this issue). Quest points to no reason why an earlier supplement was or is justified.

  **B.   Interrogatory No. 7 (Dr. Holmquist's Roles at LabCorp)**

This interrogatory asks for information about Brett Holmquist, a current LabCorp employee who used to work at Quest and is named as an inventor on some of the asserted patents. As Quest admits, LabCorp responded to this interrogatory with "the titles that Dr. Holmquist has held at LabCorp, the dates for which he held them" while also explaining that [REDACTED] D.I. 54 at 2. LabCorp has agreed to provide an additional supplement by August 9, 2019. Quest's argument based on the parties' negotiation of ESI search terms should be disregarded because that process is ongoing and not before the Court.

Just as with the previous interrogatory, Quest's incorrect suggestion that LabCorp has made "similar representations before" does not support its position that some unidentified intervention is required. Quest cites to its incorrect summary of the May 22, 2019 meet and

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

July 31, 2019
Page 3

confer (D.I. 54, Ex. D at 2) and fails to mention all of LabCorp's efforts to resolve this issue, which include when LabCorp provided additional information about Dr. Holmquist's projects (D.I. 54, Ex. E at 2) and when LabCorp agreed to further supplement (D.I. 54, Ex. G at 8).

  **C. Interrogatory No. 10 (Damages contentions – non-infringing alternatives)**

  As Quest admits, this interrogatory relates to a damages issue: noninfringing alternatives. D.I. 54 at 3. Quest has the burden of showing that an early answer to this contention interrogatory is necessary. *Novanta,* 2016 U.S. Dist. LEXIS 126042, at *22–23. Quest does not meet its burden, it does not appear to even try. LabCorp expects that both parties will produce technical information that will likely be relevant to noninfringing alternatives over the next month leading up to the deadline for substantial completion of document production. For example, LabCorp's collection and review of documents is ongoing. As to Quest, it has produced only one document beyond the asserted patents and their file histories. And that one document is merely an unredacted copy of a declaration from one of the file histories. Additionally, Quest has refused to produce any documents related to its and its affiliates relevant tests that could be noninfringing alternatives. LabCorp has raised this issue with Quest and will continue to pursue it. D.I. 54, Ex. G at 5–6 ¶ a (addressing document requests re Quest's tests). Thus, both parties have yet to produce documents that will likely affect each party's position. Quest identified no reason that LabCorp should provide an early answer to this interrogatory.

  **D. Interrogatory No. 11 (Damages contentions – convoyed sales)**

  Like the one before it, Quest admits this interrogatory relates to a damages issue—convoyed sales. D.I. 54 at 3. Quest fails to mention that it has provided no detail as to its convoyed sales theory—despite LabCorp's interrogatory asking for detailed damages contentions. *See* D.I. 54, Ex. G at 5 (addressing Quest's response to Interrogatory No. 8). Tellingly, Quest identifies no "bundling" of tests or other reason to expect convoyed sales like in the cases cited by Quest. D.I. 54 at 3. Relatedly, Quest's interrogatory on convoyed sales is overbroad because it is not tailored to potential convoyed sales but sweeps in *any* test that was ever performed or ordered in conjunction with any one of the accused tests. D.I. 54 at 21 ("*are or typical are*" [emphasis added]). LabCorp is currently investigating whether it tracks tests that are typically performed or ordered with the accused tests and expects to produce such information, if it exists, by the deadline for substantial complete of document production (August 23, 2019). If such information does not exist, LabCorp objects to the burden of reviewing and analyzing every test order or report that includes one of the accused tests to identify any test that was ever ordered or performed with any one of the accused tests and to tally up frequencies for every test.

**3. Conclusion**

  For the foregoing reasons, LabCorp respectfully request that Court deny Quest's request.

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

July 31, 2019
Page 4

                                          Sincerely,

                                          WILSON SONSINI GOODRICH & ROSATI
                                          Professional Corporation

                                          */s/ Ian R. Liston*
                                          Ian R. Liston

cc: all counsel of record

| | |
|---|---|
| **From:** | Liston, Ian |
| **Sent:** | Monday, July 8, 2019 8:51 PM |
| **To:** | Dorsney, Kenneth L. |
| **Cc:** | Williams-Davis, Tabitha; @IP Para |
| **Subject:** | Re: Quest v. LabCorp - Discovery Response Extension |

Ken,

This is fine with us.

Thanks,
Ian

Ian R. Liston
WILSON SONSINI GOODRICH & ROSATI, P.C.
222 Delaware Avenue, Suite 800
(302)304-7606 (direct)
(302)430-1360 (cell)

On Jul 8, 2019, at 5:41 PM, Dorsney, Kenneth L. <KDorsney@morrisjames.com> wrote:

> Ian:
>
> Please advise if LabCorp will consent to a one week extension of time to July 19, 2019 for Quest to respond to the current set of rogs and RFPs.
>
> Best,
>
> Ken
>
> **Kenneth L. Dorsney**
> Partner
> kdorsney@morrisjames.com
>
> <119070817412302475.jpg>
>
> 500 Delaware Avenue | Suite 1500
> Wilmington, DE 19801-1494
> T 302.888.6855 F 302.571.1750
>
> <119070817412302875.png> <119070817412301175.png> <119070817412301775.png>
>
> Download my vcard
>
> This communication may be subject to the attorney-client privilege or the attorney work product privilege or may be otherwise confidential. Any dissemination, copying or use of this communication by or to anyone other than the designated and intended recipient(s) is unauthorized. If you are not the intended recipient, please delete or destroy this communication immediately.

## CERTIFICATE OF SERVICE

I, Ian R. Liston, hereby certify that on July 31, 2019, I caused the foregoing **LETTER TO THE HONORABLE MARYELLEN NOREIKA, and its accompanying exhibits** to be served via electronic mail upon the following counsel of record:

Kenneth L. Dorsney
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
kdorsney@morrisjames.com

*Counsel for Plaintiff*
*Quest Diagnostic Investments LLC*

Adam R. Gahtan
Kevin X. McGann
Eric M. Majchrzak
FENWICK & WEST LLP
902 Broadway, Suite 14
New York, NY 10010
agahtan@fenwick.com
kmcgann@fenwick.com
emajchrzak@fenwick.com

Melanie L. Mayer
Elizabeth B. Hagan
FENWICK & WEST LLP
1191 Second Avenue, 10th Floor
Seattle, WA 98101
mmayer@fenwick.com
ehagan@fenwick.com

*Counsel for Plaintiff*
*Quest Diagnostic Investments LLC*

 /s/ Ian R. Liston
Ian R. Liston (#5507)