# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUEST DIAGNOSTICS INVESTMENTS LLC,<br><br>Plaintiff,<br><br>v.<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS, ESOTERIX, INC., and ENDOCRINE SCIENCES, INC.,<br><br>Defendants. | C.A. No. 18-1436 (MN) |

## LETTER TO THE HONORABLE MARYELLEN NOREIKA
## FROM KENNETH L. DORSNEY

*Of Counsel*:

Adam R. Gahtan
Kevin X. McGann
Eric M. Majchrzak
FENWICK & WEST LLP
902 Broadway, Suite 14
New York, NY 10010
Telephone:  212.430.2600
Email: agahtan@fenwick.com
kmcgann@fenwick.com
emajchrzak@fenwick.com

Melanie L. Mayer
Elizabeth B. Hagan
FENWICK & WEST LLP
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Email: mmayer@fenwick.com
ehagan@fenwick.com

Dated:  August 23, 2019

Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: 302.888.6800
kdorsney@morrisjames.com

*Attorney for Plaintiff*
*Quest Diagnostics Investments LLC*

11127788/1



Kenneth L. Dorsney
302.888.6855
kdorsney@morrisjames.com

August 23, 2019

**VIA E-FILING and HAND DELIVERY**
The Honorable Maryellen Noreika
J. Caleb Boggs Federal Building
844 N. King Street, Unit 19
Wilmington, DE 19801-3555

      RE:    *Quest Diagnostics Investments LLC v. Laboratory Corporation of America Holdings, et al.,* **No. 18-1436-MN (D. Del.)**

Your Honor:

    LabCorp has designated John Peterson as its in-house representative under the Protective Order for receipt of Quest's Confidential and Highly Confidential Information (the "Information"). Quest respectfully requests that the Court sustain Quest's objection to Mr. Peterson's designation, because, based on the responsibilities suggested by his several titles, including as an executive, there is an unacceptable risk of inadvertent disclosure or use of the Information. Counsel met and conferred on August 8, 2019; Quest continues trying to resolve the dispute, but it remains.

**I.    BACKGROUND**

    On July 18, 2019, LabCorp designated Mr. Peterson under the Protective Order. (*See* Ex. A at 10.) Quest objected, and requested information about Mr. Peterson's actual responsibilities so that it could fully assess the issue. (*Id.* at 1, 4, 8.) LabCorp refused, and continues to refuse, to provide such information. Accordingly, Quest maintains its objection to Mr. Peterson's receipt of highly-sensitive information, including, *e.g.*, technical standard operating procedures, sales data, and licensing agreements.

**II.    ARGUMENT**

    To prevent an opposing party's in-house counsel from receiving access to confidential information, a party must show "good cause." *PhishMe, Inc. v. Wombat Sec. Techs., Inc.*, No. 16-403, 2017 WL 4138961, at *2 (D. Del. Sept. 8, 2017). Courts find good cause and "restrict an individual attorney's access to a trade secret or other confidential information when there is 'an unacceptable opportunity for inadvertent disclosure.'" *Blackbird Tech LLC v. Serv. Lighting & Elec. Supplies, Inc.*, No. 15-53, 2016 WL 2904592, at *1 (D. Del. May 18, 2016) (quoting *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984)). Key considerations include "the factual circumstances surrounding each individual counsel's activities, association, and relationship with a party." *U.S. Steel*, 730 F.2d at 1468. "[W]here in-house counsel are involved in competitive decisionmaking, it may well be that a party seeking access should be . . . denied the access[.]" *Id.*; *see also In re Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010) ("[T]he counsel-by-counsel determination should turn on the extent to which counsel is involved

500 Delaware Avenue, Suite 1500  |  Wilmington, DE 19801-1494   T 302.888.6800   F 302.571.1750
Mailing Address   P.O. Box 2306  |  Wilmington, DE 19899-2306   www.morrisjames.com

11127788/1

The Honorable Maryellen Noreika
August 23, 2019
Page 2



in 'competitive decisionmaking' with its client.").

Competitive decisionmaking is "shorthand for a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." *Id.* at 1468 n.3. Counsel heavily involved in "acquisition, enforcement (through litigation), and licensing of patents should be considered competitive decisionmakers for purposes of this inquiry." *Blackbird*, 2016 WL 2904592, at *1 (internal quotation omitted).

### A. Mr. Peterson is a competitive decisionmaker

Mr. Peterson is an "Associate Vice President" at LabCorp (Ex. B at 1), and an "Associate General Counsel" and "Chief Counsel, Intellectual Property & Litigation" at Sequenom, a LabCorp subsidiary. (Ex. B at 1; Ex. A at 2.) These titles strongly suggest that Mr. Peterson has a significant role in, and directly advises top-level LabCorp executives about, intellectual property strategies, enforcement, licensing, and product development. LabCorp has so far refused to explain Mr. Peterson's actual roles, offering only the conclusion that, as a lawyer, Mr. Peterson is not involved in competitive decision-making. (Ex. A at 7.)

In *PhishMe*, Plaintiff sought access to Defendant's attorney's-eyes only material for Mr. McGee, its General Counsel, Secretary, and Chief Privacy Officer. 2017 WL 4138961, at *1-2. The Court found that Mr. McGee "advise[d] high level executives at the company," so that, although he was not the "final decisionmaker," he "play[ed] a very important role in the process that leads to those decisions." *Id.* at *4-5. He also "play[ed] a significant role in the enforcement of [the Plaintiff's] intellectual property," and had "a role in patent prosecution." *Id.* at *6-7. The "gravity of the consequences of inadvertent disclosure or misuse" of the confidential information were heightened because Plaintiff and Defendant were "direct competitor[s]". *Id.* at *8. Accordingly, the Court found that "Mr. McGee participate[d] in competitive decisionmaking" and refused to grant him access. *Id.*

Mr. Peterson is, like Mr. McGee in *PhishMe* a high-level LabCorp attorney, and a ranking executive, and he is likely advising top-level executives on competitive decisions. If he receives access to Quest's Information, there is a significant risk of inadvertent disclosure that could competitively harm Quest. For example, if Mr. Peterson receives access to Quest's license agreements, he could inadvertently use that information (*e.g.*, royalty rates, terms Quest utilizes, etc.) to undermine Quest in the marketplace. Similarly, with access to Quest's sales information and testing protocols, Mr. Peterson may inadvertently redirect intellectual property procurement or enforcement activity (*e.g.*, seeking claims to or initiating enforcement actions against particularly valuable technology).

LabCorp claims that "John Peterson is an in-house lawyer for LabCorp . . . he is not involved in competitive decision making." (Ex. A at 7.) But LabCorp refuses to say what Mr. Peterson's roles actually are, including as an Executive Vice President, and lawyers can certainly be competitive decisionmakers depending on their duties: "even when an attorney states that their

2



role is simply to provide 'legal advice' on 'legal issues' to competitive decisions . . . this is not dispositive." *PhishMe*, 2017 WL 4138961, at *5. When an in-house attorney is "one of few people advising the ultimate decisionmaker" and plays a role in the "advice-giving process," then there is a great "chance that, inadvertently, access to the confidential material may cloud the types of advice counsel provides," and so that in-house counsel "may ultimately play an important role in the decisionmaking process." *Id.* Based on his titles, it is reasonable for Quest to assume that Mr. Peterson directly advises high-level LabCorp executives and influences the company's competitive decisionmaking process. If Mr. Peterson has access to Quest's Information, it may "cloud" that process.

LabCorp further argues that the Protective Order's prosecution bar provides Quest sufficient protection and should be determinative. (*E.g.*, Ex. A at 7, 9.) But in some cases a prosecution bar does "not entirely eliminate the risk at issue in the patent prosecution space" itself, 2017 WL 4138961, at *7, and it does not address other competitive decision-making concerns.

### B. Quest has not waived its objection

LabCorp also argues that Quest has waived portions of its objection. (*See* Ex. A at 2.) LabCorp is mistaken. The Protective Order requires that such objections be made within seven days from the identification of the in-house counsel and "be accompanied by a statement of the factual and legal bases underlying the objection." (D.I. 25, ¶7.1 at 10-11.) Quest satisfied both requirements, raising its objection, along with the factual and legal bases for them, six days after LabCorp identified Mr. Peterson. (*See* Ex. A at 9-10.) LabCorp has been aware of the basis of Quest's objection since Quest first raised it. There has been no waiver.

### III. CONCLUSION

For the foregoing reasons, Quest respectfully requests that the Court prevent John Peterson from receiving access to Quest's Information in this matter. In the alternative, Quest requests that the Court defer decision until after LabCorp has provided sufficient information about Mr. Peterson's role.

Respectfully submitted,

*/s/ Kenneth L. Dorsney*

Kenneth L. Dorsney (#3726)
kdorsney@morrisjames.com

cc: All counsel via efiling

# EXHIBIT A

| | |
|---|---|
| **From:** | Eric Majchrzak |
| **To:** | "Carlson, Erik" |
| **Cc:** | mferrario@kilpatricktownsend.com; WSGR - LabCorp; Liz Hagan; Kim, Olivia; Dorsney, Kenneth L.; Quest_LabCorp_Team; Quest_LabCorp_MJTeam |
| **Subject:** | RE: Quest v. LabCorp, 18-cv-1436 (D. Del.) - John E. Peterson |
| **Date:** | Monday, August 19, 2019 1:00:00 PM |

Erik,

We disagree with, *inter alia*, your reading of Paragraph 7.2 of the protective Order and your mischaracterization of the meet-and-confer.  The Protective Order states that any objection shall be raised "with the Court within ten (10) **business** days of the meet and confer **and** subsequent written notification" of a party's intent to raise the issue with the Court.  (D.I. 25, ¶ 7.2.)  Ten **business** days from the meet-and-confer is **August 22, 2019**.  Moreover, Quest has not yet provided subsequent written notification (a necessary triggering event) because it was our understanding that LabCorp was willing to try to resolve this issue without burdening the Court.  You suggested that LabCorp, after receiving Quest's understanding of the law, would provide more information about Mr. Peterson's responsibilities.  With that information (which is solely within LabCorp's possession), Quest could re-assess the need for this objection.  Indeed, Quest has requested this information several times already to no avail.  (*See, e.g.*, Email to Olivia Kim (July 31, 2019, 4:39 pm EDT).)

Separately, no objection has been waived.  From the outset, Quest objected to Mr. Peterson's receipt of Confidential or Highly Confidential information due to his position within LabCorp and the associated risk of inadvertent disclosure.  LabCorp has been on notice of the basis for this objection from Quest's first email.  Nothing about the objection has changed.  In an effort to resolve this matter, Quest provided more information so LabCorp could better assess the situation.  Yet, despite these efforts, LabCorp has provided no cooperation in return.

Quest prefers to resolve this matter without burdening the Court.  If LabCorp is willing to seek a mutual resolution to this matter, please let us know by **2 pm EDT today**.  Under those circumstances the parties can continue to negotiate the issue and the triggering event for seeking the Court's assistance – as described in the Protective Order – will be written notification of a party's intent to seek the Court's intervention.  If not, we ask that local counsel be available today to approach the Court.

Regards,
Eric

---

**From:** Carlson, Erik [mailto:ecarlson@wsgr.com]
**Sent:** Friday, August 16, 2019 6:06 PM
**To:** Eric Majchrzak <emajchrzak@fenwick.com>

1

**Cc:** mferrario@kilpatricktownsend.com; WSGR - LabCorp <labcorp@wsgr.com>; Liz Hagan <ehagan@fenwick.com>; Kim, Olivia <okim@wsgr.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; Quest_LabCorp_Team <Quest_LabCorp_Team@fenwick.com>; Quest_LabCorp_MJTeam <Quest_LabCorp_MJTeam@morrisjames.com>
**Subject:** RE: Quest v. LabCorp, 18-cv-1436 (D. Del.) - John E. Peterson

Eric,

Quest has waived the new objection in your August 12, 2019 email because it was not sent within seven days of LabCorp's identification of Mr. Peterson. As I indicated on our August 8 meet and confer, Paragraph 7.1 of the Stipulated Protective Order (D.I. 25) requires that an objection "shall be accompanied by a statement of the factual and legal bases underlying such objection" and that failure to do so "shall be deemed a waiver" of the objection. As agreed on the August 8 meet and confer, Paragraph 7.2 of the Stipulated Protective Order requires that Quest raise any issue with the Court ten days from the meet and confer or Quest is deemed to have agreed to the disclosure. That ten days runs out on Monday August 19, 2019. For the reasons below, LabCorp urges Quest to drop its improper and untimely objections so as not to burden the Court unnecessarily.

**Quest's Original Objection Fails**. On July 18, 2019, LabCorp identified John Peterson. Quest responded on July 24 with an objection based on a title Mr. Peterson lists on his LinkedIn page for Sequenom, a subsidiary of LabCorp that Quest did not name as a party in this lawsuit. Quest's concern appeared to be prosecution because it asked for confirmation that Mr. Peterson would comply with the prosecution bar. LabCorp addressed Quest's objection by explaining that Quest's request for confirmation as to the prosecution bar was redundant because: "Mr. Peterson has signed the Declaration and Confidentiality Undertaking stating that he has received and carefully read the Order, that he fully understands the terms of the Order, that he recognizes he is bound by the terms of the Order, and that he agrees to comply with the terms of the Order."

**Quest's First Untimely Objection Fails**. On July 31, Quest first expressed new "concerns" based on Quest's "understanding that Mr. Peterson occupies a high-level, decision-making position in LabCorp's intellectual property department" and a purported "undue danger of inadvertent disclosure and/or use of that Highly Confidential Information in LabCorp's *competitive* strategies." (emphasis added) On August 2, LabCorp addressed these new concerns by confirming that Mr. Peterson is an "in-house lawyer for LabCorp whose duties managing this litigation require access to Quest's material designated HIGHLY CONFIDENTIAL and CONFIDENTIAL" and that "Mr. Peterson gives legal advice to LabCorp—he is not involved in competitive decision making."

**Quest's Second Untimely Objection Fails**. On August 12, after the parties' meet and confer, Quest sent another new objection, this one apparently based on speculation about some

2

unidentified licensing role. As it's purported factual bases, Quest points to nothing more than two other titles Mr. Peterson lists on his LinkedIn page: "Associate Vice President" and "Associate General Counsel." This new objection has been waived, because neither it, nor its factual or legal bases, were sent within seven days. Even if Quest had sent the August 12 objection within seven days, it would fail. The *U.S. Steel Corp* case expressly held that it was error to deny access because of in-house counsel's "general position" or a "a general assumption that one group of lawyers are more likely or less likely inadvertently to breach their duty under a protective order." 730 F.2d 1465, 1467-68. That is only basis for Quest's new objection. The other cases Quest cites are inapplicable to the current situation. *Apeldyn Corp. v. AU Optronics Corp.* (denying access to two non-lawyer executives who were the primary, if not sole, decision makers); *Affymetrix, Inc. v. Illumina, Inc.* (denying access to a member of defendant's management team who engages in *competitive* decision making but allowing defendant's "litigation" unit access.); *Intel Corp. v. VIA Techs., Inc.* (out of circuit district court case denying access to competitive decision maker).

Quest's latest untimely objection also includes a suggestion that LabCorp re-assign management of this case to a more junior in-house lawyer. Yet Quest identified Dina Mack as its in-house counsel who has access to LabCorp's highly confidential information. Ms. Mack is Quest's Deputy General Counsel and Chief Litigation Officer. She calls herself an "executive" that reviews and negotiates "a wide variety of agreements, including complex commercial, *IP licensing* and employment agreements." https://www.linkedin.com/in/dina-mack-9a121047/ (emphasis added). When compared to Quest's own conduct, these untimely whack-a-mole objections are confirmed to be meritless.

Regards,
Erik



Erik J. Carlson • Wilson Sonsini Goodrich & Rosati
633 West Fifth Street, Suite 1550 • Los Angeles, CA 90071 • 323.210.2940 • ecarlson@wsgr.com

---

**From:** Eric Majchrzak <emajchrzak@fenwick.com>
**Sent:** Monday, August 12, 2019 5:00 PM
**To:** Carlson, Erik <ecarlson@wsgr.com>; Liz Hagan <ehagan@fenwick.com>; Kim, Olivia <okim@wsgr.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; Quest_LabCorp_Team <Quest_LabCorp_Team@fenwick.com>; Quest_LabCorp_MJTeam <Quest_LabCorp_MJTeam@morrisjames.com>
**Cc:** mferrario@kilpatricktownsend.com; WSGR - LabCorp <labcorp@wsgr.com>
**Subject:** RE: Quest v. LabCorp, 18-cv-1436 (D. Del.) - John E. Peterson

3

Erik,

As discussed last week, Quest maintains that Mr. Peterson is an inappropriate person to receive Quest's Confidential and Highly Confidential Information under the protective order due to his apparent position of decisionmaking authority within LabCorp.

In *U.S. Steel Corp. v. United States*, the Federal Circuit found that the relevant determination for denial of access under a protective order is "[w]hether an unacceptable opportunity for inadvertent disclosures exists." 730 F.2d 1465, 1468 (Fed. Cir. 1984); *see also Apeldyn Corp. v. AU Optronics Corp.*, 2012 WL 2368796, at *7-8 (D. Del. June 13, 2012), *adopted by*, 2012 WL 2366537 (D. Del. June 20, 2012). Courts routinely find that an unacceptable risk for such inadvertent disclosure exists when the individual seeking access has responsibilities including, for example, licensing and litigating patents with similar subject matter. *See Affymetrix, Inc. v. Ilumina, Inc.*, 2005 WL 1801683, at *2 (D. Del. July 28, 2005) (holding that party's involvement with settling patent litigation and licensing crosses over into competitive-decision making and, therefore, party was appropriately barred from viewing confidential material under protective order); *Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 530 (N.D. Cal. 2000) (denying access to protected information to in-house counsel where her "involvement in licensing through litigation constitutes competitive decisionmaking, because her advice and counsel necessarily affect licensing decisions").

Here, as previously explained, Mr. Peterson appears to have high-level, decisionmaking responsibilities within LabCorp. His LinkedIn page, for example, lists his titles as "Associate Vice President" and "Associate General Counsel." His responsibilities in those titles likely extend to licensing and other intellectual property decisionmaking within LabCorp. Mr. Peterson therefore holds positions that include a substantial risk of inadvertent disclosure. Any such inadvertent disclosure of Quest's Confidential or Highly Confidential Information would put Quest at a competitive disadvantage. Thus, the prosecution bar and Mr. Peterson's agreement to be bound by the Protective Order do not alleviate Quest's concerns. This is especially true as Quest and LabCorp are competitors in the same markets.

LabCorp could easily reduce the risk of inadvertent disclosure by assigning responsibility for this matter to another in-house attorney. LabCorp's legal department certainly extends beyond individuals with competitive decisionmaking authority, such as Vice-Presidents and General Counsels.

If LabCorp disagrees, please provide enough information about Mr. Peterson's responsibilities within LabCorp so that we can assess your position.

Regards,

Eric

**From:** Carlson, Erik [mailto:ecarlson@wsgr.com]
**Sent:** Wednesday, August 07, 2019 5:28 PM
**To:** Eric Majchrzak <emajchrzak@fenwick.com>; Liz Hagan <ehagan@fenwick.com>; Kim, Olivia <okim@wsgr.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; Quest_LabCorp_Team <Quest_LabCorp_Team@fenwick.com>; Quest_LabCorp_MJTeam <Quest_LabCorp_MJTeam@morrisjames.com>
**Cc:** mferrario@kilpatricktownsend.com; WSGR - LabCorp <labcorp@wsgr.com>
**Subject:** RE: Quest v. LabCorp, 18-cv-1436 (D. Del.) - John E. Peterson

Ian Liston will join for LabCorp. Ken, could you arrange to join or have someone from your firm join?

**From:** Eric Majchrzak <emajchrzak@fenwick.com>
**Sent:** Wednesday, August 7, 2019 2:03 PM
**To:** Carlson, Erik <ecarlson@wsgr.com>; Liz Hagan <ehagan@fenwick.com>; Kim, Olivia <okim@wsgr.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; Quest_LabCorp_Team <Quest_LabCorp_Team@fenwick.com>; Quest_LabCorp_MJTeam <Quest_LabCorp_MJTeam@morrisjames.com>
**Cc:** mferrario@kilpatricktownsend.com; WSGR - LabCorp <labcorp@wsgr.com>
**Subject:** RE: Quest v. LabCorp, 18-cv-1436 (D. Del.) - John E. Peterson

Erik,

If you would also like to discuss the John Peterson objection, can you ask Delaware counsel to join the call as well.

Regards,
Eric

**From:** Carlson, Erik [mailto:ecarlson@wsgr.com]
**Sent:** Wednesday, August 07, 2019 11:04 AM
**To:** Eric Majchrzak <emajchrzak@fenwick.com>; Liz Hagan <ehagan@fenwick.com>; Kim, Olivia <okim@wsgr.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; Quest_LabCorp_Team <Quest_LabCorp_Team@fenwick.com>; Quest_LabCorp_MJTeam <Quest_LabCorp_MJTeam@morrisjames.com>
**Cc:** mferrario@kilpatricktownsend.com; WSGR - LabCorp <labcorp@wsgr.com>
**Subject:** RE: Quest v. LabCorp, 18-cv-1436 (D. Del.) - John E. Peterson

Eric,

Talk to you then. Let's please also discuss Quest's objection to John Peterson's access to Quest's confidential information on Thursday.

5

Regards,
Eric

---

**From:** Eric Majchrzak <emajchrzak@fenwick.com>
**Sent:** Tuesday, August 6, 2019 5:23 PM
**To:** Carlson, Erik <ecarlson@wsgr.com>; Liz Hagan <ehagan@fenwick.com>; Kim, Olivia <okim@wsgr.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; Quest_LabCorp_Team <Quest_LabCorp_Team@fenwick.com>; Quest_LabCorp_MJTeam <Quest_LabCorp_MJTeam@morrisjames.com>
**Cc:** mferrario@kilpatricktownsend.com; WSGR - LabCorp <labcorp@wsgr.com>
**Subject:** RE: Quest v. LabCorp, 18-cv-1436 (D. Del.) - John E. Peterson

Erik,

We are available Thursday at 11 am PDT (2 pm EDT) to discuss the Holmquist terms.  We can use ███████████████████████

Regards,
Eric

---

**From:** Carlson, Erik [mailto:ecarlson@wsgr.com]
**Sent:** Tuesday, August 06, 2019 3:18 PM
**To:** Liz Hagan <ehagan@fenwick.com>; Eric Majchrzak <emajchrzak@fenwick.com>; Kim, Olivia <okim@wsgr.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; Quest_LabCorp_Team <Quest_LabCorp_Team@fenwick.com>; Quest_LabCorp_MJTeam <Quest_LabCorp_MJTeam@morrisjames.com>
**Cc:** mferrario@kilpatricktownsend.com; WSGR - LabCorp <labcorp@wsgr.com>
**Subject:** RE: Quest v. LabCorp, 18-cv-1436 (D. Del.) - John E. Peterson

Liz,

We are available Monday 8/12 at 10 am PDT to discuss the issues in our July 26 letter. We can use this dial-in: ███████████████████████

With regard to Dr. Holmquist, is someone on your team available this week to discuss? That's a discrete issue and we'd like to make progress on it. We're free tomorrow, Thursday, or Friday at 10 or 11 am on any day.

Regards,
Erik

---

**From:** Liz Hagan <ehagan@fenwick.com>

6

**Sent:** Tuesday, August 6, 2019 11:20 AM
**To:** Carlson, Erik <ecarlson@wsgr.com>; Eric Majchrzak <emajchrzak@fenwick.com>; Kim, Olivia <okim@wsgr.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; Quest_LabCorp_Team <Quest_LabCorp_Team@fenwick.com>; Quest_LabCorp_MJTeam <Quest_LabCorp_MJTeam@morrisjames.com>
**Cc:** mferrario@kilpatricktownsend.com; WSGR - LabCorp <labcorp@wsgr.com>
**Subject:** RE: Quest v. LabCorp, 18-cv-1436 (D. Del.) - John E. Peterson

Erik,

We understand you would like to discuss your letter of July 26 at the same time. We are available to discuss your lengthy discovery letter next week. Please let us know when you are available for a call on Monday after 9 am Pacific (noon Eastern) or Wednesday between 8 am and 1 pm Pacific (11 am and 4 pm Eastern).

Thank you,
Liz

## LIZ HAGAN

Associate | Fenwick & West LLP | +1 206-389-4587 | ehagan@fenwick.com
Admitted to practice in Washington.

---

**From:** Carlson, Erik [mailto:ecarlson@wsgr.com]
**Sent:** Friday, August 2, 2019 4:12 PM
**To:** Eric Majchrzak <emajchrzak@fenwick.com>; Kim, Olivia <okim@wsgr.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; Quest_LabCorp_Team <Quest_LabCorp_Team@fenwick.com>; Quest_LabCorp_MJTeam <Quest_LabCorp_MJTeam@morrisjames.com>
**Cc:** mferrario@kilpatricktownsend.com; WSGR - LabCorp <labcorp@wsgr.com>
**Subject:** RE: Quest v. LabCorp, 18-cv-1436 (D. Del.) - John E. Peterson

Eric,

John Peterson is an in-house lawyer for LabCorp whose duties managing this litigation require access to Quest's material designated HIGHLY CONFIDENTIAL and CONFIDENTIAL. Mr. Peterson gives legal advice to LabCorp—he is not involved in competitive decision making.

As my colleague has already explained, Mr. Peterson has signed an undertaking and there is a prosecution bar in the protective order. Please drop the improper objection.

We are available to meet and confer on Tuesday or Wednesday at 10 am or 11 am PDT either day. Please be prepared to discuss Quest's discovery deficiencies raised in my July 26 letter. We never heard back in response to our request to meet and confer on Thursday or Friday this week.

Regards,
Erik

**WSGR** Erik J. Carlson • Wilson Sonsini Goodrich & Rosati
633 West Fifth Street, Suite 1550 • Los Angeles, CA 90071 • 323.210.2940 • ecarlson@wsgr.com

---

**From:** Eric Majchrzak <emajchrzak@fenwick.com>
**Sent:** Wednesday, July 31, 2019 4:39 PM
**To:** Kim, Olivia <okim@wsgr.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; Quest_LabCorp_Team <Quest_LabCorp_Team@fenwick.com>; Quest_LabCorp_MJTeam <Quest_LabCorp_MJTeam@morrisjames.com>
**Cc:** mferrario@kilpatricktownsend.com; WSGR - LabCorp <labcorp@wsgr.com>
**Subject:** RE: Quest v. LabCorp, 18-cv-1436 (D. Del.) - John E. Peterson

Olivia,

We are maintaining our objection until we better understand Mr. Peterson's role at LabCorp. We appreciate that Mr. Peterson signed the Declaration and Confidentiality Undertaking and that there is a prosecution bar in the Protective Order. That, however, does not relieve our concerns.

As stated in my email below, it is our understanding that Mr. Peterson occupies a high-level, decision-making position in LabCorp's intellectual property department. Thus, whether Mr. Peterson personally engages in activity before the Patent Office or not, granting him access to Quest's Highly Confidential Information poses an undue danger of inadvertent disclosure and/or use of that Highly Confidential Information in LabCorp's competitive strategies. Such inadvertent use could cause Quest significant commercial harm.

We are available to meet-and-confer on this issue. To ensure that the meet-and-confer is productive, we ask that you provide information concerning Mr. Peterson's position and responsibilities beforehand.

Regards,
Eric

---

**From:** Kim, Olivia [mailto:okim@wsgr.com]
**Sent:** Tuesday, July 30, 2019 4:47 PM

**To:** Eric Majchrzak <emajchrzak@fenwick.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; Quest_LabCorp_Team <Quest_LabCorp_Team@fenwick.com>; Quest_LabCorp_MJTeam <Quest_LabCorp_MJTeam@morrisjames.com>
**Cc:** mferrario@kilpatricktownsend.com; WSGR - LabCorp <labcorp@wsgr.com>
**Subject:** RE: Quest v. LabCorp, 18-cv-1436 (D. Del.) - John E. Peterson

Eric,

As you indicate below, there is a prosecution bar provision in the Stipulated Protective Order ("Order"). As such, the concern you raise below with regards to Mr. Peterson is misplaced. Mr. Peterson has signed the Declaration and Confidentiality Undertaking stating that he has received and carefully read the Order, that he fully understands the terms of the Order, that he recognizes he is bound by the terms of the Order, and that he agrees to comply with the terms of the Order.

Please immediately confirm that we may start sharing Quest's highly confidential information with Mr. Peterson pursuant to the Order.

Regards,
Olivia

---

**From:** Eric Majchrzak [mailto:emajchrzak@fenwick.com]
**Sent:** Wednesday, July 24, 2019 2:15 PM
**To:** Kim, Olivia; Dorsney, Kenneth L.; Quest_LabCorp_Team; Quest_LabCorp_MJTeam
**Cc:** mferrario@kilpatricktownsend.com; WSGR - LabCorp
**Subject:** RE: Quest v. LabCorp, 18-cv-1436 (D. Del.) - John E. Peterson

Olivia,

We received LabCorp's acknowledgement for Mr. Peterson as LabCorp's designee to have access to the highest level of confidentiality materials. We understand that Mr. Peterson's role within LabCorp may include responsibilities related to intellectual property. For example, Mr. Peterson's LinkedIn profile suggests that he currently holds a title of "Chief Counsel, Intellectual Property & Litigation." Quest therefore has concerns with Mr. Peterson as LabCorp's designee and, pursuant to Paragraph 7.1, objects to him absent further information regarding Mr. Peterson's responsibilities at LabCorp. Please provide us with a more detailed description of Mr. Peterson's responsibilities and job functions (and if he has a current CV we would appreciate receiving that) so that we may further assess whether we can agree to him having access to Quest's confidential information.

We also note that the Protective Order entered in this matter contains a prosecution bar (¶ 23), which prevents individuals who receive information pursuant to Paragraph 6.1(c) from being "involved" or "engaged" in several activities before the USPTO and foreign patent offices. Please confirm that Mr. Peterson will not be "involved" or "engaged" in any activities described in Paragraph 23 of the Protective Order.

Regards,
Eric

**From:** Kim, Olivia [mailto:okim@wsgr.com]
**Sent:** Thursday, July 18, 2019 1:22 PM
**To:** Eric Majchrzak <emajchrzak@fenwick.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>; Quest_LabCorp_Team <Quest_LabCorp_Team@fenwick.com>; Quest_LabCorp_MJTeam <Quest_LabCorp_MJTeam@morrisjames.com>
**Cc:** mferrario@kilpatricktownsend.com; WSGR - LabCorp <labcorp@wsgr.com>
**Subject:** Quest v. LabCorp, 18-cv-1436 (D. Del.) - John E. Peterson

Counsel,

Pursuant to Paragraphs 6.1(b), 6.2(b), and 7.1 of the Protective Order, attached please find a signed Exhibit A from John E. Peterson.

Regards,
Olivia

Olivia M. Kim
**Wilson Sonsini Goodrich & Rosati**
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
**T** 323.210.2904 | **M** 213.304.7684 | **E** okim@wsgr.com

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

-------------------------------------------
NOTICE:
This email and all attachments are confidential, may be legally privileged, and are intended solely for the individual or entity to whom the email is addressed. However, mistakes sometimes happen in addressing emails. If you believe that you are not an intended recipient, please stop reading immediately. Do not copy, forward, or rely on the contents in any way. Notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and then delete or destroy any copy of this email and its attachments. Sender reserves and asserts all rights to confidentiality, including all privileges that may apply.

# EXHIBIT B

## Contact

www.linkedin.com/in/john-peterson-979a6b84 (LinkedIn)

## Top Skills

Litigation
Licensing
Patent Prosecution

# John Peterson

Associate General Counsel, Sequenom & Associate Vice President, LabCorp
San Diego, California

## Experience

LabCorp
Associate Vice President
April 2019 - Present

Sequenom
Associate General Counsel
April 2011 - Present

Sequenom
Associate General Counsel; Chief Counsel, Intellectual Property & Litigation
2011 - Present

Perkins Coie LLP
Of Counsel
2008 - 2011 (4 years)

Paul Hastings
Of Counsel
2003 - 2008 (6 years)

Brobeck, Phleger & Harrison
Attorney
2000 - 2003 (4 years)

Lyon & Lyon
Attorney
1998 - 2000 (3 years)

## Education

The George Washington University Law School
Doctor of Law (JD) · (1995 - 1998)

Page 1 of 2

University of Virginia

Doctor of Philosophy (PhD), Oncology and Cancer Biology · (1988 - 1995)

Penn State University

Bachelor of Science (BS), Microbiology and Immunology