IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUEST DIAGNOSTICS INVESTMENTS LLC, <br><br> Plaintiff, <br><br> v. <br><br> LABORATORY CORPORATION OF AMERICA HOLDINGS, ESOTERIX, INC., and ENDOCRINE SCIENCES, INC., <br><br> Defendants. | Civ. No. 1:18-cv-01436-MN <br><br>  <br><br> REDACTED VERSION FILED SEPTEMBER 5, 2019 |

## LETTER TO THE HONORABLE MARYELLEN NOREIKA FROM IAN R. LISTON

*Of Counsel*:

Edward G. Poplawski*
Olivia M. Kim"
Erik Calson*
WILSON SONSINI GOODRICH
  & ROSATI, P.C.
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
(323) 210-2900
epoplawski@wsgr.com
okim@wsgr.com
ecarlson@wsgr.com

Matias Ferrario*
KILPATRICK TOWNSEND
  & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400
(336) 607-7300
mferrario@kilpatricktownsend.com

Ian R. Liston (#5507)
Johanna Peuscher-Funk (#6451)
WILSON SONSINI GOODRICH
  & ROSATI, P.C.
222 Delaware Avenue, Suite 800
Wilmington, DE 19801
(302) 304-7600
iliston@wsgr.com
jpeuscherfunk@wsgr.com

*Counsel for Defendants Laboratory Corporation of America Holdings, Esoterix, Inc., and Endocrine Sciences, Inc.*

*Added *Pro Hac Vice*

Dated: August 23, 2019



222 Delaware Avenue, Suite 800
Wilmington, DE 19801-1600

PHONE 302.304.7600
FAX 866.974.7329
www.wsgr.com

August 23, 2019

**Via Efiling and Hand Delivery**

The Honorable Maryellen Noreika
J. Caleb Boggs Federal Building
844 North King Street, Unit 19, Room 4324
Wilmington, DE 19801

      Re:    *Quest Diagnostics Investments LLC v. Laboratory Corporation of America Holdings, et al.,* C.A. No. 18-1436-MN (D. Del.)

Dear Judge Noreika:

      Defendants Laboratory Corporation of America Holdings; Esoterix, Inc.; and Endocrine Sciences, Inc. (collectively, "LabCorp") respectfully request that the Court order Plaintiff ("Quest") to provide discovery regarding: (1) Quest's testosterone and Vitamin D tests; (2) Quest's licensing efforts; and (3) Quest's contentions as to conception and reduction to practice.

**1.    Documents and Information Regarding Quest's Tests (RFP Nos. 6-7, 23, 25-27, 38, 53-54, 64, and 74 and Interrogatory Nos. 1-4)**

      Quest improperly refuses to provide relevant information regarding Quest's and its licensees' mass-spectrometry testosterone and Vitamin D tests (collectively "Quest Tests"). LabCorp requested this information in Interrogatory Nos. 1, 2, 3, and 4 (*see* Ex. A) and RFP Nos. 6-7, 23, 25-27, 38, 53-54, 64, and 74 (*see* Ex. B). Quest attempts to justify its refusal by incorrectly suggesting it has not relied on Quest Tests to show commercial success. Ex. A at 10 (response to Interrogatory No. 1: "To the extent Quest intends to rely on these tests to prove commercial success"); Ex. B at 18, 20 (response to RFP Nos. 6, 7: "if Quest pursues commercial success"); Ex. B at 43, 46, 47, 48, 66, 85, 87, 99, 111 (response to RFP Nos. 23, 25, 26, 27, 38, 53, 54, 64, 74: "if Quest relies on" any Quest test). Quest has contended ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. A at 9. Quest relied on the purported "commercial success" of those tests and purported "successful licensing" of the asserted patents in Quest's contentions regarding secondary considerations of nonobviousness. Ex. A at 30. Accordingly, Quest should produce technical and financial information regarding Quest Tests supporting or undermining its contentions that the tests ▮▮▮▮▮▮▮▮▮ and show purported secondary considerations.

      Even if Quest had not already relied on such tests, information about Quest Tests are relevant to other issues in the case including invalidity, damages, non-infringing alternatives, lack of willfulness, and other remedies. *See Leader Technologies Inc. v. Facebook Inc.,* Civ. No. 08-862-JJF-LPS, 2009 WL 3021168, at *2 (D. Del. Sept. 4, 2009) (relevant to patentee's claim

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

August 23, 2019
Page 2

for injunctive relief); *Astellas Pharma Inc. v. Actavis Elizabeth LLC,* Civ. No. 16-905-JFB-CJB, Dkt. No. 231 (D. Del. May 15, 2018) (relevant to issues that include non-infringement and invalidity); *Sonix Tech. Co. Ltd v. Yoshida*, No. 12CV380-CAB (DHB), 2014 WL 11878354, at *2 (S.D. Cal. Dec. 5, 2014) (relevant even where patentee did not assert commercial success).

As to Interrogatory Nos. 2-4, Quest refused to respond based on an obvious typo in those Interrogatories. Ex. A at 10-14. The Interrogatories are directed to information about Quest Tests identified in response to Interrogatory No. 1. As originally served, Interrogatory Nos. 2-4 referred to Quest Tests identified in response to Interrogatory *No. 2*, instead of Interrogatory *No. 1* as intended. LabCorp corrected the typo in a July 26 letter (Ex. C at 3) and formalized the correction in August 16, 2019 corrected Interrogatories (Ex. D at 1; Ex. E at 8-9 (corrected interrogatories); Ex. F at 8-10 (redline)). Quest still refused to respond. Ex. D at 1. Accordingly, LabCorp respectfully requests an order compelling Quest to provide a complete response to Interrogatory Nos. 1-4 and RFP Nos. 6-7, 23, 25-27, 38, 53-54, 64, and 74, including a production of documents and information about Quest Tests by the September 27, 2019 deadline for substantial completion of document discovery. D.I. 61 at 1; August 19, 2019 Order re D.I. 61.

2. **Documents Regarding Quest's Licensing Efforts (RFP Nos. 14, 23, 28-30, 37, 59)**

Quest refuses to provide relevant licensing information in response to RFP Nos. 14, 23, 28-30, 37, 59 (*see* Ex. B). Quest has attempted to improperly limit its response to only "executed" licenses and only those that grant a right in the "Asserted Patents." Ex. B at 29-30, 43, 51, 52, 54, 64-65, 93. Documents communicating licensing offers and responses are likely to include financial consideration terms and are relevant to *Georgia Pacific* factor No. 15 because they tend to show the "amount that a licensor (such as the patentee) and a licensee (such as the infringer) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement" and the amount that a prudent licensee "would have been willing to pay as a royalty." *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y 1970). There is yet an even stronger reason that such information is relevant in this case—

Ex. A at 30.

*See In re Antor Media Corp.*, 689 F.3d 1282, 1294 (Fed. Cir. 2012) (licensing only relevant when licenses were taken due to the merits of the claimed invention, as opposed as a desire to avoid incurring litigation costs, as a result of prior business relationships, or other economic reasons.) Accordingly, LabCorp respectfully requests an order compelling Quest to provide a complete response to RFP Nos. 14, 23, 28-30, 37, 59 by the September 27, 2019 deadline for substantial completion of document discovery.

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

August 23, 2019
Page 3

3. **Documents and Contentions Regarding Conception and Reduction to Practice of the '867 patent (Interrogatory No. 5 and RFP Nos. 1, 5-7, 11, and 35)**

[redacted] Ex. A at 16.; Ex. G (QUESTMS00002850-65; QUESTMS-00002806-13); Ex. H (QUESTMS-00003104-3107). Then Quest purportedly "reserves the right to prove an early [sic earlier?] invention date, as set forth in the prosecution history for the '862 patent" when the cited documents set forth no earlier date. Ex. A at 16; Exs. G and H.

In response to LabCorp's document requests directed to development of tests relevant to conception, reduction to practice, and diligence, Quest improperly attempted to limit its response to documents "***sufficient to show***" conception and reduction to practice (Ex. B at 17, 20, 25, and 61 (RFP Nos. 5, 7, 11, and 35)) and documents that ***reflect*** the conception or reduction to practice of the inventions claimed in the asserted patents (Ex. B at 9 and 18 (response to RFP Nos 1 and 6)). This is improper because Quest's response should include any documents related to Quests prior invention theory, including documents that ***undermine*** Quest's position as well as documents that show diligence or lack thereof.

Quest cannot withhold relevant information while cherry picking documents that are only helpful for Quest. LabCorp has served Quest with invalidity contentions that depend on prior art dated between [redacted] and the September 8, 2003 filing date of the '862 patent. Ex. I at 39 (Chang, October 14, 2002, Gao, April 1, 2003), 41 (Takino December 11, 2002). LabCorp has also contended that LabCorp itself was practicing the invention claimed in '862 patent by at least December 2002. Ex. I at 25. Additionally, LabCorp has contended that Quest derived the invention from others based on events stretching back to at least May 2001 involving Dr. Michael Caulfield, one of Quest's purported inventors of the '862 patent. Ex. I at 25-28. Once a patent challenger comes forward with evidence of prior art, patentee bears the burden to produce evidence to support a contention of an earlier priority date. *Technology Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1327 (Fed. Cir. 2008).

On the parties meet and confer, Quest committed to provide a date by which it would supplement its response to Interrogatory No. 5. Ex. D at 2. Following the meet and confer, Quest failed to respond or provide any date. Ex. D at 1. LabCorp respectfully requests an order compelling Quest to fully respond to Interrogatory No. 5 and RFP Nos. 1, 5, 6, 7, and 11 by the September 27, 2019 deadline for substantial completion of document discovery.

\* \* \*

For the foregoing reasons, LabCorp respectfully requests an order from the Court compelling Quest to fulfill its discovery obligations as set forth above.

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

August 23, 2019
Page 4

                                        Sincerely,

                                        WILSON SONSINI GOODRICH & ROSATI
                                        Professional Corporation

                                        */s/ Ian R. Liston*
                                        Ian R. Liston

cc: all counsel of record