# **<u>EXHIBIT B</u>**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| QUEST DIAGNOSTICS INVESTMENTS LLC, | |
| Plaintiff, | |
| v. | C.A. No. 18-1436 (MN) |
| LABORATORY CORPORATION OF AMERICA HOLDINGS, ESOTERIX, INC., and ENDOCRINE SCIENCES, INC., | |
| Defendants. | |

**PLAINTIFF QUEST DIAGNOSTICS INVESTMENTS LLC'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION**

**PROPOUNDING PARTY**:  Defendants Laboratory Corporation of America Holdings, Esoterix, Inc. and Endocrine Sciences, Inc.

**RESPONDING PARTY**:  Plaintiff Quest Diagnostics Investments LLC

**SET NUMBER**:  ONE (Nos. 1-75)

Pursuant to Fed. R. Civ. P. 26 and 34, Plaintiff Quest Diagnostics Investments LLC

("Quest") responds to the First Set of Requests for Production of Defendants Laboratory

Corporation of America Holdings, Esoterix, Inc. and Endocrine Sciences, Inc. ("Defendants") as

follows:

**GENERAL OBJECTIONS**

Quest makes the following General Objections to each and every definition and

instruction made in the Requests.  Each of these objections is incorporated into the Specific

Objections set forth below, whether or not separately set forth therein.  By responding to any of

the Requests or failing to specifically refer to or specify any particular General Objection in

response to a particular Request, Quest does not waive any of these General Objections, nor admit or concede the appropriateness or relevance of any purported Request or any assumptions contained therein.

1. Quest  objects to all instructions, definitions, and Requests to the extent that they are overly broad, unduly burdensome, oppressive, or inconsistent with, or purport to impose obligations on Quest that are broader than or inconsistent with the obligations imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the District of Delaware, and/or any applicable regulations and case law, particularly to the extent that compliance would force Quest to incur a substantial expense that outweighs any likely benefit of the discovery.  Quest's responses, regardless of whether they include a specific objection, do not constitute an adoption or acceptance of the definitions and instructions that Defendants seek to impose.

2. Quest objects to all instructions, definitions, and Requests to the extent that they seek the disclosure of documents or information protected by the attorney-client privilege, work-product doctrine, common interest privilege, joint defense privilege, or other applicable privileges or protections.  Quest does not intend to provide such privileged or protected documents or information.  Any inadvertent disclosure of any such documents or information is not to be deemed a waiver of any applicable privilege or protection, and Quest expressly reserves the right to object to the introduction at trial or any other use of such information that may be inadvertently disclosed.  *See* Stipulated Protective Order (D.I. 25) at ¶ 18.  Quest also objects to all instructions, definitions, and Requests to the extent they purport to require Quest to provide more information than the rules and laws of the Court require in claiming attorney-client privilege, work product protection, or other privileges or protections.

3.      Quest objects to all instructions, definitions, and Requests to the extent that they seek documents and information that are neither relevant to any party's claims or defenses in this dispute nor reasonably calculated to lead to the discovery of admissible evidence.  Quest's provision of documents in response to Defendants' Requests shall not be deemed to constitute an admission as to its relevancy, nor is it intended to waive any right to object to its admissibility at trial.  In particular, Quest objects to each and every Request to the extent that it seeks information regarding Quest's sales, distribution, commercial testing, advertising, promotional, marketing, business and marketing plans, and the like as not relevant to any party's claims or defenses in this dispute and not reasonably calculated to lead to the discovery of admissible evidence because Quest has not asserted a claim lost profits.

4.      Quest objects to all instructions, definitions, and Requests to the extent they are vague, ambiguous, fail to describe the information sought with the required reasonable particularity, or are so unintelligible that Quest cannot respond.  Unless instructed otherwise, Quest shall give the terms of these Requests their ordinary and plain meanings.  Quest shall not be held responsible where its interpretation of these Requests does not comport with Defendants' intentions.

5.      Quest objects to all instructions, definitions, and Requests to the extent that they seek documents and information that are not in Quest's possession, custody or control.  Quest further objects to each and every instruction, definition, and Request to the extent that it seeks documents and information that is already in Defendants' possession or is equally available to Defendants from other sources that are more convenient, less burdensome, or less expensive. Quest will not produce documents or information already in Defendants' possession, and does not intend to produce documents or information for which Defendants have an ample

opportunity to discover via sources that are publicly available or are equally or more readily available to Defendants than they are to Quest.

6.     Quest objects to each and every Request to the extent it is duplicative or cumulative of other discovery sought by Defendants or provided for in any order or other rules applicable to the case.

7.     Quest objects to each and every instruction, definition, and Request to the extent that the burden or expense of the proposed discovery outweighs its likely benefits, given the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

8.     Quest objects to each and every instruction, definition, and Request herein to the extent that it is overly broad, unduly burdensome, and/or oppressive.  Quest further objects to all instructions, definitions, and Requests on the ground that they seek to impose obligations on Quest that are unduly burdensome, especially to the extent that requested materials are publicly available or burdensome to search for or obtain.

9.     Quest further objects to all instructions, definitions, and Requests to the extent that they seek documents and disclosure of information that are confidential and/or proprietary, contain trade secrets or other confidential research, development, financial, or commercial information of Quest or third parties, or otherwise contain or reflect sensitive private or non-public information prohibited from disclosure by law.  Quest will only disclose confidential and/or proprietary information subject to and in accordance with the Stipulated Protective Order (D.I. 25), and only to the extent Quest can do so consistently with its legal and confidentiality obligations.

10.     Quest objects to all instructions, definitions, and Requests to the extent that the

scope of materials Defendants seek is not limited to a relevant and reasonable period of time. Quest further objects to the extent any Request seeks disclosure of documents dated or prepared on or after September 17, 2018, the date of commencement of this litigation.  Quest will not log documents created after the Complaint was filed or communications with counsel regarding this lawsuit, the United States District Court action between Quest Diagnostics Investments LLC and Laboratory Corporation of America Holdings, Esoterix, Inc., and Endocrine Sciences, Inc., in the District of Delaware, Case No. 18-1436 (MN) (the "Action").

11.     These objections and responses have been prepared before the identification of and review of all locations or files considered reasonably likely to contain responsive materials. Accordingly, a statement in these responses to the effect that particular documents or categories of documents will be produced is not to be construed as a representation that such documents in fact exist.

12.     Quest objects to all instructions, definitions, and Requests to the extent that they call for a legal conclusion or interpretation.  Any responses to these Requests shall not be construed as agreement with or admission of any legal conclusion concerning the meaning or application of any terms used in such Requests.

13.     Quest objects to the definition of "Quest," "Plaintiff," "you," and "your" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome because it seeks to broaden the scope of allowable discovery by seeking to compel Quest to produce information that is not within its possession, custody, or control, particularly to the extent that it purports to include "officers, directors, current and former employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing," when such persons are acting outside of a capacity of representing Quest; or any "affiliates, parents,

divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic" and "all predecessors and successors in interest to such entities or to the Asserted Patents, and any entity owned in whole or in part by, affiliated with, or controlled in whole or in part by Quest." Quest will not respond on behalf of any other entity or person in this Action. Quest further objects to these definitions to the extent that they purport to include Quest's attorneys or non-parties to this suit. Quest will therefore interpret these terms to mean the named plaintiff, Quest Diagnostics Investments LLC.

14.     Quest objects to the definitions of "LabCorp," "LCAH," "Esoterix," and "Endocrine" on the grounds that they are vague, ambiguous, overbroad, and unduly burdensome because they include entities other than the Defendants, Laboratory Corporation of American Holdings, Esoterix, Inc., and Endocrine Sciences, Inc., in this Action. Quest further objects to these definitions because they purport to include Defendants' attorneys.

15.     Quest objects to the definition of Test and any other definition incorporating that term as overbroad, unduly burdensome and particularly as applied in the Requests so as to include information and documents far beyond anything reasonably related to the present litigation, for example, alleged "importation" of a "method, service, offering, product test apparatus, or system associated with a diagnostic test." Quest's responses are therefore limited to a reasonable understanding of the term "Test" to mean the actual methods or procedures, and any response does not include "importation" of a Test (or any equipment related thereto), as the importation of a Test makes no sense and importation of equipment or other materials for use in a Test bears no reasonable relationship to the issues in this case.

16.     Quest objects to the definition of "Evidentiary Support" as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent that it

includes "all documents, communications, things, testimony, witnesses, persons most knowledgeable, and any other evidence."

17.     Quest objects to the definition of "Document" as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly to the extent that it is inconsistent with or exceeds what is contemplated by the Federal Rules of Evidence, Federal Rules of Civil Procedure, and Local Rules of the Court.

18.     Quest objects to the definition of "Communication" as overly broad and unduly burdensome, particularly to the extent it requires Quest to produce oral communications and nonverbal acts, and to the extent that it is inconsistent with or exceeds what is contemplated by the Federal Rules of Evidence, Federal Rules of Civil Procedure, and Local Rules of the Court.

19.     Quest objects to the definition of "Prior art" as overly broad, unduly burdensome, and not proportional to the needs of the case, to the extent it includes "all things, patents, publications, disclosures, sales, or other acts or occurrences that any person or entity has identified as "prior art" or relevant to the invalidity of the patent(s)" to the extent it seeks to broaden the scope of allowable discovery by seeking to compel Quest to produce documents and information that are not within its possession, custody, or control.  Quest will only produce documents and information within its custody or control.

20.     Quest reserves the right to modify or supplement these objections and responses to the extent allowed by the Federal Rules of Civil Procedure, local rules of this Court, any model orders adopted in the case or any other applicable law.

Without waiver of and subject to the foregoing General Objections, Quest responds to the Requests as follows.

## SPECIFIC OBJECTIONS AND RESPONSES TO
## REQUESTS FOR PRODUCTION OF DOCUMENTS

**DOCUMENT REQUEST NO. 1:**

All documents and communications that reflect, refer to, or relate to the Asserted Patents or any patents or applications in the related patent families, including, without limitation, constituting, reflecting, or conveying the conception and reduction to practice each of the purported inventions claimed in the Asserted Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents and communications. . ."

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks "documents and communications that reflect, refer to, or relate to . . . any patents or applications in the related patent families."

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged documents and communications regarding the Asserted Patents and that reflect the conception and reduction to practice of the inventions claimed therein, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 2:**

All documents and communications that constitute, reflect, or convey efforts to obtain patent protection on any invention related to the subject matter shown, described, or claimed in the related patent families, including but not limited to:

     a)     all invention disclosures;

     b)     all documents attached to, referring to or regarding any invention disclosure;

     c)     drafts of patent applications;

     d)     the prosecution history of all patents and applications in the related patent families;

     e)     the prosecution history of each application on which any one or more of the inventors of the Asserted Patents is a named inventor, including all issued, pending or abandoned

9

applications;

f)      all U.S. and foreign patents and patent applications, and corresponding prosecuting histories, including those of unpublished, pending and/or abandoned applications, that are in whole or in part owned, licensed, or expected to be owned or licensed, by Quest that are directed to the subject-matter disclosed in the patents and applications in the related patent families;

g)      all correspondence regarding the patent applications referred to in subparts (c) through (f) above; and,

h)      all documents consulted or reviewed by the applicants, patentees, or prosecuting attorneys during the preparation and prosecution of any application referred to in subparts (c) through (f) above, including but not limited to prior art references or potential prior art references.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents and communications that constitute, reflect, or convey efforts to obtain patent protection on any invention related to . . . the related patent families."

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it implicates world-wide and third-party efforts and seeks documents and information related to "any invention related to the subject matter shown, described, or claimed in the related patent families" and "each application on which any one or more of inventors. . . is named inventor" to extent it is not limited to subject matter claimed in the Asserted Patents.

Quest further objects to this Request for documents for "any invention related to the subject matter shown, described, or claimed in the related patent families" as vague and ambiguous, and failing to describe the documents sought with reasonable particularity.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that Quest has already produced the Asserted Patents and their file histories.  *See* QUESTMS-00000001 through QUESTMS-00003099.  Notwithstanding the foregoing, Quest is willing to meet and confer with LabCorp to discuss a more reasonable and narrowly tailored request.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 3:**

All documents and communications that constitute, reflect, or convey (a) your knowledge of prior art relating to the Asserted Patents and the related patent families, and (b) the date and circumstances pursuant to which you first learned of each piece of prior art.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest incorporates its objection to Defendants' definition of "your" because it seeks to broaden the scope of allowable discovery and seeks information that is not within the possession, custody, or control of Quest, but is in the possession of third parties and non-parties to this lawsuit.  Quest further objects to the definition of this term as it includes Quest's attorneys and patent agents and seeks privileged and attorney-work product information.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in

the litigation.  In particular, Quest objects to this Request as overly broad and unduly

burdensome because it purports to require Quest to produce "*[a]ll* documents and

communications. . ."

Quest objects to the Request for information about "prior art" as vague and ambiguous as

it calls for a legal conclusion.

Quest further objects to this Request for all documents that reflect knowledge of "prior

art" as vague and ambiguous, and failing to describe the documents sought with reasonable

particularity.

Quest further objects to this Request as overbroad and unduly burdensome to the extent it

seeks information not relevant to any claim or defense in this action, immaterial, and not

proportional to the needs of the case, particularly to the extent it seeks information regarding "the

related patent families."

Subject to and without waiving the foregoing General and Specific Objections, Quest

responds that it will produce prior art to the inventions claimed in the Asserted Patents to the

extent such documents exist in Quest's possession, custody, or control, and are able to be found

after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves

the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 4:**

All documents known or considered by Quest as prior art or potential prior art or claimed

by others to be prior art, or which show the state of the art, of the subject matter shown,

described, or claimed in the patents and applications in the related patent families, including but

not limited to patents, publications, books, magazines, course materials, any document reflecting

prior knowledge, public uses, public sales or offers for sale, which have a publication date before

the issuance of the Asserted Patents and the related patent families.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest incorporates its objection to Defendants' definition of "Quest" because it seeks to broaden the scope of allowable discovery and seeks information that is not within the possession, custody, or control of Quest, but is in the possession of third parties and non-parties to this lawsuit.  Quest further objects to the definition of this term as it includes Quest's attorneys and patent agents and seeks privileged and attorney-work product information.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents known or considered by Quest" and "*any* document reflecting prior knowledge, public uses, public sales or

offers for sale."

Quest objects to the Request for information about "prior art," "public uses," and "offers for sale" as vague and ambiguous as it calls for a legal conclusion.

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks information regarding the "subject matter shown, described, or claimed in the patents and applications in the related patent families."

Quest objects to this Request as premature, as it calls for information that will be the subject of expert opinion and it seeks expert disclosure before the time contemplated by Fed. R. Civ. P. 26 and the Court's orders in this case.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce prior art to the inventions claimed in the Asserted Patents to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 5:**

All documents and communications that each inventor of the Asserted Patents created, worked on, or contributed to constituting, reflecting, or conveying the development of Tests for testosterone and Vitamin D, including complete copies of the laboratory notebooks, technical files, diaries, appointment calendars, memoranda, reports, work records, summaries, and correspondence from the period beginning two years prior to the earliest conception date of any purported inventions claimed in the Asserted Patents to the present, as well as the first written

description or disclosure (including drawings).

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents and communications. . ."

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks information "from the period beginning two years prior to the earliest conception date of any purported inventions claimed in the Asserted Patents to the present."

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged documents and communications sufficient to show the conception and reduction to practice of the inventions claimed in the Asserted Patents and each inventor's contribution thereto, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 6:**

All laboratory notebooks prepared, reviewed, or maintained by any person who was involved in the development of any purported invention claimed in the Asserted Patents or any Test performed by Quest or its licensees that Quest contends practices one or more asserted claim of the Asserted Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court, including because it asks for

information relating to tests of Quest's licensees.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* laboratory notebooks prepared, reviewed, or maintained by *any* person."

Quest incorporates its objection to Defendants' definition of "Quest" because it seeks to broaden the scope of allowable discovery and seeks information that is not within the possession, custody, or control of Quest, but is in the possession of third parties and non-parties to this lawsuit.  Quest further objects to the definition of this term as it includes Quest's attorneys and patent agents and seeks privileged and attorney-work product information.

Quest objects to this Request as compound, containing multiple discrete subparts and/or concepts, and overbroad such that Quest is unable to formulate a tailored response.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged laboratory notebooks reflecting the conception or reduction to practice of the inventions claimed in the Asserted Patents and, subject to any third-party confidentiality restrictions, documents sufficient to show any commercial tests that Quest intends to rely upon that practice one or more asserted claim if Quest pursues commercial success as an objective indicia of non-obviousness, to the extent such documents exist in Quest's possession, custody, or control, are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 7:**

All documents constituting, reflecting, or conveying the implementation of any embodiments of the inventions disclosed in the Asserted Patents, regardless of whether such embodiments were commercialized, including but not limited to all technical articles, conference papers, or technical or marketing presentations.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents" and "*all* technical articles, conference papers, or technical or marketing presentations."

Quest further objects to this Request for "any implementation" as vague and ambiguous,

and failing to describe the documents sought with reasonable particularity.

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks "*any* embodiments of the inventions disclosed in the Asserted Patents" to extent it is not limited to subject matter claimed in the Asserted Patents.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged documents sufficient to show any reduction to practice by Quest of the inventions claimed in the Asserted Patents and, subject to any third-party confidentiality restrictions, documents sufficient to show any commercial tests that Quest intends to rely upon that practice one or more asserted claim if Quest pursues commercial success as an objective indicia of non-obviousness, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

## DOCUMENT REQUEST NO. 8:

Documents sufficient to identify all persons who assisted in the drafting or prosecution of the applications that led to the Asserted Patents and related patent families.

## RESPONSE TO DOCUMENT REQUEST NO. 8:

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks information about "*all* persons who assisted in the drafting or prosecution of the applications that led to the . . . related patent families.*"

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it has already produced the Asserted Patents and their file histories.  *See* QUESTMS-00000001 through QUESTMS-00003099.  Quest will also produce existing, responsive, relevant, non-privileged documents sufficient to identify the attorneys or agents who prosecuted the applications that led to the Asserted Patents, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search. Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 9:**

The current curriculum vitae, resume, biography, or equivalent document for each of the individuals named as an inventor of the asserted patents.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest objects to this Request to the extent it requests information not kept in the ordinary course of business or not in a form maintained by Quest.

Quest objects to the Request for information to the extent it calls for the personal and/or private information of an individual.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce a current curriculum vitae, resume, biography, or equivalent document for each named inventor of the Asserted Patents if employed by Quest and to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search. Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 10:**

All documents authored by or on behalf of the named inventor(s) of the Asserted Patents

or related patent families relating to Tests for testosterone or Vitamin D.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks "*all* documents authored by or on behalf of the named inventor(s) of. . . related patent families" and any "Test for testosterone or Vitamin D."

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged documents authored by the named inventors of the Asserted Patents that relate to development or prosecution of applications for the inventions claimed in the Asserted Patents, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to

supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 11:**

All documents concerning the inventorship of any invention described, disclosed or claimed in the Asserted Patents and the related patent families, including documents regarding any person considered for inclusion as an inventor, and the contribution of each person involved in the conception, development, and reduction to practice of the subject matter claimed as an invention in any of the Asserted Patents or the related patent families.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks "*all* documents concerning the inventorship of . . . the related patent families" and "any invention described, disclosed or claimed in the Asserted Patents and the related patent families" to extent it is not

limited to subject matter claimed in the Asserted Patents.

Quest further objects to this Request for "documents concerning the inventorship" as vague and ambiguous, and failing to describe the documents sought with reasonable particularity.

Quest objects to this Request as duplicative of at least Request for Production No. 1 and incorporates its objections and response to Request No. 1 by reference herein.  Quest further objects to the Request insofar as its duplication is calculated to be burdensome and oppressive.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged documents sufficient to show the conception and reduction to practice of the inventions claimed in the Asserted Patents and each inventor's contribution thereto, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 12:**

All U.S. and foreign patents, printed publications, Tests, provided to, received from, or identified to or by prosecution counsel for or during the preparation and prosecution of the Asserted Patents and the related patent families.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks information related to the "prosecution of . . . the related patent families."

Quest objects to this Request as duplicative of at least Requests for Production Nos. 3 and 4 and incorporates its objections and responses to Request Nos. 3 and 4 by reference herein. Quest further objects to the Request insofar as its duplication is calculated to be burdensome and oppressive.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged prior art to the inventions claimed in the Asserted Patents, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 13:**

All documents concerning any foreign patent application or foreign patent that corresponds, in whole or in part, to the subject matter described or claimed in the Asserted

Patents and the related patent families, and all prior art cited in each such foreign patent application or patent.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest further objects to this Request for "documents concerning" and any foreign patent document that "corresponds, in whole or in part, to the subject matter described or claimed in the Asserted Patents" as vague and ambiguous, and failing to describe the documents sought with reasonable particularity.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents concerning" and "*all* prior art cited."

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks "any foreign patent application or foreign patent that corresponds, in whole or in part, to the subject matter described or claimed in the Asserted Patents and the related patent families."

Quest objects to this Request as duplicative of at least Request for Production No. 2 and incorporates its objections and response to Request No. 2 by reference herein.  Quest further objects to the Request insofar as its duplication is calculated to be burdensome and oppressive.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged prior art to the inventions claimed in the Asserted Patents, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 14:**

All documents constituting, reflecting, or conveying ownership of the Asserted Patents and the related patent families, including but not limited to any proposed, requested, or executed assignment, license, conveyance, and/or grant of any right, title or interest in or to any of the Asserted Patents or the related patent families and all documents related to or referring to any such assignment, license, conveyance, and/or grant.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work

product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation. In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents constituting, reflecting, or conveying ownership . . . and *all* documents related to or referring to any such assignment, license, conveyance, and/or grant."

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks any "assignment, license, conveyance, and/or grant of any right, title or interest in or to any of . . . the related patent families."

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged executed assignments or licenses, or other agreements granting any right, title or interest in or to any of the Asserted

Patents, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 15:**

All prior art and documents constituting, reflecting, or conveying prior art relating to the subject matter disclosed or claimed in any of the Asserted Patents or the related patent families.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest further objects to this Request for "documents constituting, reflecting, or conveying prior art" as vague and ambiguous, and failing to describe the documents sought with reasonable particularity.

Quest objects to the Request for information about "prior art" as vague and ambiguous as it calls for a legal conclusion.

Quest objects to this Request as duplicative of at least Requests for Production Nos. 3 and

4 and incorporates its objections and responses to Request Nos. 3 and 4 by reference herein. Quest further objects to the Request insofar as its duplication is calculated to be burdensome and oppressive.

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks information regarding the "subject matter disclosed or claimed in any of the Asserted Patents or the related patent families" to extent it is not limited to subject matter claimed in the Asserted Patents.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged prior art to the inventions claimed in the Asserted Patents, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 16:**

All documents constituting, reflecting, or conveying any investigations, analyses or searches conducted by or for Quest or disclosed to Quest concerning prior art related to any of the Asserted Patents or the related patent families.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest objects to the Request for information about "prior art" as vague and ambiguous as it calls for a legal conclusion.

Quest incorporates its objection to Defendants' definition of "Quest" because it seeks to broaden the scope of allowable discovery and seeks information that is not within the possession, custody, or control of Quest, but is in the possession of third parties and non-parties to this lawsuit. Quest further objects to the definition of this term as it includes Quest's attorneys and patent agents and seeks privileged and attorney-work product information.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation. In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents constituting, reflecting, or conveying *any* investigations, analyses or searches."

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks information regarding "the related patent families."

Quest objects to this Request as duplicative of at least Requests for Production Nos. 3 and 4 and incorporates its objections and responses to Request Nos. 3 and 4 by reference herein. Quest further objects to the Request insofar as its duplication is calculated to be burdensome and oppressive.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged prior art to the inventions claimed in the Asserted Patents and non-privileged analyses thereof (if any), to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 17:**

All prior art references, publications, patents and events discussed, referred to or learned about during or in connection with any negotiations or communications regarding any actual or proposed license or assignment of, or concerning, any of the Asserted Patents or the related patent families.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to

Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest objects to the Request for information about "prior art" as vague and ambiguous as it calls for a legal conclusion.

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks information regarding "the related patent families."

Quest objects to this Request as duplicative of at least Requests for Production Nos. 3 and 4 and incorporates its objections and responses to Request Nos. 3 and 4 by reference herein. Quest further objects to the Request insofar as its duplication is calculated to be burdensome and oppressive.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged prior art to the inventions claimed in the Asserted Patents, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search. Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 18:**

All documents that constitute, reflect, or convey differences (or similarities) between on the one hand, any patents, printed publications, references, or other prior art; and on the other hand, any invention disclosed or claimed in any application or patent in the Asserted Patents'

related patent families, including any purported advantages or advances over the prior art by the Asserted Patents' inventions.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest objects to the Request for information about "prior art" as vague and ambiguous as it calls for a legal conclusion.

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks "*[a]ll* documents" reflecting the comparison to or benefits of "*any* application or patent in the Asserted Patents' related patent families," and to the extent it refers to methods "disclosed" in the Asserted Patents and is not limited to subject matter claimed in the Asserted Patents.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged documents discussing

any differences between prior methods and the methods claimed in the Asserted Patents and/or advantages or advances of the methods claimed in the Asserted Patents over prior methods, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search. Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 19:**

All documents that constitute, reflect, or convey any secondary considerations of nonobviousness of the Asserted Patents and the related patent families, including but not limited to commercial success, long-felt need, attempts by others, failure of others, commercial acquiescence, licensing, professional approval, copying, or laudatory statements by others regarding the inventions claimed in the Asserted Patents and the related patent families.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest objects to this Request because it is not proportional to the needs of the case, and

because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents" regarding objective indicia of non-obviousness.

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks "*[a]ll* documents" regarding objective indicia of non-obviousness of the "related patent families."

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged documents sufficient to show any objective indicia of non-obviousness of the Asserted Patents, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 20:**

All documents constituting, reflecting, or conveying the level of knowledge, schooling, experience, expertise, or relevant technical skill of a person having ordinary skill in the art relating to any purported invention disclosed, described, or claimed in the Asserted Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any

applicable law.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents" regarding the level of ordinary skill in the art.

Quest objects to this Request as premature, as it calls for information that will be the subject of expert opinion and it seeks expert disclosure before the time contemplated by Fed. R. Civ. P. 26 and the Court's orders in this case.

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks information "relating to any purported invention disclosed, described, or claimed in the Asserted Patents" to extent it is not limited to subject matter claimed in the Asserted Patents.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged documents sufficient to show the level of ordinary skill in the art for the Asserted Patents, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 21:**

All documents that constitute, reflect, or convey any uses, testing, or trials of the subject

matter of the Asserted Patents and the related patent families or related technology prior to the filing date of the Asserted Patents and the related patent families.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents" reflecting "*any* uses, testing, or trials*" of related patent families or related technology.

Quest further objects to this Request for "related technology" and "trials" as vague and ambiguous, and failing to describe the documents sought with reasonable particularity.

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not

proportional to the needs of the case, particularly to the extent it seeks information regarding the "subject matter of the Asserted Patents and the related patent families or related technology."

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged documents sufficient to show uses or testing of the inventions claimed in the Asserted Patents prior to the filing date of the Asserted Patents, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 22:**

Documents sufficient to identify all of Quest's Tests related to diagnostic testing for testosterone and Vitamin D that were sold or the subject of a commercial offer for sale or in public use prior to the filing date of the Asserted Patents and the related patent families.

**RESPONSE TO DOCUMENT REQUEST NO. 22:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest incorporates its objection to Defendants' definition of "Quest" because it seeks to broaden the scope of allowable discovery and seeks information that is not within the possession, custody, or control of Quest, but is in the possession of third parties and non-parties to this lawsuit.  Quest further objects to the definition of this term as it includes Quest's attorneys and patent agents and seeks privileged and attorney-work product information.

Quest objects to the Request for information about tests "subject of a commercial offer for sale" as vague and ambiguous as it calls for a legal conclusion.

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks information regarding the "related patent families."

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged documents sufficient to identify any public use or commercial offer for sale of the methods claimed in the Asserted Patents before earliest priority date for such patent, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 23:**

Documents sufficient to identify all Tests made, sold, or licensed by Quest, Quest's affiliate(s), Quest's subcontractors, Quest's predecessor(s), or Quest's licensee(s) that embody any invention claimed, disclosed, or described in the Asserted Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest incorporates its objection to Defendants' definition of "Quest" because it seeks to

broaden the scope of allowable discovery and seeks information that is not within the possession, custody, or control of Quest, but is in the possession of third parties and non-parties to this lawsuit.  Quest further objects to the definition of this term as it includes Quest's attorneys and patent agents and seeks privileged and attorney-work product information.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest objects to this Request as premature, as it calls for information that will be the subject of expert opinion and it seeks expert disclosure before the time contemplated by Fed. R. Civ. P. 26 and the Court's orders in this case.

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks documents "identify[ing] *all* Tests made, sold, or licensed by . . . Quest's affiliate(s), Quest's subcontractors, Quest's predecessor(s), or Quest's licensee(s)," and "any invention claimed, disclosed, or described in the Asserted Patents" to extent it is not limited to subject matter claimed in the Asserted Patents.

Quest objects to this Request as seeking information for which it may owe an obligation of confidentiality to a third party.  Quest will take reasonable steps to secure approval of any relevant third party and supplement the response to this Request as appropriate.

Subject to and without waiving the foregoing General and Specific Objections, Quest

responds that if Quest relies on any Quest test that practices any asserted claim of any of the

Asserted Patents to support objective indicia of non-obviousness, then Quest will produce

documents sufficient to identify those tests that Quest intends to rely upon and the steps of such

tests and documents sufficient to show the revenue that Quest has received from the sale of any

such test.  Subject to any third-party confidentiality obligations, Quest will also produce any

licenses to any of the Asserted Patents to the extent such documents exist in Quest's possession,

custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's

investigation are ongoing and Quest reserves the right to supplement its response to this Request

as appropriate.

## DOCUMENT REQUEST NO. 24:

All documents relating to the first manufacture, public use, sale, first offer for sale, or

first experimental use of any invention disclosed, described, or claimed in the Asserted Patents,

or any Test that embodies any invention disclosed, described, or claimed in the Asserted Patents,

including all advertising, sales, promotional, marketing, and technical materials related to such

offer or sale.

## RESPONSE TO DOCUMENT REQUEST NO. 24:

Quest objects to this Request to the extent it seeks disclosure of information protected by

the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work

product doctrine, or any other applicable privilege, immunity, or protection as provided by any

applicable law.

Quest objects to the Request for information about "first offer for sale" as vague and

ambiguous as it calls for a legal conclusion.

Quest further objects to this Request for information regarding "experimental use" as

vague and ambiguous, and failing to describe the documents sought with reasonable particularity.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents relating to the first manufacture, public use, sale, first offer for sale, or first experimental use of *any* invention."

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks information regarding "any invention disclosed, described, or claimed in the Asserted Patents, or any Test that embodies any invention disclosed, described, or claimed in the Asserted Patents" to extent it is not limited to subject matter claimed in the Asserted Patents.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged documents sufficient to show any public use, sale, offer for sale or experimental use of any invention claimed in the Asserted Patents prior to the earliest priority date of the Asserted Patents, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**<u>DOCUMENT REQUEST NO. 25</u>:**

All documents relating to actual or contemplated commercial exploitation of any

purported invention disclosed, described, or claimed by the Asserted Patents, including but not limited to feasibility studies, marketing plans, marketing forecasts, competitive analyses, estimates or projections of market share, periodic research and development reports, management reports or other periodic reports, advertisements, promotional brochures, Test literature, catalogs, trade show exhibits or displays, photographs, videotapes, data sheets, specifications, price lists, or papers published or presented.

## RESPONSE TO DOCUMENT REQUEST NO. 25:

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest further objects to this Request for information regarding "commercial exploitation" as vague and ambiguous, and failing to describe the documents sought with reasonable particularity.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents relating to actual or contemplated commercial exploitation of *any* purported invention . . ."

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks information regarding

"any purported invention disclosed, described, or claimed by the Asserted Patents" to extent it is not limited to subject matter claimed in the Asserted Patents.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that if Quest relies on any Quest test that practices any asserted claim of any of the Asserted Patents to support objective indicia of non-obviousness, then Quest will produce documents sufficient to identify those tests that Quest intends to rely upon and the steps of such tests and documents sufficient to show the revenue that Quest has received from the sale of any such test, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

## DOCUMENT REQUEST NO. 26:

One sample test report for each version of every Test made, sold, offered for sale or licensed by or on behalf of any current or past owner of the Asserted Patents that embodies any invention claimed, disclosed, or described in the Asserted Patents.

## RESPONSE TO DOCUMENT REQUEST NO. 26:

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden

than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks information regarding "*each* version of *every* Test made, sold, offered for sale or licensed by or on behalf of any current or past owner of the Asserted Patents" and "invention(s) claimed, disclosed, or described in the Asserted Patents" to extent it is not limited to subject matter claimed in the Asserted Patents.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that if Quest relies on any Quest test that practices any asserted claim of any of the Asserted Patents to support objective indicia of non-obviousness, then Quest will produce documents sufficient to identify those tests that Quest intends to rely upon and the steps of such tests and documents sufficient to show the revenue that Quest has received from the sale of any such test, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

## DOCUMENT REQUEST NO. 27:

A copy of any form of written or informational material that currently accompanies or previously accompanied any Test made, sold, or offered for sale by Quest or Quest's licensees that Quest contends practice(d) the Asserted Patents.

## RESPONSE TO DOCUMENT REQUEST NO. 27:

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work

product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest incorporates its objection to Defendants' definition of "Quest" because it seeks to broaden the scope of allowable discovery and seeks information that is not within the possession, custody, or control of Quest, but is in the possession of third parties and non-parties to this lawsuit. Quest further objects to the definition of this term as it includes Quest's attorneys and patent agents and seeks privileged and attorney-work product information.

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks information regarding "*any* Test made, sold, or offered for sale by . . . Quest's licensees," and "any written or information material that currently accompanies or previously accompanied any Test."

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that if Quest relies on any Quest test that practices any asserted claim of any of the Asserted Patents to support objective indicia of non-obviousness, then Quest will produce documents sufficient to identify those tests that Quest intends to rely upon and the steps of such tests and documents sufficient to show the revenue that Quest has received from the sale of any

such test, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 28:**

All documents that constitute, reflect, or convey any licensing activities concerning the Asserted Patents, including, but not limited to:

a.      Documents that constitute, reflect, or convey licenses requested, offered, proposed, considered, or accepted relating to the technology relevant to the Asserted Patents, including agreements relating to marketing, performing, or selling relevant Tests;

b.      All documents and communications that constitute, reflect, or convey negotiations of any license under the Asserted Patents, whether or not an agreement was reached;

c.      All assessments, valuations, considerations, and decisions relating to such licenses, whether or not an agreement was reached;

d.      Documents sufficient to show any payments or royalties paid or received under any such licenses;

e.      Documents sufficient to show each person licensed to make, use, sell, offer to or, sell Tests that are covered by the Asserted Patents, the total amount of royalties paid by such person by calendar quarter, the specific uses for which

such royalties were paid, and the methodology used to calculate royalties paid or due;

f.      All license agreements;

g.      All drafts of any license or other agreement granting any rights in or relating to the Asserted Patents, whether or not such license or other agreement is currently in effect or was ever executed;

h.      Documents sufficient to show the identity of each person employed by Quest or acting on Quest's behalf who has engaged in licensing activity and the nature and dates of such activity;

i.      All documents relating to the benefits, advantages, or disadvantages of any patent licensing terms, policies, or strategies relating to the Asserted Patents;

j.      All documents relating to any agreements or obligations to license any of the rights in the Asserted Patents; and

k.      All documents constituting or relating to Quest's policies and procedures with regard to licensing Quest's Tests, including any policy or decisions not to license Quest's Tests.

**RESPONSE TO DOCUMENT REQUEST NO. 28:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks "*[a]ll* documents that constitute, reflect, or convey *any* licensing activities concerning the Asserted Patents;" "*[a]ll* documents and communications that constitute, reflect, or convey negotiations;" "*[a]ll* drafts of any license or other agreement;" "[d]ocuments sufficient to show the identity of *each* person employed by Quest or acting on Quest's behalf who has engaged in licensing activity;" and "documents relating to the benefits, advantages, or disadvantages of any patent licensing terms, policies, or strategies relating to the Asserted Patents."

Quest objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case as seeking discovery that is not limited to a relevant time period.

Quest objects to this Request as compound, containing multiple discrete subparts and/or concepts, and overbroad such that Quest is unable to formulate a tailored response.

Quest objects to this Request to the extent it requests information not kept in the ordinary course of business or not in a form maintained by Quest to extent it requests documents reflecting set periodic royalties for a period other than that used by Quest in its business, e.g., "calendar quarter."

Quest objects to this Request as seeking information for which it may owe an obligation of confidentiality to a third party.  Quest will take reasonable steps to secure approval of any relevant third party and supplement the response to this Request as appropriate.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce responsive and relevant executed license agreements granting a license under any of the Asserted Patents and documents sufficient to show the amount of royalties or payments received therefrom, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 29:**

All documents that evidence or relate to any royalties paid by any third party for the manufacture, use, or sale of any Test that is disclosed, described, or claimed in the Asserted Patents or related patent families, or in any patents related to diagnostic testing for testosterone and Vitamin D.

**RESPONSE TO DOCUMENT REQUEST NO. 29:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents that evidence or relate to any royalties paid by any third party."

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks "[a]ll documents that . . . relate to any royalties paid by any third party for . . . patents related to diagnostic testing for testosterone and Vitamin D" and any "Test that is disclosed, described, or claimed in the Asserted Patents or related patent families" to extent it is not limited to subject matter claimed in the Asserted Patents.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged documents sufficient to show the amount of royalties Quest has received from third parties under any executed agreement granting a license under any of the Asserted Patents, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable

search. Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 30:**

All documents constituting or relating to agreements between Quest and any person concerning the Asserted Patents, including indemnification, hold harmless, covenants not to sue or not to assert all or any part of any of the Asserted Patents, and settlements regarding the Asserted Patents or any Tests that embody the Asserted Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 30:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest incorporates its objection to Defendants' definition of "Quest" because it seeks to broaden the scope of allowable discovery and seeks information that is not within the possession, custody, or control of Quest, but is in the possession of third parties and non-parties to this lawsuit. Quest further objects to the definition of this term as it includes Quest's attorneys and patent agents and seeks privileged and attorney-work product information.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation. In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents constituting or relating to agreements between Quest and *any* person."

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce responsive and relevant executed agreements involving the Asserted Patents relating to settlements, licensing, indemnification, hold harmless, covenants not to sue or not to assert all or any part of any of the Asserted Patents, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search. Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 31:**

All documents that constitute, reflect, or convey any formal, informal, written, or oral studies, analyses, opinions, pre-filing investigations or reports directed to the scope of patentability, validity, enforceability, or infringement concerning the subject matter shown, described, or claimed in the Asserted Patents and the related patent families, including specifically a complete set of all documents comprising the pre-filing investigation of this.

**RESPONSE TO DOCUMENT REQUEST NO. 31:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents that constitute,

reflect, or convey *any* formal, informal, written, or oral studies, analyses, opinions, pre-filing

investigations or reports . . . including specifically *a complete set of all documents* comprising

the pre-filing investigation of this."

Quest further objects to this Request as overbroad and unduly burdensome to the extent it

seeks information not relevant to any claim or defense in this action, immaterial, and not

proportional to the needs of the case, and vague and ambiguous, and failing to describe the

documents sought with reasonable particularity, particularly to the extent it seeks information

regarding the "subject matter shown, described, or claimed in the Asserted Patents and the

related patent families" to extent it is not limited to subject matter claimed in the Asserted

Patents, and to the extent the Request confusingly refers to "pre-filing investigation of this"

without further clarification.

Subject to and without waiving the foregoing General and Specific Objections, Quest

responds that after a reasonable search, Quest is not currently aware of any non-privileged non-

objected to documents responsive to this Request.  Discovery and Quest's investigation are

ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 32:**

All documents that constitute, reflect, or convey analysis or assessment of any Accused

LabCorp Tests, including all documents referring to, regarding, or analyzing whether LabCorp

has infringed the Asserted Patents or the related patent families, either literally or under the

doctrine of equivalents, and any inspection, testing, evaluation, or analysis performed on any

Accused LabCorp Tests.

**RESPONSE TO DOCUMENT REQUEST NO. 32:**

Quest objects to this Request to the extent it seeks disclosure of information protected by

the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents that constitute, reflect, or convey analysis or assessment of any Accused LabCorp Tests."

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, and vague and ambiguous, and failing to describe the documents sought with reasonable particularity, particularly to the extent it seeks information regarding "the related patent families."

Quest objects to this Request as duplicative of at least Request for Production No. 31 and incorporates its objections and response to Request No. 31 by reference herein.  Quest further objects to the Request insofar as its duplication is calculated to be burdensome and oppressive.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that this Request is duplicative of at least Request No. 31 and incorporates by reference its response to Request for Production No. 31.  Quest will not produce any additional documents in response to this Request that are not otherwise being produced in response to other Requests, including Request No. 31.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 33:**

All documents concerning any Tests performed by Quest of its licensees that were directed to measuring, detecting, quantifying or analyzing vitamin-D or testosterone, and that involve mass spectrometry in whole or in part, or related to the Asserted Patents and the related patent families or the subject matter claimed in the Asserted Patents in general, including Documents sufficient to show all steps, operations, calculations and equipment used for each Test.

**RESPONSE TO DOCUMENT REQUEST NO. 33:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest incorporates its objection to Defendants' definition of "Quest" because it seeks to broaden the scope of allowable discovery and seeks information that is not within the possession, custody, or control of Quest, but is in the possession of third parties and non-parties to this lawsuit.  Quest further objects to the definition of this term as it includes Quest's attorneys and patent agents and seeks privileged and attorney-work product information.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents concerning *any* Tests. . .*"*

Quest further objects to this Request for "Tests performed by Quest of its licensees" as vague, ambiguous, and unintelligible, and failing to describe the documents sought with reasonable particularity.

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks information "related to the Asserted Patents and the related patent families."

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that in view of the noted vague and unintelligible nature of this Request, Quest is unable to formulate a reasonable search for documents responsive thereto.

**DOCUMENT REQUEST NO. 34:**

All documents constituting, reflecting, or conveying any comparisons of Tests performed by Quest or its licensees that were directed to measuring, detecting, quantifying or analyzing vitamin-D or testosterone, and that involve mass spectrometry in whole or in part, to any Accused LabCorp Test or any Test directed to measuring, detecting, quantifying or analyzing vitamin-D or testosterone.

**RESPONSE TO DOCUMENT REQUEST NO. 34:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest incorporates its objection to Defendants' definition of "Quest" because it seeks to broaden the scope of allowable discovery and seeks information that is not within the possession, custody, or control of Quest, but is in the possession of third parties and non-parties to this lawsuit. Quest further objects to the definition of this term as it includes Quest's attorneys and patent agents and seeks privileged and attorney-work product information.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation. In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents constituting, reflecting, or conveying *any* comparisons of Tests performed by Quest *or its licensees*."

Subject to and without waiving the foregoing General and Specific Objections, Quest

responds that it will produce existing, responsive, relevant, non-privileged documents sufficient to show any comparison of Quest's tests that practice the Asserted Patents to LabCorp's tests that practice the Asserted Patents, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

## DOCUMENT REQUEST NO. 35:

All documents constituting, reflecting, or conveying any research and development for Tests performed by Quest or any Quest licensee directed to measuring, detecting, quantifying or analyzing vitamin-D or testosterone and that involve mass spectrometry in whole or in part.

## RESPONSE TO DOCUMENT REQUEST NO. 35:

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest incorporates its objection to Defendants' definition of "Quest" because it seeks to broaden the scope of allowable discovery and seeks information that is not within the possession, custody, or control of Quest, but is in the possession of third parties and non-parties to this lawsuit.  Quest further objects to the definition of this term as it includes Quest's attorneys and patent agents and seeks privileged and attorney-work product information.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to

Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents constituting, reflecting, or conveying *any* research and development for Tests performed by Quest or *any Quest licensee*."

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent the information it seeks is not limited to tests that practice Asserted Patents.

Quest objects to this Request as duplicative of at least Requests for Production Nos. 1, 5, and 6 and incorporates its objections and responses to Request Nos. 1, 5, and 6 by reference herein.  Quest further objects to the Request insofar as its duplication is calculated to be burdensome and oppressive.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that this Request is duplicative of at least Request Nos. 1, 5, and 6 and incorporates by reference its responses to Request for Production Nos. 1, 5, and 6.  Quest will not produce any additional documents in response to this Request that are not otherwise being produced in response to other Requests, including Request Nos. 1, 5, and 6.  Discovery and Quest's

investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 36:**

All documents constituting, reflecting, or conveying any plans and strategy for Tests performed by Quest or any Quest licensee directed to measuring, detecting, quantifying or analyzing vitamin-D or testosterone and that involve mass spectrometry in whole or in part, including business and marketing plans, sales and volume projections, meeting minutes, agendas, annual and quarterly reports, executive summaries and reports, strategic or competitive analysis, financial plans, and correspondence regarding same.

**RESPONSE TO DOCUMENT REQUEST NO. 36:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest incorporates its objection to Defendants' definition of "Quest" because it seeks to broaden the scope of allowable discovery and seeks information that is not within the possession, custody, or control of Quest, but is in the possession of third parties and non-parties to this lawsuit.  Quest further objects to the definition of this term as it includes Quest's attorneys and patent agents and seeks privileged and attorney-work product information.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden

than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents constituting, reflecting, or conveying *any* plans and strategy for Tests performed by Quest or *any Quest licensee*."

Quest further objects to this Request for "plans and strategy" as vague and ambiguous, and failing to describe the documents sought with reasonable particularity.

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks "strategy" for Quest's tests, which is not relevant.

Notwithstanding the foregoing, Quest is willing to meet and confer with LabCorp to discuss a more reasonable and narrowly tailored request.

**DOCUMENT REQUEST NO. 37:**

All documents concerning any license of, offer to license, effort to license, or grant of any rights under the Asserted Patents and the related patent families, the subject matter described or claimed in the Asserted Patents and the related patent families, or any intellectual property portfolio including the Asserted Patents and the related patent families, to any person or entity, including documents relating to any licensing negotiations, valuations, notice letters, claim

charts, claim construction, infringement, draft licenses, agreements, exhibits, demand letters, and cease and desist letters.

**RESPONSE TO DOCUMENT REQUEST NO. 37:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents concerning *any* license of, offer to license, effort to license, or grant of any rights under the Asserted Patents and the related patent families."

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks information regarding "the subject matter described or claimed in the Asserted Patents and the related patent families" and "any intellectual property portfolio including Asserted Patents and the related families" to extent it is not limited to subject matter claimed in the Asserted Patents.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, and relevant executed agreements granting any license or grant of rights under any of the Asserted Patents, to the extent such documents exist in

Quest's possession, custody, or control, and are able to be found after a reasonable search. Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 38:**

All documents that constitute, reflect, or convey the value to consumers of any Quest Tests relating to the subject matter claimed in the Asserted Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 38:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents that constitute, reflect, or convey the value to consumers of *any* Quest Tests."

Quest further objects to this Request for "documents that constitute, reflect, or convey the value to consumers" and "relating to the subject matter claimed in the Asserted Patents" as vague and ambiguous, and failing to describe the documents sought with reasonable particularity.

Quest incorporates its objection to Defendants' definition of "Quest" because it seeks to broaden the scope of allowable discovery and seeks information that is not within the possession, custody, or control of Quest, but is in the possession of third parties and non-parties to this

65

lawsuit. Quest further objects to the definition of this term as it includes Quest's attorneys and patent agents and seeks privileged and attorney-work product information.

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks information "relating to the subject matter claimed in the Asserted Patents."

Quest objects to this Request as premature, as it calls for information that will be the subject of expert opinion and it seeks expert disclosure before the time contemplated by Fed. R. Civ. P. 26 and the Court's orders in this case.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that if Quest relies on any Quest test that practices any asserted claim of any of the Asserted Patents to support objective indicia of non-obviousness, then Quest will produce documents sufficient to identify those tests that Quest intends to rely upon and the steps of such tests and documents sufficient to show the revenue that Quest has received from the sale of any such test, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search. Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 39:**

All documents identified, mentioned, referenced, reviewed, or relied upon in the preparation of Quest's answers to any LabCorp's interrogatories served on Quest in this matter.

**RESPONSE TO DOCUMENT REQUEST NO. 39:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work

product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.  Moreover, Quest incorporates by reference its objections to any interrogatories propounded by LabCorp.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged documents specifically identified in Quest's responses to LabCorp's interrogatories, to the extent not already publicly available or in Defendants' possession, and to the extent such documents exist in Quest's possession, custody, or control and are able to be found after a reasonable search. Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

## DOCUMENT REQUEST NO. 40:

All documents supporting or refuting each of the legal and factual allegations and requests for relief in Quest's claims, as well as in any subsequently added or supplemental pleading in this action.

## RESPONSE TO DOCUMENT REQUEST NO. 40:

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work

product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest further objects to this Request for documents "supporting or refuting each of the legal and factual allegations and requests for relief in Quest's claims, as well as in any subsequently added or supplemental pleading in this action" as vague and ambiguous, and failing to describe the documents sought with reasonable particularity.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged documents upon which Quest will rely to support its legal and factual allegations and requests for relief and, any other responsive non-objected to documents to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search. Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 41:**

All documents that Quest relied on or considered in preparing Quest's complaint in this action, including without limitation all reports, analysis, test results, or other materials.

**RESPONSE TO DOCUMENT REQUEST NO. 41:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged documents specifically identified in Quest's Complaint, to the extent not already publicly available or in Defendants' possession, and to the extent such documents exist in Quest's possession, custody, or control and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 42:**

All documents identified, described or referred to in Quest's FED. R. CIV. P. 26 disclosures.

**RESPONSE TO DOCUMENT REQUEST NO. 42:**

Quest objects to this Request to the extent it seeks disclosure of information protected by

the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged documents specifically identified in Quest's FED. R. CIV. P. 26 disclosures, to the extent not already publicly available or in Defendants' possession and to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 43:**

All documents Quest relied upon or considered in responding to any interrogatories or requests for admission propounded by LabCorp in this action.

**RESPONSE TO DOCUMENT REQUEST NO. 43:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any

applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court. Moreover, Quest incorporates by reference any objection it may have to any interrogatory or request for admission propounded by LabCorp.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged documents specifically identified in Quest's responses to LabCorp's interrogatories or requests for admission, to the extent not already publicly available or in Defendants' possession, and to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search. Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 44:**

All communications between or among Quest, any of the inventors of the Asserted Patents and the related patent families, and/or any of the attorneys that prosecuted any of the applications or patents in the related patent families concerning any of the Asserted Patents or the related patent families for this action.

**RESPONSE TO DOCUMENT REQUEST NO. 44:**

Quest objects to this Request to the extent it seeks disclosure of information protected by

the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks "*[a]ll* communications" between Quest and any inventor or prosecution attorney of the related patent families.

Quest objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case as seeking discovery that is not limited to a relevant time period.

Quest incorporates its objection to Defendants' definition of "Quest" because it seeks to broaden the scope of allowable discovery and seeks information that is not within the possession, custody, or control of Quest, but is in the possession of third parties and non-parties to this lawsuit. Quest further objects to the definition of this term as it includes Quest's attorneys and patent agents and seeks privileged and attorney-work product information.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation. In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* communications between or among Quest, *any* of the inventors of the Asserted Patents and the related patent families, and/or *any* of the attorneys that prosecuted *any* of the applications or patents in the related patent families."

Quest further objects to this Request for communications between Quest and the

inventors as vague and ambiguous, and failing to describe the documents sought with reasonable particularity. and overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case.

Quest objects to this Request as duplicative of at least Request for Production No. 5 and incorporates its objections and response to Request No. 5 by reference herein.  Quest further objects to the Request insofar as its duplication is calculated to be burdensome and oppressive.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that this Request is duplicative of at least Request No. 5 and incorporates by reference its response to Request for Production No. 5.  Quest will not produce any additional documents in response to this Request that are not otherwise being produced in response to other Requests, including Request No. 5.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

## DOCUMENT REQUEST NO. 45:

All documents that constitute, reflect, or convey any communications with third parties regarding the subject matter of this action or any of the Asserted Patents or the related patent families.

## RESPONSE TO DOCUMENT REQUEST NO. 45:

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not

within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case as seeking discovery that is not limited to a relevant time period.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation. In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents that constitute, reflect, or convey *any* communications with third parties."

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks "*any* communications with third parties regarding . . . *any* of the Asserted Patents or the related patent families."

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged documents and communications regarding the Asserted Patents or this Action, to the extent not already publicly available or in Defendants' possession, and to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search. Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to

this Request as appropriate.

**DOCUMENT REQUEST NO. 46:**

All documents that support or refute Quest's assertion that any of the LabCorp's Tests infringe any of the claims of the Asserted Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 46:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest further objects to this Request for information related to "any of the LabCorp's Tests infringe" as vague and ambiguous, and failing to describe the documents sought with reasonable particularity.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest objects to this Request as premature, as it calls for information that will be the subject of expert opinion and it seeks expert disclosure before the time contemplated by Fed. R. Civ. P. 26 and the Court's orders in this case.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the

purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents that support or refute."

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged documents that support or refute Quest's infringement contentions, to the extent not already publicly available or in Defendants' possession, and to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 47:**

All documents that support or refute Quest's assertion that the Asserted Patents are valid and enforceable.

**RESPONSE TO DOCUMENT REQUEST NO. 47:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden

than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest objects to this Request as premature, as it calls for information that will be the subject of expert opinion and it seeks expert disclosure before the time contemplated by Fed. R. Civ. P. 26 and the Court's orders in this case.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation. In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents that support or refute."

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged documents that support or refute Quest's assertion that the Asserted Patents are valid and enforceable, to the extent not already publicly available or in Defendants' possession, and to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search. Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 48:**

All documents that constitute, reflect, or convey Quest's first awareness that LabCorp's activities would form the basis of an accusation that the LabCorp's diagnostic tests infringe the Asserted Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 48:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents that constitute, reflect, or convey Quest's first awareness."

Quest further objects to this Request for documents reflecting "that the LabCorp's diagnostic tests infringe" as vague and ambiguous, and failing to describe the documents sought with reasonable particularity.

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks information related to

Quest's first awareness because laches is no longer a defense for patent infringement.

Notwithstanding the foregoing, Quest is willing to meet and confer with LabCorp to discuss a more reasonable and narrowly tailored request.

**DOCUMENT REQUEST NO. 49:**

All documents that constitute, reflect, or convey any steps Quest took to enforce the Asserted Patents against LabCorp or any third party.

**RESPONSE TO DOCUMENT REQUEST NO. 49:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents that constitute, reflect, or convey any steps Quest took to enforce the Asserted Patents."

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged documents sufficient to show Quest's efforts to enforce the Asserted Patents, to the extent not already publicly available or in Defendants' possession, and to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 50:**

All documents that constitute, reflect, or convey any actual or threatened litigation, administrative action, arbitration, mediation, reexamination, interference, or any other legal or administrative proceeding involving any of the Asserted Patents or patents/applications in the related patent families, including all documents produced prior to or in connection with any such proceeding.

**RESPONSE TO DOCUMENT REQUEST NO. 50:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the

Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents that constitute, reflect, or convey any actual or threatened litigation."

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks "*all* documents produced prior to or in connection with any such proceeding" and "proceeding involving any of the Asserted Patents or patents/applications in the related patent families."

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged documents filed in connection with any legal or administrative proceeding involving the Asserted Patents, to the extent not already publicly available or in Defendants' possession, and to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 51:**

All documents evidencing any damage or harm Quest allegedly suffered as a result of the sale, offer for sale, use or importation of any accused LabCorp Test.

**RESPONSE TO DOCUMENT REQUEST NO. 51**:

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest objects to this Request as premature, as it calls for information that will be the subject of expert opinion and it seeks expert disclosure before the time contemplated by Fed. R. Civ. P. 26 and the Court's orders in this case.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged documents upon which Quest will rely to support its claim for damages, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search. Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 52**:

All documents relating to any computation, calculation or estimation of damages, lost profits or reasonable royalties claimed in this action.

**RESPONSE TO DOCUMENT REQUEST NO. 52:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest objects to this Request as premature, as it calls for information that will be the subject of expert opinion and it seeks expert disclosure before the time contemplated by Fed. R. Civ. P. 26 and the Court's orders in this case.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged documents upon which Quest will rely to support its claim for damages, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search. Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 53:**

Documents evidencing Quest's sales volumes, or licensing revenue, for technology or Tests made or sold by Quest or Quest's licensees that Quest asserts practice the Asserted Patents,

including Documents sufficient to show on a monthly basis separately for each Test:

      a.      test numbers or other Test identification for each such Test;

      b.      the volume of testing for each such Test;

      c.      gross and net revenues for each such Test;

      d.      any reimbursements for each such Test;

      e.      costs associated with each such Test;

      f.      all other expenses;

      g.      profits associated with each such Test.

**<u>RESPONSE TO DOCUMENT REQUEST NO. 53</u>:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest objects to this Request to the extent it requests information not kept in the ordinary course of business or not in a form maintained by Quest.

Quest objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case as seeking discovery that is not limited to a relevant time period.

Quest incorporates its objection to Defendants' definition of "Quest" because it seeks to broaden the scope of allowable discovery and seeks information that is not within the possession, custody, or control of Quest, but is in the possession of third parties and non-parties to this lawsuit.  Quest further objects to the definition of this term as it includes Quest's attorneys and patent agents and seeks privileged and attorney-work product information.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that if Quest relies on any Quest test that practices any asserted claim of any of the Asserted Patents to support objective indicia of non-obviousness, then Quest will produce documents sufficient to identify those tests that Quest intends to rely upon and the steps of such tests and documents sufficient to show the revenue that Quest has received from the sale of any such test.  Subject to any third-party confidentiality obligations, Quest will also produce any licenses to any of the Asserted Patents to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 54:**

Documents evidencing Quest's sales volumes, or licensing revenue, for any Test made or sold by Quest or Quest's licensees that was directed to measuring, detecting, quantifying or analyzing vitamin-D or testosterone, and that involves mass spectrometry in whole or in part, that does not fall within the scope of the previous Document Request, including Documents sufficient to show on a monthly basis separately for each Test:

a.      test numbers or other Test identification for each such Test;

b.      the volume of testing for each such Test;

c.      gross and net revenues for each such Test;

d.      any reimbursements for each such Test;

e.      costs associated with each such Test;

f.      all other expenses;

g.      profits associated with each such Test.

## RESPONSE TO DOCUMENT REQUEST NO. 54:

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest objects to this Request to the extent it requests information not kept in the ordinary course of business or not in a form maintained by Quest.

Quest objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case as seeking discovery that is not limited to a relevant time period.

Quest incorporates its objection to Defendants' definition of "Quest" because it seeks to broaden the scope of allowable discovery and seeks information that is not within the possession, custody, or control of Quest, but is in the possession of third parties and non-parties to this

86

lawsuit.  Quest further objects to the definition of this term as it includes Quest's attorneys and patent agents and seeks privileged and attorney-work product information.

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks *any* test directed to measuring vitamin-D or testosterone, even if the test does not practice the Asserted Patents.  To the extent it seeks documents beyond those responsive to Request for Production No. 53, the Request is overbroad.

Subject to and without waiving the foregoing General and Specific Objections, Quest incorporates by reference its response to Request for Production No. 53.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 55:**

All documents that constitute, reflect, or convey, any business strategies related to the Asserted Patents, whether or not such business strategies were ever implemented.

**RESPONSE TO DOCUMENT REQUEST NO. 55:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest further objects to this Request for "business strategies" as vague and ambiguous, and failing to describe the documents sought with reasonable particularity.

Quest objects to this Request because it is not proportional to the needs of the case, and

because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents that constitute, reflect, or convey, *any* business strategies."

Notwithstanding the foregoing, Quest is willing to meet and confer with LabCorp to discuss a more reasonable and narrowly tailored request.

**DOCUMENT REQUEST NO. 56:**

All documents relating to Quest's advertising and promotion expenditures in the United States in connection with Quest's Tests related to diagnostic testing for testosterone and Vitamin D.

**RESPONSE TO DOCUMENT REQUEST NO. 56:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents relating to Quest's advertising and promotion expenditures in the United States."

Quest objects to this Request as overly broad, unduly burdensome, and not proportional

to the needs of the case as seeking discovery that is not limited to a relevant time period.

Quest incorporates its objection to Defendants' definition of "Quest" because it seeks to broaden the scope of allowable discovery and seeks information that is not within the possession, custody, or control of Quest, but is in the possession of third parties and non-parties to this lawsuit.  Quest further objects to the definition of this term as it includes Quest's attorneys and patent agents and seeks privileged and attorney-work product information.

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks "Quest's Tests related to diagnostic testing for testosterone and Vitamin D."

Notwithstanding the foregoing, Quest is willing to meet and confer with LabCorp to discuss a more reasonable and narrowly tailored request.

**DOCUMENT REQUEST NO. 57:**

All documents relating to pricing for the Tests offered, licensed, or sold by Quest or Quest's licensees that Quest contends affect the calculation of a reasonable royalty, lost profits, or any damages to which Quest alleges it is entitled.

**RESPONSE TO DOCUMENT REQUEST NO. 57:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the

purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents relating to pricing."

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest objects to this Request as premature, as it calls for information that will be the subject of expert opinion and it seeks expert disclosure before the time contemplated by Fed. R. Civ. P. 26 and the Court's orders in this case.

Quest objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case as seeking discovery that is not limited to a relevant time period.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged documents upon which Quest will rely to support its claim for damages, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search. Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 58:**

All documents that constitute, reflect, or convey research, engineering, and development

expenditures by Quest or Quest's licensees relating to the purported inventions disclosed in the Asserted Patents or to the exploitation of the Asserted Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 58:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents that constitute, reflect, or convey research, engineering, and development expenditures."

Quest further objects to this Request for information regarding the "exploitation of the Asserted Patents" as vague and ambiguous, and failing to describe the documents sought with reasonable particularity.

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest objects to this Request as premature, as it calls for information that will be the

subject of expert opinion and it seeks expert disclosure before the time contemplated by Fed. R. Civ. P. 26 and the Court's orders in this case.

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks information regarding "inventions disclosed in the Asserted Patents" to extent it is not limited to subject matter claimed in the Asserted Patents.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged documents upon which Quest will rely to support its claim for damages, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search. Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 59:**

All documents that constitute, reflect, or convey any royalty rates for any patents or applications in the related patent families and any patents relating to the subject matter claimed in the Asserted Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 59:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it is not proportional to the needs of the case, and

because the burden or expense of the proposed discovery outweighs its likely benefits, given the

purpose of the discovery, the amount in controversy, and the importance of the issues at stake in

the litigation.  In particular, Quest objects to this Request as overly broad and unduly

burdensome because it purports to require Quest to produce "*[a]ll* documents that constitute,

reflect, or convey any royalty rates for *any* patents or applications in the related patent families

and *any* patents relating to the subject matter claimed in the Asserted Patents."

Quest objects to this Request because it purports to seek documents and information not

within Quest's possession, custody, or control; documents and information that are already in

Defendants' possession, custody, or control; or documents and information that are available to

Defendants from other sources, including publicly available sources, with equal or less burden

than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the

Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest objects to this Request as premature, as it calls for information that will be the

subject of expert opinion and it seeks expert disclosure before the time contemplated by Fed. R.

Civ. P. 26 and the Court's orders in this case.

Subject to and without waiving the foregoing General and Specific Objections, Quest

responds that it will produce existing, responsive, relevant, non-privileged documents sufficient

to show the royalty rate for licenses to the Asserted Patents, to the extent such documents exist in

Quest's possession, custody, or control, and are able to be found after a reasonable search.

Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its

response to this Request as appropriate.

**DOCUMENT REQUEST NO. 60:**

All documents that constitute, reflect, or convey Quest's patent or technology licensing

policies.

**RESPONSE TO DOCUMENT REQUEST NO. 60:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents" reflecting Quest's licensing policies.

Quest objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case as seeking discovery that is not limited to a relevant time period.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged documents sufficient to show Quest's patent licensing policies with respect to the Asserted Patents, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 61:**

All documents that constitute, reflect, or convey policies and procedures at Quest related to pursuing patents, including policies and/or procedures related to when to pursue patents,

invention disclosures, patent prosecution, and the citation of prior art.

**RESPONSE TO DOCUMENT REQUEST NO. 61:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents that constitute, reflect, or convey policies and procedures at Quest related to pursuing patents."

Quest further objects to this Request for information related to "pursuing patents" as vague and ambiguous, and failing to describe the documents sought with reasonable particularity.

Quest objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case as seeking discovery that is not limited to a relevant time period.

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, because the Request is not reasonably related to any issue in the case.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it is not aware of any non-privileged documents responsive to this request.

Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 62:**

All documents that that constitute, reflect, or convey any of Quest's or any affiliated company's plans, strategies, or goals regarding the assertion, licensing, or enforcement of the Asserted Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 62:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents that that [sic] constitute, reflect, or convey any of Quest's or any affiliated company's plans, strategies, or goals."

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks "any affiliated company's plans. . ."

Quest objects to this Request because it purports to seek documents and information not

within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case as seeking discovery that is not limited to a relevant time period.

Quest further objects to this Request for "plans, strategies or goals regarding the assertion, licensing or enforcement of the Asserted Patents" as vague and ambiguous, and failing to describe the documents sought with reasonable particularity.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it is not aware of any non-privileged documents responsive to this request. Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 63:**

All documents that constitute, reflect, or convey communications between Quest and LabCorp prior to initiation of this action.

**RESPONSE TO DOCUMENT REQUEST NO. 63:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it purports to seek documents and information not

within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents that constitute, reflect, or convey communications between Quest and LabCorp."

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks communications already in Defendants' possession and any other communications that would be privileged.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged communications between Quest and LabCorp prior to the initiation of this action regarding the Asserted Patents, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 64:**

All documents concerning the sale of each Test that Quest contends practices or

embodies the Asserted Patents, including but not limited to Tests performed by a non-party.

**RESPONSE TO DOCUMENT REQUEST NO. 64:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation. In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents concerning the sale of *each* Test."

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court, particularly to the extent it seeks information regarding "Tests performed by a non-party."

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that if Quest relies on the sale of its own tests that practice one or more asserted claims of the Asserted Patents for showing commercial success, then Quest will produce existing, responsive, relevant, non-privileged documents sufficient to identify any Quest test that Quest

intends to rely upon that practices the Asserted Patents during the relevant time period, documents sufficient to show that the referenced Quest test practices the claims of the Asserted Patents, and the revenue from the referenced Quest tests during the relevant time period, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search. Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 65:**

All documents that describe the corporate structure or organization, both inter- and intra-entity, including ownership and control of Quest and any corporate parents, subsidiaries, affiliates, predecessors or successors thereof.

**RESPONSE TO DOCUMENT REQUEST NO. 65:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation. In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents that describe the corporate structure or organization. . ."

Quest objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case as seeking discovery that is not limited to a relevant time period.

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case.

Notwithstanding the foregoing, Quest is willing to meet and confer with LabCorp to discuss a more reasonable and narrowly tailored request.

**DOCUMENT REQUEST NO. 66:**

Documents sufficient to identify all persons involved in the design, testing, research, development, upgrade, modification, or improvement of any Test made, sold, or licensed by or on behalf of Quest that embodies any invention or subject matter claimed, disclosed, or described by the Asserted Patents, from the period beginning two years before the earliest alleged date of conception of the purported invention(s) of the Asserted Patents to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 66:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* persons involved in the design, testing, research, development, upgrade, modification, or improvement of any Test."

Quest further objects to this Request as overbroad and unduly burdensome to the extent it

seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks information regarding the "subject matter claimed, disclosed, or described by the Asserted Patents" to extent it is not limited to subject matter claimed in the Asserted Patents.

Quest objects to this Request as duplicative of at least Request for Production No. 5 and incorporates its objections and response to Request No. 5 by reference herein. Quest further objects to the Request insofar as its duplication is calculated to be burdensome and oppressive.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that this Request is duplicative of at least Request No. 5 and incorporates by reference its response to Request for Production No. 5. Quest will not produce any additional documents in response to this Request that are not otherwise being produced in response to other Requests, including Request No. 5. Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 67:**

Documents sufficient to identify all persons involved in the marketing, advertising, promotion, sales, or distribution of any Test made, sold, or licensed by or on behalf of Quest that embodies any invention or subject matter claimed, disclosed, or described by the Asserted Patents, from the period beginning two years before the earliest alleged date of conception of the purported invention(s) of the Asserted Patents to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 67:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any

applicable law.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* persons involved in the marketing, advertising, promotion, sales, or distribution of any Test."

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks information regarding the "subject matter claimed, disclosed, or described by the Asserted Patents" to extent it is not limited to subject matter claimed in the Asserted Patents.

Notwithstanding the foregoing, Quest is willing to meet and confer with LabCorp to discuss a more reasonable and narrowly tailored request.

**DOCUMENT REQUEST NO. 68:**

All documents that constitute, reflect, or convey Quest's policies and procedures, in existence any time from two years before the earliest conception date for any invention claimed in the Asserted Patents, for generating, maintaining, and disposing of records (whether in written form, electronic form, or in any other form of storage), including policies and practices regarding patent application files.

**RESPONSE TO DOCUMENT REQUEST NO. 68:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work

product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents that constitute, reflect, or convey Quest's policies and procedures . . . for generating, maintaining, and disposing of records."

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged documents sufficient to show Quest's document retention policy for the relevant time period, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 69:**

Any documents that constitute, reflect, or convey oral or written sworn testimony, including deposition transcripts, declarations, and affidavits, previously given by any person from whom Quest expects to offer testimony in this litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 69:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any

applicable law.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ny* documents that constitute, reflect, or convey oral or written sworn testimony, including deposition transcripts, declarations, and affidavits, previously given."

Quest objects to this Request because it purports to seek documents and information not within Quest's possession, custody, or control; documents and information that are already in Defendants' possession, custody, or control; or documents and information that are available to Defendants from other sources, including publicly available sources, with equal or less burden than from Quest, as being overbroad, unduly burdensome, expensive, and not consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Quest objects to this Request to the extent it requests information not kept in the ordinary course of business or not in a form maintained by Quest.

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged oral or written testimony in a legal proceeding from a named inventor of the Asserted Patents regarding the Asserted Patents, if any, and to the extent permitted under any applicable protective order and to

the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 70:**

Documents sufficient to show Quest's organizational structure from two years before the earliest conception date for any invention claimed in the Asserted Patents to the present, and specifically, organization charts that identify all persons involved in the reduction to practice, research, design, development, testing, upgrade, manufacture, assembly, modification or improvement of any Tests relating to the Asserted Patents, from the period beginning two years before the earliest alleged date of conception of the purported invention(s) of the Asserted Patents to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 70:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request to the extent it requests information not kept in the ordinary course of business or not in a form maintained by Quest.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce charts that identify "*all* persons

involved. . ."

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged documents sufficient to show Quest's organizational chart for named inventors of Asserted Patents for the relevant time period, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 71:**

Documents sufficient to show Quest's relationship to Quest's affiliates, including parent companies, subsidiaries, partnerships, joint ventures, and divisions.

**RESPONSE TO DOCUMENT REQUEST NO. 71:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged documents sufficient to show Quest's corporate structure, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 72:**

Documents sufficient to identify all entities and persons with a financial interest in Quest

or this litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 72:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest incorporates its objection to Defendants' definition of "Quest" because it seeks to broaden the scope of allowable discovery and seeks information that is not within the possession, custody, or control of Quest, but is in the possession of third parties and non-parties to this lawsuit.  Quest further objects to the definition of this term as it includes Quest's attorneys and patent agents and seeks privileged and attorney-work product information.

Quest further objects to this Request for persons or entities with a "financial interest" as vague and ambiguous, and failing to describe the documents sought with reasonable particularity.

Quest further objects to this Request as overbroad and unduly burdensome to the extent it seeks information not relevant to any claim or defense in this action, immaterial, and not proportional to the needs of the case, particularly to the extent it seeks information regarding unrelated third parties.

Quest objects to the Request for information to the extent it calls for the personal and/or private information of an individual, because it purports to include anyone who owns Quest stock, all Quest employees, and could include LabCorp, its employees, and so on.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that it will produce existing, responsive, relevant, non-privileged documents sufficient

to show Quest's corporate structure, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 73:**

For each entity or person implicated in Request for Production No. 69, all documents that constitute, reflect, or convey the relationship between Quest and such entity or person.

**RESPONSE TO DOCUMENT REQUEST NO. 73:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents that constitute, reflect, or convey the relationship . . ."

Quest objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case as seeking discovery that is not limited to a relevant time period.

Notwithstanding the foregoing, Quest is willing to meet and confer with LabCorp to discuss a more reasonable and narrowly tailored request.

**DOCUMENT REQUEST NO. 74:**

All documents that constitute, reflect, or convey Quest's financial performance or the results of Quest's activities related to the Asserted Patents, including Tests covered by one or more claims of the Asserted Patents, for any period for which Quest is seeking to recover any damages, including:

       a.      Quarterly and annual financial statements or reports;

       b.      All audit reports, notes or comments;

       c.      All management, financial, profit or loss, cost or sales reports; and

       d.      Prospectuses, statements or other communications to securities or industry analysts, investors, potential investors, stockholders, or members of Quest's Board of Directors.

**RESPONSE TO DOCUMENT REQUEST NO. 74:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest further objects to this Request for information relating to "financial performance" and "the results of Quest's activities related to the Asserted Patents" as vague and ambiguous, and failing to describe the documents sought with reasonable particularity.

Quest objects to this Request because it is not proportional to the needs of the case, and because the burden or expense of the proposed discovery outweighs its likely benefits, given the purpose of the discovery, the amount in controversy, and the importance of the issues at stake in the litigation.  In particular, Quest objects to this Request as overly broad and unduly burdensome because it purports to require Quest to produce "*[a]ll* documents that constitute,

reflect, or convey Quest's financial performance or the results of Quest's activities related to the Asserted Patents."

Quest objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case as seeking discovery that is not limited to a relevant time period.

Subject to and without waiving the foregoing General and Specific Objections, Quest responds that if Quest relies on any Quest test that practices any asserted claim of any of the Asserted Patents to support objective indicia of non-obviousness, then Quest will produce documents sufficient to identify those tests that Quest intends to rely upon and the steps of such tests and documents sufficient to show the revenue that Quest has received from the sale of any such test, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search.  Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

**DOCUMENT REQUEST NO. 75:**

English translations of any foreign language documents responsive to any of the foregoing Requests or other requests made to Quest in this litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 75:**

Quest objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

Quest objects to this Request to the extent it requests information not kept in the ordinary course of business or not in a form maintained by Quest.

Subject to and without waiving the foregoing General and Specific Objections, Quest

responds that it will produce existing, responsive, relevant, non-privileged English translations for foreign language documents produced by Quest in this action, to the extent such documents exist in Quest's possession, custody, or control, and are able to be found after a reasonable search. Discovery and Quest's investigation are ongoing and Quest reserves the right to supplement its response to this Request as appropriate.

Dated: July 19, 2019

*Of Counsel:*

Adam R. Gahtan (admitted *Pro Hac Vice*)
Kevin X. McGann (admitted *Pro Hac Vice*)
Eric M. Majchrzak (admitted *Pro Hac Vice*)
FENWICK & WEST LLP
902 Broadway, Suite 14
New York, NY 10010-6035
Telephone: 212.921.2001
agahtan@fenwick.com
kmcgann@fenwick.com
emajchrzak@fenwick.com

Melanie L. Mayer (admitted *Pro Hac Vice*)
Elizabeth B. Hagan (admitted *Pro Hac Vice*)
FENWICK & WEST LLP
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Telephone: 206.389.4510
mmayer@fenwick.com
ehagan@fenwick.com

By:    */s/ Kenneth L. Dorsney*
    Kenneth L. Dorsney (#3726)
    MORRIS JAMES LLP
    500 Delaware Avenue, Suite 1500
    Wilmington, DE 19801-1494
    Telephone: 302.888.6800
    kdorsney@morrisjames.com

    *Attorney for Plaintiff*
    *Quest Diagnostics Investments LLC*