# **EXHIBIT D**

**Carlson, Erik**

| | |
|---|---|
| **From:** | Carlson, Erik |
| **Sent:** | Friday, August 16, 2019 3:28 PM |
| **To:** | Liz Hagan; Dorsney, Kenneth L. |
| **Cc:** | Quest_LabCorp_Team; Quest_LabCorp_MJTeam; Peuscher-Funk, Johanna; mferrario@kilpatricktownsend.com; WSGR - LabCorp; Eric Majchrzak |
| **Subject:** | RE: Quest v. LabCorp, Case No. 18-cv-01436 (D. Del.) |
| **Attachments:** | 2019-08-16 - LabCorp's Corrected ROGs 2-4 to Quest.pdf; Redline.pdf |

Counsel:

We have not heard back as to any of Quest's discovery deficiencies and thus understand the parties are at an impasse.

We have heard nothing regarding Quest's plan to supplement its conception and reduction to practice contentions despite Quest's commitment to email us on Monday August 12, 2019 with a date by which Quest will supplement.

As to Interrogatory Nos. 2–4, we understand that Quest maintains its refusal to respond to these interrogatories because they contain a typographical error. Attached is a document (with redline) confirming and formalizing the correction to Interrogatory Nos. 2–4, which were corrected in our July 26 letter.

We further understand Quest maintains its position as to the other matters discussed on the meet and confer as we have received no written response from you since our July 26 letter.

Our local counsel will coordinate with your local counsel to call the Court on Monday to request a hearing.

Regards,
Erik

**WSGR**  Erik J. Carlson • Wilson Sonsini Goodrich & Rosati
633 West Fifth Street, Suite 1550 • Los Angeles, CA 90071 • 323.210.2940 • ecarlson@wsgr.com

---

**From:** Carlson, Erik <ecarlson@wsgr.com>
**Sent:** Monday, August 12, 2019 11:06 AM
**To:** Liz Hagan <ehagan@fenwick.com>; Dorsney, Kenneth L. <KDorsney@morrisjames.com>
**Cc:** Quest_LabCorp_Team <Quest_LabCorp_Team@fenwick.com>; Quest_LabCorp_MJTeam <Quest_LabCorp_MJTeam@morrisjames.com>; Peuscher-Funk, Johanna <jpeuscherfunk@wsgr.com>; mferrario@kilpatricktownsend.com; WSGR - LabCorp <labcorp@wsgr.com>; Eric Majchrzak <emajchrzak@fenwick.com>
**Subject:** RE: Quest v. LabCorp, Case No. 18-cv-01436 (D. Del.)

Counsel:

We write to memorialize the parties' meet and confer today regarding several issues raised in our July 26 letter. That letter explains why the information sought below is relevant and we have not received a written response from Quest disputing the relevance.

**Information about Quest's Tests**. Quest improperly refuses to provide relevant information regarding Quest's tests, both those that purportedly practice the asserted patents and those that don't. LabCorp requested this information in interrogatory nos. 1, 2, 3, and 4 and document request nos. 5, 6, 7, 10, 11, 23, 25, 26, 33, 34, 35, 38, 53, 54, 58, 64, and 74. Additionally, Quest confirmed that it has improperly refused to respond to interrogatory Nos. 2–4. The only stated basis is that Quest does not understand the interrogatory as written. We corrected the Interrogatories in our July 26 letter and Quest still refuses to respond.

**Licensing information**. Quest refuses to provide relevant licensing information in response to document request Nos. 14, 23, 28, 29, 30, 37, 59. Quest confirmed that it will improperly attempt to limit its response to only "executed" licenses and only those that grant a right in the "Asserted Patents."

**Contentions regarding conception and reduction to practice.** Quest indicated that it is still investigating and will provide a date by which it will supplement. Quest will provide a complete copy of the document titled "Validation Summary Report for Total Testosterone," from which Quest produced excerpts at QUESTMS-00003104–3107.

**Quest Diagnostics Incorporated**. Quest confirmed that it is not withholding responsive documents on the basis that documents in the possession, custody, or control of Quest Diagnostics Incorporated are outside the possession, custody, or control of Plaintiff.

**Requests in need of a further meet and confer**. Quest indicated it will review its response to document requests Nos. 2 (prosecution docs), 36 (plans and strategy for Quest's tests), 48 (first awareness of infringement), 55 (business strategies), 56 (promotional expenditures), 65 (corporate structure), 67 (ID of marketing and sales people), 73 (Quest's relationship with owners) and be prepared to discuss on another meet and confer.

Regards,
Erik



Erik J. Carlson • Wilson Sonsini Goodrich & Rosati
633 West Fifth Street, Suite 1550 • Los Angeles, CA 90071 • 323.210.2940 • ecarlson@wsgr.com

---

**From:** Navarro, Amanda <anavarro@wsgr.com>
**Sent:** Friday, July 26, 2019 3:51 PM
**To:** Eric Majchrzak <emajchrzak@fenwick.com>
**Cc:** Dorsney, Kenneth L. <KDorsney@morrisjames.com>; Quest_LabCorp_Team <Quest_LabCorp_Team@fenwick.com>; Quest_LabCorp_MJTeam <Quest_LabCorp_MJTeam@morrisjames.com>; Peuscher-Funk, Johanna <jpeuscherfunk@wsgr.com>; mferrario@kilpatricktownsend.com; WSGR - LabCorp <labcorp@wsgr.com>
**Subject:** Quest v. LabCorp, Case No. 18-cv-01436 (D. Del.)

Counsel,

Please see the attached correspondence.

Regards,
Amanda

**Amanda Navarro** | **Wilson Sonsini Goodrich & Rosati** | **Executive Assistant**
633 West 5th Street | Suite 1550 | Los Angeles, CA 90071 | ☎: 323.210.2944