*Quest Diagnostics Investments LLC v. Laboratory Corporation of America Holdings et al.*
**Civil Action No. 1:18-cv-01436 (MN)**
**Joint Claim Construction Chart[1]**

**Undisputed Claim Terms**

**I.      Undisputed Claim Terms in U.S. Patent No. 7,972,868 (Ex. E)**

| Term | Claim(s) | Agreed Construction |
|---|---|---|
| "derivatizing" | 9 | "reacting two molecules to form a new molecule" |
| "derivatizing the dihydroxyvitamin D metabolites from said sample with 4'-carboxyphenyl-TAD" | 9 | "reacting the dihydroxyvitamin D metabolites from said sample with 4'-carboxyphenyl-TAD to form a new molecule" |

---

[1]    All claim terms were proposed for construction by Defendants.

**Disputed Claim Terms**

I.    **Disputed Claim Terms in U.S. Patent No. 8,409,862 (Ex. B)**

| Term | Claim(s) | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence[2] | Defendants' Proposed Construction | Defendants' Intrinsic Evidence[3] |
|---|---|---|---|---|---|
| "purifying testosterone" | 1 | Plain and ordinary meaning: "enriching the amount of testosterone relative to one or more other components of the sample" | col. 3, ll. 52-54 | "enriching the amount of testosterone relative to one or more other components of the sample by removing materials other than the analyte of interest" | 1:60–2:4; 3:7–58; 4:36–5:15; 5:50–6:27; 8:63–11:34; 12:5–63; 13:18–59; 14:41–54; Claims 1–7, 15, 17; publications and other references cited in the passages identified above; the prosecution history of the '862 patent and priority applications, including without limitation the 11/15/2010 Original Application and Preliminary |

---

[2]   Plaintiff's citations include any publications or references cited therein.  Plaintiff also identifies the entirety of the claims in which the terms appear, including dependent claims, as intrinsic evidence and/or context that supports Plaintiff's constructions, and further reserves the right to rely on any evidence cited by Defendants.  Plaintiff also reserves the right to identify additional intrinsic evidence after further considering Defendants' intrinsic evidence, which Plaintiff received for the first time at 4:08 pm EDT on the day this submission was due.

[3]   Defendants reserve the right to identify additional intrinsic evidence after further considering Plaintiff's proposed constructions, which Defendants received for the first time at 1:59 pm EDT on the day this submission was due. Defendants also reserve the right to rely on any evidence cited by Plaintiff and to identify additional intrinsic evidence after considering Plaintiff's intrinsic evidence, which Defendants received for the first time after 4:08 pm EDT on the day this submission was due.

| Term | Claim(s) | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence[2] | Defendants' Proposed Construction | Defendants' Intrinsic Evidence[3] |
|---|---|---|---|---|---|
| | | | | | Amendment, 6/14/2011 Office Action, 11/14/2011 Amendment and Reply under 37 CFR 1.111, 11/15/2011 Supplemental Amendment and Declaration of Michael P. Caulfield, 1/13/2012 Office Action, 3/28/2012 Request for Continued Examination and Declaration of Michael P. Caulfield, 8/15/2012 Office Action, 11/2/2012 Amendment and Reply under 37 C.F.R. 1.111, 11/30/2012 Notice of allowance |
| "extracting testosterone from said sample" | 1, 15 | No construction necessary: "extracting testosterone from said sample" | col. 3, ll. 7-14; col. 4, ll. 58-61; col. 13, ll. 18-26; claims 1-24 | "extracting testosterone from said sample using HTLC" | 1:60–2:4; 3:7–58; 4:36–5:15; 5:50–6:27; 8:63–11:34; 12:5–63; 13:18–59; 14:41–54; Claims 1–7, 15, 17; publications and other references cited in the passages identified |

| Term | Claim(s) | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence[2] | Defendants' Proposed Construction | Defendants' Intrinsic Evidence[3] |
|---|---|---|---|---|---|
| | | | | | above, the prosecution history of the '862 patent and priority applications, including without limitation the 11/15/2010 Original Application and Preliminary Amendment, 6/14/2011 Office Action, 11/14/2011 Amendment and Reply under 37 CFR 1.111, 11/15/2011 Supplemental Amendment and Declaration of Michael P. Caulfield, 1/13/2012 Office Action, 3/28/2012 Request for Continued Examination and Declaration of Michael P. Caulfield, 8/15/2012 Office Action, 11/2/2012 Amendment and Reply under 37 C.F.R. 1.111, 11/30/2012 Notice of allowance |

| Term | Claim(s) | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence[2] | Defendants' Proposed Construction | Defendants' Intrinsic Evidence[3] |
|---|---|---|---|---|---|
| "ionizing" | 1, 15 | Plain and ordinary meaning: "altering a molecule such that it has a net electric charge" | col. 7, ll. 19-20; col. 7, ll. 25-34; col. 8, ll. 45-50 | Indefinite | Abstract; 1:20–24; 1:42–48; 2:8–49; 3:59–4:2; 5:20–38; 5:50–6:3; 6:28–8:62; 13:50–14:40; 18:1–23; Claims 1, 10–12, 15, 18–20; publications and other references cited in the passages identified above, the prosecution history of the '862 patent and priority applications, including without limitation the 11/15/2010 Original Application and Preliminary Amendment, 6/14/2011 Office Action, 11/14/2011 Amendment and Reply under 37 CFR 1.111, 11/15/2011 Supplemental Amendment and Declaration of Michael P. Caulfield, 1/13/2012 Office Action, 3/28/2012 Request for |

| Term | Claim(s) | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence[2] | Defendants' Proposed Construction | Defendants' Intrinsic Evidence[3] |
|---|---|---|---|---|---|
| | | | | | Continued Examination and Declaration of Michael P. Caulfield, 8/15/2012 Office Action, 11/2/2012 Amendment and Reply under 37 C.F.R. 1.111, 11/30/2012 Notice of allowance |
| "testosterone ions" | 1, 15 | Plain and ordinary meaning: "one or more testosterone molecules that have been altered to have a net electric charge or one or more fragments thereof with a net electric charge" | col. 2, ll. 17-27; col. 6, l. 61-col. 7, l. 7; col 12, l. 64-col. 13, l. 1 | Indefinite | Abstract; 1:20–24; 1:42–48; 2:8–49; 3:59–4:2; 5:20–38; 5:50–6:3; 6:28–8:62; 13:50–14:40; 18:1–23; Claims 1, 10–12, 15, 18–20; publications and other references cited in the passages identified above, the prosecution history of the '862 patent and priority applications, including without limitation the 11/15/2010 Original Application and Preliminary Amendment, 6/14/2011 Office Action, 11/14/2011 |

| Term | Claim(s) | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence[2] | Defendants' Proposed Construction | Defendants' Intrinsic Evidence[3] |
|---|---|---|---|---|---|
| | | | | | Amendment and Reply under 37 CFR 1.111, 11/15/2011 Supplemental Amendment and Declaration of Michael P. Caulfield, 1/13/2012 Office Action, 3/28/2012 Request for Continued Examination and Declaration of Michael P. Caulfield, 8/15/2012 Office Action, 11/2/2012 Amendment and Reply under 37 C.F.R. 1.111, 11/30/2012 Notice of allowance |
| "detecting the amount" | 1, 15 | No construction necessary: "detecting the amount" | col. 2, ll. 8-27; col. 2, ll. 36-41; col. 5, ll. 50-57; col. 5, l. 62 – col. 6, l. 3; col. 6, ll. 28-30; | "determining the amount at a detector" | Title; Abstract; 1:20–24; 2:8–49; 3:50–4:2; 4:19–35; 5:8–10; 5:50–6:3; 6:28–7:10; 8:54–62; 10:22–24; 11:35–67; 12:64–13:17; 13:50–14:40; 14:55–15:10; 18:24–33; Claims 1, 15; publications and other references cited in the |

| Term | Claim(s) | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence[2] | Defendants' Proposed Construction | Defendants' Intrinsic Evidence[3] |
|---|---|---|---|---|---|
| | | | col. 12, l. 64- col. 13, l. 6 (Example 1);<br><br>col. 13, l. 51 – col. 14, l. 54 (Example 3);<br><br>col. 14, l. 56 – col. 15, l. 10 (Example 4);<br><br>col. 18, ll. 24-28 | | passages identified above, the prosecution history of the '862 patent and priority applications, including without limitation the 11/15/2010 Original Application and Preliminary Amendment, 6/14/2011 Office Action, 11/14/2011 Amendment and Reply under 37 CFR 1.111, 11/15/2011 Supplemental Amendment and Declaration of Michael P. Caulfield, 1/13/2012 Office Action, 3/28/2012 Request for Continued Examination and Declaration of Michael P. Caulfield, 8/15/2012 Office Action, 11/2/2012 Amendment and Reply under 37 C.F.R. 1.111, |

| Term | Claim(s) | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence[2] | Defendants' Proposed Construction | Defendants' Intrinsic Evidence[3] |
|---|---|---|---|---|---|
| | | | | | 11/30/2012 Notice of allowance |
| "capable of detecting testosterone at concentrations of less than 10 ng/dL in the sample" | 1, 15 | Plain and ordinary meaning: "the method is able to detect testosterone at concentrations below 10 ng/dL in the female human sample" | col. 14, l. 55-col. 15, l. 10 (Example 4); RCE (Mar. 28, 2012) (Ex. I) | Indefinite | Title; 1:20–24; 1:32–59; 1:66–2:4; 2:6–3:15; 3:59–4:2; 4:19–35; 5:39–42; 5:50–6:3; 6:28–7:10; 11:35–67; 12:64–13:6; 13:50–14:40; 14:55–17:67; 18:24–19:7; Claims 1, 8, 9, 15, 23, 24; publications and other references cited in the passages identified above, the prosecution history of the '862 patent and priority applications, including without limitation the 11/15/2010 Original Application and Preliminary Amendment, 6/14/2011 Office Action, 11/14/2011 Amendment and Reply under 37 CFR 1.111, 11/15/2011 Supplemental |

| Term | Claim(s) | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence[2] | Defendants' Proposed Construction | Defendants' Intrinsic Evidence[3] |
|---|---|---|---|---|---|
| | | | | | Amendment and Declaration of Michael P. Caulfield, 1/13/2012 Office Action, 3/28/2012 Request for Continued Examination and Declaration of Michael P. Caulfield, 8/15/2012 Office Action, 11/2/2012 Amendment and Reply under 37 C.F.R. 1.111, 11/30/2012 Notice of allowance |
| "capable of detecting testosterone at concentrations of less than 5 ng/dL in the sample" | 8, 23 | Plain and ordinary meaning: "the method is able to detect testosterone at concentrations below 5 ng/dL in the female human sample" | col. 14, l. 55-col. 15, l. 10 (Example 4); RCE (Mar. 28, 2012) (Ex. I) | Indefinite | Title; 1:20–24; 1:32–59; 1:66–2:4; 2:6–3:15; 3:59–4:2; 4:19–35; 5:39–42; 5:50–6:3; 6:28–7:10; 11:35–67; 12:64–13:6; 13:50–14:40; 14:55–17:67; 18:24–19:7; Claims 1, 8, 9, 15, 23, 24; publications and other references cited in the passages identified above, the prosecution history of the '862 patent and priority |

| Term | Claim(s) | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence[2] | Defendants' Proposed Construction | Defendants' Intrinsic Evidence[3] |
|---|---|---|---|---|---|
| | | | | | applications, including without limitation the 11/15/2010 Original Application and Preliminary Amendment, 6/14/2011 Office Action, 11/14/2011 Amendment and Reply under 37 CFR 1.111, 11/15/2011 Supplemental Amendment and Declaration of Michael P. Caulfield, 1/13/2012 Office Action, 3/28/2012 Request for Continued Examination and Declaration of Michael P. Caulfield, 8/15/2012 Office Action, 11/2/2012 Amendment and Reply under 37 C.F.R. 1.111, 11/30/2012 Notice of allowance |
| "capable of detecting testosterone at concentrations of less | 9, 24 | Plain and ordinary meaning: "the method is able to | col. 14, l. 55–col. 15, l. 10 (Example 4) | Indefinite | Title; 1:20– 24; 1:32–59; 1:66–2:4; 2:6–3:15; 3:59–4:2; 4:19–35; |

| Term | Claim(s) | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence[2] | Defendants' Proposed Construction | Defendants' Intrinsic Evidence[3] |
|------|----------|-----------------------------------|----------------------------------|-----------------------------------|----------------------------------|
| than 1 ng/dL in the sample" | | detect testosterone at concentrations below 1 ng/dL in the female human sample" | (describing limit of detection); RCE (Mar. 28, 2012) (Ex. I) | | 5:39–42; 5:50–6:3; 6:28–7:10; 11:35–67; 12:64–13:6; 13:50–14:40; 14:55–17:67; 18:24–19:7; Claims 1, 8, 9, 15, 23, 24; publications and other references cited in the passages identified above, the prosecution history of the '862 patent and priority applications, including without limitation the 11/15/2010 Original Application and Preliminary Amendment, 6/14/2011 Office Action, 11/14/2011 Amendment and Reply under 37 CFR 1.111, 11/15/2011 Supplemental Amendment and Declaration of Michael P. Caulfield, 1/13/2012 Office Action, 3/28/2012 Request for |

| Term | Claim(s) | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence[2] | Defendants' Proposed Construction | Defendants' Intrinsic Evidence[3] |
|---|---|---|---|---|---|
| | | | | | Continued Examination and Declaration of Michael P. Caulfield, 8/15/2012 Office Action, 11/2/2012 Amendment and Reply under 37 C.F.R. 1.111, 11/30/2012 Notice of allowance |

## II.   Disputed Claim Terms in U.S. Patent No. 7,927,867 (Ex. C)

| Term | Claim(s) | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence[4] | Defendants' Proposed Construction | Defendants' Intrinsic Evidence[5] |
|---|---|---|---|---|---|
| "protonated and dehydrated" | 21 | Plain and ordinary meaning: "a material to which a proton | col. 10, l. 37 – col. 11, l. 6 | "added proton and removed water molecule" | 1:19–2:33; 2:61–63; 3:3–6; 5:48–50; 5:54–55; 10:37–11:6; 11:46– |

[4]   Plaintiff's citations include any publications or references cited therein.  Plaintiff also identifies the entirety of the claims in which the terms appear, including dependent claims, as intrinsic evidence and/or context that supports Plaintiff's constructions, and further reserves the right to rely on any evidence cited by Defendants.  Plaintiff also reserves the right to identify additional intrinsic evidence after further considering Defendants' intrinsic evidence, which Plaintiff received for the first time at 4:08 pm EDT on the day this submission was due.

[5]   Defendants reserve the right to identify additional intrinsic evidence after further considering Plaintiff's proposed constructions, which Defendants received for the first time at 1:59 pm EDT on the day this submission was due. Defendants also reserve the right

| Term | Claim(s) | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence[4] | Defendants' Proposed Construction | Defendants' Intrinsic Evidence[5] |
|---|---|---|---|---|---|
| | | has been added and from which one or more water molecules have been removed" | | | 12:20; 12:25–28; 13:8–30; Claims 1, 11, 21; publications and other references cited in the passages identified above, the prosecution history of the '867 patent and priority application, including without limitation the 3/21/2006 Original Application, 4/12/2010 Office Action, 7/9/2010 Amendment and Reply under 37 CFR 1.111, 10/5/2010 Office Action, 11/17/2010 Amendment and Reply under 37 CFR 1.111, 3/2/2011 Notice of Allowance |
| "detecting the presence or amount" | 21 | No construction necessary: | Abstract; col. 2, ll. 37-39; | "determining the presence or amount at a detector" | Title; Abstract; 1:13–16; 1:53–2:33; 2:34–3:28; 4:24–40; 5:14–27; 5:29–6:5; 8:1–24; |

to rely on any evidence cited by Plaintiff and to identify additional intrinsic evidence after considering Plaintiff's intrinsic evidence, which Defendants received for the first time after 4:08 pm EDT on the day this submission was due.

| Term | Claim(s) | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence[4] | Defendants' Proposed Construction | Defendants' Intrinsic Evidence[5] |
|---|---|---|---|---|---|
| | | "detecting the presence or amount" | col. 2, ll. 45-49; col. 3, ll. 1-10; col. 3, ll. 21-27; col. 5, ll. 31-36; col. 5, l. 61 – col. 6, l. 5; col. 8, ll. 1-8; col. 9, l. 51 – col. 10, l. 11; col. 13, ll. 8-41 (Example 1); col. 15, l. 48 – col. 18, l. 30 (Example 3) | | 8:34–58; 9:20–45; 9:51–53; 10:17–36; 10:58–11:45; 12:21–24; 12:32–62; 13:3–41; 15:47–17:30; Figs. 1, 2, 3, 4; Claims 1, 11, 21, 31; publications and other references cited in the passages identified above, the prosecution history of the '867 patent and priority application, including without limitation the 3/21/2006 Original Application, 4/12/2010 Office Action, 7/9/2010 Amendment and Reply under 37 CFR 1.111, 10/5/2010 Office Action, 11/17/2010 Amendment and Reply under 37 CFR 1.111, 3/2/2011 Notice of Allowance |
| "relating the detected ions to the presence or | 21 | No construction necessary: "relating | col. 2, ll. 43-67; | "quantifying the presence or | Title; Abstract; 1:13–16; 1:53–2:33; 2:34– |

| Term | Claim(s) | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence[4] | Defendants' Proposed Construction | Defendants' Intrinsic Evidence[5] |
|---|---|---|---|---|---|
| amount of said 25-hydroxyvitamin D2 in said sample" | | the detected ions to the presence or amount of said 25-hydroxyvitamin D2 in said sample" | col. 3, ll. 3-18; col. 12, l. 32 – col. 13, l. 41 (Example 1) | concentration of said 25-hydroxyvitamin D2 in said sample based on the detected ions" | 3:28; 4:24–40; 5:14–27; 5:29–6:5; 8:1–24; 8:34–58; 9:20–45; 9:51–53; 10:17–36; 10:58–11:45; 12:21–24; 12:32–62; 13:3–41; 15:47–17:30; Figs. 1, 2, 3, 4; Claims 1, 11, 21, 31; publications and other references cited in the passages identified above, the prosecution history of the '867 patent and priority application, including without limitation the 3/21/2006 Original Application, 4/12/2010 Office Action, 7/9/2010 Amendment and Reply under 37 CFR 1.111, 10/5/2010 Office Action, 11/17/2010 Amendment and Reply under 37 CFR 1.111, 3/2/2011 Notice of Allowance |

| Term | Claim(s) | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence[4] | Defendants' Proposed Construction | Defendants' Intrinsic Evidence[5] |
|---|---|---|---|---|---|
| "determining the presence or amount" | 31 | No construction necessary: "determining the presence or amount" | col. 2, ll. 43-67; col. 3, ll. 1-28; col. 5, ll. 51-60; col. 12, l. 32 – col. 13, l. 41 (Example 1); col. 15, l. 48 – col. 18, l. 30 (Example 3) | "quantifying the presence or amount" | Title; Abstract; 1:13–16; 1:53–2:33; 2:34–3:28; 4:24–40; 5:14–27; 5:29–6:5; 8:1–24; 8:34–58; 9:20–45; 9:51–53; 10:17–36; 10:58–11:45; 12:21–24; 12:32–62; 13:3–41; 15:47–17:30; Figs. 1, 2, 3, 4; Claims 1, 11, 21, 31; publications and other references cited in the passages identified above, the prosecution history of the '867 patent and priority application, including without limitation the 3/21/2006 Original Application, 4/12/2010 Office Action, 7/9/2010 Amendment and Reply under 37 CFR 1.111, 10/5/2010 Office Action, 11/17/2010 Amendment and Reply under 37 CFR 1.111, |

| Term | Claim(s) | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence[4] | Defendants' Proposed Construction | Defendants' Intrinsic Evidence[5] |
|---|---|---|---|---|---|
| | | | | | 3/2/2011 Notice of Allowance |

### III.   Disputed Claim Terms in U.S. Patent No. 8,101,427 (Ex. D)

| Term | Claim(s) | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence[6] | Defendants' Proposed Construction | Defendants' Intrinsic Evidence[7] |
|---|---|---|---|---|---|
| "protonated and dehydrated" | 1 | Plain and ordinary meaning: "a material to which a proton has been added and from which one or more water | col. 10, l. 40 – col. 11, l. 9 | "added proton and removed water molecule" | 1:19–2:35; 2:45–3:21; 5:34–63; 10:40–11:9; 11:50–12:26; 13:17–40; Claims 1, 13; publications and other references cited in the passages identified above, the prosecution |

---

[6]   Plaintiff's citations include any publications or references cited therein.  Plaintiff also identifies the entirety of the claims in which the terms appear, including dependent claims, as intrinsic evidence and/or context that supports Plaintiff's constructions, and further reserves the right to rely on any evidence cited by Defendants.  Plaintiff also reserves the right to identify additional intrinsic evidence after further considering Defendants' intrinsic evidence, which Plaintiff received for the first time at 4:08 pm EDT on the day this submission was due.

[7]   Defendants reserve the right to identify additional intrinsic evidence after further considering Plaintiff's proposed constructions, which Defendants received for the first time at 1:59 pm EDT on the day this submission was due. Defendants also reserve the right to rely on any evidence cited by Plaintiff and to identify additional intrinsic evidence after considering Plaintiff's intrinsic evidence, which Defendants received for the first time after 4:08 pm EDT on the day this submission was due.

| Term | Claim(s) | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence[6] | Defendants' Proposed Construction | Defendants' Intrinsic Evidence[7] |
|---|---|---|---|---|---|
| | | molecules have been removed" | | | history of the '427 patent and priority applications, including without limitation the 5/25/2011 Original Application, 8/4/2011 Office Action, 8/24/2011 Amendment and Reply under 37 CFR 1.111, 9/16/2011 Notice of Allowance, 9/22/2011 Amendment under 37 CFR 1.312, 10/17/2011 Office Action, 11/7/2011 Amendment under 37 CFR 1.312, 11/17/2011 Office Action |
| "detecting the amount" | 1 | No construction necessary: "detecting the amount" | col. 2, 45-47; col. 5, ll. 54-63; col. 12, ll. 31-34; col. 15, l. 53 – col. 17, l. 33 (Example 3) | "determining the amount at a detector" | Title; Abstract; 1:12–19; 1:56–2:35; 2:37–3:45; 3:50–55; 4:27–43; 5:4–7; 5:15–30; 5:31–6:8; 8:4–27; 8:37–61; 9:23–48; 9:54–10:39; 10:61–12:30; 12:57–13:3; 13:11–45; 15:51–17:35; Figs. 1, 2, 3, 4; Claims 1, 13; |

| Term | Claim(s) | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence[6] | Defendants' Proposed Construction | Defendants' Intrinsic Evidence[7] |
|---|---|---|---|---|---|
| | | | | | publications and other references cited in the passages identified above, the prosecution history of the '427 patent and priority applications, including without limitation the 5/25/2011 Original Application, 8/4/2011 Office Action, 8/24/2011 Amendment and Reply under 37 CFR 1.111, 9/16/2011 Notice of Allowance, 9/22/2011 Amendment under 37 CFR 1.312, 10/17/2011 Office Action, 11/7/2011 Amendment under 37 CFR 1.312, 11/17/2011 Office Action |
| "relating the detected ions to the amount of said vitamin D metabolite in said sample" | 1 | No construction necessary: "relating the detected ions to the amount of said vitamin D | col. 2, l. 39 – col. 3, l. 2; <br><br> col. 3, ll. 5-21; | "quantifying the concentration of said vitamin D metabolite in said sample based on the detected ions" | Title; Abstract; 1:12–19; 1:56–2:35; 2:37–3:45; 3:50–55; 4:27–43; 5:4–7; 5:15–30; 5:31–6:8; 8:4–27; 8:37–61; 9:23–48; 9:54–10:39; 10:61– |

| Term | Claim(s) | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence[6] | Defendants' Proposed Construction | Defendants' Intrinsic Evidence[7] |
|---|---|---|---|---|---|
| | | metabolite in said sample" | col. 12, l. 38 – col. 13, l. 52 (Example 1) | | 12:30; 12:57–13:3; 13:11–45; 15:51–17:35; Figs. 1, 2, 3, 4; Claims 1, 13; publications and other references cited in the passages identified above, the prosecution history of the '427 patent and priority applications, including without limitation the 5/25/2011 Original Application, 8/4/2011 Office Action, 8/24/2011 Amendment and Reply under 37 CFR 1.111, 9/16/2011 Notice of Allowance, 9/22/2011 Amendment under 37 CFR 1.312, 10/17/2011 Office Action, 11/7/2011 Amendment under 37 CFR 1.312, 11/17/2011 Office Action |