# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUEST DIAGNOSTICS INVESTMENTS LLC,<br><br>              Plaintiff,<br><br>    v.<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS, ESOTERIX, INC., and ENDOCRINE SCIENCES, INC.,<br><br>              Defendants. | C.A. No. 1:18-cv-01436 (MN)<br><br>**DEMAND FOR JURY TRIAL** |

## AMENDED EXHIBIT A
## JOINT CLAIM CONSTRUCTION CHART

MORRIS JAMES LLP
Kenneth L. Dorsney (#3726)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
Telephone: 302.888.6800
kdorsney@morrisjames.com

*Attorneys for Plaintiff Quest Diagnostics Investments LLC*

WILSON SONSINI GOODRICH & ROSATI, P.C.
Ian R. Liston (#5507)
Johanna Peuscher-Funk (#6451)
222 Delaware Avenue, Suite 800
Wilmington, DE 19801
Telephone: 302.304.7600
iliston@wsgr.com
jpeuscherfunk@wsgr.com

*Attorneys for Defendants Laboratory Corporation of America Holdings, Esoterix, Inc., and Endocrine Sciences, Inc.*

Dated: October 1, 2019

11267511/1

# AMENDED EXHIBIT A

*Quest Diagnostics Investments LLC v. Laboratory Corporation of America Holdings et al.*
Civil Action No. 1:18-cv-01436 (MN)
Amended Joint Claim Construction Chart[1]

| No. | Term Patent/Claim | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence[2] | Defendant's Proposed Construction | Defendant's Intrinsic Evidence[3] |
|---|---|---|---|---|---|
| 1 | "capable of detecting testosterone at concentrations of less than [10 or 5 or 1] ng/dL in the sample"<br><br>U.S. Patent No. 8,409,862, claims 1, 8, 9, 15, 23, 24 | Plain and ordinary meaning: "the method is able to detect testosterone at concentrations below [10 or 5 or 1] ng/dL in the female human sample" | col. 14, l. 55-col. 15, l. 10 (Example 4); RCE (Mar. 28, 2012) (Ex. I) | Indefinite | Title; 1:20–24; 1:32–59; 1:66–2:4; 2:6–3:15; 3:59–4:2; 4:19–35; 5:39–42; 5:50–6:3; 6:28–7:10; 11:35–67; 12:64–13:6; 13:50–14:40; 14:55–17:67; 18:24–19:7; Claims 1, 8, 9, 15, 23, 24; publications and other references cited in the passages identified above, the prosecution history of the '862 patent and priority applications, including without limitation the 11/15/2010 Original Application and Preliminary Amendment, 6/14/2011 Office Action, 11/14/2011 Amendment and Reply under 37 CFR 1.111, 11/15/2011 Supplemental Amendment and Declaration of Michael P. Caulfield, 1/13/2012 Office Action, 3/28/2012 Request for Continued Examination and Declaration of Michael P. Caulfield, 8/15/2012 Office Action, 11/2/2012 Amendment and Reply |

---

[1] All claim terms were proposed for construction by Defendants.

[2] Plaintiff's citations include any publications or references cited therein. Plaintiff also identifies the entirety of the claims in which the terms appear, including dependent claims, as intrinsic evidence and/or context that supports Plaintiff's constructions, and further reserves the right to rely on any evidence cited by Defendants. Plaintiff also reserves the right to identify additional intrinsic evidence after further considering Defendants' intrinsic evidence.

[3] Defendants reserve the right to rely on any evidence cited by Plaintiff and to identify additional intrinsic evidence after further considering Plaintiff's proposed constructions and intrinsic evidence.

| No. | Term Patent/Claim | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence[2] | Defendant's Proposed Construction | Defendant's Intrinsic Evidence[3] |
|---|---|---|---|---|---|
|  |  |  |  |  | under 37 C.F.R. 1.111, 11/30/2012 Notice of allowance |
| 2 | "ionizing" U.S. Patent No. 8,409,862, claims 1, 15 | Plain and ordinary meaning: "altering a molecule such that it has a net electric charge" | col. 7, ll. 19-20; col. 7, ll. 25-34; col. 8, ll. 45-50 | Indefinite | Abstract; 1:20–24; 1:42–48; 2:8–49; 3:59–4:2; 5:20–38; 5:50–6:3; 6:28–8:62; 13:50–14:40; 18:1–23; Claims 1, 10–12, 15, 18–20; publications and other references cited in the passages identified above, the prosecution history of the '862 patent and priority applications, including without limitation the 11/15/2010 Original Application and Preliminary Amendment, 6/14/2011 Office Action, 11/14/2011 Amendment and Reply under 37 CFR 1.111, 11/15/2011 Supplemental Amendment and Declaration of Michael P. Caulfield, 1/13/2012 Office Action, 3/28/2012 Request for Continued Examination and Declaration of Michael P. Caulfield, 8/15/2012 Office Action, 11/2/2012 Amendment and Reply under 37 C.F.R. 1.111, 11/30/2012 Notice of allowance |

| No. | Term Patent/Claim | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence[2] | Defendant's Proposed Construction | Defendant's Intrinsic Evidence[3] |
|---|---|---|---|---|---|
| 3 | "testosterone ions" U.S. Patent No. 8,409,862, claims 1, 15 | Plain and ordinary meaning: "one or more testosterone molecules that have been altered to have a net electric charge or one or more fragments thereof with a net electric charge" | col. 2, ll. 17-27; col. 6, l. 61-col. 7, l. 7; col 12, l. 64-col. 13, l. 1 | Indefinite | Abstract; 1:20–24; 1:42–48; 2:8–49; 3:59–4:2; 5:20–38; 5:50–6:3; 6:28–8:62; 13:50–14:40; 18:1–23; Claims 1, 10–12, 15, 18–20; publications and other references cited in the passages identified above, the prosecution history of the '862 patent and priority applications, including without limitation the 11/15/2010 Original Application and Preliminary Amendment, 6/14/2011 Office Action, 11/14/2011 Amendment and Reply under 37 CFR 1.111, 11/15/2011 Supplemental Amendment and Declaration of Michael P. Caulfield, 1/13/2012 Office Action, 3/28/2012 Request for Continued Examination and Declaration of Michael P. Caulfield, 8/15/2012 Office Action, 11/2/2012 Amendment and Reply under 37 C.F.R. 1.111, 11/30/2012 Notice of allowance |

| No. | Term Patent/Claim | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence[2] | Defendant's Proposed Construction | Defendant's Intrinsic Evidence[3] |
|---|---|---|---|---|---|
| 4 | "purifying testosterone" U.S. Patent No. 8,409,862, claim 1 | Plain and ordinary meaning: "enriching the amount of testosterone relative to one or more other components of the sample" | col. 3, ll. 52-54 | "enriching the amount of testosterone relative to one or more other components of the sample by removing materials other than the analyte of interest" | 1:60–2:4; 3:7–58; 4:36–5:15; 5:50–6:27; 8:63–11:34; 12:5–63; 13:18–59; 14:41–54; Claims 1–7, 15, 17; publications and other references cited in the passages identified above; the prosecution history of the '862 patent and priority applications, including without limitation the 11/15/2010 Original Application and Preliminary Amendment, 6/14/2011 Office Action, 11/14/2011 Amendment and Reply under 37 CFR 1.111, 11/15/2011 Supplemental Amendment and Declaration of Michael P. Caulfield, 1/13/2012 Office Action, 3/28/2012 Request for Continued Examination and Declaration of Michael P. Caulfield, 8/15/2012 Office Action, 11/2/2012 Amendment and Reply under 37 C.F.R. 1.111, 11/30/2012 Notice of allowance |

| No. | Term Patent/Claim | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence[2] | Defendant's Proposed Construction | Defendant's Intrinsic Evidence[3] |
|---|---|---|---|---|---|
| 5 | "protonated and dehydrated" U.S. Patent No. 7,927,867, claim 21 U.S. Patent No. 8,101,427, claim 1 | Plain and ordinary meaning: "a material to which a proton has been added and from which one or more water molecules have been removed" | '867 patent col. 10, l. 37 – col. 11, l. 6 '427 patent col. 10, l. 40 – col. 11, l. 9 | "added proton and removed water molecule" | '867 patent 1:19–2:33; 2:61–63; 3:3–6; 5:48–50; 5:54–55; 10:37–11:6; 11:46–12:20; 12:25–28; 13:8–30; Claims 1, 11, 21; publications and other references cited in the passages identified above, the prosecution history of the '867 patent and priority application, including without limitation the 3/21/2006 Original Application, 4/12/2010 Office Action, 7/9/2010 Amendment and Reply under 37 CFR 1.111, 10/5/2010 Office Action, 11/17/2010 Amendment and Reply under 37 CFR 1.111, 3/2/2011 Notice of Allowance '427 patent 1:19–2:35; 2:45–3:21; 5:34–63; 10:40–11:9; 11:50–12:26; 13:17–40; Claims 1, 13; publications and other references cited in the passages identified above, the prosecution history of the '427 patent and priority applications, including without limitation the 5/25/2011 Original Application, 8/4/2011 Office Action, 8/24/2011 Amendment and Reply under 37 CFR 1.111, 9/16/2011 Notice of Allowance, 9/22/2011 Amendment under 37 CFR 1.312, 10/17/2011 Office Action, 11/7/2011 Amendment under 37 CFR 1.312, 11/17/2011 Office Action |

| No. | Term Patent/Claim | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence[2] | Defendant's Proposed Construction | Defendant's Intrinsic Evidence[3] |
|---|---|---|---|---|---|
| 6 | "detecting the amount" U.S. Patent No. 8,101,427, claim 1 U.S. Patent No. 8,409,862, claims 1, 15 | No construction necessary: "detecting the amount" | '427 patent col. 2, 45-47; col. 5, ll. 54-63; col. 12, ll. 31-34; col. 15, l. 53 – col. 17, l. 33 (Example 3) '862 patent col. 2, ll. 8-27; col. 2, ll. 36-41; col. 5, ll. 50-57; col. 5, l. 62 – col. 6, l. 3; col. 6, ll. 28-30; col. 12, l. 64- col. 13, l. 6 (Example 1); col. 13, l. 51 – col. 14, l. 54 (Example 3); | "determining the amount at a detector" | '427 patent Title; Abstract; 1:12–19; 1:56–2:35; 2:37–3:45; 3:50–55; 4:27–43; 5:4–7; 5:15–30; 5:31–6:8; 8:4–27; 8:37–61; 9:23–48; 9:54–10:39; 10:61–12:30; 12:57–13:3; 13:11–45; 15:51–17:35; Figs. 1, 2, 3, 4; Claims 1, 13; publications and other references cited in the passages identified above, the prosecution history of the '427 patent and priority applications, including without limitation the 5/25/2011 Original Application, 8/4/2011 Office Action, 8/24/2011 Amendment and Reply under 37 CFR 1.111, 9/16/2011 Notice of Allowance, 9/22/2011 Amendment under 37 CFR 1.312, 10/17/2011 Office Action, 11/7/2011 Amendment under 37 CFR 1.312, 11/17/2011 Office Action '862 patent Title; Abstract; 1:20–24; 2:8–49; 3:50–4:2; 4:19–35; 5:8–10; 5:50–6:3; 6:28–7:10; 8:54–62; 10:22–24; 11:35–67; 12:64–13:17; 13:50–14:40; 14:55–15:10; 18:24–33; Claims 1, 15; publications and other references cited in the passages identified above, the prosecution history of the '862 patent and priority applications, including without limitation the 11/15/2010 Original Application and Preliminary Amendment, 6/14/2011 Office Action, 11/14/2011 Amendment and Reply |

| No. | Term Patent/Claim | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence[2] | Defendant's Proposed Construction | Defendant's Intrinsic Evidence[3] |
|---|---|---|---|---|---|
| | | | col. 14, l. 56 – col. 15, l. 10 (Example 4); col. 18, ll. 24-28 | | under 37 CFR 1.111, 11/15/2011 Supplemental Amendment and Declaration of Michael P. Caulfield, 1/13/2012 Office Action, 3/28/2012 Request for Continued Examination and Declaration of Michael P. Caulfield, 8/15/2012 Office Action, 11/2/2012 Amendment and Reply under 37 C.F.R. 1.111, 11/30/2012 Notice of allowance |
| 7 | "relating the detected ions to the presence or amount of said vitamin D metabolite in said sample" U.S. Patent No. 8,101,427, claim 1 | No construction necessary: "relating the detected ions to the presence or amount of said vitamin D metabolite in said sample" | col. 2, l. 39 – col. 3, l. 2; col. 3, ll. 5-21; col. 12, l. 38 – col. 13, l. 52 (Example 1) | "quantifying the presence or concentration of said vitamin D metabolite in said sample based on the detected ions" | Title; Abstract; 1:12–19; 1:56–2:35; 2:37–3:45; 3:50–55; 4:27–43; 5:4–7; 5:15–30; 5:31–6:8; 8:4–27; 8:37–61; 9:23–48; 9:54–10:39; 10:61–12:30; 12:57–13:3; 13:11–45; 15:51–17:35; Figs. 1, 2, 3, 4; Claims 1, 13; publications and other references cited in the passages identified above, the prosecution history of the '427 patent and priority applications, including without limitation the 5/25/2011 Original Application, 8/4/2011 Office Action, 8/24/2011 Amendment and Reply under 37 CFR 1.111, 9/16/2011 Notice of Allowance, 9/22/2011 Amendment under 37 CFR 1.312, 10/17/2011 Office Action, 11/7/2011 Amendment under 37 CFR 1.312, 11/17/2011 Office Action |

7

| No. | Term Patent/Claim | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence[2] | Defendant's Proposed Construction | Defendant's Intrinsic Evidence[3] |
|---|---|---|---|---|---|
| 8 | "detecting the presence or amount" U.S. Patent No. 7,927,867, claim 21 | No construction necessary: "detecting the presence or amount" | Abstract; col. 2, ll. 37-39; col. 2, ll. 45-49; col. 3, ll. 1-10; col. 3, ll. 21-27; col. 5, ll. 31-36; col. 5, l. 61 – col. 6, l. 5; col. 8, ll. 1-8; col. 9, l. 51 – col. 10, l. 11; col. 13, ll. 8-41 (Example 1); col. 15, l. 48 – col. 18, l. 30 (Example 3) | "determining the presence or amount at a detector" | Title; Abstract; 1:13–16; 1:53–2:33; 2:34–3:28; 4:24–40; 5:14–27; 5:29–6:5; 8:1–24; 8:34–58; 9:20–45; 9:51–53; 10:17–36; 10:58–11:45; 12:21–24; 12:32–62; 13:3–41; 15:47–17:30; Figs. 1, 2, 3, 4; Claims 1, 11, 21, 31; publications and other references cited in the passages identified above, the prosecution history of the '867 patent and priority application, including without limitation the 3/21/2006 Original Application, 4/12/2010 Office Action, 7/9/2010 Amendment and Reply under 37 CFR 1.111, 10/5/2010 Office Action, 11/17/2010 Amendment and Reply under 37 CFR 1.111, 3/2/2011 Notice of Allowance |

| No. | Term Patent/Claim | Plaintiff's Proposed Construction | Plaintiff's Intrinsic Evidence[2] | Defendant's Proposed Construction | Defendant's Intrinsic Evidence[3] |
|---|---|---|---|---|---|
| 9 | "relating the detected ions to the presence or amount of said 25-hydroxyvitamin $D_2$ in said sample"<br><br>U.S. Patent No. 7,927,867, claim 21 | No construction necessary: "relating the detected ions to the presence or amount of said 25-hydroxyvitamin $D_2$ in said sample" | col. 2, ll. 43-67;<br>col. 3, ll. 3-18;<br>col. 12, l. 32 – col. 13, l. 41 (Example 1) | "quantifying the presence or concentration of said 25-hydroxyvitamin $D_2$ in said sample based on the detected ions" | Title; Abstract; 1:13–16; 1:53–2:33; 2:34–3:28; 4:24–40; 5:14–27; 5:29–6:5; 8:1–24; 8:34–58; 9:20–45; 9:51–53; 10:17–36; 10:58–11:45; 12:21–24; 12:32–62; 13:3–41; 15:47–17:30; Figs. 1, 2, 3, 4; Claims 1, 11, 21, 31; publications and other references cited in the passages identified above, the prosecution history of the '867 patent and priority application, including without limitation the 3/21/2006 Original Application, 4/12/2010 Office Action, 7/9/2010 Amendment and Reply under 37 CFR 1.111, 10/5/2010 Office Action, 11/17/2010 Amendment and Reply under 37 CFR 1.111, 3/2/2011 Notice of Allowance |
| 10 | "determining the presence or amount"<br><br>U.S. Patent No. 7,927,867, claims 21 and 31 | No construction necessary: "determining the presence or amount" | col. 2, ll. 43-67;<br>col. 3, ll. 1-28;<br>col. 5, ll. 51-60;<br>col. 12, l. 32 – col. 13, l. 41 (Example 1);<br>col. 15, l. 48 – col. 18, l. 30 (Example 3) | "quantifying the presence or amount" | Title; Abstract; 1:13–16; 1:53–2:33; 2:34–3:28; 4:24–40; 5:14–27; 5:29–6:5; 8:1–24; 8:34–58; 9:20–45; 9:51–53; 10:17–36; 10:58–11:45; 12:21–24; 12:32–62; 13:3–41; 15:47–17:30; Figs. 1, 2, 3, 4; Claims 1, 11, 21, 31; publications and other references cited in the passages identified above, the prosecution history of the '867 patent and priority application, including without limitation the 3/21/2006 Original Application, 4/12/2010 Office Action, 7/9/2010 Amendment and Reply under 37 CFR 1.111, 10/5/2010 Office Action, 11/17/2010 Amendment and Reply under 37 CFR 1.111, 3/2/2011 Notice of Allowance |