# Exhibit 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | | |
|---|---|---|
| Quest Diagnostics Investments LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:18-cv-01436-MN |
| Laboratory Corporation of America Holdings, et al. | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Joe Takarewski, 1407 Beacon Street, Apt. 3, Brookline, MA 02446-4801

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attached Schedule A

| Place: Veritext Corp. 101 Arch Street, Suite 650, Boston, MA 02110 | Date and Time: 04/24/2020 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 4/6/2020

CLERK OF COURT         OR         *[signature]*

*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Laboratory Corporation of America Holdings LLC , who issues or requests this subpoena, are:
Matias Ferrario, Kilpatrick Townsend & Stockton LLP, 1001 West Fourth Street, Winston-Salem, NC 27101-2400

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-cv-01436-MN

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **SCHEDULE A**

## **INSTRUCTIONS**

1. Please respond that no Document exists if a diligent search was unable to locate Documents.

2. If You are aware of a responsive Document that is not in Your possession, custody, or control, please identify the Document and the Person(s) who has possession, custody, or control of the Document. If such a Document was in Your possession, custody, or control in the past but is no longer in Your possession, custody, or control, please state what disposition was made of it and the reasons for such disposition.

3. If You withhold any Document on the basis of privilege, please provide a privilege log, identifying for each withheld document: (a) the general nature of the Document (*e.g.*, email or presentation); (b) the date in which the Document was created and if applicable, mailed; (c) the subject matter of the Document; (e) the names and addresses of the Person who prepared the Document; (f) the names and addresses of the Person to whom the withheld Document was directed or sent to; and (g) the basis on which the Document is being withheld.

4. Unless otherwise specified in a specific Request, the relevant timeframe shall be limited to dates before December 31, 2006.

## **DEFINITIONS**

1. "Document" is used in its customary broad sense pursuant to Federal Rules of Civil Procedure 26 and 34 and includes handwritten, printed, recorded, filmed or electronically produced or stored information.

2. "Person" shall mean and include natural persons, governmental entities and agencies, proprietorships, partnerships, corporations, and all other forms of organization or association.

3. "You" and "Your" refer to Mr. Joseph Takarewski.

4. "Cohesive" refers to Cohesive Technologies Inc.

5. "Esoterix" refers to Esoterix, Inc or any of its predecessors successors, or parents, including Laboratory Corporation of America.

6. "Quest" refers to Quest Diagnostics Investments LLC or its affiliated companies.

7. "Nichols Institute" refers to the Quest Diagnostics Nichols Institute.

8. "Chromatography" refers to liquid chromatography and includes High Performance Liquid Chromatography and Turbulent Flow Liquid Chromatography.

9. "Targets of Interest" refers to testosterone and/or any other steroid molecule.

10. The terms "and" and "or" shall each be considered as either conjunctive or disjunctive, whichever is more inclusive in content.

11. The terms "any" and "all" shall be considered to include "each and every."

12. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa.

## DOCUMENTS TO BE PRODUCED

1. All Documents and Communications, including but not limited to test results, design documents, development documents, and study protocols, concerning any project undertaken by You and/or Cohesive in collaboration with Quest to design, develop, or validate the use of Chromatography and Mass Spectrometry to analyze any Target of Interest.

2.      All Documents and Communications, including but not limited to test results, design documents, development documents, and study protocols, concerning any project undertaken by You and/or Cohesive in collaboration with the Nichols Institute to design, develop, or validate the use of Chromatography and Mass Spectrometry to analyze any Target of Interest.

3.      All Documents and Communications, including but not limited to test results, design documents, development documents, and study protocols, concerning any project undertaken by You and/or Cohesive in collaboration with Esoterix to design, develop, or validate the use of Chromatography and Mass Spectrometry to analyze any Target of Interest.

4.      All Documents and Communications, including but limited to test results, design documents, and study protocols, concerning any project undertaken by You and/or Cohesive in collaboration with any other Person to design, develop, or validate the use of Chromatography and Mass Spectrometry to analyze a Target of Interest.